**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NORTH DAKOTA**

| | |
|---|---|
| In re: | **Joint Administration Pending** |
| EPIC Companies Midwest, LLC, | Case No. 24-30281 |
| EPIC Companies Midwest 2023, LLC, | Case No. 24-30282 |
| EPIC Employee, LLC, | Case No. 24-30283 |
| EOLA Capital, LLC, and | Case No. 24-30284 |
| EC West Fargo, LLC, | Case No. 24-30285 |
| Debtors.[1] | Chapter 11 Cases |

**MOTION FOR ORDER (I) GRANTING EXPEDITED RELIEF AND (II) AUTHORIZING JOINT ADMINISTRATION OF CASES**

1.　EPIC Companies Midwest, LLC, EPIC Companies Midwest 2023, LLC, EPIC Employee, LLC, EOLA Capital, LLC, and EC West Fargo, LLC (collectively, the "Debtors") hereby file this Motion for an Order (I) Granting Expedited Relief and (II) Authorizing Joint Administration of Cases (the "Motion"). This Motion should be granted because the Debtors are affiliates, as that term is defined in 11 U.S.C. § 101(2)(B), and joint administration is appropriate and will facilitate the practical administration of the cases and reorganization of each Debtor.

2.　In support of this Motion, the Debtors respectfully state as follows:

**JURISDICTION**

3.　This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and Fed. R. Bankr. P. 5005. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is

---

[1] In accordance with Fed. R. Bankr. P. 2002(n) and 1005 and 11 U.S.C. § 342(c), as applicable, the Debtors' address is 400 10th Street SE, Minot, ND 58701 and their Employer Identification Numbers (EINs) are as follows: 83-2840705 (EPIC Companies Midwest, LLC), 88-3709518 (EPIC Companies Midwest 2023, LLC), 88-4112082 (EPIC Employee, LLC), 88-0554720 (EOLA Capital, LLC) and 82-5331354 (EC West Fargo, LLC).

1

proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The petitions commencing these Chapter 11 cases were filed on July 8, 2024 (the "Petition Date"). The cases are currently pending before this Court.

4. This Motion arises under Fed. R. Bankr. P. 1015. This Motion is filed under Fed. R. Bankr. P. 9013 and Local Rule 9013-1. Notice of the hearing on this Motion is provided pursuant to the Federal Rules of Bankruptcy Procedure and the Notice and Service Requirements adopted pursuant to Local Rule 2002-1.

5. The Debtors have filed a contemporaneous motion requesting expedited relief pursuant to Fed. R. Bankr. P. 9006(c) and Local Rule 9006-1.

**BACKGROUND**

6. On the Petition Date, the Debtors filed voluntary petitions for relief pursuant to Chapter 11 of Title 11 of the United States Code. The Debtors continue to operate their businesses as debtors in possession pursuant to 11 U.S.C. §§ 1107(a) and 1108. There is presently no pending request or motion for the appointment of a trustee or examiner, and no official committee of unsecured creditors has been appointed.

7. Further background information about the Debtors and facts related to other first day motions is set forth in the Declaration of Patrick Finn in Support of First Day Motions.

8. Federal Rule of Bankruptcy Procedure 1015(b) provides that if two or more petitions for relief are pending in the same court by or against a debtor and its affiliates, the court may order joint administration of the cases. The term "affiliate" is defined in 11 U.S.C. § 101(2)(B) in relevant part, as follows:

> [a] corporation 20 percent or more of whose outstanding voting securities are directly or indirectly owned, controlled, or held with power to vote, by the debtor, or by an entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor . . .

2

11 U.S.C. § 101(2)(B).

9. Courts have also found that limited liability companies fall under the definition of "corporation" in 11 U.S.C. § 101(9). *See, e.g.*, *Sherron Assocs. Loan Fund XXI (Lacey), LLC v. Thomas (In re Parks)*, 503 B.R. 820, 827 (Bankr. W.D. Wash. 2013) ("Applying general principles of statutory construction supports the inclusion of L.L.C.s within the definition of 'corporation.'").

10. Each of the Debtors is either owned or controlled by EPIC Holdings I, LLC or EPIC Holdings II, LLC, which also have common ownership amongst several individuals. Accordingly, the Debtors are affiliates, as that term is defined in 11 U.S.C. § 101(2)(B).

11. In these cases, joint administration is appropriate and will facilitate the practical administration of the cases and reorganization of each Debtor. Many of the legal issues likely to arise here will be common to all the Debtors as the Debtors are similarly structured, with similar creditor constituencies, with some overlap among creditors, and similar assets.

12. Additionally, throughout the Chapter 11 cases, the Debtors intend to file a number of motions, applications, and other pleadings which will apply to all the Debtors' cases. The joint administration of the cases, including combining notices to creditors of the respective estates and hearing of these matters related to the Debtors at the same time will promote economical and efficient administration of the estates by avoiding the time and expense associated with Debtors' counsel and all other parties filing duplicate pleadings and preparing duplicate orders.

13. The rights of the respective creditors of the Debtors will not be adversely affected by the joint administration, since this Motion requests only administrative consolidation and not substantive consolidation of the Debtors. Each creditor may still file a claim against a particular Debtor's estate. All creditors will benefit by the reduced costs resulting from joint administration. This Court, too, will be relieved of the burden of entering duplicative orders and maintaining

duplicative files. Supervision of the administrative aspects of the cases by the United States Trustee will also be simplified.

## RELIEF REQUESTED

14. By reason of the foregoing, the interests of the Debtors and their creditors will be best served by joint administration of the cases, and the Debtors request that the cases be jointly administered, including in the following ways:

15. The Debtors request that these cases be jointly administered under the EPIC Companies Midwest, LLC case (Case No. 24-30281).

