# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| In re:<br>EPIC Companies Midwest, LLC,<br>EPIC Companies Midwest 2023, LLC,<br>EPIC Employee, LLC,<br>EOLA Capital, LLC, and<br>EC West Fargo, LLC,<br><br>　　　　　　　　Debtors. | Jointly Administered<br><br>Bankr. No. 24-30281<br>Bankr. No. 24-30282<br>Bankr. No. 24-30283<br>Bankr. No. 24-30284<br>Bankr. No. 24-30285<br><br>Chapter 11 |

## NOTICE OF APPLICATION TO EMPLOY STINSON LLP AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS

**NOTICE IS HEREBY GIVEN** that the Official Committee of Unsecured Creditors has filed an Application to Employ Stinson LLP as legal counsel (the "Application"). A copy of this Application is attached and served upon you.

**NOTICE IS FURTHER GIVEN** that written objections to the Application, if any, shall be filed with the Clerk of the U.S. Bankruptcy Court, Quentin N. Burdick Courthouse, 655 1st Avenue North, Suite 202, Fargo, North Dakota 58102-4932 within **14 days from the date of filing this notice**. Any objection not filed and served may be deemed waived.

Dated: August 14, 2024

　　　　　　　　　　　　　　　　　　/s/ Benjamin J. Court
　　　　　　　　　　　　　　　　　Benjamin J. Court (ND # 07776)
　　　　　　　　　　　　　　　　　Christopher J. Harayda (MN # 0390333)
　　　　　　　　　　　　　　　　　**Stinson LLP**
　　　　　　　　　　　　　　　　　50 South Sixth Street, Suite 2600
　　　　　　　　　　　　　　　　　Minneapolis, MN 55402
　　　　　　　　　　　　　　　　　Main: 612-335-1500
　　　　　　　　　　　　　　　　　Facsimile: 612-335-1657
　　　　　　　　　　　　　　　　　Email:　　benjamin.court@stinson.com
　　　　　　　　　　　　　　　　　　　　　　cj.harayda@stinson.com

CORE/9990000.8617/191713738.1

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| In re: | Jointly Administered |
| EPIC Companies Midwest, LLC, | |
| EPIC Companies Midwest 2023, LLC, | Bankr. No. 24-30281 |
| EPIC Employee, LLC, | Bankr. No. 24-30282 |
| EOLA Capital, LLC, and | Bankr. No. 24-30283 |
| EC West Fargo, LLC, | Bankr. No. 24-30284 |
| | Bankr. No. 24-30285 |
| Debtors. | |
| | Chapter 11 |

**APPLICATION TO EMPLOY STINSON LLP AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

The Official Committee of Unsecured Creditors (the "Committee") of Epic Companies Midwest, LLC, Epic Companies Midwest 2023, LLC, Epic Employee, LLC, EOLA Capital, LLC and EC West Fargo, LLC (collectively the "Debtors") files this application (the "Application") for entry of an order authorizing the Committee to retain and employ the law firm of Stinson LLP ("Stinson"), as its bankruptcy counsel in all matters pertaining to the above-referenced jointly administered Chapter 11 bankruptcy cases.

In support of this Application, the Committee submits the Affidavit of Benjamin J. Court, attached hereto as **Exhibit A** (the "Court Affidavit"). In addition, the Committee respectfully represents:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§ 157 and 1334, and Fed. R. Bankr. P. 5005.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b), and venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

1

**BACKGROUND**

3. On July 8, 2024, the Debtors filed voluntary petitions for relief pursuant to Chapter 11 of the Bankruptcy Code.

4. This Court entered the Order Granting Interim Relief on Motion for Joint Administration of Cases, designating *In re Epic Companies Midwest, LLC*, Bankr. No. 24-30281 as the lead case on July 16, 2024. [Dkt. No. 31.] The jointly administered cases (the "Bankruptcy Case") are now pending in this Court.

5. On July 30, 2024, the Office of the United States Trustee appointed the Committee and designated Randy Henke as Acting Chairperson of the Committee. [Dkt No. 58.] Following the appointment of the Committee, and by unanimous vote of the Committee, Committee member Beth Postemski is now the Chairperson.

6. On August 7, 2024, the Committee selected Stinson to serve as its bankruptcy counsel, subject to this Court's approval. The Committee believes that Stinson possesses extensive knowledge and skill in the areas of law relevant to this case, and that Stinson is well qualified to represent the Committee's interests.

**RELIEF REQUESTED**

7. By this Application, the Committee seeks an order authorizing the Committee to employ and retain Stinson as its bankruptcy counsel. The Committee believes that such retention is appropriate and necessary in this Bankruptcy Case.

