# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NORTH DAKOTA

In re:

| | |
|---|---|
| **EPIC Companies Midwest, LLC** | **Bankr. No. 24-30281** |
| **EPIC Companies Midwest 2023, LLC** | **Bankr. No. 24-30282** |
| **EPIC Employee, LLC** | **Bankr. No. 24-30283** |
| **EOLA Capital, LLC** | **Bankr. No. 24-30284** |
| **EC West Fargo, LLC** | **Bankr. No. 24-30285** |
| **Debtors.** | **Chapter 11** |

## OBJECTION TO FIRST APPLICATION OF STINSON LLP AND
## REPLY TO FIRST APPLICATION OF FREDRIKSON & BYRON, P.A.

COMES NOW the United States Trustee (UST) through her undersigned attorney and objects to the first application of Stinson LLP for Allowance of Fees and Expenses as Counsel for the Official Committee of Unsecured Creditors (Committee Application) (Doc. 109) and Reply to First Application of Fredrikson & Byron, P.A. for Allowance of Fees and Expenses as Chapter 11 Counsel for the Debtors (Debtors Application) (Doc. 107). In support of her objection,s he states the following:

1.  The UST has standing to object pursuant to 11 U.S.C. § 307 and 28 U.S.C. §586. This objection is timely filed within the 21 notice period under FED. BANKR. R. 2002(a)(6).

### Official Committee

2.  The UST identified a few issues the Committee Application: a. block billing; b. at least one inter-office conference where multiple attorney's billed; and c. two instances where more than one attorney billed for attending the same event without an apparent explanation.

3.  The UST sent an email on October 3, 2024 outlining her concerns, and

Committee counsel sent a response.   See Att. Ex. 1.

4. The UST will cautiously give some benefit to the multiple attendance at the section 341 meeting and the meeting with the CRO given the infancy of Counsel's employment; however, the UST continues to object to the interoffice conference.

5. The UST proposes that the Committee reduce the fee application by $1,791.50.

6. The 1994 amendments to Section 330(a) specifically note that the bankruptcy court should not approve duplication of services by counsel.  See 11 U.S.C. § 330(a)(4)(A)(ii). This court has previously denied compensation for more than one professional in an inter-office meeting in *Vanity* (Bankr. No. 17-30112*).   See also Douglas L. Johnson* (Bankr. No. 16-30199). *See also In re Pettibone Corp.*, 74 B.R. 293, 303 (Bankr. N.D. Ill. 1987) (stating that no more than one attorney may charge for a conference, unless explained); *In re Wildman,* 72 B.R. 700, 710 (Bankr. N.D. Ill. 1987).

## Debtors Counsel

7. The UST raised similar issues with Debtors' Counsel and has reached an agreement to reduce the Debtors' Fee Application by $1,116.

WHEREFORE, the UST requests that the Court sustain her objection and grant such other relief the court deems just.

Dated: October 4, 2024                    MARY R. JENSEN
                                          Acting United States Trustee Region 12

                                           /s/ Sarah J.   Wencil
                                          Sarah J.   Wencil
                                          Trial Attorney Iowa Atty. No. 14014
                                          Office of U.S. Trustee
                                          1015 United States Courthouse
                                          300 South Fourth Street
                                          Minneapolis, MN 55415
                                          (612) 334-1350

2

# Exhibit 1

| | |
|---|---|
| **From:** | Court, Benjamin J. |
| **To:** | Wencil, Sarah J. (USTP) |
| **Cc:** | Harayda, C.J. |
| **Subject:** | [EXTERNAL] RE: Epic Companies |
| **Date:** | Friday, October 4, 2024 2:32:05 PM |

Sarah:

Thanks for the email and for your thoughts. I've had a chance to review your comments below. Please see my responses in blue. I hope this answers your concerns.

I am available until 5:30 pm this afternoon if you would like to discuss. Best to reach me on my mobile today. 612.812.7428.

Ben


**Benjamin J. Court**
Partner

STINSON LLP
50 South Sixth Street, Suite 2600
Minneapolis, MN 55402
Direct: 612.335.1615 \ Bio

    Fredrikson's fee application appropriately breaks down the tasks.
We understand. We will ensure that we are breaking out entries going forward by time expended. I will note that our invoice was broken out by task and detailed in the fee application.

