**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NORTH DAKOTA**

| | |
|---|---|
| In re: | **Jointly Administered** |
| EPIC Companies Midwest, LLC, | Bankruptcy No. 24-30281 |
| EPIC Companies Midwest 2023, LLC, | Bankruptcy No. 24-30282 |
| EPIC Employee, LLC, | Bankruptcy No. 24-30283 |
| EOLA Capital, LLC, and | Bankruptcy No. 24-30284 |
| EC West Fargo, LLC, | Bankruptcy No. 24-30285 |
| Debtors.[1] | Chapter 11 |

**MOTION UNDER SECTION 1112(d)(1) OF THE BANKRUPTCY CODE TO EXTEND EXCLUSIVE PERIODS FOR DEBTORS TO FILE AND OBTAIN ACCEPTANCES OF A CHAPTER 11 PLAN**

1. EPIC Companies Midwest, LLC, EPIC Companies Midwest 2023, LLC, EPIC Employee, LLC, EOLA Capital, LLC, and EC West Fargo, LLC (collectively, the "Debtors") hereby file this Motion Under Section 1112(d)(1) of the Bankruptcy Code to Extend the Exclusive Periods for the Debtors to File and Obtain Acceptances of a Chapter 11 Plan (the "Motion"). This Motion should be granted because an extension will allow the plan to be based on more accurate information and will result in a more efficient use of the estates' resources for the benefit of all creditors.

2. In support of this Motion, the Debtors respectfully state as follows:

---

[1] In accordance with Fed. R. Bankr. P. 2002(n) and 1005 and 11 U.S.C. § 342(c), as applicable, the Debtors' address is 400 10th Street SE, Minot, ND 58701 and their Employer Identification Numbers (EINs) are as follows: 83-2840705 (EPIC Companies Midwest, LLC), 88-3709518 (EPIC Companies Midwest 2023, LLC), 88-4112082 (EPIC Employee, LLC), 88-0554720 (EOLA Capital, LLC) and 82-5331354 (EC West Fargo, LLC).

1

**JURISDICTION**

3. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and Fed. R. Bankr. P. 5005. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The petitions commencing these Chapter 11 cases were filed on July 8, 2024 (the "Petition Date"). The cases are currently pending before this Court.

4. This Motion arises under 11 U.S.C. §§ 105(a) 1121(d)(1) and Fed. R. Bankr. P. 9006. This Motion is filed under Fed. R. Bankr. P. 9013 and Local Rule 9013-1. Notice of the hearing on this Motion is provided pursuant to the Federal Rules of Bankruptcy Procedure, the Notice and Service Requirements adopted pursuant to Local Rule 2002-1, and the Court's order limiting notice pursuant to Fed. R. Bankr. P. 2002(i), as applicable. (ECF No. 124.)

**BACKGROUND**

5. On the Petition Date, the Debtors filed voluntary petitions for relief pursuant to Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). The Debtors continue to operate their businesses as debtors in possession pursuant to 11 U.S.C. §§ 1107(a) and 1108. There is presently no pending request or motion for the appointment of a trustee or examiner.

6. Further background information about the Debtors is set forth in the Declaration of Patrick Finn in Support of First Day Motions. (ECF No. 6.)

7. The United States Trustee appointed the Committee on July 30, 2024. (ECF No. 58; *see also* ECF No. 93.) The Committee currently consists of Larry Dietz, Jim Johnson, Beth Postemski, Zachary Frappier, and William Altringer. (ECF No. 93.)

8. On August 14, 2024, the Committee filed an application to employ Stinson LLP ("Stinson") as the Committee's counsel. (ECF No. 69.) The Court granted that application on August 30, 2024. (ECF No. 101.)

9. Since the appointment of the Committee and the employment of Stinson, the Debtors and the Committee have been in regular communication regarding these cases, including the most efficient way to recover assets for distribution to creditors.

10. The Debtors' main assets are notes receivable from various borrowers. The Debtors, through their Chief Restructuring Officer, Lighthouse Management Group, Inc., have been diligently investigating and analyzing the prospect of recovery on various notes and determining the most efficiency way to recover on such notes. In some cases, the Debtors anticipate entering into a forbearance agreement or agreeing to receive payments through a payment plan. In other cases, the Debtors anticipate filing adversary proceedings. With over 40 borrowers, it has taken some time, and will continue to take additional time, to conduct the necessary investigations and analyses.

11. The Debtors have also been meeting with various stakeholders, including individual guarantors, banks, and counsel for various parties regarding the notes receivable.

12. For these reasons, more time is needed to gather the information necessary to prepare a disclosure statement and propose a plan, including projected recoveries for creditors. The Debtors would like to have additional information on the potential recoveries in order to put forth the most accurate, available information for creditors to ultimately vote on a plan.

