# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| In re: | **Jointly Administered** |
| EPIC Companies Midwest, LLC, | Case No. 24-30281 |
| EPIC Companies Midwest 2023, LLC, | Case No. 24-30282 |
| EPIC Employee, LLC, | Case No. 24-30283 |
| EOLA Capital, LLC, and | Case No. 24-30284 |
| EC West Fargo, LLC, | Case No. 24-30285 |
| Debtors.[1] | Chapter 11 Cases |

## MOTION FOR ORDER AUTHORIZING THE USE OF CASH

1.      EPIC Companies Midwest, LLC, EPIC Companies Midwest 2023, LLC, EPIC Employee, LLC, EOLA Capital, LLC, and EC West Fargo, LLC (collectively, the "Debtors") hereby file this Motion for Order Authorizing the Use of Cash (the "Motion"). This Motion should be granted because the Debtors require the use of cash to continue their operations.

2.      In support of this Motion, the Debtors respectfully state as follows:

### **JURISDICTION**

3.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and Fed. R. Bankr. P. 5005. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The petitions commencing these

---

[1] In accordance with Fed. R. Bankr. P. 2002(n) and 1005 and 11 U.S.C. § 342(c), as applicable, the Debtors' address is c/o Lighthouse Management Group, Inc., 900 Long Lake Road, Suite 180, New Brighton, MN 55112 and their Employer Identification Numbers (EINs) are as follows: 83-2840705 (EPIC Companies Midwest, LLC), 88-3709518 (EPIC Companies Midwest 2023, LLC), 88-4112082 (EPIC Employee, LLC), 88-0554720 (EOLA Capital, LLC) and 82-5331354 (EC West Fargo, LLC).

Chapter 11 cases were filed on July 8, 2024 (the "Petition Date"). The cases are currently pending before this Court.

4.      This Motion arises under 11 U.S.C. §§ 105(a) and 363 and Fed. R. Bankr. P. 4001. This Motion is filed under Fed. R. Bankr. P. 9013 and 9014 and Local Rules 9013-1 and 9014-1. Notice of the hearing on this Motion is provided pursuant to the Federal Rules of Bankruptcy Procedure, the Notice and Service Requirements adopted pursuant to Local Rule 2002-1, and the Court's order limiting notice pursuant to Fed. R. Bankr. P. 2002(i), as applicable. (ECF No. 124.)

### FED. R. BANKR. P. 4001(b)(1)(B) STATEMENT

5.      Pursuant to Fed. R. Bankr. P. 4001(b)(1)(B), the Debtors seek to use cash in which no entities hold a security interest. Bank Forward previously asserted an interest in some or all of the cash of EPIC Companies Midwest, LLC ("EPIC Midwest"). However, Bank Forward recently notified the Debtors' that the security interest purportedly granted by EPIC Midwest to Bank Forward expired and that Bank Forward's interest in EPIC Midwest's cash collateral terminated. The Debtors' counsel has been in communication with Bank Forward's counsel and the parties anticipate filing a stipulation prior to the hearing on this Motion.

6.      While no entities hold a security interest in the Debtors' cash, the Debtors nonetheless seek authorization to use cash out of an abundance of caution and to ensure full transparency to relevant stakeholders, including the Committee (as defined below).

7.      The Debtors will use the cash to continue their operations while pursuing a wind-down of their businesses. The Debtors request authorization to use cash through the week ending on February 8, 2025. By that date, the Debtors hope to have a plan and disclosure statement filed.

8.      While adequate protection is no longer an issue, the Debtors intend to maintain all insurance and operate so as to preserve the value of the property of the estates.

2

**BACKGROUND**

9.      On the Petition Date, the Debtors filed voluntary petitions for relief pursuant to Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").  The Debtors continue to operate their businesses as debtors in possession pursuant to 11 U.S.C. §§ 1107(a) and 1108. There is presently no pending request or motion for the appointment of a trustee or examiner.

10.     The United States Trustee's Office appointed an official committee of unsecured creditors (the "Committee") on July 30, 2024. (ECF No. 58.)

11.     Further background information about the Debtors is set forth in the Declaration of Patrick Finn in Support of First Day Motions. (ECF No. 6.)

