## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NORTH DAKOTA

In re:

| | |
|---|---|
| EPIC Companies Midwest, LLC, | Bankruptcy No. 24-30281 |
| EPIC Companies Midwest 2023, LLC | Bankruptcy No. 24-30282 |
| EPIC Employee, LLC, | Bankruptcy No. 24-30283 |
| EOLA Capital, LLC, | Bankruptcy No. 24-30284 |
| EC West Fargo, LLC, | Bankruptcy No. 24-30285 |

Debtors.                            Chapter 11

EPIC Companies Midwest, LLC
EOLA Capital, LLC,

Plaintiffs,

v.                                              Adversary No. 24-30281

HI West Acres, LLC,                    **JURY TRIAL DEMANDED**
f/k/a EPIC Hospitality, LLC,

Defendant.

### DEFENDANT LTC – HI WEST ACRES, LLC'S ANSWER
### AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT
### AND DEMAND FOR JURY TRIAL

Defendant, HI WEST ACRES, LLC ("Defendant"), for itself and no other parties, by and through its attorneys, HOLLAND & HART LLP, hereby submits this answer to the Complaint filed by the above-referenced plaintiffs (the "Plaintiffs"). To the extent that any allegations in the Complaint are not expressly admitted, they are denied and any averment by the Defendant that it lacks knowledge or information sufficient to form a belief about the truth of an allegation shall have the effect of a denial. No answer is required with respect to the headings, sub-headings, footnotes prayers for relief and other contents of the Complaint that do not set forth allegations of

fact that are not included within the numbered paragraphs as required by the Federal Rules of Civil Procedure and the Federal Rules of Bankruptcy Procedure. To the extent an answer to these portions of the Complaint is required, the Defendant denies all allegations contained therein.

In answer to the numbered paragraphs of the Complaint, the answering Defendant states as follows:

### PARTIES

1. The Defendant admits the allegations contained in Paragraph 1 of the Complaint, unless the facts revealed in discovery indicated otherwise.

2. The Defendant admits the allegations contained in Paragraph 2 of the Complaint, unless the facts revealed in discovery indicated otherwise.

3. The Defendant admits the allegations contained in Paragraph 3 of the Complaint.

4. The answering Defendant admits that the Plaintiffs by their Complaint seek monetary, equitable, and other relief in connection with what Plaintiffs characterize as certain loan transactions but denies that the Plaintiffs are entitled to any relief sought.

### JURISDICTION AND VENUE

5. The Defendant admits the allegations contained in Paragraph 5 of the Complaint.

6. The Defendant admits that this Court has jurisdiction over this adversary proceeding under 28 U.S.C. §§ 157 and 1334 but denies that all claims asserted against the answering Defendant involve a core proceeding or subject matter that falls within the scope of federal bankruptcy law.

7 The Defendant admits the allegations contained in Paragraph 7 of the Complaint.

8. The Defendant does not consent to the entry of final orders and judgment by this Court.

9.     The Defendant admits the allegations contained in Paragraph 9 of the Complaint.

10.     The allegations contained in Paragraph 10 of the Complaint relate to parties other than the answering Defendant and call for a legal conclusion and, as such, no response is required.

## FACTUAL BACKGROUND

**I.     PLAINTIFFS' GENERAL STRUCTURE AND PURPOSE.**

11.     The Defendant admits the allegations contained in Paragraph 11 of the Complaint.

12.     The Defendant admits the allegations contained in Paragraph 12 of the Complaint, and further affirmatively states and avers that the Debtors and their principals appear to have perpetrated one of the largest fraudulent investment enterprises in this history of the State of North Dakota resulting in substantial injury and losses to North Dakota investors, lenders, creditors and the Defendant. The Defendant further affirmatively states and avers that the fraud, known as the "EPIC Companies," was conducted by and through the Plaintiffs and other affiliated entities, along with, as indicated in Paragraph 12 of the Complaint, "certain individuals who structured, organized, [controlled], and sponsored this business activity, including Todd Berning."

13     The Defendant admits the allegations contained in Paragraph 13 of the Complaint.

14.     The Defendant admits the allegations contained in Paragraph 14 of the Complaint.

15.     The Defendant is without sufficient knowledge or information upon which to base a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint and upon those grounds denies the allegations.

16.     The Defendant admits the allegations contained in Paragraph 16 of the Complaint insofar as it alleges that the Defendant borrowed money from one or more banks for the construction of the real estate project it owns, which banks have senior secured positions on the real estate.

3

17.     To the extent that Paragraph 17 calls for answer with respect to a party or Project Company other than the answering Defendant, no response is required and the Defendant is without sufficient knowledge or information upon which to base a belief as to the truth of the allegations contained in such paragraph and upon those grounds denies the allegations.

18.     To the extent that Paragraph 18 calls for answer with respect to the Project Companies or a party other than the answering Defendant, no response is required and the Defendant is without sufficient knowledge or information upon which to base a belief as to the truth of the allegations contained in such paragraph and upon those grounds denies the allegations.

19.     To the extent that Paragraph 19 calls for answer with respect to the Project Companies or a party other than the answering Defendant, no response is required and the Defendant is without sufficient knowledge or information upon which to base a belief as to the truth of the allegations contained in such paragraph and upon those grounds denies the allegations. The Defendant admits that the Plaintiffs, without authority or disclosure, and in violation of the Defendant's charter documents and fiduciary duties, prepared and executed on behalf of *both* the Defendant and one or more of the Plaintiffs certain purported promissory notes.

