UNITED STATES BANKRUPTCY COURT
DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| In re: | Jointly Administered |
| EPIC Companies Midwest, LLC, | Bankruptcy No. 24-30281 |
| EPIC Companies Midwest 2023, LLC, | Bankruptcy No. 24-30282 |
| EPIC Employee, LLC, | Bankruptcy No. 24-30283 |
| EOLA Capital, LLC, and | Bankruptcy No. 24-30284 |
| EC West Fargo, LLC, | Bankruptcy No. 24-30285 |
| Debtors. | Chapter 11 |

**DEBTORS' APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF FREMSTAD LAW AS SPECIAL LITIGATION COUNSEL FOR THE DEBTORS**

The above-captioned debtors-in-possession (the "Debtors") file this application (the "Application") for the entry of an order (the "Order"), substantially in the form attached as **Exhibit A**, authorizing the Debtors to retain Fremstad Law ("Fremstad") as special litigation counsel to the Debtors. In support of this Application, the Debtors submit the affidavit of Joel M. Fremstad ("Fremstad Affidavit"), which is attached as **Exhibit B**. In further support of this Application, the Debtors respectfully state as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334, and Rule 2005 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding. The petition in this case was filed on July 8, 2024 (the "Filing Date"). The case is now pending in this Court.

1

## BACKGROUND

3. On the Filing Date, the Debtors commenced voluntary cases under chapter 11 of the Bankruptcy Code. The Debtors are authorized to continue to operate their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4. On July 31, 2024, the Honorable Shon Hastings, United States Bankruptcy Judge for the District of North Dakota entered an Order Approving Lighthouse Management Group ("Lighthouse") as the Debtors' Chief Restructuring Officer ("CRO").

## RELIEF REQUESTED

5. The Debtors seek an order authorizing the employment of Fremstad Law to perform legal services that will be necessary during these Chapter 11 cases as special counsel for the Debtors, as more fully described below.

## FREMSTAD'S QUALIFICATIONS

6. Fremstad is a law firm located in North Dakota and specializes in a variety of areas of law.

7. The Debtors have selected Fremstad because Fremstad's partners and associates have considerable expertise in the fields of business law and civil litigation. The Debtors believe that the attorneys of Fremstad are competent and experienced.

## SERVICES TO BE PREFORMED

8. The services rendered or to be rendered by Fremstad as special counsel include negotiating with, and potentially litigating against, the following EPIC-related projects, which borrowed funds from the Debtors:

- Sheyenne 32 North, LLC;
- Sheyenne 32 South, LLC

2

- Sheyenne 32 South Residential, LLC;

- EPIC Gateway East Real Estate Holdings, LLC;

- EPIC Gateway, LLC; and

- EPIC Gateway North Real Estate Holdings, LLC.

9. Should the Debtors require additional special counsel services from Fremstad regarding any other parties, the Debtors will file a supplemental affidavit detailing those services.

10. The Debtors require employment of special litigation counsel due to potential conflicts involving the above-listed EPIC-related projects and the Debtors' primary counsel, Fredrikson & Byron, P.A. ("Fredrikson").  It is necessary that the Debtors employ Fremstad to render the foregoing professional services because, if the Debtors are unable to retain Fremstad as its special litigation counsel, the Debtors and its creditors will be prejudiced because the Debtors will be unable to avail itself of the services of experienced and knowledgeable professionals they deem best suited to serve their needs.

11. The Debtors believe that the services provided by Fremstad will not duplicate the services that other professionals will be providing to the Debtors in these cases, but the Debtors acknowledge that some overlap may be necessary due to Fredrikson's knowledge and experience. All of the Debtors' professionals, including Fremstad and Fredrikson, will use reasonable efforts to coordinate with the Debtors and other professionals to avoid the unnecessary duplication of services.

12. Fremstad's employment is necessary and in the best interests of the Debtors and the Debtors' estates.

**PROFESSIONAL COMPENSATION**

13. As described in the Affidavit of Joel M. Fremstad, attorney fees will be charged at Fremstad's normal hourly rates.

14. The Debtors have reviewed the Fremstad Affidavit and believes that, except as disclosed in the Fremstad Affidavit, Fremstad and the attorneys employed by it do not hold or represent any interest adverse to the Debtors or the Debtors' estates with respect to the matters for which Fremstad will provide services.

15. Fremstad's current hourly rates for matters relating to these chapter 11 case are as follows:

- Joel Fremstad, Attorney: $400.00
- Mark Western, Attorney: $375.00
- Terri Bourcy Smith, Paralegal: $165.00

16. Subject to the Court's approval, Fremstad will charge for its legal services on an hourly basis in accordance with its ordinary and customary hourly rates for services of this type and nature, and for this type of matter, in effect on the date such services are rendered, and for its actual, reasonable and necessary out-of-pocket disbursements incurred in connection therewith, as set forth more fully in Fremstad Affidavit.

