## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| In re: | **Jointly Administered** |
| EPIC Companies Midwest, LLC, | Bankruptcy No. 24-30281 |
| EPIC Companies Midwest 2023, LLC, | Bankruptcy No. 24-30282 |
| EPIC Employee, LLC, | Bankruptcy No. 24-30283 |
| EOLA Capital, LLC, and | Bankruptcy No. 24-30284 |
| EC West Fargo, LLC, | Bankruptcy No. 24-30285 |
| Debtors. | Chapter 11 |
| | |
| EOLA Capital, LLC, | |
| Plaintiff, | |
| v. | Adversary No. _____ |
| The Tracks – Maverick, LLC, | |
| Defendant. | |

## COMPLAINT

Plaintiff, EOLA Capital, LLC (the "Plaintiff"), for its Complaint against Defendant, The Tracks – Maverick, LLC (the "Defendant"), states and alleges as follows:

### PARTIES

1. Plaintiff is a limited liability company organized and existing under the laws of the State of North Dakota and was formed on or around February 8, 2022. Its principal place of business was located at 400 10th Street SE, Minot, North Dakota, 58701.[1]

---

[1] As of October 10, 2024, the Plaintiff's principal addresses changed to 900 Long Lake Road, Suite 180, c/o Lighthouse Management Group, Inc., New Brighton, Minnesota 55112-6455.

2. The Defendant is a limited liability company organized and existing under the laws of the State of North Dakota and was formed on or around November 10, 2021. Its principal place of business is located at 2330 37th Avenue SW, Minot, North Dakota, 58701.

3. The Defendant owes funds to the Plaintiff pursuant to certain loan transactions.

## JURISDICTION AND VENUE

4. The Plaintiff filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") on July 8, 2024 (the "Petition Date"). The bankruptcy case is currently pending before this Court.

5. This Court has jurisdiction over this adversary proceeding under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b).

6. Venue is proper under 28 U.S.C. §§ 1408 and 1409.

7. The Plaintiff consents to the entry of final orders and judgment by this Court pursuant to Fed. R. Bankr. P. 7008.

8. This Complaint is filed under Fed. R. Bankr. P. 7001.

## FACTUAL BACKGROUND

**I. PLAINTIFF'S GENERAL STRUCTURE AND PURPOSE.**

9. The Plaintiff is part of a series of affiliated companies known collectively as "EPIC Companies."

10. EPIC Companies generally consist of the Plaintiff, certain real estate holding entities, including the Defendant, certain service-providing companies (i.e., property management and construction), and other companies involved in hospitality, restaurant, entertainment, and similar industries. All of them are affiliated with certain individuals who structured, organized, and sponsored this business activity, including Todd Berning.

11. The Plaintiff was formed for the alleged purpose of providing funds to various real estate development projects throughout the State of North Dakota, each of which was developed and managed by subsidiaries of EPIC Companies (the "Project Companies").

12. On information and belief, each of the Project Companies is a "single purpose entity," meaning that each holds one real estate development project.

13. Based on records reviewed to date, each of the Project Companies appears to have a different ownership group.

14. Many of the Project Companies have borrowed money from banks for the construction of the real estate projects at issue, and those banks generally have senior secured positions on the real estate owned by each of the Project Companies.

15. The Plaintiff typically provided funds in the form of "subordinated debt" to each of the Project Companies (the "Sub Debt"). The Sub Debt would be junior to any bank debt but superior to the equity holders in each of the Project Companies.

16. With funds received by the Plaintiff from certain individual investors, the Plaintiff made loans to the Project Companies.

17. Most loans by the Plaintiff to the Project Companies are documented by promissory notes but, on information and belief, some may be reflected solely in accounting records.

18. The majority of the Sub Debt required the Project Companies to make monthly installment payments to the Plaintiff and a final balloon payment on the applicable maturity date.

19. On information and belief, the Defendant is one of the Project Companies. It has an interest in a real estate development project located at 2330 37th Avenue SW, Minot, North Dakota, 58701.

