**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NORTH DAKOTA**

| | |
|---|---|
| In re: | **Jointly Administered** |
| EPIC Companies Midwest, LLC, | Bankruptcy No. 24-30281 |
| EPIC Companies Midwest 2023, LLC, | Bankruptcy No. 24-30282 |
| EPIC Employee, LLC, | Bankruptcy No. 24-30283 |
| EOLA Capital, LLC, and | Bankruptcy No. 24-30284 |
| EC West Fargo, LLC, | Bankruptcy No. 24-30285 |
| Debtors. | Chapter 11 |
| EPIC Companies Midwest 2023, LLC, and EOLA Capital, LLC, | |
| Plaintiffs, | |
| v. | Adversary No. 24-07035 |
| LTC – The Don, LLC, | |
| Defendant. | |

**DEBTORS' NOTICE OF MOTION AND MOTION TO APPROVE SETTLEMENT**

1. EPIC Companies Midwest, LLC, EPIC Companies Midwest 2023, LLC, EPIC Employee, LLC, EOLA Capital, LLC, and EC West Fargo, LLC (collectively, the "Debtors") hereby move the Court for an order pursuant to Fed. R. Bankr. P. 9019(a) approving a settlement between EPIC Companies Midwest 2023, LLC ("EPIC Midwest 2023"), EOLA Capital, LLC ("EOLA") and LTC – The Don, LLC ("The Don").

2. This Motion arises under 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 2002(a)(3) and 9019(a). This Motion is filed under Fed. R. Bankr. P. 9013, Local Rule 9013-1, and the Court's Order Establishing Settlement Procedures (ECF No. 123). Notice of this Motion is provided

pursuant to the Court's Order Limiting Notice Pursuant to Fed. R. Bankr. P. 2002(i) (ECF No. 124).

3. EPIC Midwest 2023 and The Don are parties to that certain Promissory Note dated December 1, 2023, in the principal amount of $975,000, with a maturity date of December 1, 2026, and monthly interest payments at 7.5% ("Note 1").

4. EOLA and The Don are parties to that certain Promissory Note dated April 1, 2022, in the principal amount of $500,000, with a maturity date of April 1, 2025, and monthly interest payments at 8.5% ("Note 2").

5. EOLA and The Don are also parties to that certain Promissory Note dated November 1, 2023, in the principal amount of $15,000, with a maturity date of November 1, 2026, and monthly interest payments at 8.5% ("Note 3" and, together with Note 1 and Note 2, the "Notes").

6. The Notes required The Don to make monthly payments to EPIC Midwest 2023 and EOLA in the form of interest. In May 2024, The Don ceased making its monthly payments to EPIC Midwest 2023 and EOLA, who then asserted that a default occurred under the Notes.

7. As of November 30, 2024, EPIC Midwest 2023 and EOLA assert that The Don owed a total of $1,612,923.77 under the Notes.

8. The Don disputes the validity of the Notes and alleges an inability to pay the amounts owed.

9. Because of the above-described defaults, EPIC Midwest 2023 and EOLA filed an adversary complaint against The Don on December 13, 2024 (Adversary No. 24-07035) asserting claims for: (a) breach of contract; (b) unjust enrichment; (c) promissory estoppel; and (d)

fraudulent transfer under N.D. Cent. Code § 13-02.1-04(1)(b), N.D. Cent. Code § 13-02.1-05(1), and 11 U.S.C. §§ 548 and 550.

10. The parties engaged in formal mediation on March 18, 2025 and ultimately reached a resolution.

11. To avoid the costs and uncertainties of litigation, The Don has offered to pay a total of $440,000 to EPIC Midwest 2023 and EOLA. In exchange for the $440,000 payment, all obligations of The Don under the Notes will be deemed fully satisfied and The Don will be released from liability. EPIC Midwest 2023 and EOLA have agreed to these terms pending Court approval.

12. The Debtors believe that the costs of litigation will reduce the funds available to pay the claims of the estates if the dispute is not settled and The Don has asserted an inability to pay the full amounts owed under the Notes. Based on these circumstances, the Debtors believe the settlement is in the best interest of creditors.

13. The Debtors request that the Court approve the settlement described herein pursuant to Fed. R. Bankr. P. 9019(a).

**14. Any objection to the Motion must be filed with the Clerk of the United States Bankruptcy Court, whose address is Quentin N. Burdick Courthouse, 655 First Avenue North, Suite 210, Fargo, North Dakota 58102, and served upon the attorney whose name and address is listed below, by May 29, 2025, which is twenty-one (21) days from the date of the filing of this Motion. Any objections not filed and served may deemed waived and the Court may enter an order approving this settlement without further notice or hearing.**

| | |
|---|---|
| Dated:  May 8, 2025 | */e/ Steven R. Kinsella* |
| | Michael S. Raum (#05676) |
| | **FREDRIKSON & BYRON, P.A.** |
| | 51 Broadway, Suite 400 |
| | Fargo, ND  58102-4991 |
| | 701.237.8200 |
| | mraum@fredlaw.com |
| | |
| | Steven R. Kinsella (#09514) |
| | Katherine A. Nixon (*pro hac vice* MN #0402772) |
| | **FREDRIKSON & BYRON, P.A.** |
| | 60 South 6th Street, Suite 1500 |
| | Minneapolis, MN  55402-4400 |
| | 612.492.7000 |
| | skinsella@fredlaw.com |
| | knixon@fredlaw.com |
| | |
| | **ATTORNEYS FOR DEBTORS** |

4

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NORTH DAKOTA**

| | |
|---|---|
| In re: | **Jointly Administered** |
| EPIC Companies Midwest, LLC, | Bankruptcy No. 24-30281 |
| EPIC Companies Midwest 2023, LLC, | Bankruptcy No. 24-30282 |
| EPIC Employee, LLC, | Bankruptcy No. 24-30283 |
| EOLA Capital, LLC, and | Bankruptcy No. 24-30284 |
| EC West Fargo, LLC, | Bankruptcy No. 24-30285 |
| Debtors. | Chapter 11 |
| EPIC Companies Midwest 2023, LLC, and EOLA Capital, LLC, | |
| Plaintiffs, | |
| v. | Adversary No. 24-07035 |
| LTC – The Don, LLC, | |
| Defendant. | |

**ORDER**

On May 9, 2025, Debtors EPIC Companies Midwest, LLC, EPIC Companies Midwest 2023, LLC, EPIC Employee, LLC, EOLA Capital, LLC, and EC West Fargo, LLC filed a Motion to Approve Settlement summarizing the settlement agreement between EPIC Companies Midwest 2023, LLC, EOLA Capital, LLC, and LTC – The Don, LLC. The Court received no objections.

Based on the information provided by Debtors and the documents filed in this case, the Court finds that the proposed settlement is fair and equitable, reflects a balance of the risks of litigation with potential recovery, and appears to be in the best interest of the bankruptcy estate. Therefore, **IT IS ORDERED** that the Motion to Approve Settlement [Adversary No. 24-07035,

Doc. __; Bankruptcy No. 24-30281, Doc. __] is **GRANTED**. The settlement agreement summarized in the motion is **APPROVED**.

Date: _____

William J. Fisher
United States Bankruptcy Judge

2