# United States Bankruptcy Court
# District of North Dakota

In re:

| | |
|---|---|
| EPIC Companies Midwest, LLC, | Bankruptcy No. 24-30281 |
| EPIC Companies Midwest 2023, LLC | Bankruptcy No. 24-30282 |
| EPIC Employee, LLC | Bankruptcy No. 24-30283 |
| EOLA Capital, LLC | Bankruptcy No. 24-30284 |
| EC West Fargo, LLC, | Bankruptcy No. 24-30285 |
| Debtors. | Chapter 11 |

## Elrick and Karen Poppe's Objection to the Disclosure Statement and Plan

1. Elrick Poppe and Karen Poppe, as unsecured creditors whose claims are impaired by the proposed Disclosure Statement in Support of Debtor's Chapter 11 Plan of Liquidation ("Disclosure Statement") and Debtor's Chapter 11 Plan of Liquidation ("Plan") and hereby object to both the Disclosure Statement and Debtor's Plan filed by the Debtors[1] and incorporates fully any other objections to the Disclosure Statement that have been or may be filed by any other objecting party.

2. Specifically, the Disclosure Statement and the accompanying Plan of Liquidation both contain no details of the conduct of Mr. Todd Berning, either individually or in his roles with the Debtors or their many project companies, which on information and belief included, but is not

---

[1] Debtors include EPIC Companies Midwest, LLC, EPIC Companies Midwest 2023, LLC, EPIC Employee, LLC, EOLA Capital, LLC, and EC West Fargo, LLC, under the consolidated bankruptcy case 24-30281, with our specific focus being on the debtor, EC West Fargo, LLC, whose creditors include Elrick and Karen Poppe.

1

necessarily limited to allegedly ignoring corporate formalities, signing promissory notes for entities as both the lender and borrower, exceeding his corporate authority granted by by-laws and organizational documents, removing security deposits of tenants from accounts of legitimate projects to unknown locations, securing *investors* under the guise of at the very least ostensible authority, soliciting loans and issuing promissory notes[2] to avoid compliance with state and federal securities laws, and otherwise engaging in the use of various entities to orchestrate a scheme of shifting money from one location to another. Despite these outrageously risky and arguably illegal actions of Todd Berning, the Debtors seek approval of a Disclosure Statement and Plan without providing any of those details to the Court.

3. Additionally, the Debtors seek approval of a Disclosure Statement and Plan containing the following language:

> "From and after the Effective Date, all entities are permanently enjoined from commencing or continuing in any manner against the Debtors, their bankruptcy estates, the Liquidating Trust, the Liquidating Trustee, the Committee, their successors and assigns, and their assets and properties, as the case may be, any suit, action, or other proceeding, on account of or respecting any claim or equity interest, demand, liability, obligation, debt, right, cause of action, interest, or remedy released or satisfied or to be released or satisfied pursuant to the Plan or Confirmation Order.
>
> Except as otherwise expressly provided for in the Plan or in obligations issued pursuant to the Plan, from and after the Effective Date, all entities shall be precluded from asserting against the Debtors, their bankruptcy estates, the Liquidating Trust, the Liquidating Trustee, the Committee, their successors and assigns, and their assets and properties, any other claims or equity interests based upon any documents, instruments, or any act or omission, transaction, or other activity of any kind or nature that occurred prior to the Effective Date, solely to the extent that: (a) such claims or equity interests have been released or satisfied pursuant to the Plan or the Confirmation Order; or (b) such claims, equity interests, actions, or assertions of liens relate to property that will be distributed pursuant to the Plan or the Confirmation Order.

---

[2] The Disclosure Statement assesses the use of the promissory notes honestly and calls them Investor Notes.

The rights afforded in the Plan and the treatment of all claims and equity interests in the Plan shall be in exchange for and in complete satisfaction of claims and equity interests against the Debtors or any of their assets or properties solely to the extent that: (a) such claims or equity interests have been released or satisfied pursuant to the Plan or Confirmation Order; or (b) such claims, equity interests, actions, or assertions of liens relate to property that will be distributed pursuant to the Plan or the Confirmation Order. On the Effective Date, all such claims against, and equity interests in, the Debtors shall be satisfied and released in full.