16. The Debtors also request that the case caption and court dockets reflect the joint administration. The Debtors propose to use the same case caption as used for this Motion with the additional designation that the cases are jointly administered under the EPIC Companies Midwest, LLC case (Case No. 24-30281).

17. In addition, the Debtors request that the Court order that all filings—except for the Debtors' schedules and statements (and amendments thereto) and proofs of claim—following entry of an order on this Motion be made only in the EPIC Companies Midwest, LLC case (Case No. 24-30281), unless otherwise directed by subsequent order of this Court.

18. The Debtors also request that a docket entry be made in the EPIC Companies Midwest 2023, LLC, EPIC Employee, LLC, EOLA Capital, LLC, and EC West Fargo, LLC cases, substantially as follows:

> An order has been entered in this case in accordance with Federal Rule of Bankruptcy Procedure 1015(b) directing the joint administration of the Chapter 11 cases of EPIC Companies Midwest, LLC (Case No. 24-30281), EPIC Companies Midwest 2023, LLC (Case No. 24-30282), EPIC Employee, LLC (Case No. 24-30283), and EOLA Capital, LLC (Case No. 24-30284), and EC West Fargo, LLC (Case No. 24-30285). The docket in Case No. 24-30281 should be consulted for all matters affecting this case, and all further filings, except for proofs of claim, should be made only in that case.

4

19. The Debtors have requested expedited relief on this Motion and submit that expedited relief is appropriate. The Debtors have scheduled and served a number of "first day" motions designed to facilitate an orderly transition to Chapter 11. The decision regarding joint administration should be made early in the cases so that the parties understand how the cases will be administered and avoid unnecessary cost and confusion associated with filing identical pleadings in five cases.

## BASIS FOR RELIEF REQUESTED

20. Joint administration of related cases is governed by Fed. R. Bankr. P. 1015. That rule provides:

> If a joint petition or two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates. Prior to entering an order the court shall give consideration to protecting creditors of different estates against potential conflicts of interest.

Fed. R. Bankr. P. 1015(b).

21. Joint administration is merely procedural. Each of the Debtors' estates remains a separate legal entity and each creditor's individual rights as to each estate are preserved. *See e.g.*, *In re N.S. Garrott & Sons*, 63 B.R. 189, 191 (Bankr. E.D. Ark. 1986); *In re Arnold*, 33 B.R. 765,767 (Bankr. E.D. N.Y. 1983).

22. In these cases, joint administration is appropriate and should be ordered to facilitate the efficient administration of the cases. The Debtors will be acting in unity to undertake significant and identical actions in the cases, including pursuing a joint plan of reorganization. The Debtors are affiliates, as that term is defined in 11 U.S.C. § 101(2)(B), and share key decision-makers.

23. Joint administration will not inadvertently lead to substantive consolidation, nor will creditors be prejudiced by joint administration of these cases. No creditor of the Debtors will

be prejudiced by joint administration of the cases because each creditor will be entitled to assert its separate claim against each of the Debtors. On the other hand, joint administration will provide efficiencies in the administration of the case, such as by allowing parties to file motions and other pleadings in only one of the cases.

## CONCLUSION

24. For the foregoing reasons, the Debtors respectfully request that the Court grant the relief requested in the Motion.

25. Pursuant to Fed. R. Bankr. P. 9006(d), this Motion is supported by the verification of facts in the Affidavit of Patrick Finn attached hereto.

26. Pursuant to Local Rule 9014-1(B), the Debtors hereby give notice that they may, if necessary, call Patrick Finn, a Partner at Lighthouse Management Group, Inc., and the Chief Restructuring Officer of the Debtors, whose business address is 900 Long Lake Road, Suite 180, New Brighton, Minnesota 55112, to testify regarding the facts set forth in the Motion.

27. No previous request for the relief sought herein has been made by the Debtors to this or any other court.

**WHEREFORE**, the Debtors respectfully request that this Court enter an order:

A. Authorizing the joint administration of the Debtors' bankruptcy cases, and

B. Granting such other relief as the Court deems just and equitable.

| | |
|---|---|
| Dated: July 8, 2024 | /e/ *Steven R. Kinsella* |
| | Michael S. Raum (#05676) |
| | **FREDRIKSON & BYRON, P.A.** |
| | 51 Broadway, Suite 400 |
| | Fargo, ND  58102-4991 |
| | 701.237.8200 |
| | mraum@fredlaw.com |
| | |
| | Steven R. Kinsella (#09514) |
| | Katherine A. Nixon (*pro hac vice motion pending*) |
| | **FREDRIKSON & BYRON, P.A.** |
| | 60 South 6th Street, Suite 1500 |
| | Minneapolis, MN  55402-4400 |
| | 612.492.7000 |
| | skinsella@fredlaw.com |
| | knixon@fredlaw.com |
| | |
| | **PROPOSED ATTORNEYS FOR DEBTOR** |

## AFFIDAVIT

I, Patrick Finn, am a Partner of Lighthouse Management Group, Inc., the proposed Chief Restructuring Officer for EPIC Companies Midwest, LLC, EPIC Companies Midwest 2023, LLC, EPIC Employee, LLC, EOLA Capital, LLC, and EC West Fargo, LLC (collectively, the "<u>Debtors</u>"), and I declare under penalty of perjury that the facts set forth in the preceding Motion for an Order (I) Granting Expedited Relief and (II) Authorizing Joint Administration of Cases are true and correct, according to the best of my knowledge, information, and belief.

Dated:  July 8, 2024

*[Signature: Patrick Finn]*

Patrick Finn
Partner, Lighthouse Management Group, Inc.
Chief Restructuring Officer of the Debtors