8. This Application is made pursuant to 11 U.S.C. §§ 327, 328, and 1103, Fed. R. Bankr. P. 2014, and Local R. 9013-1.

2

**STINSON'S QUALIFICATIONS AND SERVICES TO BE RENDERED**

9. Stinson has represented numerous unsecured creditors' committees and other parties in many significant Chapter 11 cases on a number of issues, including, but not limited to: (a) analysis of property of the estate and maximizing recovery for the benefit of creditors; (b) the treatment of executory contracts and leases, including negotiations and litigation involving the rejection of contracts and leases; (c) the valuation and treatment of claims, including litigation involving objections to claims; (d) review and analysis of disclosure statements and plans of reorganization and liquidation and the treatment of unsecured creditors, including objections to those disclosure statements and plans; (e) avoidance litigation; (f) asset disposition, including review, analysis, and objections to, motions for the approval of sale of assets; and (g) review and analysis of the debtor's monthly operating reports and objections to same. Stinson is a full-service law firm with a broad-based practice, including a high level of sophistication in the areas of corporate, real estate, and commercial law, as well as other areas that are relevant and advantageous to the Committee during this Bankruptcy Case.

10. The Committee anticipates that Stinson will render general legal services to the Committee as needed throughout the course of this Chapter 11 proceeding, including but not limited to, the following:

(a) Consulting with the Debtors and the Office of the United States Trustee regarding administration of the Bankruptcy Case;

(b) Advising the Committee with respect to its rights, powers, and duties as they relate to the Bankruptcy Case;

(c) Investigating the acts, conduct, assets, liabilities, and financial condition of the Debtors;

(d) Assisting the Committee in analyzing the Debtors' pre-petition and post-petition relationships with its creditors, equity interest holders, employees, and other parties in interest;

3

(e) Assisting and negotiating on the Committee's behalf in matters relating to the claims of the Debtors' other creditors;

(f) Assisting the Committee in preparing pleadings and applications as may be necessary to further the Committee's interests and objectives;

(g) Researching, analyzing, investigating, filing and prosecuting litigation on behalf of the Committee in connection with issues including but not limited to avoidance actions or fraudulent conveyances;

(h) Representing the Committee at hearings and other proceedings;

(i) Reviewing and analyzing applications, orders, statements of operations, and schedules filed with the Court and advising the Committee regarding all such materials;

(j) Aiding and enhancing the Committee's participation in formulating a plan;

(k) Assisting the Committee in advising its constituents of the Committee's decisions, including the collection and filing of acceptances and rejections to any proposed plan; and

(l) Performing such other legal services as may be required and are deemed to be in the interests of the Committee.

## **PROFESSIONAL COMPENSATION**

11. Subject to Court approval and in accordance with 11 U.S.C. § 330(a) and any applicable order of this Court, compensation will be payable to Stinson on an hourly basis, plus reimbursement of actual, necessary expenses, and other charges incurred by Stinson. Stinson's hourly rates charged in this Bankruptcy Case are at or below its standard hourly rates based on its agreement with the Committee as follows:

| | |
|---|---|
| Partners: | $565 per hour |
| Of Counsel: | $470 per hour |
| Associates: | $340 - $395 per hour |
| Paralegals: | $265 per hour |

12. The rates reflected above may change from time to time in accordance with Stinson's established billing practices and procedures. Stinson will maintain detailed,

4

contemporaneous records of its time and any actual and necessary expenses incurred with the rendering of legal services described above by each category and nature of services rendered.

13. The fees charged by Stinson are competitive with the fees charged by firms of similar size, level of expertise, and experience. The fees and costs charged by Stinson are at or below the fees and costs charged to other, similar clients of Stinson on matters of similar size and complexity. The Committee believes that Stinson's rates are reasonable.

14. In addition to the hourly rate charged for services of Stinson professionals, and consistent with Stinson's policy with respect to their other clients, Stinson will charge for all other charges, expenses, and disbursements incurred during the representation of the Committee.

15. Stinson intends to apply to the Court for allowance of compensation for professional services rendered and reimbursement of charges and disbursements incurred in this Bankruptcy Case in accordance with applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Rules, and the orders of this Court.

16. Pending before the Court is the Debtor's Motion for Entry of an Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals (the "Fee Procedures Motion"). [Dkt. No. 11.] If the Court grants the Fee Procedures Motion, Stinson requests that it be permitted to seek compensation in a manner consistent with the relief requested in the Fee Procedures Motion.

17. In accordance with Fed. R. Bankr. P. 2016(b), Stinson has not shared, or agreed to share, any compensation received in connection with this Bankruptcy Case with any other entity.