2. Judge Hastings typically does not allow inter-office conferences unless there is strong evidence of why more than one person should bill.   You had that entry on 8/19 and I would request that the application be reduced by $1,791.50 (which is the problem with the block billing):

We understand and attempt to avoid inter-office conferences whenever possible and are always attempting to minimize the number of timekeepers involved in any particular meeting or attending a particular hearing. That said, in some situations we find it far more efficient overall, and believe a better ultimate result is achieved, when on occasion more than one timekeeper is present. Stated differently, occasional inter-office meetings are essential to an effective representation here, especially given the number of debtors, the breadth and variable sophistication of the unsecured class, and the complexity of how the debtors operated. Our timekeepers are all handling different tasks and we believe it is necessary to have a check in from time to time to share information, compare notes, and consider different approaches. We try to keep this to a minimum, but under the circumstances we think it is occasionally worthwhile in order to provide the best representation possible. With regard to your example below, it was a one-hour conference to review and discuss the status of the various tasks everyone was working on and to consider modifications to everyone's particular to-do list based on priorities and capacity.

| Date | Page | Name | Hours | Amount |
|---|---|---|---|---|
| 8/19 | p. 18 | Running | 2.50 | 1,175   (status conf w/ block) |
| 8/19 | p. 18 | Harayda | 2.8 | 1,582 (status conf w/ block) |
| 8/19 | p. 19 | Swift | 1 | 340 |
| 8/19 | p. 26 | Hanso-Lenn | .7 | 276.50 |

3. A few entries where it was not clear why more than 1 attorney needed to attend the event.   Those entries are the following:

Attend 341 Meeting

| Date | Page | Name | Hours | Amount |
|---|---|---|---|---|
| 8/15 | p. 21-22 | Court | 3.30 | 1,864.50 |
| | p. 22 | Swift | 3.30 | 1,122 |

Regarding the 341 hearing, my role was to primarily engage in questioning and analysis, and Ms. Swift was there to take detailed notes so we could prepare an update to the committee and verify information in the schedules to assist me with appropriate follow up questions. We

believe it was necessary and reasonable to have two timekeepers present.

Meeting with CRO and Fredrikson

| 8/21/24 | p. 16 | Court | 3.10 | 1751.50 |
|---|---|---|---|---|
| | p. 19 | Swift | 3.30 | 1,1222 |
| | p.21 | Harayda | 2.6 | 1,469 |

Please explain why it was necessary for more than 1 attorney to attend or agree to reduce the fee application accordingly.
This particular meeting involved a wide variety of items important to the cases that were, as described above, being simultaneously handled by several different timekeepers. The meeting also involved detailed discussions concerning coordination of activities between counsel for the committee, debtors' counsel, and the CRO, as well as administration of the cases generally. Given that this meeting occurred shortly after we were retained (I believe it was the first meeting we had with Fredrikson and the CRO), we thought it was more efficient – and therefore a better overall benefit to the estates – to have everything handled in a single meeting than to have multiple separate meetings, which inevitably would have required follow-up meetings to coordinate and process workflow.

Thank you.

Sarah Wencil

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NORTH DAKOTA**

In re:

| | |
|---|---|
| **EPIC Companies Midwest, LLC** | **Bankr. No. 24-30281** |
| **EPIC Companies Midwest 2023, LLC** | **Bankr. No. 24-30282** |
| **EPIC Employee, LLC** | **Bankr. No. 24-30283** |
| **EOLA Capital, LLC** | **Bankr. No. 24-30284** |
| **EC West Fargo, LLC** | **Bankr. No. 24-30285** |
| **Debtors.** | **Chapter 11** |

**Certificate of Service**

The undersigned hereby certifies under penalty of perjury that on October 4, 2024, she electronically filed the attached: Objection, thereby causing service by CM/ECF:

Dated:   October 4, 2024              /s/ Sarah J. Wencil
                                       Sarah J. Wencil
                                       Office of the U.S. Trustee