13. The Debtors believe recovering on the notes receivable, or otherwise entering into a forbearance agreement or agreeing to a payment plan, provides the best means of maximizing the value of their assets, and further believe that a liquidating Chapter 11 plan is the most efficient

3

means to distribute any remaining assets and provide for an orderly distribution on account of the obligations owed to the Debtors' creditors. The Debtors expect to commence work on a plan and disclosure statement in the near future and expect to work closely with the Committee in doing so. Indeed, the Committee will likely be a co-sponsor of the plan of liquidation.

14. Prior to filing this Motion, the Debtors' counsel discussed the extension requested herein with Stinson. The Debtors have confirmed the Committee has no objection to the relief requested.

**RELIEF REQUESTED**

15. Currently, pursuant to 11 U.S.C. § 1121, the exclusive period that the Debtors have to file a plan will end on November 5, 2024, and the exclusive period to obtain acceptances of a plan will end on January 6, 2024.[2] The Debtors believe that cause exists to extend each of these dates for approximately 180 days, through and including May 5, 2025 and July 6, 2025, respectively. The Debtors believe that cause exists for such an extension based on the size and complexity of these cases, the status of the cases, and their efforts in moving towards a consensual resolution of the cases.

16. An extension will allow the plan to be based on more accurate information and will result in a more efficient use of the estates' resources for the benefit of all creditors. The Debtors also hope, and expect, to file a plan and obtain acceptances prior to the extended dates described above.

---

[2] One hundred and eighty days after the Petition Date is Saturday, January 4, 2025. Pursuant to Fed. R. Bankr. P. 9006, the deadline moves forward to Monday, January 6, 2024.

17. Therefore, the Debtors request that the Court extend the period for the Debtors to file a plan to May 5, 2025 and extend the period for the Debtors to obtain acceptances of a plan to July 6, 2025.

## BASIS FOR RELIEF REQUESTED

18. The Bankruptcy Code provides a debtor limited time to propose a Chapter 11 plan and obtain acceptances of that plan without interference from a competing plan. The exclusive period to file a plan extends through the first 120 days of a Chapter 11 case. *See* 11 U.S.C. § 1121(b). If the debtor files a plan within the 120-day period, the Bankruptcy Code affords the debtor an additional 60 days (up to 180 days after the petition date) to obtain acceptances of the plan before any other party in interest may file a competing plan. *See* 11 U.S.C. § 1121(c)(3).

19. Section 1121(d) of the Bankruptcy Code allows the exclusive periods to file a plan and to obtain acceptances to be extended for cause:

> [O]n request of a party in interest made within the respective periods specified in subsections (b) and (c) of this section and after notice and hearing, the court may for cause reduce or increase the 120-day period or the 180-day period referred to in this section.

*Id.* § 1121(d)(1). In recognition of this provision, courts have held that certain situations require longer exclusivity periods. *See, e.g.*, *Bunch v. Hoffinger Indus., Inc.* (*In re Hoffinger Indus., Inc.*), 292 B.R. 639, 643 (B.A.P. 8th Cir. 2003).

20. Extensions of the exclusive periods are routinely granted when the circumstances of the case indicate that it would be beneficial to the reorganization process. *In re Hoffinger Indus., Inc.*, 292 B.R. at 644; *In re Dow-Corning Corp.*, 208 B.R. 661, 662, 670 (Bankr. E.D. Mich. 1997); *In re Express One Intern, Inc.*, 194 B.R. 98, 99 (Bankr. E.D. Tex. 1996). Indeed, courts have granted repeated extensions of these periods. *See, e.g.*, *In re Wis. Barge Line, Inc.*, 78 B.R. 946, 948 (Bankr. E.D. Mo. 1977) (granting the debtor a fifth extension of exclusivity periods).

21. In determining whether to extend the exclusive periods, courts consider a number of factors including:

   a. the size of the debtor and the consequent difficulty in formulating a plan of reorganization for a large debtor with a complex financial structure;

   b. the necessity of sufficient time to permit the debtor to negotiate a plan of reorganization and prepare adequate information;

   c. the existence of good faith progress toward reorganization;

   d. the existence of an unresolved contingency;

   e. the fact that the debtor is paying its bills as they come due;

   f. the length of previous extensions of exclusivity;

   g. breakdowns in plan negotiations, such that the continuation of the debtor's exclusivity periods would result in the debtor having an unfair bargaining position over creditors; and

   h. the debtor's failure to resolve fundamental reorganization matters essential to its survival.

*In re Hoffinger Indus., Inc.*, 292 B.R. at 643–44; *see also In re Dow-Corning Corp.*, 208 B.R. at 664–65. No one factor is dispositive, and a bankruptcy court is not restricted to counting factors. *In re Dow-Corning Corp.*, 208 B.R. at 669.