**I.      FORMATION AND FUNDING OF THE DEBTORS.**

12.     Each of the Debtors was formed for the purpose of providing loans to various real estate development projects throughout the State of North Dakota, each of which was developed and managed by subsidiaries of various EPIC-related companies (the "Project Companies").

13.     On information and belief, each of the Project Companies is a "single purpose entity," meaning that each holds one real estate development project. Based on records reviewed to date, each of the Project Companies has a different ownership group. Many of the Project Companies have borrowed money from banks for the construction of the real estate projects at issue, and those banks generally have senior secured positions on the real estate owned by each of the Project Companies. In addition, certain of the Project Companies appear to have subordinated debt from lenders other than the Debtors.

14.     On information and belief, the Debtors were formed for the purpose of providing loans as "subordinated debt" to each of the Project Companies (the "Sub Debt"). The Sub Debt would be junior to the bank debt but superior to the equity holders in each of the Project Companies

and enable EPIC-related companies to quickly deploy capital among the Project Companies as it was needed.

15.     To execute this plan, the Debtors raised capital from various individuals and entities (collectively, "Investors"). The majority of the investments were structured and documented as loans from the Investors to the Debtors. Investors generally executed promissory notes, which in most cases provided for, among other normal loan terms, interest, monthly installment payments, and a balloon payment on the applicable maturity date (collectively, "Investor Notes"). On information and belief, the Investor Notes are unsecured.

16.     With the funds received from the Investors, the Debtors made transfers to the Project Companies and certain other subsidiaries of EPIC-related companies. Most are documented by promissory notes but, on information and belief, some are reflected solely in accounting records. The majority of the Sub Debt required the Project Companies to make monthly installment payments to the Debtors and a final balloon payment on the applicable maturity date. On information and belief, none of the Sub Debt is secured.

## II.     BANK FORWARD'S PURPORTED SECURITY INTEREST IN EPIC MIDWEST'S PERSONAL PROPERTY.

17.     When examining their records in preparation for filing the above-captioned cases, the Debtors discovered certain agreements that purported to grant a security interest in the assets of EPIC Midwest to Bank Forward.

18.     Specifically, EPIC Midwest executed a certain Limited Liability Company Resolution to Grant Collateral on or around September 28, 2021 (the "Collateral Resolution"), whereby EPIC Midwest purported to agree to grant a security interest in all assets as security for the payment of any indebtedness owed by EPIC Holdings II, LLC ("Holdings II") to Bank Forward.

4

19.     In connection with the Collateral Resolution, EPIC Midwest additionally executed a certain Assignment of Deposit Account on or around September 28, 2021 (the "Assignment Agreement"), whereby EPIC Midwest purported to grant a security interest in a checking account held by EPIC Midwest, Account No. ****8191, held by Bank Forward (the "Collateral Account").

20.     Aside from the Collateral Resolution and the Assignment Agreement, the Debtors have not located any other agreement that obligates EPIC Midwest to make any payment to Bank Forward.

21.     As of the Petition Date, the Collateral Account held a balance of approximately $205,003.31.

22.     As of November 7, 2024, any purported security interest of Bank Forward in the cash of EPIC Midwest has terminated.

## III.    THE DEBTORS' PRIOR MOTIONS FOR ORDERS AUTHORIZING USE OF CASH COLLATERAL.

23.     On the Petition Date, the Debtors filed a Motion for Order (I) Granting Expedited Relief and (II) Authorizing the Use of Cash Collateral on an Interim and Final Basis. (ECF No. 8.)

24.     On July 16, 2024, the Court entered an interim order authorizing the Debtors to use cash collateral through the week ending on July 27, 2024, up to $69,050, but not authorizing the Debtors to use the funds held in the Collateral Account. (ECF No. 32.) The Court set a final hearing on the Debtor's initial cash collateral motion for July 24, 2024.

25.     Prior to the July 24, 2024, hearing, the Debtors and Bank Forward executed a stipulation concerning the use of cash collateral. (ECF No. 39.) Pursuant to the stipulation executed between the Debtors and Bank Forward, Bank Forward consented to the Debtors' use of cash collateral and the transfer of funds held in the Collateral Account to the Debtors' debtor-in-possession accounts held at U.S. Bank.

26.    On July 23, 2024, the Court entered an order authorizing the Debtors to use cash collateral through the week ending October 5, 2024. (ECF No. 46.)