20.     To the extent that Paragraph 20 calls for answer with respect to the Project Companies or a party other than the answering Defendant, no response is required and the Defendant is without sufficient knowledge or information upon which to base a belief as to the truth of the allegations contained in sch paragraph and upon those grounds denies the allegations. The terms of any purported instruments to which the Plaintiffs executed on behalf of the Defendant, if any, speak for themselves.

21.     The Defendant admits the allegations in Paragraph 21 of the Complaint.

4

II.    **TRANSFERS TO DEFENDANT FROM EPIC MIDWEST.**

22.    The Defendant admits that the Plaintiffs and/or employees and other representatives of the Plaintiffs executed, or caused to be executed, certain instruments purporting to be promissory notes on behalf of *both* the Defendant and one or more of the Plaintiffs. The terms of such instrument attempting to be described in Paragraph 22 of the Complaint speaks for itself and such instrument and its enforceability are the subject of the claims and defenses in this adversary proceeding.

23.    The terms of such instrument attempting to be described in Paragraph 23 of the Complaint speaks for itself and such instrument and its enforceability are the subject of the claims and defenses in this adversary proceeding.

24.    The Defendant denies any assertion of an offer and acceptance with respect to the purported and referenced loan occurred or existed in Paragraph 24 of the Complaint and affirmatively alleges and avers that at times material hereto that the Plaintiffs exercised unauthorized dominion and control over the Defendant and all of the transactions subject to this adversary proceeding. The Defendant admits that no purported instruments created and executed by the Plaintiffs on behalf of the Defendant were secured with any collateral.

25.    The Defendant is without sufficient knowledge or information upon which to base a belief as to the truth of the allegations contained in Paragraph 25 of the Complaint and upon those grounds denies the allegations, but affirmatively avers and alleges that the Plaintiffs in Paragraph 25 of the Complaint acknowledge and admit that substantial funds were round-tripped by the Plaintiffs through the Defendant's accounts some of which are alleged by the Plaintiffs to have occurred immediately.

26.    The Defendant admits that the terms of purported instrument provide for monthly payments, but denies the remaining allegations of Paragraph 26 and affirmatively asserts that the terms of such instrument speak for itself.

27.    With respect to the allegations contained in Paragraph 27 of the Complaint, the terms of such instrument speaks for itself.

28.    The Defendant admits that the Plaintiffs fraudulently extracted funds from the Defendant's bank accounts and transferred funds from those accounts to one or more of the Plaintiffs on account amounts represented by a purported promissory note under which the Plaintiffs executed, or caused to be executed, on behalf of *both* the Defendant and one or more of the Plaintiffs.

29.    With respect to the allegations contained in Paragraph 29 of the Complaint, the Defendant admits that it ceased making any further transfers or other payment to or for the benefit of the Plaintiffs and affirmatively alleges and responds that such payments ceased when the Plaintiffs were divested of control over the business and the affairs of the company and the Defendant's accounts.

30.    The Defendant denies the allegations of Paragraph 30 of the Complaint and to the extent such Paragraph contemplates an interpretation of the terms of any purported instrument, the terms of such instrument speaks for itself.

31.    The Defendant denies the allegations contained in Paragraph 31 of the Complaint.

32.    The Defendant denies the alleges in Paragraph 32 of the Complaint and avers that the Plaintiffs have not identified any such creditors, and a general allegation of "individual investors" does not satisfy the pleading requirements under applicable law and, upon information

and belief, "investors" in the securities transactions to the extent identified by the Plaintiffs are not creditors.

33.     To the extent that the allegations contained in Paragraph 33 of the Complaint relate "Lighthouse" or the board of directors of one or more of the Plaintiffs may have done or to a party other than the Defendant no response is required. The Defendant nevertheless admits Paragraph 33 of the Complaint unless the facts in discovery reveal otherwise.

34.     To the extent that the allegations contained in Paragraph 34 of the Complaint relate what "Lighthouse" may have done or to a party other than the Defendant no response is required. The Defendant is without sufficient knowledge or information upon which to base a belief as to the truth of the allegations contained in such paragraph and upon those grounds denies the allegations.

35.     To the extent that the allegations contained in Paragraph 35 of the Complaint relate what "Lighthouse" may have done or to a party other than the Defendant no response is required. The Defendant is without sufficient knowledge or information upon which to base a belief as to the truth of the allegations contained in such paragraph and upon those grounds denies the allegations.

III.     **TRANSFERS TO DEFENDANTS FROM EOLA.**

36.     The Defendant admits that the Plaintiffs and/or employees and other representatives of the Plaintiffs executed, or caused to be executed, certain instruments purporting to be promissory notes on behalf of *both* the Defendant and one or more of the Plaintiffs. The terms of such instruments attempting to be described in Paragraph 36 of the Complaint speak for themselves and such instruments and their enforceability are the subject of the claims and defenses in this Adversary Proceeding.

37.     With respect to the allegations contained in Paragraph 37 of the Complaint, the terms of such instruments speak for themselves.

38.     The Defendant denies any assertion of an offer and acceptance with respect to the purported and referenced loan occurred or existed in Paragraph 38 of the Complaint and affirmatively alleges and avers that at times material hereto that the Plaintiffs exercised unauthorized dominion and control over the Defendant and all of the transactions subject to this adversary proceeding. The Defendant admits that no purported instruments created and executed by the Plaintiffs on behalf of the Defendant were secured with any collateral.

39.     The Defendant is without sufficient knowledge or information upon which to base a belief as to the truth of the allegations contained in Paragraph 39 of the Complaint and upon those grounds denies the allegations.