17. Pursuant to Bankruptcy Rule 2016(b), Fremstad has neither shared nor agreed to share (a) any compensation it has received or may receive with another party or person, other than with the principal and regular employees of Fremstad; or (b) any compensation another person or party has received or may receive. As of the Filing Date, the Debtors did not owe Fremstad for any amounts for legal services rendered before the Filing Date.

**FREMSTAD'S DISINTERESTEDNESS**

18. The Debtors have reviewed the Fremstad Affidavit and believe the attorneys selected do not represent any other entity in connection with this case, do not hold or represent any interest adverse to the estate, and are disinterested under section 327 of the Bankruptcy Code. In the event the United States Trustee, the Court, or other party asserts or is concerned that Fremstad is not disinterested, the Debtors requests that a hearing be scheduled.

19. Fremstad will review its files periodically during the pendency of these Chapter 11 cases to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new or relevant facts or relationships are discovered or arise, Fremstad will use reasonable efforts to identify such further developments and will promptly file a supplemental declaration, as required by Fed. R. Bankr. P. 2014(a).

**SUPPORTING AUTHORITY**

20. The Debtors seek retention of Fremstad as counsel pursuant to sections 327(a) and 328(a) of the Bankruptcy Code. Section 327(a) provides that a debtor, subject to Court approval:

> may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do no hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor] in carrying out the [debtor]'s duties under this title.

11 U.S.C. § 327(a).

21. Section 328(a) provides that a debtor, subject to Court approval, "may employ. . . a professional person . . . on any reasonable terms and conditions of employment . . ." 11 U.S.C. § 328(a). Bankruptcy Rule 2014(a) requires that an application for retention include:

> specific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm]'s connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee.

5

Fed. R. Bankr. P. 2014(a).

22. Pursuant to section 327(e) of the Bankruptcy Code, Debtors in possession is authorized to employ, for a specified special purpose other than to represent the debtors in possession in conducting the case, an attorney that has represented the Debtors prior to filing the case. 11 U.S.C. § 327(e). Sections 101(14) and 327(e) of the Bankruptcy Code are modified by section 1107(b) of the Bankruptcy Code to provide that "a person is not disqualified for such person's employment by or representation of the Debtors before the commencement of the case." 11 U.S.C. § 1107(b). An attorney employed for a special purpose need not be "disinterested"; rather, the attorney must not hold or represent any interest adverse to the estate with respect to the matter for which it will provide services.

23. The Debtors grants any waivers described in the Fremstad Affidavit.

24. Pursuant to section 328(a) of the Bankruptcy Code, the Debtors is authorized to employ professional persons "on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis . . ." 11 U.S.C. § 328(a).

25. In accordance with Bankruptcy Rule 2014(a), this Application and the Fremstad Affidavit set forth: (i) the facts establishing the necessity for Fremstad's employment; (ii) the reasons for the Debtors' selection of Fremstad as its special counsel; (iii) the professional services to be provided; (iv) the arrangements with respect to compensation and why such compensation is reasonable; and (v) to the best of the Debtors' knowledge, the nature and extent of Fremstad's relationship with certain parties in interest in these matters.

26. In the event the United States Trustee, the Court, or other party objects to the employment of Fremstad, the Debtors requests that a hearing be scheduled.

27. No previous application has been made for employment of special counsel.

## **CONCLUSION**

WHEREFORE, the Debtors request entry of an order approving the employment of Fremstad as the Debtors' special counsel, and approving the terms and conditions contained in the Engagement Letter.

Dated: January 21, 2025

_____
Patrick Finn
Partner, Lighthouse Management Group, Inc.
Chief Restructuring Officer of the Debtors

# Exhibit A



February 3, 2025

EPIC Companies Midwest, LLC, EPIC Companies Midwest 2023, LLC
EPIC Employee, LLC, EOLA Capital, LLC, and EC West Fargo, LLC
c/o Lighthouse Management Group
Attn: Patrick Finn
900 Long Lake Rd Ste 180
New Brighton, MN 55112
pfinn@lighthousemanagement.com

RE:    EPIC Companies Midwest, LLC    Bankruptcy No. 24-30281
        EPIC Companies Midwest 2023, LLC    Bankruptcy No. 24-30282
        EPIC Employee, LLC    Bankruptcy No. 24-30283
        EOLA Capital, LLC, and    Bankruptcy No. 24-30284
        EC West Fargo, LLC    Bankruptcy No. 24-30285
        (Collectively, "EPIC jointly administered bankruptcy debtors")

Dear Mr. Finn:

Thank you for asking Fremstad Law to represent and advise the EPIC jointly administered bankruptcy debtors with legal issues relating to the EPIC Bankruptcy proceedings described above. Because clear and timely communication is important for serving clients well, we want to begin by stating mutual understandings about services, charges, and any potential conflicts of interest that may arise given the nature of the proposed representation.