3

**II. TRANSFERS TO THE DEFENDANT FROM THE PLAINTIFF.**

20. Between February 15, 2022 and September 15, 2022, the Plaintiff and the Defendant entered into various promissory notes with the following balances as of February 28, 2025:

| Date | Maturity Date | Original Principal | Principal Paid | Interest Paid | Interest Past Due | Late Fees | Total Amount Due |
|---|---|---|---|---|---|---|---|
| 2/15/22 | 2/1/25 | $1,250,000 | $1,150,000 | $117,619.32 | $6,374.97 | $4,255 | $110,629.97 |
| 4/1/22 | 4/1/25 | $200,000 | $0.00 | $36,833.42 | $12,750.03 | $8,510 | $221,260.03 |
| 6/1/22 | 6/1/25 | $350,000 | $0.00 | $59,500.08 | $22,312.53 | $14,892.50 | $387,205.03 |
| 7/15/22 | 7/1/25 | $65,000 | $0.00 | $10,589.66 | $4,143.78 | $2,765.75 | $71,909.53 |
| 9/1/22 | 9/1/25 | $291,000 | $0.00 | $43,286.25 | $18,551.25 | $12,382.05 | $321,933.30 |
| 9/15/22 | 10/1/25 | $704,000 | $0.00 | $99,733.40 | $44,880.03 | $29,955.20 | $778,835.23 |
| | | | | | | | **$1,891,773.09** |

(the "Notes").

21. Interest accrues on the Notes at a rate of 8.5% and the standard late fee is $0.04 per $1.00. The Notes mature between February 1, 2025 and October 1, 2025, as shown above.

22. Pursuant to the Notes, the Plaintiff offered to loan a total of $2,860,000 to the Defendant under certain terms and conditions and the Defendant accepted the respective offers. The Notes are unsecured.

23. Between February 23, 2022 and September 20, 2022, and pursuant to the Notes, the Plaintiff transferred a total of $2,860,000 to the Defendant (the "Transfers"):

| Date | Amount |
|---|---|
| 2/23/22 | $1,250,000 |
| 4/12/22 | $200,000 |
| 6/15/22 | $350,000 |
| 7/21/22 | $65,000 |
| 9/13/22 | $291,000 |
| 9/20/22 | $704,000 |
| | **$2,860,000** |

24. Under the terms of the Notes, the Defendant was required to make monthly payments to the Plaintiff in the form of interest.

4

25. The failure to make payments to the Plaintiff as and when such payments were due constitutes a default under the terms of the Notes.

26. Between February 28, 2022 and May 31, 2024, the Defendant paid the Plaintiff $1,150,000 in principal and $367,562.13 in interest, for a total of $1,517,562.13.

27. After May 31, 2024, the Defendant ceased making payments to the Plaintiff and defaulted under the Notes.

28. Therefore, all amounts owed to the Plaintiff by the Defendant became immediately due and payable.[2]

29. As of February 28, 2025, the Defendant owes the Plaintiff a total of at least $1,891,773.09, which consists of $1,710,000 of principal, $109,012.59 of interest, and $72,760.50 of late fees, with interest and fees continuing to accrue.

30. Before, during, and after the period of February 15, 2022 to September 20, 2022, the Plaintiff had creditors, including various individual investors.

31. On June 11, 2024, the Plaintiff's board of directors appointed Lighthouse Management Group, Inc. ("Lighthouse") as its Chief Restructuring Officer.

32. Lighthouse has reviewed the Plaintiff's general ledger, bank statements, and financial reports from January 2019 through June 2024. These financial records indicate that between February 15, 2022 and September 20, 2022, and at all relevant times between entry into the Notes with the Defendant and the Transfers to the Defendant, the Plaintiff was engaged or was about to engage in a business or a transaction for which the remaining assets of the Plaintiff were unreasonably small in relation to the business or transaction or the Plaintiff intended to incur, or

---

[2] In addition to any defaults, the February 15, 2022 note matured on February 1, 2025.