Except as otherwise expressly provided for in the Plan or in obligations issued pursuant to the Plan, all persons and entities are permanently enjoined, on and after the Effective Date, on account of any claim or equity interest satisfied and released pursuant to the Plan or confirmation Order from: (a) commencing or continuing in any manner any action or other proceeding of any kind against any Debtor, any of the bankruptcy estates, the Liquidating Trust, the Liquidating Trustee, the Committee, their successors and assigns, and their assets and properties; (b) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order against any Debtor, any of the bankruptcy estates, the Liquidating Trust, the Liquidating Trustee, the Committee, their successors and assigns, and their assets and properties; (c) creating, perfecting, or enforcing any encumbrance of any kind against any Debtor, any of the bankruptcy estates, the Liquidating Trust, the Liquidating Trustee, the Committee, their successors and assigns, and their assets and properties; (d) commencing or continuing in any manner any action or other proceeding of any kind in respect of any claim or equity interest or Cause of Action released or settled under the Plan."

The Disclosure Statement and Plan also seek to secure an extremely broad release of future liability for a very broad range of known and unknown actions and claims as follows:

> "**Notwithstanding anything contained in the Plan to the contrary, as of the Effective Date, for the good and valuable consideration provided by each of the Released Parties, each of the Debtors, their estates, and their current and former representatives shall be deemed to have provided a full, complete, unconditional, and irrevocable release to the Released Parties (and each such Released Party so released shall be deemed released by the Debtors, their estates, their current and former representatives, and the Committee and its members but solely in their capacity as members of the Committee and not in their individual capacities), from any and all causes of action and any other debts, obligations, rights, suits, damages, actions, remedies, and liabilities whatsoever, whether accrued or unaccrued, whether known or unknown, foreseen or unforeseen, existing before the Effective Date, as of the Effective Date, or airing thereafter, in law, at equity, whether for tort, contract, violations of statutes (including, without limitation, the federal or state**

3

**securities laws), or otherwise, based in whole or in part upon any act or omission, transaction, or other occurrence or circumstances existing or taking place prior to, or on, the Effective Date arising from or related in any way to the Debtors, including, without limitation, those that any of the Debtors would have been legally entitled to assert or that any holder of a claim or equity interest or other entity would have been legally entitled to assert for, or on behalf of, any of the Debtors or the estates, including those in any way related to the Chapter 11 Cases or the Plan; provided, however, that the foregoing release shall not prohibit the Debtors or the Liquidating Trustee from asserting any and all affirmative claims, defenses, and counterclaims in respect to any contested claim asserted by any Released Party.**

**Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval of the releases set forth in this Article 8.6 pursuant to Bankruptcy Rule 9019 and its finding that they are: (a) in exchange for good and valuable consideration, representing a good faith settlement and compromise of the claims and causes of action released by the Plan; (b) in the best interests of the Debtors and all holders of claims and equity interests; (c) fair, equitable, and reasonable; (d) approved after due notice and opportunity for hearing; and (e) a bar to the assertion of any claim or cause of action thereby released."**

The Plan also states:

"Except for: (a) purposes of evidencing a right to distributions under the Plan; (b) to the extent any agreement or other document constitutes a settlement agreement authorized and approved by the Court in the Chapter 11 Cases; or (c) as otherwise provided under this Plan, on the Effective Date, all agreements and other documents evidencing claims or rights of any holder of a claim or equity interest against any of the Debtors, including, without limitation, all indentures, notes, bonds, and share certificates evidencing such claims and equity interests and any agreements or guarantees related thereto shall be cancelled, terminated, deemed null and void, and satisfied, as against the Debtors but not as against any other person."

Finally, the Plan also states:

"As part of the appointment of the Liquidating Trustee, to the extent not already transferred on the Effective Date, the Debtors shall transfer dominion and control over all of their books and records to the Liquidating Trustee in whatever form, manner, or media the books and records existed immediately prior to the transfer thereof to the Liquidating Trustee. The Liquidating Trustee may abandon some or all of the books and records on or after 90 days after the Effective Date in its sole discretion when the Liquidating Trustee determines in its judgment that they are of inconsequential value to the Liquidating Trust. Any prior abandonment of the books and records by the Debtors prior to confirmation is hereby deemed to have been authorized. Pursuant to Section 554 of the Bankruptcy Code, this Article 5.10 shall constitute a motion and notice, so that no further notice or Bankruptcy Court

4

filings are required to effectuate the aforementioned abandonment of the books and records."

4. Elrick and Karen Poppe are impaired, unsecured creditors of EC West Fargo, LLC, which is currently engaged in adversarial proceedings within this bankruptcy involving EPIC Gateway East, LLC, nka Gateway Arches Real Estate Holdings, LLC. *See EPIC Companies Midwest 2023, LLC, EOLA Capital, LLC, and EC West Fargo, LLC v. EPIC Gateway LLC, EPIC Gateway North Real Estate Holdings, LLC, and Gateway Arches Real Estate Holdings, LLC f/k/a EPIC Gateway East Real Estate Holdings, LLC*, Adv. Case No. 25-07008.