**DISINTERESTEDNESS OF STINSON**

18. To the best of the Committee's and Stinson's knowledge, information, and belief, and as set forth in the Court Affidavit, neither Stinson nor its attorneys have any connection with

5

any party in interest or their attorneys or accountants in this Bankruptcy Case, other than as set forth in the Court Affidavit.

19. To the best of the Committee's knowledge, information, and belief, except as provided in the Court Affidavit, neither Stinson nor any of its attorneys represent any interest adverse to the Committee related to the matter for which Stinson is to be retained.

20. To the best of the Committee's knowledge, information, and belief, Stinson qualifies as a "disinterested person" as defined in 11 U.S.C. § 101(14).

21. Stinson will periodically monitor and assess all of its client relationships throughout this Bankruptcy Case to ensure that Stinson is, and remains, disinterested. In addition, Stinson will promptly disclose on an ongoing basis any relationship that may reflect upon its disinterestedness.

22. Stinson does not hold or assert a pre-petition claim against the Debtor, and Stinson is not otherwise a creditor of the Debtor.

WHEREFORE, the Committee respectfully requests entry of an order in the form attached authorizing the Committee to retain Stinson as its counsel in this Chapter 11 Bankruptcy Case, effective as of August 7, 2024, and granting such further relief as may be just and proper.

Date: August 13, 2024

OFFICIAL COMMITTEE OF UNSECURED CREDITORS

By *Beth Postemski*
Beth Postemski
Chairperson

6

CORE/9990000.8617/191680508.3

PREPARED BY:	/s/ Benjamin J. Court
Benjamin J. Court (ND # 07776)
Christopher J. Harayda (MN # 0390333)
**Stinson LLP**
50 South Sixth Street, Suite 2600
Minneapolis, MN 55402
Main: 612-335-1500
Facsimile: 612-335-1657
Email:     benjamin.court@stinson.com
              cj.harayda@stinson.com

*Proposed Counsel to the Official Committee of Unsecured Creditors*

7

CORE/9990000.8617/191680508.3

# EXHIBIT A

CORE/9990000.8617/191680508.3

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NORTH DAKOTA**

| | |
|---|---|
| In re:<br>EPIC Companies Midwest, LLC,<br>EPIC Companies Midwest 2023, LLC,<br>EPIC Employee, LLC,<br>EOLA Capital, LLC, and<br>EC West Fargo, LLC,<br><br>　　　　　Debtors. | Jointly Administered<br><br>Bankr. No. 24-30281<br>Bankr. No. 24-30282<br>Bankr. No. 24-30283<br>Bankr. No. 24-30284<br>Bankr. No. 24-30285<br><br>Chapter 11 |

**AFFIDAVIT OF BENJAMIN J. COURT IN SUPPORT OF APPLICATION TO EMPLOY STINSON LLP AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

STATE OF MINNESOTA　　　　)
　　　　　　　　　　　　　　)
COUNTY OF HENNEPIN　　　　)

BENJAMIN J. COURT, being duly sworn, states the following under penalty of perjury:

1. I am a partner in the law firm of Stinson LLP ("Stinson"), which maintains offices for the practice of law at, among other locations, 50 South Sixth Street, Suite 2600, Minneapolis, Minnesota, 55402. I am duly admitted to practice law in the State of North Dakota and the United States District Court for the District of North Dakota.

2. I submit this Affidavit in support of the Application for entry of an order authorizing the employment and retention of Stinson as counsel to the Official Committee of Unsecured Creditors (the "Committee"), effective as of August 7, 2024.

3. Except as otherwise indicated, the facts set forth in this Affidavit are personally known to me. To the extent that any information disclosed herein requires amendment or modification, I will submit a supplemental affidavit.

CORE/9990000.8617/191680508.3

4. The Committee wishes to employ Stinson to serve as attorneys for the Committee under the terms and conditions set forth herein.

5. No member of Stinson has ever been an officer, director, or employee of Epic Companies Midwest, LLC, Epic Companies Midwest 2023, LLC, Epic Employee, LLC, EOLA Capital, LLC, and EC West Fargo, LLC (collectively the "<u>Debtors</u>"), and no member of Stinson is an insider of the Debtors.

6. Stinson has completed a conflict check with the list of the Debtors and all of its creditors as previously furnished by counsel for the Debtors. Stinson will promptly supplement this Affidavit in the future when, and if, other creditors become known.