22. The concept of "exclusivity" was incorporated into the Bankruptcy Code to provide a debtor with a full and fair opportunity to prepare a plan and to solicit acceptances to such a plan without the disruption of a debtor's business that would be caused by the filing of competing proposed plans by other parties in interest. One of the objectives of a Chapter 11 case is the development, formulation, confirmation, and consummation of a consensual plan. Typically, that

6

process requires, among other things, the accomplishment of certain pre-plan actions, including negotiations with key stakeholders.

23. The Debtors believe that the limited proposed extension to formulate and file a plan sought in the Motion will be beneficial to the estates, will allow the plan to be based on more accurate information, and will result in a more efficient use of their estates' assets for the benefit of all creditors. The status of these cases and the application of the factors identified above support the conclusion that an extension of the exclusivity period and solicitation period is warranted in the Debtors' cases, including because:

   a. The Debtors' cases are large and complex, involving hundreds of individual investors and over 40 borrowers;

   b. The Debtors are still evaluating the most efficient ways to recover on the notes receivable;

   c. The Debtors have been working diligently and in good faith toward a liquidating Chapter 11 plan, including in consultation with the Committee;

   d. The Debtors are paying their bills as they become due; and

   e. The Debtors have not previously sought an extension.

24. In sum, the Debtors believe that the extensions sought will be beneficial to them as well as creditors and other parties in interest; will provide time to attempt to reach a consensus regarding plan terms; will allow the plan to be based on more accurate information because more information about recovery on the notes receivable will have been obtained; and will result in a more efficient use of their assets for the benefit of all creditors.

25. The requested extensions of the exclusive period and solicitation period are essential to allow the Debtors to proceed with the plan process as contemplated by the Bankruptcy

7

Code. Moreover, the possibility of multiple plans would inevitably lead to unnecessary and costly confrontations that would likely cause a dramatic increase in the professional fee burden borne by the estates and reduce potential distributions to creditors.

26. The Debtors believe that an acceptable plan can be developed within the requested extensions of the exclusivity period and solicitation period but reserve the right to request additional extensions. The Debtors' request for an extension is modest and does not impermissibly extend the dates for filing and solicitation past the time periods provided for in 11 U.S.C. §§ 1121(d)(2)(A) and (B). Accordingly, the exclusivity period and solicitation period should be extended to afford the Debtors a full and fair opportunity to negotiate, propose, and seek acceptance of a plan.

## **CONCLUSION**

27. For the foregoing reasons, the Debtors respectfully request that the Court grant the relief requested in the Motion.

28. Pursuant to Fed. R. Bankr. P. 9006(d), this Motion is supported by the verification of facts in the Affidavit of Patrick Finn attached hereto.

29. Pursuant to Local Rule 9014-1(B), the Debtors hereby give notice that they may, if necessary, call Patrick Finn, a Partner at Lighthouse Management Group, Inc., and the Chief Restructuring Officer of the Debtors, whose business address is 900 Long Lake Road, Suite 180, New Brighton, Minnesota 55112, to testify regarding the facts set forth in the Motion.

30. No previous request for the relief sought herein has been made by the Debtors to this or any other court.

**WHEREFORE**, the Debtors respectfully request that this Court enter an order:

A. Extending the time in which the Debtors have the exclusive right to file a plan through May 5, 2025;

B. Extending the time in which the Debtors may obtain acceptances of such plan through July 6, 2025; and

C. Granting such other relief as the Court deems just and equitable.

Dated: October 22, 2024                /e/ *Steven R. Kinsella*
                                       Michael S. Raum (#05676)
                                       **FREDRIKSON & BYRON, P.A.**
                                       51 Broadway, Suite 400
                                       Fargo, ND  58102-4991
                                       701.237.8200
                                       mraum@fredlaw.com

                                       Steven R. Kinsella (#09514)
                                       Katherine A. Nixon (*pro hac vice* MN #0402772)
                                       **FREDRIKSON & BYRON, P.A.**
                                       60 South 6th Street, Suite 1500
                                       Minneapolis, MN  55402-4400
                                       612.492.7000
                                       skinsella@fredlaw.com
                                       knixon@fredlaw.com

                                       **ATTORNEYS FOR DEBTORS**

## AFFIDAVIT

I, Patrick Finn, am a Partner of Lighthouse Management Group, Inc., the Chief Restructuring Officer for EPIC Companies Midwest, LLC, EPIC Companies Midwest 2023, LLC, EPIC Employee, LLC, EOLA Capital, LLC, and EC West Fargo, LLC and I declare under penalty of perjury that the facts set forth in the preceding Motion Under Section 1112(d)(1) of the Bankruptcy Code to Extend the Exclusive Periods for the Debtors to File and Obtain Acceptances of a Chapter 11 Plan are true and correct, according to the best of my knowledge, information, and belief.

Dated: October 22, 2024

*DocuSigned by:*
*PATRICK FINN*
0939B83D88F04EF...