27.    On September 16, 2024, the Debtors filed a Motion for Order Authorizing the Use of Cash Collateral. (ECF No. 113.) On October 8, 2024, the Court entered an order authorizing the Debtors to use cash collateral through the week ending December 1, 2024. (ECF No. 131.)

## RELIEF REQUESTED

28.    The Debtors seek authorization to use cash to continue operations and pay expenses in accordance with the cash flow projections and budget attached as **Exhibit A** (the "Budget").

29.    While the Debtors do not believe that their use of cash is outside the ordinary course of business, the Debtors are nonetheless seeking authorization to use such cash as described in the Budget out of an abundance of caution and to ensure full transparency.

30.    The Debtors will generate cash from continuing operations. As set forth in the Budget, the Debtors project that such cash will be sufficient to fund their Chapter 11 administrative expenses, including postpetition operating expenses.

31.    Prior to the hearing on the Motion, and in settlement of any and all of the matters raised in this Motion, the Debtors may enter into a stipulation or agreed order concerning use of cash and other related matters. In the event the Debtors enter into any such stipulation, they will seek approval of the stipulation or agreed order without further notice or hearing pursuant to Fed. R. Bankr. P. 4001(d)(4), and **THE DEBTORS HEREBY GIVE NOTICE OF INTENT TO SEEK APPROVAL OF ANY SUCH STIPULATION OR AGREED ORDER**.

## BASIS FOR RELIEF REQUESTED

32.     Section 363(b) of the Bankruptcy Code permits a debtor in possession, "after notice and a hearing . . . [to] use, sell, or lease, other than in the ordinary course of business, property of the estate . . ." 11 U.S.C. § 363(b)(1).

33.     In interpreting 11 U.S.C. § 363(b)(1), courts have held that a transaction involving property of the estate generally should be approved so long as the debtor can demonstrate "some articulated business justification for using, selling, or leasing property outside of the ordinary course of business." *Institutional Creditors of Cont'l Airlines, Inc. v. Cont'l Airlines, Inc.* (*In re Cont'l Airlines, Inc.)*, 780 F.2d 1223, 1226 (5th Cir. 1986); *accord Four B. Corp. v. Food Barn Stores, Inc.* (*In re Food Barn Stores, Inc.*), 107 F.3d 558, 567 n.16 (8th Cir. 1997); *Comm. Equity Sec. v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1071 (2d Cir. 1983); *Crystalin, LLC v. Selma Props., Inc. (In re Crystalin LLC)*, 293 B.R. 455, 463–64 (B.A.P. 8th Cir. 2003). The court should give deference to a debtor's application of its sound business judgment in the use, sale or lease of property. *In re Moore*, 110 B.R. 924, 928 (Bankr. C.D. Cal. 1990); *In re Canyon P'ship*, 55 B.R. 520, 524 (Bankr. S.D. Cal. 1985); *In re Curlew Valley Assocs.*, 14 B.R. 506, 513–14 (Bankr. D. Utah 1981).

34.     Entry of an order authorizing the Debtors to  use cash up to the amounts set forth in the Budget is necessary to avoid a severe disruption in the Debtors' operations at this critical juncture and maximize the value of the Debtors' estates for the benefit of all stakeholders. Accordingly, the Debtors have articulated a sound business justification for using such cash.

## CONCLUSION

35.     For the foregoing reasons, the Debtors respectfully request that the Court grant the relief requested in the Motion.

36.     Pursuant to Fed. R. Bankr. P. 9006(d), this Motion is supported by the verification of facts in the Affidavit of Patrick Finn attached hereto.

37.     Pursuant to Local Rule 9014-1(B), the Debtors hereby give notice that they may, if necessary, call Patrick Finn, a Partner at Lighthouse Management Group, Inc., and the Chief Restructuring Officer of the Debtors, whose business address is 900 Long Lake Road, Suite 180, New Brighton, Minnesota 55112, to testify regarding the facts set forth in the Motion.