40.     The Defendant admits that the terms of purported instruments provide for monthly payments, but denies the remaining allegations of Paragraph 40 and affirmatively asserts that the terms of such instruments speak for themselves.

41.     With respect to the allegations contained in Paragraph 41 of the Complaint, the terms of such instruments speak for themselves.

42.     The Defendant admits that the Plaintiffs extracted funds from the Defendant's bank accounts and fraudulent transferred funds from those accounts to one or more of the Plaintiffs on account amounts represented by purported promissory notes under which the Plaintiffs executed, or caused to be executed, on behalf of *both* the Defendant and one or more of the Plaintiffs.

43.     With respect to the allegations contained in Paragraph 43 of the Complaint, the Defendant admits that it ceased making any further transfers or other payment to or for the benefit of the Plaintiffs and affirmatively alleges and responds that such payments ceased when the

Plaintiffs were divested of control over the business and the affairs of the company and the Defendant's accounts.

44.    The Defendant denies the allegations contained in Paragraph 44 of the Complaint.

45.    The Defendant denies the allegations contained in Paragraph 45 of the Complaint.

46.    The Defendant denies the alleges in Paragraph 46 of the Complaint and avers that the Plaintiffs have not identified any such creditors, and a general allegation of "individual investors" does not satisfy the pleading requirements under applicable law and, upon information and belief, "investors" in the securities transactions to the extent identified by the Plaintiffs are not creditors.

47.    To the extent that the allegations contained in Paragraph 47 of the Complaint relate "Lighthouse" or the board of directors of one or more of the Plaintiffs may have done or to a party other than the Defendant no response is required. The Defendant nevertheless admits Paragraph 47 of the Complaint unless the facts in discovery reveal otherwise.

48.    To the extent that the allegations contained in Paragraph 48 of the Complaint relate what "Lighthouse" may have done or to a party other than the Defendant no response is required. The Defendant is without sufficient knowledge or information upon which to base a belief as to the truth of the allegations contained in such paragraph and upon those grounds denies the allegations.

49.    To the extent that the allegations contained in Paragraph 49 of the Complaint relate what "Lighthouse" may have done or to a party other than the Defendant no response is required. The Defendant is without sufficient knowledge or information upon which to base a belief as to the truth of the allegations contained in such paragraph and upon those grounds denies the allegations.

## IV.    PRIOR DEMAND FOR AMOUNTS OWED.

50.    The Defendant admits the allegations contained in Paragraph 50 of the Complaint insofar as the allegations related to the answering Defendant.

51.    The Defendant admits the allegations contained in Paragraph 51 of the Complaint in that it did not make any payment to the Plaintiffs after the Plaintiffs abandoned to project, and did not make any payment except to the extent of any unauthorized payments extracted from the answering Defendant from its bank accounts by the Plaintiffs.

52.    The Defendant denies the allegations contained in Paragraph 52 of the Complaint.

53.    The Defendant is without sufficient knowledge or information upon which to base a belief as to the truth of the allegations contained in such paragraph and upon those grounds denies the allegations. The Defendant further affirmatively states and avers that Paragraph 53 relates to a party other than the Defendant and no responsive pleading is required, nor is such a response required with respect to any reservation of rights contained in Paragraph 53 and, accordingly, such allegations are denied.

**COUNT I**
**BREACH OF CONTRACT**
**(EPIC Midwest v. Defendant)**

54.    The Defendant repeats and realleges each and every statement and allegation contained in the foregoing paragraphs of this Answer and incorporates the same as though fully set forth herein.

55.    The Defendant admits that the Plaintiffs and/or employees and other representatives of the Plaintiffs executed, or caused to be executed, one or more instruments purporting to be promissory notes on behalf of *both* the Defendant and one or more of the Plaintiffs. The terms of any such instrument attempting to be described in Paragraph 55 of the Complaint speak for

themselves and any such instruments and its enforceability are the subject of the claims and defenses in this Adversary Proceeding.

56.     With respect to the allegations contained in Paragraph 56 of the Complaint, the terms of any such instrument speaks for itself.

57.     The Defendant is without sufficient knowledge or information upon which to base a belief as to the truth of the allegations contained in Paragraph 57 of the Complaint and upon those grounds denies the allegations.

58.     With respect to the allegations contained in Paragraph 58 of the Complaint, the Defendant admits that it ceased making any further transfers or other payment to or for the benefit of the Plaintiffs and affirmatively alleges and responds that such payments ceased when the Plaintiffs were divested of control over the business and the affairs of the company and the Defendant's accounts.

59.     With respect to the allegations contained in Paragraph 59 of the Complaint, the terms of any such instrument speaks for itself and, to the extent that a response is required, the Defendant denies the allegations and affirmatively avers that any undisclosed instruments to which the Plaintiffs generated at some point in time by executing in their favor instruments and executing such instruments on behalf of *both* the Defendant and the Plaintiff, such obligations are unenforceable and subject to multiple defenses.

60.     The Defendant denies the allegations contained in Paragraph 60 of the Complaint.

## COUNT II
## BREACH OF CONTRACT
### (EOLA v. Defendant)

61.    The Defendant repeats and realleges each and every statement and allegation contained in the foregoing paragraphs of this Answer and incorporates the same as though fully set forth herein.