<u>Services</u>. We will provide legal services to jointly to commencing and representing the EPIC jointly administered bankruptcy debtors in adversary proceedings that relate to recouping certain funds into the Bankruptcy Estate.

<u>Fees. Disbursements and Billing</u>. You will be billed on an hourly basis for our services. Joel Fremstad's initial hourly rate for this matter is $400 per hour. Mark Western's hourly rate for this matter is $375. Paralegal Terri Bourcy Smith's hourly rate for this matter is $165. Other attorneys in my office may work on this matter and we will bill them at their regular rates. We reserve the right to adjust these rates, but generally will do so only at the beginning of a calendar year. Our fees may also be affected by factors such as the amount involved in the representation, unusual time constraints, use of prior work product, and overall value of the services.

Disbursements for certain items, such as filing fees and travel expenses are advanced by us, then billed to clients. We sometimes ask providers, such as court reporters, expert witnesses, and private investigators to submit certain substantial charges directly to clients. We generally do not bill our clients for incidentals such as long distance, fax charges, or copies. In the event that unusually large incidental charges are required, we

Page 2

reserve the right to charge a reasonable fee for such services and if appropriate may send out items for copying to a copying center, which fees will be billed to you.

We will submit monthly statements, describing services performed, and stating fees and other charges that will be presented to the Bankruptcy Court for its review and approval.

<u>Retainer</u>. No retainer at this time.

<u>Completing Our Services</u>. We intend and expect to complete our services to your satisfaction. However, we will withdraw from representation upon client request. We may also withdraw in the manner and for the reasons provided by judicial and professional rules, such as if our fees are not paid timely. At the conclusion of representation, a client may have on request a copy of any client files or papers to which the client is entitled, for which we may charge a reasonable fee for the cost of copying all documents and the cost of gathering and/or producing electronic documents.

<u>File Retention and Destruction.</u> Our policy is to deliver to clients during or promptly following the completion of your matter all original documents and materials the client has provided to us, and all materials prepared as a part of the representation that are necessary for the client to have. We may charge a reasonable cost for photocopying file documents. Extra copies of documents or other duplicative materials are likely to be discarded when the file is closed. The Firm generally retains files in which a judgment is obtained for ten years but does not provide additional notice of its destruction.

Please sign the enclosed copy of this letter and return a copy of the same to me. Please keep the original for your file. Acceptance of our legal services entails acceptance of the terms of this letter.

We greatly appreciate the opportunity to be of service. If there are any questions about our services, please call me.

Regards,

FREMSTAD LAW FIRM                                          FREMSTAD LAW FIRM

Joel M. Fremstad                                                   Mark Western
*joel@fremstadlaw.com*                                      *mark@fremstadlaw.com*

2

Page 3

## ACKNOWLEDGEMENT

By signing below, we acknowledge that we have read the foregoing and consent to the representation by the firm in connection with the above captioned matter.

Dated: _____

Dated: _____

# Exhibit B

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NORTH DAKOTA

| In re: | Jointly Administered |
|---|---|
| EPIC Companies Midwest, LLC, | Bankruptcy No. 24-30281 |
| EPIC Companies Midwest 2023, LLC, | Bankruptcy No. 24-30282 |
| EPIC Employee, LLC, | Bankruptcy No. 24-30283 |
| EOLA Capital, LLC, and | Bankruptcy No. 24-30284 |
| EC West Fargo, LLC, | Bankruptcy No. 24-30285 |
| Debtors. | Chapter 11 |

**AFFIDAVIT OF JOEL M. FREMSTAD IN SUPPORT OF THE DEBTORS' APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF FREMSTAD LAW AS SPECIAL COUNSEL FOR THE DEBTORS**

STATE OF NORTH DAKOTA    )
                                              )
COUNTY OF CASS                 )

I, Joel M. Fremstad, being duly sworn, state the following under penalty of perjury:

1. I am a partner at Fremstad Law ("Fremstad"), duly admitted to practice in the State of North Dakota. I am an active member of the federal bar of the United States District Court for the District of North Dakota.

2. No member of Fremstad has ever been an officer or director of the above-captioned Debtors (the "Debtors"), and no member of Fremstad is an insider of the Debtor.