5

believed or reasonably should have believed that it would incur, debts beyond its ability to pay as the debts became due.

33. Based on the financial records identified above and reviewed by Lighthouse, between February 15, 2022 and September 20, 2022, and at all relevant times between entry into the Notes with the Defendant and the Transfers to the Defendant, the Plaintiff was insolvent or became insolvent thereafter.

### III. PRIOR DEMAND FOR AMOUNTS OWED.

34. On August 1, 2024, the Plaintiff caused a demand letter to be sent on its behalf to the Defendant demanding the amounts owed to the Plaintiff under the Notes.

35. As of the date of this Complaint, the Defendant has failed to pay the Plaintiff.

36. The Plaintiff continues to be harmed by the Defendant's failure to pay the outstanding amounts owed by the Defendant to the Plaintiff.

37. The Plaintiff is still in the process of tracing all of its transfers to the various Project Companies. To the extent the Defendant further transferred funds to other Project Companies, the Plaintiff expressly reserves the right to pursue additional claims against the Defendant and any subsequent transferees, including, but not limited to, claims under Chapter 5 of the Bankruptcy Code.

### COUNT I
### BREACH OF CONTRACT
### (EOLA v. Defendant)

38. The Plaintiff restates and realleges the foregoing paragraphs of this Complaint as if set forth fully herein.

39. Between February 15, 2022 and September 15, 2022, the Plaintiff and the Defendant entered into the Notes.

6

40. Under the terms of the Notes, the Plaintiff agreed to provide the Defendant a total of $2,860,000; in exchange, the Defendant agreed to make regular monthly payments to the Plaintiff.

41. Between February 23, 2022 and September 20, 2022, and pursuant to the Notes, the Plaintiff transferred a total of $2,860,000 to the Defendant

42. On or around May 31, 2024, the Defendant ceased making payments to the Plaintiff as required by the Notes.

43. The Defendant's failure to make the required payments to the Plaintiff constitutes a breach of the Notes.

44. Due to the Defendant's breach of the Notes, the Plaintiff has been damaged in the amount of at least $1,891,773.09, plus interest and other fees and costs allowed by law and the Notes.

## COUNT II
## UNJUST ENRICHMENT
### (EOLA v. Defendant)

45. The Plaintiff restates and realleges the foregoing paragraphs of this Complaint as if set forth fully herein.

46. The Plaintiff conferred a benefit to the Defendant by providing $2,860,000 for use in the Defendant's real estate development project.

47. The Defendant knowingly accepted the $2,860,000 from the Plaintiff.

48. As the Defendant did not make the agreed upon payments to the Plaintiff, and eventually only paid the Plaintiff $1,150,000 in principal, the Defendant is not entitled to the benefit of the full value of the $2,860,000 from the Plaintiff.

7

49. Under the circumstances, it would be unjust and inequitable to permit the Defendant to retain the benefit from its actions.

50. The amount of benefit wrongfully retained by the Defendant is in the amount of at least $1,710,000, plus interest and other fees and costs allowed by law.

## COUNT III
## ACCOUNT STATED
## (EOLA v. Defendant)

51. The Plaintiff restates and realleges the foregoing paragraphs of this Complaint as if set forth fully herein.

52. The Plaintiff demanded payment of the Defendant's account with the Plaintiff.

53. The Defendant did not substantively respond to the demand letter or dispute any amounts.

54. The Defendant did not pay the amounts due and owing to the Plaintiff.

55. As a result, the Plaintiff has been damaged in the amount of at least $1,891,773.09, plus interest and other fees and costs allowed by law.

## COUNT IV
## PROMISSORY ESTOPPEL
## (EOLA v. Defendant)

56. The Plaintiff restates and realleges the foregoing paragraphs of this Complaint as if set forth fully herein.

57. The Defendant promised it would make regular monthly payments to the Plaintiff.

58. In reasonable reliance on those promises, the Plaintiff loaned a total of $2,860,000 to the Defendant.

59. The Plaintiff was harmed by its reasonable reliance on the Defendant's promises, as the Plaintiff loaned $2,860,000 to the Defendant and was not fully repaid.