5. The Poppes are also currently engaged in litigation with Gateway Arches Real Estate Holdings, LLC, over an unpaid promissory note solicited by Mr. Berning. *See Elrick Poppe. et al. v. Gateway Arches Real Estate Holdings, LLC, fka EPIC Gateway East, LLC,* 09-2024-CV-04112 (Cass Cty, ND 2024). The Poppes object to language that purports to release any debtor, their agents, employees, officers, directors, owners or any other individual from responsibility for fraud in the inducement or any other fraudulent activity engaged in by Mr. Berning acting as the purported agent with at the very least ostensible authority of the released party to loot the coffers of companies in which money loaned by the Poppe's was held. The Poppe's also object to any interpretation of the release language that might affect claims against Mr. Berning's liability for fraud in the inducement, other fraudulent activity and including the possibility of civil RICO claims involving their current claim in the EC West Fargo, LLC, bankruptcy, which is the subject of a filed Proof of Claim.

6. The Poppe's also object to the cancellation of their promissory note in the EC West Fargo, LLC, bankruptcy as it relates to any possible claim against Mr. Berning individually for fraud, fraud in the inducement or other claims, including, possible civil RICO claims.

5

7.      Finally, the Poppe's object to any provision in the Disclosure Statement or the Plan that permit the Liquidating Trustee to abandon records without first providing the Poppe's and their counsel the opportunity to object to such abandonment or to waive any objection. Any and all records related to EC West Fargo, LLC, and the other debtors may well figure into current project companies litigation and any possible claim against Mr. Berning himself.

8.      In summary, the Poppe's object to the portions of the present plan as stated herein and would remove said objections if the following provisions were expressly stated in the Disclosure Statement and Plan:

    a. That any release language contained in the plan does not and is not intended to release Mr. Berning, individually, from any action for personal liability for fraud, fraud in the inducement, acting without or outside his authority with any of the debtor companies, or other actions, including, but not necessarily limited to civil RICO or actions seeking to pierce the corporate veil of EC West Fargo, LLC, to recover losses in excess of the *pro rata* share of the consolidated assets in this bankruptcy that the Poppe's will receive.

    b. That actions against Mr. Berning individually, as outlined in subparagraph (a) above are not intended to be enjoined in any way by any language contained in the Disclosure Statement or plan.

    c. That the instrument, namely, the promissory note for the obligation owed by EC West Fargo, LLC, shall not be cancelled, terminated, deemed null and void, and satisfied in any way as it relates to the personal liability of Todd Berning for any of the claims, or actions referred to in subparagraph (a).

    d. That the Liquidating Trustee shall not be permitted to abandon or otherwise destroy, erase or otherwise dispose of books and records in whatever form, manner, or media the books and records existed immediately prior to the transfer thereof to the Liquidating Trustee without first providing notice to counsel for Elrick and Karen Poppe of said intentions and allowing the Poppe's 30 days to respond and either waive their interest in preservation of said books and records, or seek to preserve said books and records first through discussion with the Liquidating Trustee or their counsel, and if need be the Court.

It remains to be seen what possible claims might arise in the independent litigation with project companies currently ongoing, but the currently broad language of the releases, cancellation of instruments and preservation of records could have wide ramifications the Poppe's cannot even presently imagine.

Therefore, Elrick and Karen Poppe object to the Disclosure Statement to Accompany the Debtor's Chapter 11 Plan of Liquidation filed by the Debtors.

## CONCLUSION

For the above stated reasons and for other reasons Elrick and Karen Poppe request the Court deny the Disclosure Statement and Plan so long as it contains broad release provisions that may include and provide defenses to Todd Berning, contains a cancellation of instruments that could affect the Poppe's other ongoing litigation involving, but not necessarily limited to Gateway Arches Real Estate Holdings, LLC, and which permits the Liquidating Trustee to abandon records which may prove critical in ongoing litigation without first providing notice to the Poppe's of said documents being abandoned and permitting them to elect a preservation of those records. The Poppe's reserve the right to amend this objection.

Dated: June 5, 2025.

**D J CHAPMAN LAW, P.C.**

/s/   David J. Chapman
David J. Chapman (ND Attorney Number 05531)
3155 Bluestem Drive, PMB #388
West Fargo, ND 58078
(701) 232-5899
Mobile: (701) 799-3827
dchapman@djchapmanlaw.com
Attorney for Creditors
Elrick and Karen Poppe

7