7. Based on the results of the above-referenced conflict check, and to the best of my knowledge, neither I nor Stinson have represented or had any connection with the Debtors, its creditors, or any other person employed in the Office of the United States Trustee within the meaning of Fed. R. Bankr. P. 2014, except as stated below:

   a. Stinson is frequently involved in bankruptcy cases. As such, Stinson is often adverse to the Office of the United States Trustee and is often adverse to, or allied with, other law firms and the interests of their clients and other accountants and the interests of their clients.

   b. Stinson has represented Lighthouse Management Group, the Chief Restructuring Officer of the Debtors, in matters entirely unrelated to the current proceeding and may represent Lighthouse Management Group in matters to the jointly administered cases during their pendency.

8. None of the above relationships constitute actual conflicts, but may be "connections" within the meaning of Fed. R. Bankr. P. 2014 or are potential conflicts and are therefore disclosed. The Committee has been advised of the potential conflicts noted above and has waived any such conflicts.

9. There may be other persons within the scope of Fed. R. Bankr. P. 2014 that, unknown to me, Stinson has represented in particular matters in the past. Stinson agrees not to represent such persons or other parties in interest in this case, except already disclosed herein, while representing the Committee, without further disclosure, and we agree to disclose any connections within the meaning of Fed. R. Bankr. P. 2014 that we may discover subsequent to the execution of this Affidavit.

10. Insofar as I have been able to ascertain, the partners, counsel, associates, and paraprofessionals of Stinson are "disinterested" parties within the meaning of 11 U.S.C. § 101(14), and do not represent any other entity having an interest adverse to the Committee in connection with this Chapter 11 case.

11. Stinson intends to apply for compensation for professional services rendered in connection with this Chapter 11 case, subject to the approval of this Court and in compliance with applicable provisions of the Bankruptcy Code, Bankruptcy Rules, the Local Bankruptcy Rules, and orders of this Court, on an hourly basis, plus reimbursement for all actual, necessary out-of-pocket expenses and other charges incurred by Stinson.

12. The legal services to be rendered by Stinson as counsel to the Committee include but are not limited to:

(a) Consulting with the Debtors and the Office of the United States Trustee regarding administration of the Bankruptcy Case;

(b) Advising the Committee with respect to its rights, powers, and duties as they relate to the Bankruptcy Case;

(c) Investigating the acts, conduct, assets, liabilities, and financial condition of the Debtors;

(d) Assisting the Committee in analyzing the Debtors' pre-petition and post- petition relationships with its creditors, equity interest holders, employees, and other parties in interest;

CORE/9990000.8617/191680508.3

(e) Assisting and negotiating on the Committee's behalf in matters relating to the claims of the Debtors' other creditors;

(f) Assisting the Committee in preparing pleadings and applications as may be necessary to further the Committee's interests and objectives;

(g) Researching, analyzing, investigating, filing and prosecuting litigation on behalf of the Committee in connection with issues including but not limited to avoidance actions or fraudulent conveyances;

(h) Representing the Committee at hearings and other proceedings;

(i) Reviewing and analyzing applications, orders, statements of operations, and schedules filed with the Court and advising the Committee regarding all such materials;

(j) Aiding and enhancing the Committee's participation in formulating a plan;

(k) Assisting the Committee in advising its constituents of the Committee's decisions, including the collection and filing of acceptances and rejections to any proposed plan; and

(l) Performing such other legal services as may be required and are deemed to be in the interests of the Committee.

13. Stinson will be compensated at or below its standard hourly rate for engagements of this nature. The professionals and paraprofessionals primarily responsible for this engagement and their respective hourly rates for this engagement are as follows:

| Name | Title | Rate |
|---|---|---|
| Benjamin J. Court | Partner | $565 |
| Christopher J. Harayda | Partner | $565 |
| Terri A. Running | Of Counsel | $470 |
| Samantha J. Hanson-Lenn | Associate | $395 |
| Miranda S. Swift | Associate | $340 |
| Stephanie K. Hess | Paralegal | $265 |

These persons will be assisted by other professionals at Stinson as necessary.

14. No promises have been received by Stinson or any partner, counsel, or associate thereof as to compensation in connection with this Bankruptcy Case other than in accordance with

the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and orders of this Court.

15. In accordance with 11 U.S.C. § 504, no agreement or understanding exists between me, my firm or any partner or employee thereof, on the one hand, and any other person, on the other hand, for the division of such compensation as my firm may receive from the Court herein, nor will any division of fees prohibited by 11 U.S.C. § 504 be made by me, or any partner or employee of my firm.

16. For the reasons stated herein, Stinson represents no interest adverse to the Debtors' individual creditors or the Committee upon matters which Stinson is to be employed and, therefore, is capable of fulfilling its duties to the Committee and unsecured creditors that the Committee represents.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: August 13, 2024

_____
Benjamin J. Court