Patrick Finn
Partner, Lighthouse Management Group, Inc.
Chief Restructuring Officer of the Debtors

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| In re: | Jointly Administered |
| EPIC Companies Midwest, LLC, | Bankruptcy No. 24-30281 |
| EPIC Companies Midwest 2023, LLC, | Bankruptcy No. 24-30282 |
| EPIC Employee, LLC, | Bankruptcy No. 24-30283 |
| EOLA Capital, LLC, and | Bankruptcy No. 24-30284 |
| EC West Fargo, LLC, | Bankruptcy No. 24-30285 |
| Debtors. | Chapter 11 |

## ORDER GRANTING MOTION UNDER SECTION 1112(d)(1) OF THE BANKRUPTCY CODE TO EXTEND EXCLUSIVE PERIODS FOR DEBTORS TO FILE AND OBTAIN ACCEPTANCES OF A CHAPTER 11 PLAN

The Debtors, EPIC Companies Midwest, LLC, EPIC Companies Midwest 2023, LLC, EPIC Employee, LLC, EOLA Capital, LLC, and EC West Fargo, LLC (collectively, the "Debtors"), by and through their counsel, filed a Motion Under Section 1112(d)(1) of the Bankruptcy Code to Extend the Exclusive Periods for the Debtors to File and Obtain Acceptances of a Chapter 11 Plan (the "Motion"). Pursuant to the notice of the Motion (ECF No. __), any objections to the Motion were due by Tuesday, November 5, 2024.

The Debtors properly served notice of the Motion. The Court received no objections to the Motion. Based upon the Motion (ECF No. __), the Court finds that the circumstances of these cases warrant granting the relief requested in the Motion.

**IT IS THEREFORE ORDERED** that the Motion is **GRANTED**. The Debtors have until and including May 5, 2025 to file a Chapter 11 plan. The Debtors also have until and including July 6, 2025 to obtain acceptances to such plan.

Dated: _____, 2024

SHON HASTINGS, JUDGE
U.S. BANKRUPTCY COURT

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| In re: | **Jointly Administered** |
| EPIC Companies Midwest, LLC, | Bankruptcy No. 24-30281 |
| EPIC Companies Midwest 2023, LLC, | Bankruptcy No. 24-30282 |
| EPIC Employee, LLC, | Bankruptcy No. 24-30283 |
| EOLA Capital, LLC, and | Bankruptcy No. 24-30284 |
| EC West Fargo, LLC, | Bankruptcy No. 24-30285 |
| Debtors. | Chapter 11 |

## NOTICE OF MOTION UNDER SECTION 1112(d)(1) OF THE BANKRUPTCY CODE TO EXTEND EXCLUSIVE PERIODS FOR DEBTORS TO FILE AND OBTAIN ACCEPTANCES OF A CHAPTER 11 PLAN

TO:   The parties-in-interest as specified in the Federal Rules of Bankruptcy Procedure and the Notice and Service Requirements adopted pursuant to Local Rule 2002-1.

1. **NOTICE IS HEREBY GIVEN** that EPIC Companies Midwest, LLC, EPIC Companies Midwest 2023, LLC, EPIC Employee, LLC, EOLA Capital, LLC, and EC West Fargo, LLC (collectively, the "Debtors") filed a Motion Under Section 1112(d)(1) of the Bankruptcy Code to Extend the Exclusive Periods for the Debtors to File and Obtain Acceptances of a Chapter 11 Plan (the "Motion"), a copy of which is attached hereto and served upon you.

2. **NOTICE IS FURTHER GIVEN** that any objection to the Motion must be filed with the Clerk of the United States Bankruptcy Court, whose address is Quentin N. Burdick Courthouse, 655 First Avenue North, Suite 210, Fargo, North Dakota 58102, and served upon the attorneys whose names and addresses are listed below, by **Tuesday, November 5, 2024, which is fourteen (14) days from the date of the filing of this Notice**. Any objections not filed and served may deemed waived.

| | |
|---|---|
| Dated: October 22, 2024 | */e/ Steven R. Kinsella* |
| | Michael S. Raum (#05676) |
| | **FREDRIKSON & BYRON, P.A.** |
| | 51 Broadway, Suite 400 |
| | Fargo, ND  58102-4991 |
| | 701.237.8200 |
| | mraum@fredlaw.com |
| | |
| | Steven R. Kinsella (#09514) |
| | Katherine A. Nixon (*pro hac vice* MN #0402772) |
| | **FREDRIKSON & BYRON, P.A.** |
| | 60 South 6th Street, Suite 1500 |
| | Minneapolis, MN  55402-4400 |
| | 612.492.7000 |
| | skinsella@fredlaw.com |
| | knixon@fredlaw.com |
| | |
| | **ATTORNEYS FOR DEBTORS** |

2