**WHEREFORE**, the Debtors respectfully request that this Court enter an order:

A.     Authorizing the Debtor to use cash as described in the Motion and the Budget; and

B.     Granting such other relief as the Court deems just and equitable.

Dated:  November 11, 2024          /e/ *Steven R. Kinsella*
                                   _____
                                   Michael S. Raum (#05676)
                                   **FREDRIKSON & BYRON, P.A.**
                                   51 Broadway, Suite 400
                                   Fargo, ND  58102-4991
                                   701.237.8200
                                   mraum@fredlaw.com

                                   Steven R. Kinsella (#09514)
                                   Katherine A. Nixon (*pro hac vice* MN #0402772)
                                   **FREDRIKSON & BYRON, P.A.**
                                   60 South 6th Street, Suite 1500
                                   Minneapolis, MN  55402-4400
                                   612.492.7000
                                   skinsella@fredlaw.com
                                   knixon@fredlaw.com

                                   **ATTORNEYS FOR DEBTORS**

# **AFFIDAVIT**

I, Patrick Finn, am a Partner of Lighthouse Management Group, Inc., the Chief Restructuring Officer for EPIC Companies Midwest, LLC, EPIC Companies Midwest 2023, LLC, EPIC Employee, LLC, EOLA Capital, LLC, and EC West Fargo, LLC, and I declare under penalty of perjury that the facts set forth in the preceding Motion for Order Authorizing the Use of Cash are true and correct, according to the best of my knowledge, information, and belief.

Dated: November 11, 2024

PATRICK FINN
Patrick Finn
Partner, Lighthouse Management Group, Inc.
Chief Restructuring Officer of the Debtors

**<u>EXHIBIT A</u>**

**EPIC Funds (E23, ECF, ECM, EMP, EOL)**
**Consolidated Thirteen-Week Cash Flow Projection**
**Last Update November 8, 2024**

| | Period | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | Projected | Projected | Projected | Projected | Projected | Projected | Projected | Projected | Projected | Projected | Projected | Projected | Projected | Projected |
| | Week Ending: | 16-Nov | 23-Nov | 30-Nov | 7-Dec | 14-Dec | 21-Dec | 28-Dec | 4-Jan | 11-Jan | 18-Jan | 25-Jan | 1-Feb | 8-Feb | Total |
| 1 | Loan Interest Income | - | 28,000 | - | 53,000 | - | - | - | 33,000 | - | - | - | - | 24,000 | 146,000 |
| 2 | Loan Principal | | | | | | | | | | | | | | - |
| 3 | Other Cash Receipts | | | | | | | | | | | | | | - |
| 4 | **Cash Receipts** | **$0** | **$28,000** | **$0** | **$53,000** | **$0** | **$0** | **$0** | **$33,000** | **$0** | **$0** | **$0** | **$0** | **$24,000** | **$146,000** |
| | | | | | | | | | | | | | | | |
| 5 | Contract Labor | - | 50,900 | - | 42,900 | - | 32,600 | 8,000 | 32,600 | - | 32,600 | - | 32,600 | 5,000 | 278,300 |
| 6 | General & Admin | 4,800 | 2,000 | 500 | 4,200 | 1,100 | 500 | 500 | 4,200 | 3,500 | 1,100 | 500 | 500 | 5,100 | 30,940 |
| 7 | Legal & Professional | 60,000 | - | - | - | - | 78,000 | - | - | - | 63,000 | - | - | - | 245,730 |
| 8 | US Trustee Fees | 1,780 | - | - | 3,000 | - | - | - | 3,000 | - | - | 3,000 | - | - | 10,780 |
| 9 | **Cash Disbursements** | **$66,580** | **$52,900** | **$500** | **$50,100** | **$1,100** | **$111,100** | **$8,500** | **$39,800** | **$3,500** | **$96,700** | **$3,500** | **$33,100** | **$10,100** | **$565,750** |
| | | | | | | | | | | | | | | | |
| 10 | **Net Cash Receipts/(Disbursements)** | **($66,580)** | **($24,900)** | **($500)** | **$2,900** | **($1,100)** | **($111,100)** | **($8,500)** | **($6,800)** | **($3,500)** | **($96,700)** | **($3,500)** | **($33,100)** | **$13,900** | **($419,750)** |
| | | | | | | | | | | | | | | | |
| 11 | **Ending Cash Balance** | **287,512** | **262,612** | **262,112** | **265,012** | **263,912** | **152,812** | **144,312** | **137,512** | **134,012** | **37,312** | **33,812** | **712** | **14,612** | |

**Assumptions:**
Project assumes minimal collection of loan interest income.
No collection of principal balances included in projection.
Contract labor is CRO and contract accounting support.