62.    The Defendant admits that the Plaintiffs and/or employees and other representatives of the Plaintiffs executed, or caused to be executed, one or more instruments purporting to be promissory notes on behalf of *both* the Defendant and one or more of the Plaintiffs. The terms of any such instrument attempting to be described in Paragraph 62 of the Complaint speak for themselves and any such instruments and its enforceability are the subject of the claims and defenses in this Adversary Proceeding.

63.    With respect to the allegations contained in Paragraph 63 of the Complaint, the terms of any such instrument speaks for itself.

64.    The Defendant is without sufficient knowledge or information upon which to base a belief as to the truth of the allegations contained in Paragraph 64 of the Complaint and upon those grounds denies the allegations.

65.    With respect to the allegations contained in Paragraph 65 of the Complaint, the Defendant admits that it ceased making any further transfers or other payment to or for the benefit of the Plaintiffs and affirmatively alleges and responds that such payments ceased when the Plaintiffs were divested of control over the business and the affairs of the company and the Defendant's accounts.

66.    With respect to the allegations contained in Paragraph 66 of the Complaint, the terms of any such instrument speaks for itself and, to the extent that a response is required, the

Defendant denies the allegations and affirmatively avers that any undisclosed instruments to which the Plaintiffs generated at some point in time by executing in their favor instruments and executing such instruments on behalf of *both* the Defendant and the Plaintiff, such obligations are unenforceable and subject to multiple defenses.

67    The Defendant denies the allegations contained in Paragraph 67 of the Complaint.

## COUNT III
## UNJUST ENRICHMENT
### (EPIC Midwest v. Defendant)

68.    The Defendant repeats and realleges each and every statement and allegation contained in the foregoing paragraphs of this Answer and incorporates the same as though fully set forth herein.

69.    The Defendant denies the allegations contained in Paragraph 69 of the Complaint.

70.    The Defendant denies the allegations contained in Paragraph 70 of the Complaint or is otherwise without sufficient information to admit or deny such allegations, except to the extent that the Plaintiffs and their representatives who exercised dominion and control over the Defendant and had such knowledge.

71.    The Defendant denies the allegations contained in Paragraph 71 of the Complaint.

72.    The Defendant denies the allegations contained in Paragraph 72 of the Complaint.

73.    The Defendant denies the allegations contained in Paragraph 73 of the Complaint.

## COUNT IV
## UNJUST ENRICHMENT
### (EOLA v. Defendant)

74.    The Defendant repeats and realleges each and every statement and allegation contained in the foregoing paragraphs of this Answer and incorporates the same as though fully set forth herein.

75.     The Defendant denies the allegations contained in Paragraph 75 of the Complaint.

76.     The Defendant denies the allegations contained in Paragraph 76 of the Complaint except to the extent that the Plaintiffs and their representatives and exercised dominion and control over the Defendant had such knowledge.

77.     The Defendant denies the allegations contained in Paragraph 77 of the Complaint.

78.     The Defendant denies the allegations contained in Paragraph 78 of the Complaint.

79.     The Defendant denies the allegations contained in Paragraph 79 of the Complaint.

**COUNT V**
**ACCOUNT STATED**
**(EPIC Midwest v. Defendant)**

80.     The Defendant repeats and realleges each and every statement and allegation contained in the foregoing paragraphs of this Answer and incorporates the same as though fully set forth herein.

81.     The Defendant admits the allegations contained in Paragraph 81 of the Complaint.

82.     The Defendant denies the allegations contained in Paragraph 82 of the Complaint and affirmatively alleges and avers that it has disputed and challenged the putative obligations on multiple occasions.

83.     The Defendant admits that it did not pay any amounts to the Plaintiffs from and after the date that the Plaintiffs abandoned the project.

84.     The Defendant denies the allegations contained in Paragraph 84 of the Complaint.

**COUNT VI**
**ACCOUNT STATED**
**(EOLA v. Defendant)**

85.     The Defendant repeats and realleges each and every statement and allegation contained in the foregoing paragraphs of this Answer and incorporates the same as though fully set forth herein.

86.     The Defendant admits Paragraph 86 of the Complaint.

87.     The Defendant denies the allegations contained in Paragraph 87 of the Complaint and affirmatively alleges and avers that it has disputed and challenged the putative obligations on multiple occasions.

88.     The Defendant admits that it did not pay any amounts to the Plaintiffs from and after the date that the Plaintiffs abandoned the project.

89.     The Defendant denies the allegations contained in Paragraph 89 of the Complaint.

**COUNT VII**
**PROMISSORY ESTOPPEL**
**(EPIC Midwest v. Defendant)**

90.     The Defendant repeats and realleges each and every statement and allegation contained in the foregoing paragraphs of this Answer and incorporates the same as though fully set forth herein.

91.     The Defendant admits that the Plaintiffs through an inappropriate exercise of dominion and control of the Defendant at some point executed, or caused to be executed, *both* on behalf of the Defendant and the Plaintiffs, one or more promissory notes that contemplated payment obligations but denies the remaining allegations contained in Paragraph 91 of the Complaint and the terms of such instruments speak for themselves.

92.    The Defendant denies the allegations contained in Paragraph 92 of the Complaint and, in any event, is without information sufficient to form a belief as to the Plaintiffs' knowledge and its own reliance on promises the Plaintiffs themselves allege to have been made but affirmatively avers that such reliance was not reasonable under the circumstances and in light of the express terms of the Defendants charter documents and the Plaintiffs' knowledge thereof.

93.    The Defendant denies the allegations contained in Paragraph 93 of the Complaint.

94.    The Defendant denies the allegations contained in Paragraph 94 of the Complaint.

## COUNT VIII
## PROMISSORY ESTOPPEL
### (EOLA v. Defendant)

95.    The Defendant repeats and realleges each and every statement and allegation contained in the foregoing paragraphs of this Answer and incorporates the same as though fully set forth herein.