3. I submit this Affidavit in support of the Debtors' Application for Entry for an Order Authorizing the Retention and Employment of Fremstad Law as special litigation counsel. Except as otherwise note, I have personal knowledge of the matters set forth herein.

4. Fremstad completed a conflict check with the list of the Debtors, its members, and all of its creditors furnished by the Debtors as of January 28, 2025. Fremstad represented or currently represents the following entities who may be creditors of the Debtors.

- Scott Hoban

5. Each of these entities waived any potential conflict in Fremstad's representation of the Debtors in this case regarding the specific matters for which Fremstad would represent the Debtors. In the event a dispute arises with the Debtors involving one of these clients, Fremstad will not represent either party.

6. None of the above relationships constitute actual conflicts but may be "connections" within the meaning of Fed. R. Bankr. P. 2014 or are potential conflicts and are therefore disclosed. The Debtors have been advised of the potential conflicts noted above and waived any such conflicts.

7. Fremstad is aware that the Debtors have other regular vendors that may or may not have small claims for which they have not billed the Debtors and, therefore, do not show up on the list of current creditors. Fremstad will promptly supplement this Affidavit in the future when, and if, other creditors become known.

8. There may be other persons within the scope of Bankruptcy Rule 2014 that, unknown to me, Fremstad has represented in particular matters in the past. We agree not to represent such persons who are creditors or other parties in interest in this case while representing the Debtors, without further disclosure, and we agree to disclose any connections within the meaning of Rule 2014 that we may discover subsequent to the execution of this Affidavit.

2

9. Except as the Court may determine from the circumstances disclosed above, Fremstad does not hold or represent any interest adverse to the estate, and Fremstad is a "disinterested person," within the meaning of 11 U.S.C. § 327(a).

10. Fremstad agrees to act in the capacity of special counsel to the Debtors in these chapter 11 proceedings, with compensation for such services as described in the engagement letter.

11. The source of all payments to Fremstad will be from earnings or other current income of the Debtors after approval by the Court.

12. Fremstad has not shared or agreed to share with any other person, other than with members of the firm, any compensation paid or to be paid.

13. Fremstad is aware of the conflict and disgorgement rules regarding representation of debtors in chapter 11 cases and has the financial ability to return fees if the Court so orders at any point in the case.

14. Pursuant to 28 U.S.C. § 1746, I declare under penalty that the foregoing is true and correct to the best of my knowledge and belief.

Dated: February 3, 2025.

       /s/ Joel M. Fremstad
Joel M. Fremstad (ND ID # 05541)
FREMSTAD LAW FIRM
P.O. Box 3143
Fargo, North Dakota 58108-3143
Phone: (701) 478-7620
joel@fremstadlaw.com
SPECIAL COUNSEL FOR DEBTORS

85080644.1

3

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NORTH DAKOTA**

| | |
|---|---|
| In re: | **Jointly Administered** |
| EPIC Companies Midwest, LLC, | Bankruptcy No. 24-30281 |
| EPIC Companies Midwest 2023, LLC, | Bankruptcy No. 24-30282 |
| EPIC Employee, LLC, | Bankruptcy No. 24-30283 |
| EOLA Capital, LLC, and | Bankruptcy No. 24-30284 |
| EC West Fargo, LLC, | Bankruptcy No. 24-30285 |
| Debtors. | Chapter 11 |

**NOTICE OF APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF FREMSTAD LAW AS SPECIAL LITIGATION COUNSEL FOR THE DEBTORS**

NOTICE IS HEREBY GIVEN that the above referenced Debtors have filed an Application to Employ Fremstad Law ("Fremstad") as special litigation counsel. A copy of this application is attached and served upon you.

NOTICE IS FURTHER GIVEN that written objections to said application, if any shall be filed with the Clerk of the US Bankruptcy Court, Quentin N. Burdick Courthouse, 655 1st Avenue North, Suite 202, Fargo, North Dakota 58102-4932 within 14 days from the date of the mailing of this notice. Any objections not filed and served may be deemed waived.

| | |
|---|---|
| Dated: February 3, 2025 | /e/ *Steven R. Kinsella* |

Michael S. Raum (#05676)
**FREDRIKSON & BYRON, P.A.**
51 Broadway, Suite 400
Fargo, ND 58102-4991
701.237.8200
mraum@fredlaw.com

Steven R. Kinsella (#09514)
Katherine A. Nixon (*pro hac vice* MN #0402772)
**FREDRIKSON & BYRON, P.A.**
60 South 6th Street, Suite 1500
Minneapolis, MN 55402-4400
612.492.7000
skinsella@fredlaw.com
knixon@fredlaw.com

**ATTORNEYS FOR DEBTORS**

2