8

60. As a result, the Plaintiff has been damaged in the amount of at least $1,891,773.09, plus interest and other fees and costs allowed by law.

## COUNT V
## AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS/OBLIGATIONS
N.D. Cent. Code §§ 13-02.1-04(1)(b), 13-.02.1-07, 13-02.1-08(2) and 11 U.S.C. §§ 544(b) and 550(a)
(EOLA v. Defendant)

61. The Plaintiff restates and realleges the foregoing paragraphs of this Complaint as if set forth fully herein.

62. The Plaintiff entered into the Notes with the Defendant and made the Transfers to the Defendant and received less than reasonably equivalent value in exchange. The Defendant did not provide the Plaintiff with a security interest in any collateral and eventually only paid $1,517,562.13 to the Plaintiff despite receiving $2,860,000 from the Plaintiff.

63. Before, during, and after the period of February 15, 2022 to September 20, 2022, the Plaintiff had creditors, including various individual investors.

64. Lighthouse has reviewed the Plaintiff's general ledger, bank statements, and financial reports from January 2019 through June 2024. These financial records indicate that between February 15, 2022 and September 20, 2022, and at all relevant times between entry into the Notes with the Defendant and the Transfers to the Defendant, the Plaintiff was engaged or was about to engage in a business or a transaction for which the remaining assets of the Plaintiff were unreasonably small in relation to the business or transaction or the Plaintiff intended to incur, or believed or reasonably should have believed that it would incur, debts beyond its ability to pay as the debts became due.

65. The Defendant was the first transferee of the Notes and Transfers.

66. Based on the foregoing, the Notes and the Transfers are avoidable, and should be avoided, as fraudulent transfers or obligations pursuant to N.D. Cent. Code §§ 13-02.1-04(1)(b), 13-.02.1-07, 13-02.1-08(2) and 11 U.S.C. § 544(b).

67. Pursuant to N.D. Cent. Code §§ 13-02.1-04(1)(b), 13-.02.1-07, 13-02.1-08(2) and 11 U.S.C. §§ 544(b) and 550(a), the Plaintiff may recover such fraudulent transfers or obligations from the Defendant in an amount to be determined at trial, plus interest and other fees and costs allowed by law.

**COUNT VI**
**AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS/OBLIGATIONS**
**N.D. Cent. Code §§ 13-02.1-05(1), 13-.02.1-07, 13-02.1-08(2) and 11 U.S.C. §§ 544(b) and 550(a)**
**(EOLA v. Defendant)**

68. The Plaintiff restates and realleges the foregoing paragraphs of this Complaint as if set forth fully herein.

69. The Plaintiff entered into the Notes with the Defendant and made the Transfers to the Defendant and received less than reasonably equivalent value in exchange. The Defendant did not provide the Plaintiff with a security interest in any collateral and eventually only paid $1,517,562.13 to the Plaintiff despite receiving $2,860,000 from the Plaintiff.

70. Before and during the period of February 15, 2022 to September 20, 2022, the Plaintiff had creditors, including various individual investors.

71. Lighthouse has reviewed the Plaintiff's general ledger, bank statements, and financial reports from January 2019 through June 2024. These financial records indicate that between February 15, 2022 and September 20, 2022, and at all relevant times between entry into the Notes with the Defendant and the Transfers to the Defendant, the Plaintiff was insolvent or became insolvent thereafter.

72. The Defendant was the first transferee of the Notes and Transfers.

73. Based on the foregoing, the Notes and the Transfers are avoidable, and should be avoided, as fraudulent transfers or obligations pursuant to N.D. Cent. Code §§ 13-02.1-05(1), 13-.02.1-07, 13-02.1-08(2) and 11 U.S.C. § 544(b).

74. Pursuant to N.D. Cent. Code §§ 13-02.1-05(1), 13-.02.1-07, 13-02.1-08(2) and 11 U.S.C. §§ 544(b) and 550(a), the Plaintiff may recover such fraudulent transfers or obligations from the Defendant in an amount to be determined at trial, plus interest and other fees and costs allowed by law.