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NORTH DAKOTA**

---

| | |
|---|---|
| In re: | **Jointly Administered** |
| | |
| EPIC Companies Midwest, LLC, | Bankruptcy No. 24-30281 |
| EPIC Companies Midwest 2023, LLC, | Bankruptcy No. 24-30282 |
| EPIC Employee, LLC, | Bankruptcy No. 24-30283 |
| EOLA Capital, LLC, and | Bankruptcy No. 24-30284 |
| EC West Fargo, LLC, | Bankruptcy No. 24-30285 |
| | |
| Debtors. | Chapter 11 |

---

**ORDER AUTHORIZING DEBTORS TO USE CASH**

---

Debtors filed a Motion for Order Authorizing the Use of Cash. Debtors properly served notice of the Motion, providing notice of the objection deadline.

Based upon the Motion [Doc. ___] and the Consolidated Cash Flow Projection marked as Exhibit A to the Motion, the Court finds that the Debtors met the requirements of Bankruptcy Rule 4001(b)(1) and Section 363 of the Bankruptcy Code, to the extent applicable. The Court further finds that the relief provided in this Order is necessary to maintain the Debtors' operations during the term of this Order. Therefore,

**IT IS ORDERED:**

1.      The Motion [Doc. ___] is granted subject to the terms and conditions in this Order. Debtors shall not use cash except as expressly authorized and permitted in this Order or by subsequent order of the Court.

2.      The Debtors are authorized to use cash consistent with the projections attached as Exhibit A to the Motion on a final basis through the week ending on February 8, 2025, in the total approximate amount of $565,750.

Dated:


SHON HASTINGS, JUDGE
UNITED STATES BANKRUPTCY COURT

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NORTH DAKOTA**

---

| | |
|---|---|
| In re: | **Jointly Administered** |
| | |
| EPIC Companies Midwest, LLC, | Bankruptcy No. 24-30281 |
| EPIC Companies Midwest 2023, LLC, | Bankruptcy No. 24-30282 |
| EPIC Employee, LLC, | Bankruptcy No. 24-30283 |
| EOLA Capital, LLC, and | Bankruptcy No. 24-30284 |
| EC West Fargo, LLC, | Bankruptcy No. 24-30285 |
| | |
| Debtors. | Chapter 11 |

---

### NOTICE OF MOTION FOR ORDER AUTHORIZING THE USE OF CASH

---

TO:   The parties-in-interest as specified in the Federal Rules of Bankruptcy Procedure and the Notice and Service Requirements adopted pursuant to Local Rule 2002-1.

1.   **NOTICE IS HEREBY GIVEN** that EPIC Companies Midwest, LLC, EPIC Companies Midwest 2023, LLC, EPIC Employee, LLC, EOLA Capital, LLC, and EC West Fargo, LLC, by and through their counsel, filed a motion for an order authorizing the use of cash (the "Motion"), a copy of which is attached hereto and served upon you.

2.   **NOTICE IS FURTHER GIVEN** that any objection to the Motion must be filed with the Clerk of the United States Bankruptcy Court, whose address is Quentin N. Burdick Courthouse, 655 First Avenue North, Suite 210, Fargo, North Dakota 58102, and served upon the attorney whose name and address is listed below, by **Monday, December 2, 2024, which is twenty-one (21) days from the date of the filing of this Notice**. Any objections not filed and served may deemed waived.

Dated:  November 11, 2024          /e/ *Steven R. Kinsella*

Michael S. Raum (#05676)
**FREDRIKSON & BYRON, P.A.**
51 Broadway, Suite 400
Fargo, ND  58102-4991
701.237.8200
mraum@fredlaw.com

Steven R. Kinsella (#09514)
Katherine A. Nixon (*pro hac vice* MN #0402772)
**FREDRIKSON & BYRON, P.A.**
60 South 6th Street, Suite 1500
Minneapolis, MN  55402-4400
612.492.7000
skinsella@fredlaw.com
knixon@fredlaw.com

**ATTORNEYS FOR DEBTORS**