96.    The Defendant admits that the Plaintiffs through an inappropriate exercise of dominion and control of the Defendant at some point executed, or caused to be executed, *both* on behalf of the Defendant and the Plaintiffs, one or more promissory notes that contemplated payment obligations but denies the remaining allegations contained in Paragraph 96 of the Complaint and the terms of such instruments speak for themselves.

97.    The Defendant denies the allegations contained in Paragraph 97 of the Complaint and, in any event, is without information sufficient to form a belief as to the Plaintiffs' knowledge and its own reliance on promises the Plaintiffs themselves allege to have been made but affirmatively avers that such reliance was not reasonable under the circumstances and in light of the express terms of the Defendants charter documents and the Plaintiffs' knowledge thereof.

98.    The Defendant denies the allegations contained in Paragraph 98 of the Complaint.

99.    The Defendant denies the allegations contained in Paragraph 99 of the Complaint.

## COUNT IX
## AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS/OBLIGATIONS
### 11 U.S.C. §§ 548(a)(1)(B), 550(a)
### (EPIC Midwest v. Defendant)

100.    The Defendant repeats and realleges each and every statement and allegation contained in the foregoing paragraphs of this Answer and incorporates the same as though fully set forth herein.

101.    The Defendant admits that the Plaintiffs at some point executed, *both* on behalf of the Defendants and the Plaintiffs, one or more instruments purporting to be promissory notes and further admits that the Plaintiffs did not extract a security interest in any collateral while it exercised dominion and control over the Defendant. The Defendant is without sufficient knowledge or information upon which to base a belief as to the truth of the remaining allegations contained in Paragraph 101 of the Complaint and upon those grounds denies the allegations.

102.    To the extent that the allegations contained in Paragraph 102 of the Complaint relate what "Lighthouse" may have done or to a party other than the Defendant no response is required. The Defendant is without sufficient knowledge or information upon which to base a belief as to the truth of the allegations contained in such paragraph and upon those grounds denies the allegations.

103.    The Defendant is without information sufficient to admit or deny those allegations and therefore denies the same, but also affirmatively avers and alleges that the general pleading of "investors" in the Plaintiffs' securities transactions do not constitute creditors or satisfy the specificity requirements for pleading under applicable law and rules.

104.    To the extent that the allegations contained in Paragraph 104 of the Complaint relate what "Lighthouse" may have done or to a party other than the Defendant no response is required.

17

The Defendant is without sufficient knowledge or information upon which to base a belief as to the truth of the allegations contained in such paragraph and upon those grounds denies the allegations.

105.   The Defendant denies the allegations contained in Paragraph 105 of the Complaint.

106.   The Defendant denies the allegations contained in Paragraph 106 of the Complaint.

107.   The Defendant denies the allegations contained in Paragraph 107 of the Complaint.

## COUNT X
### AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS/OBLIGATIONS
### N.D. Cent. Code §§ 13-02.1-04(1)(b), 13-.02.1-07, 13-02.1-08(2) and 11 U.S.C. §§ 544(b) and 550(a)
### (EPIC Midwest v. Defendant)

108.   The Defendant repeats and realleges each and every statement and allegation contained in the foregoing paragraphs of this Answer and incorporates the same as though fully set forth herein.

109.   The Defendant admits that the Plaintiffs at some point executed, *both* on behalf of the Defendants and the Plaintiffs, one or more instruments purporting to be promissory notes and further admits that the Plaintiffs did not extract a security interest in any collateral while it exercised dominion and control over the Defendant. The Defendant is without sufficient knowledge or information upon which to base a belief as to the truth of the remaining allegations contained in Paragraph 109 of the Complaint and upon those grounds denies the allegations.

110.   The Defendant denies the allegations contained in Paragraph 110 of the Complaint further alleges and avers that the Plaintiffs have not identified any such creditors alleged to exist in Paragraph 110 of the Complaint, and a general allegation of "individual investors" does not satisfy the pleadings requirements under applicable law and, upon information and belief, "investors" in the securities transactions to the extent identified by the Plaintiffs are not creditors.

18

111.    To the extent that the allegations contained in Paragraph 111 of the Complaint relate what "Lighthouse" may have done or to a party other than the Defendant no response is required. The Defendant is without sufficient knowledge or information upon which to base a belief as to the truth of the allegations contained in such paragraph and upon those grounds denies the allegations.

112.    The Defendant denies the allegations contained in Paragraph 112 of the Complaint.

113.    The Defendant denies the allegations contained in Paragraph 113 of the Complaint.

114.    The Defendant denies the allegations contained in Paragraph 114 of the Complaint.

### COUNT XI
### AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS/OBLIGATIONS
### N.D. Cent. Code §§ 13-02.1-05(1), 13-.02.1-07, 13-02.1-08(2) and 11 U.S.C. §§ 544(b) and 550(a)
### (EPIC Midwest v. Defendant)

115.    The Defendant repeats and realleges each and every statement and allegation contained in the foregoing paragraphs of this Answer and incorporates the same as though fully set forth herein.

116.    The Defendant admits that the Plaintiffs at some point executed, *both* on behalf of the Defendants and the Plaintiffs, one or more instruments purporting to be promissory notes and further admits that the Plaintiffs did not extract a security interest in any collateral while it exercised dominion and control over the Defendant. The Defendant is without sufficient knowledge or information upon which to base a belief as to the truth of the remaining allegations contained in Paragraph 116 of the Complaint and upon those grounds denies the allegations.