## COUNT VII
## AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS/OBLIGATIONS
## 11 U.S.C. §§ 548(a)(1)(B), 550(a)
## (EOLA v. Defendant)

75. The Plaintiff restates and realleges the foregoing paragraphs of this Complaint as if set forth fully herein.

76. The Plaintiff entered into the July 15, 2022, September 1, 2022, and September 15, 2022 notes with the Defendant (the "Later Notes") and made the July 21, 2022, September 13, 2022, and September 20, 2022 transfers (the "Later Transfers") to the Defendant and received less than reasonably equivalent value in exchange. The Defendant did not provide the Plaintiff with a security interest in any collateral and eventually only paid $153,609.31 to the Plaintiff despite receiving $1,060,000 from the Plaintiff.

77. Lighthouse has reviewed the Plaintiff's general ledger, bank statements, and financial reports from January 2019 through June 2024. These financial records indicate that between July 15, 2022 and September 20, 2022, and at all relevant times between entry into the Later Notes with the Defendant and the Later Transfers to the Defendant, the Plaintiff was engaged

11

or was about to engage in a business or a transaction for which the remaining assets of the Plaintiff were unreasonably small.

78. On information and belief, between July 15, 2022 and September 20, 2022, and at all relevant times between entry into the Later Notes with the Defendant and the Later Transfers to the Defendant, the Plaintiff intended to incur or believed it would incur debts beyond its ability to pay as the debts matured.

79. Based on the financial records identified above and reviewed by Lighthouse, between July 15, 2022 and September 20, 2022, and at all relevant times between entry into the Later Notes with the Defendant and the Later Transfers to the Defendant, the Plaintiff was insolvent or became insolvent as a result of the Later Notes and the Later Transfers.

80. The Defendant was the initial transferee of the Later Notes and the Later Transfers.

81. Based on the foregoing, the Later Notes and the Later Transfers, all of which occurred within two years before the Petition Date, are avoidable, and should be avoided, as fraudulent transfers or obligations pursuant to 11 U.S.C. § 548(a)(1)(B).

82. Pursuant to 11 U.S.C. § 550(a), the Plaintiff may recover such fraudulent transfers or obligations from the Defendant in an amount to be determined at trial, plus interest and other fees and costs allowed by law.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff respectfully requests that the Court grant the following relief:

A. Enter judgment in favor of the Plaintiff on its claims against the Defendant;

B. Award the Plaintiff its attorney's fees and costs for pursuing this action as allowed by applicable law and the above-described notes;

C. Grant such other relief that the Court deems just and equitable.

Dated:  March 4, 2025                    */e/ Steven R. Kinsella*
                                         Michael S. Raum (#05676)
                                         **FREDRIKSON & BYRON, P.A.**
                                         51 Broadway, Suite 400
                                         Fargo, ND  58102-4991
                                         701.237.8200
                                         mraum@fredlaw.com

                                         Steven R. Kinsella (#09514)
                                         Katherine A. Nixon (*pro hac vice*, MN #0402772)
                                         **FREDRIKSON & BYRON, P.A.**
                                         60 South 6th Street, Suite 1500
                                         Minneapolis, MN  55402-4400
                                         612.492.7000
                                         skinsella@fredlaw.com
                                         knixon@fredlaw.com

                                         **ATTORNEYS FOR PLAINTIFF**

13

## AFFIDAVIT

I, Patrick Finn, am a Partner of Lighthouse Management Group, Inc., the Chief Restructuring Officer for EOLA Capital, LLC, and I declare under penalty of perjury that the facts set forth in the preceding Complaint are true and correct, according to the best of my knowledge, information, and belief.

Dated: March 4, 2025

*DocuSigned by: PATRICK FINN (0939B83D88F04EF...)*

Patrick Finn
Partner, Lighthouse Management Group, Inc.
Chief Restructuring Officer for the Plaintiff