117.    The Defendant denies the allegations contained in Paragraph 117 of the Complaint further alleges and avers that the Plaintiffs have not identified any such creditors alleged to exist in Paragraph 117 of the Complaint, and a general allegation of "individual investors" does not

satisfy the pleadings requirements under applicable law and, upon information and belief, "investors" in the securities transactions to the extent identified by the Plaintiffs are not creditors.

118.    To the extent that the allegations contained in Paragraph 118 of the Complaint relate what "Lighthouse" may have done or to a party other than the Defendant no response is required. The Defendant is without sufficient knowledge or information upon which to base a belief as to the truth of the allegations contained in such paragraph and upon those grounds denies the allegations.

119.    The Defendant denies the allegations contained in Paragraph 119 of the Complaint.

120.    The Defendant denies the allegations contained in Paragraph 120 of the Complaint.

121.    The Defendant denies the allegations contained in Paragraph 121 of the Complaint.

**COUNT XII**
**AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS/OBLIGATIONS**
**11 U.S.C. §§ 548(a)(1)(B), 550(a)**
**(EOLA v. Defendant)**

122.    The Defendant repeats and realleges each and every statement and allegation contained in the foregoing paragraphs of this Answer and incorporates the same as though fully set forth herein.

123.    The Defendant admits that no collateral was given or extracted by the Plaintiffs to secure any investment or other amounts but denies the remaining allegations contained in Paragraph 123 of the Complaint.

124.    The Defendant is without sufficient knowledge or information upon which to base a belief as to the truth of the allegations contained in Paragraph 124 of the Complaint and upon those grounds denies the allegations. The Defendant further alleges and avers that the Plaintiffs have not identified any such creditors, and a general allegation of "individual investors" does not

satisfy the pleadings requirements under applicable law and, upon information and belief, "investors" in the securities transactions to the extent identified by the Plaintiffs are not creditors.

125.    The Defendant is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 125 of the Complaint and upon those grounds denies the allegations and to the extent that the allegations in this paragraph relate to a party other than the Defendant denies the same.

126.    To the extent that the allegations contained in Paragraph 104 of the Complaint relate what "Lighthouse" may have done or to a party other than the Defendant no response is required. The Defendant is without sufficient knowledge or information upon which to base a belief as to the truth of the allegations contained in such paragraph and upon those grounds denies the allegations.

127.    The Defendant denies the allegations contained in Paragraph 127 of the Complaint.

128.    The Defendant denies the allegations contained in Paragraph 128 of the Complaint.

129.    The Defendant denies the allegations contained in Paragraph 129 of the Complaint.

## COUNT XIII
## AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS/OBLIGATIONS
N.D. Cent. Code §§ 13-02.1-04(1)(b), 13-.02.1-07, 13-02.1-08(2) and 11 U.S.C. §§ 544(b) and 550(a)
(EOLA v. Defendant)

130.    The Defendant repeats and realleges each and every statement and allegation contained in the foregoing paragraphs of this Answer and incorporates the same as though fully set forth herein.

131.    The Defendant admits that no collateral was given or extracted by the Plaintiffs to secure any investment or other amounts but denies the remaining allegations contained in Paragraph 131 of the Complaint.

132.    The Defendant is without sufficient knowledge or information upon which to base a belief as to the truth of the allegations contained in Paragraph 132 of the Complaint and upon those grounds denies the allegations. The Defendant further alleges and avers that the Plaintiffs have not identified any such creditors, and a general allegation of "individual investors" does not satisfy the pleadings requirements under applicable law and, upon information and belief, "investors" in the securities transactions to the extent identified by the Plaintiffs are not creditors.

133.    To the extent that the allegations contained in Paragraph 133 of the Complaint relate what "Lighthouse" may have done or to a party other than the Defendant no response is required. The Defendant is without sufficient knowledge or information upon which to base a belief as to the truth of the allegations contained in such paragraph and upon those grounds denies the allegations.

134.    The Defendant denies the allegations contained in Paragraph 134 of the Complaint.

135.    The Defendant denies the allegations contained in Paragraph 135 of the Complaint.

136.    The Defendant denies the allegations contained in Paragraph 136 of the Complaint.

**COUNT XIV**
**AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS/OBLIGATIONS**
**N.D. Cent. Code §§ 13-02.1-05(1), 13-.02.1-07, 13-02.1-08(2) and 11 U.S.C. §§ 544(b) and 550(a)**
**(EOLA v. Defendant)**

137.    The Defendant repeats and realleges each and every statement and allegation contained in the foregoing paragraphs of this Answer and incorporates the same as though fully set forth herein.

138.    The Defendant admits that the Plaintiffs through an inappropriate exercise of dominion and control of the Defendant at some point executed, or caused to be executed, *both* on behalf of the Defendant and the Plaintiffs, one or more promissory notes and the Plaintiffs did not

extract and were not otherwise granted any collateral, but denies the remaining allegations contained in Paragraph 138 of the Complaint.

139.    The Defendant is without sufficient knowledge or information upon which to base a belief as to the truth of the allegations contained in Paragraph 139 of the Complaint and upon those grounds denies the allegations. The Defendant further alleges and avers that the Plaintiffs have not identified any such creditors, and a general allegation of "individual investors" does not satisfy the pleadings requirements under applicable law and, upon information and belief, "investors" in the securities transactions to the extent identified by the Plaintiffs are not creditors.

140.    To the extent that the allegations contained in Paragraph 140 of the Complaint relate what "Lighthouse" may have done or to a party other than the Defendant no response is required. The Defendant is without sufficient knowledge or information upon which to base a belief as to the truth of the allegations contained in such paragraph and upon those grounds denies the allegations.

141.    The Defendant denies the allegations contained in Paragraph 141 of the Complaint.

142.    The Defendant denies the allegations contained in Paragraph 142 of the Complaint.

143.    The Defendant denies the allegations contained in Paragraph 143 of the Complaint.

## PRAYER FOR RELIEF

The Defendant denies each and every allegation, matter, request and thing contained in the Prayer for Relief section of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

The Complaint, and each and every cause of action or purported cause of action contained therein, fails to state facts sufficient to constitute and state a claim against this answering Defendant upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
### (*In Pari Delicto*)

The Plaintiffs' claims are barred, in whole or in party, by the doctrine of *in pari delicto*.

### THIRD AFFIRMATIVE DEFENSE
### (Statute of Frauds)

The Plaintiffs' claims are barred, in whole or in part, by N.D. Cent. Code § 9-06-04 and other applicable Statutes of Frauds.

### FOURTH AFFIRMATIVE DEFENSE
### (Setoff and Recoupment)

The Plaintiffs' claims are barred, in whole or in part, due to the Defendant's rights of common law and statutory setoff and rights of recoupment. All damages and sustained by this answering Defendant, including amounts paid in fees to or for the benefit of the Plaintiffs and their affiliates and other damages attributable to breaches of fraudulent transfers of funds misappropriated from the Defendant's bank accounts that would otherwise be recoverable under nonbankruptcy law and their breaches of contract, breaches of fiduciary duty, conversion and other tortious misconduct are properly creditable against any and all of Plaintiffs' claims.

### FIFTH AFFIRMATIVE DEFENSE
### (Unenforceability – Ultra Vires)

The Plaintiffs' claims are barred or unenforceable, in whole or in part, due to lack of corporate authorization, violations of fiduciary duties and violations of law. The Plaintiffs and

24

their principals breached their fiduciary duties to the Defendant and its investors and, in connection therewith and without legal authority and in knowing violation of the express terms of the Defendant's organizational documents, executed instruments and contracts in violation of applicable operating agreements and without disclosure or authority. The Plaintiffs' officers, employees and representatives, prepared and executed all instruments upon which the Plaintiffs rely upon to support their claims, *both* on behalf of the answering Defendant and the Plaintiffs without authorization or disclosure. The Plaintiffs' claims based upon purported instruments and records after-the-fact "reviewed by Lighthouse" are unenforceable.

### SIXTH AFFIRMATIVE DEFENSE
### (Fraud)

The Plaintiffs' claims are barred or unenforceable, in whole or in part, due to the fraud perpetrated by the Plaintiffs and their soldiers upon the Defendant, its creditors and investors as well as other Project Companies and other innocent victims. The Plaintiffs' business model was the solicitation of investment capital from investors, lenders and others through misrepresentations and omissions of material fact as the Plaintiffs were in total control over the management and operations of the Project Companies and their bank accounts.  The Plaintiffs controlled and disbursed funds from the accounts of Project Companies and made other avoidable transfers, including payment of fees, to and for the benefit of the Plaintiffs and/or their affiliates, employees and relatives of officers and did so with an actual intent to hinder, delay and defraud the Defendant and its investors and without receiving reasonably equivalent value. The Plaintiffs' business model involved moving large sums of money from project to project, creating promissory notes and "ledger entries" to reflect purported debt obligations and issuing to affiliates of the Plaintiffs substantial equity interests in a number of Project Companies couched as "sweat equity" for no

consideration and without full disclosure. The Plaintiffs and their representatives "structured, organized, [controlled], and sponsored this business activity."

## SEVENTH AFFIRMATIVE DEFENSE
### (Breach of Fiduciary Duty)

The Plaintiffs' claims are barred, in whole or in part, due to the Plaintiffs' breaches of fiduciary duties owed to the Defendant. The Plaintiffs and their affiliates occupied positions of trust and owed fiduciary duties to the Defendant and its creditors and investors and used their positions of dominion and control over the Defendant and its accounts for self-interest.

## EIGHTH AFFIRMATIVE DEFENSE
### (Embezzlement, Larceny and Theft)

The Plaintiffs' claims are barred, in whole or in part, due to the Plaintiffs' embezzlement, larceny, theft, and other wrong-doing.

## NINTH AFFIRMATIVE DEFENSE
### (Fraudulent Transfers -Violations of Law)

The Plaintiffs' claims are barred, in whole or in part, due to damages associated with transfers that the Plaintiffs and their representatives made of cash and other assets of the Defendant through their use of the Defendant's business and accounts in contravention of applicable law, including securities laws and the fraudulent transfer statutes under North Dakota state law.

## TENTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

The claims for unjust enrichment, estoppel, and other equitable relief are barred by the doctrine of unclean hands.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Estoppel)

The Plaintiffs' claims are barred by the doctrines of estoppel.  Plaintiffs are estopped from asserting the claims herein as a result of conduct of the Plaintiffs and their affiliates.

**TWELFTH AFFIRMATIVE DEFENSE**
**(Waiver)**

The claims of the Plaintiffs have been waived as a result of the acts and the conduct of the Plaintiffs.

**THIRTEENTH AFFIRMATIVE DEFENSE**
**(Breach of Contract – Illegality and Failure to Satisfy Conditions)**

The claims of the Plaintiffs for breach of contract are barred due to illegality and as a result of the failure of the Plaintiffs to satisfy conditions precedent and conditions subsequent.

**FOURTEENTH AFFIRMATIVE DEFENSE**
**(Breach of Contract – First Material Breach)**

The Plaintiffs claims are barred, in whole or in part, due to Plaintiffs' breaches of contract, commitment of first material breach, and damages attributable to Plaintiffs' misconduct and breaches of fiduciary duty and contract.

**FIFTEENTH AFFIRMATIVE DEFENSE**
**(Failure of Consideration)**

The Plaintiffs claims are barred, in whole or in part, due to a failure of consideration. Amounts alleged by the Plaintiffs to have been advanced, under instruments purportedly couched as promissory notes or mere bookkeeping entries were used by the Plaintiffs to funnel funds to or for the benefit of insiders, affiliates of the Plaintiffs and other parties to pay fees and other amounts not authorized by appropriate corporate action.

**SIXTEENTH AFFIRMATIVE DEFENSE**
**(Subordination and Recharacterization)**

The claims of the Plaintiff, to the extent enforceable in whole or in part, should be subordinated to the claims of creditors and equity holders of the Defendant as a result of the Plaintiffs' inequitable conduct and inappropriate exercise of dominion and control over the affairs of the Defendant that resulted in harm or should otherwise be recharacterized as equity. The true

27

nature of the purported financing, to the extent actually received, was equity capital and the law should appropriately recognize it as such.

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (Assumption of Risk; Fault and Inequitable Conduct)

The Plaintiffs' own fraud, misappropriation, usurpation of corporate authority, breaches of fiduciary duty, violations of law, failure to disclose, breaches of contract, conflicts of interest, lack of authority, officiousness, unethical behavior, bad faith and willful misconduct bar any entitlement to equitable relief and are the proximate cause of any alleged losses sustained by the Plaintiff-Debtors in these bankruptcy proceedings. The Plaintiffs knowingly assumed the risk of any and all such losses and are the proximate cause of harms to the Defendant and any losses that Plaintiffs allege they sustained through the establishment and management of the fraudulent enterprise known as the "EPIC Companies".

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (Good Faith Transferee – Reasonably Equivalent Value)

The Defendant is a good faith transferee for value without the knowledge of voidability of any claimed transfer, provided fair and reasonably equivalent value in exchange for any alleged transfer or obligation.

## EIGHTEENTH AFFIRMATIVE DEFENSE
### (Mere Conduit -- Failure of Consideration – Reasonably Equivalent Value)

To the extent that discovery reveals that any funds invested by the Plaintiffs or their affiliates were subsequently funneled to other Project Companies, to other parties or to or for the benefit of the Plaintiffs' affiliates or employees and did not remain with the Defendant, the Defendant and its accounts were mere conduits and did not receive fair consideration and reasonably equivalent value in exchange and there exists a failure of consideration sufficient to support the claims, in whole or in part.

### NINETEENTH AFFIRMATIVE DEFENSE
### (11 U.S.C. § 550 and N.D. Cent. Code § 13-02.1-08)

The Plaintiff's claims are barred, in whole or in part, due to the defenses afforded by and set forth in 11 U.S.C. § 550 and N.D. Cent. Code § 13-02.1-08 et seq.

### TWENTIETH AFFIRMATIVE DEFENSE
### (Additional Defenses)

Pursuant to the Federal Rules of Civil Procedure and the Federal Rules of Bankruptcy Procedure, all possible affirmative defense may not have been alleged herein insofar as sufficient facts were not available after reasonable inquiry upon the filing of this answering Defendant's Answer, and therefore, this answering Defendant reserves the right to amend, supplement, alter, augment, or change its Answer and to rely upon and allege additional affirmative defenses at law or in equity if subsequent investigation so warrants.

### <u>COUNTERCLAIMS AND THIRD-PARTY CLAIMS</u>

The answering Defendant reserves all rights with respect to all counterclaims and claims against third parties, including the right to join such parties to the instant proceeding, that may be revealed during the course of discovery.

### <u>FINAL ORDER</u>

The answering Defendant does not consent to the adjudication of the claims asserted in this adversary proceeding or entry of a final order by the United States Bankruptcy Court or otherwise waive its rights, whether under the Constitution of the United States or otherwise, to the adjudication of the claims asserted in this matter and entry of a final order by the United States District Court.

## JURY TRIAL DEMANDED

The answering Defendant demands a trial by jury in this matter and does not consent to the

seating of such jury before the United States Bankruptcy Court.

## PRAYER FOR RELIEF

WHEREFORE, HI WEST ACRES, LLC, denies that the Plaintiffs are entitled to any of

the relief requested in the Complaint and requests judgment as follows:

1.      That the Plaintiffs take nothing by reason of the Complaint;

2.      That judgment be entered in favor of the Defendant and against the Plaintiffs

dismissing the Complaint and causes of action set forth therein with prejudice;

3.      That the Defendant be awarded its reasonable attorneys' fees and costs of suit; and

4.      For such other and further relief deemed just and proper.

DATED this 14th day of January, 2025.

Respectfully submitted,

 */s/ George H. Singer*
George H. Singer
HOLLAND & HART LLP
555 Seventeenth Street, Suite 3200
Denver, CO 80202
Telephone: (303) 290-1093
ghsinger@hollandhart.com

**ATTORNEYS FOR DEFENDANT
HI WEST ACRES, LLC**