## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| In re: | **Jointly Administered** |
| EPIC Companies Midwest, LLC, | Bankruptcy No. 24-30281 |
| EPIC Companies Midwest 2023, LLC, | Bankruptcy No. 24-30282 |
| EPIC Employee, LLC, | Bankruptcy No. 24-30283 |
| EOLA Capital, LLC, and | Bankruptcy No. 24-30284 |
| EC West Fargo, LLC, | Bankruptcy No. 24-30285 |
| Debtors. | Chapter 11 |

### DECLARATION OF STEVEN R. KINSELLA IN SUPPORT OF
### CHAPTER 11 PLAN OF LIQUIDATION

I, Steven R. Kinsella, make the following declaration in support of the Debtors' Chapter 11 Plan of Liquidation dated April 9, 2025 (the "Plan") (ECF No. 285) and the Debtors' Disclosure Statement in Support of Debtors' Chapter 11 Plan of Liquidation (ECF No. 286):

1.      I am a shareholder at Fredrikson & Byron, P.A.  I am authorized to practice before the courts of the State of North Dakota and the federal courts for the District of North Dakota, among others. Fredrikson & Byron, P.A. serves as chapter 11 counsel for the above-captioned debtors (the "Debtors").

2.      Attached hereto as **Exhibit 1** is the Liquidating Trust Agreement, which is Exhibit A to the Plan.

3.      Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated:  June 9, 2025

*/s/ Steven R. Kinsella*
Steven R. Kinsella

**EXHIBIT 1**

## LIQUIDATING TRUST AGREEMENT

This Liquidating Trust Agreement (the "Agreement") is made and entered into, as of _____, by and among EPIC Companies Midwest, LLC, EPIC Companies Midwest 2023, LLC, EPIC Employee, LLC, EOLA Capital, LLC, and EC West Fargo, LLC (collectively, the "Debtors") and Lighthouse Management Group, Inc. (the "Liquidating Trustee" and, together with the Debtors, the "Parties").

## RECITALS

WHEREAS, on July 8, 2024, the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Minnesota (the "Bankruptcy Court"), Case Nos. 24-30281, 24-30282, 24-30283, 24-30284, and 24-30285 (the "Chapter 11 Cases");

WHEREAS, on July 8, 2024, the Debtors filed the Debtors' Chapter 11 Plan of Liquidation (as amended or modified from time to time, the "Plan");

WHEREAS, by order dated _____, the Bankruptcy Court confirmed the Plan (the "Confirmation Order");

WHEREAS, under the terms of the Plan, all right, title, and interest in and to the cash and other property of the Debtors as of the effective date of the Plan (the "Effective Date") will be irrevocably transferred to and held by the liquidating trust (the "Liquidating Trust") created by this Agreement so that, among other things: (i) the Trust Assets (as defined below) can be pursued and disposed of in an orderly and expeditious manner; (ii) objections to claims against the Debtors can be pursued and disputed claims can be resolved; and (iii) distributions can be made to the beneficiaries of the Liquidating Trust in accordance with the Plan;

WHEREAS, the Liquidating Trust is established under and pursuant to the Plan and Confirmation Order, which provide for the appointment of the Liquidating Trustee to administer the Liquidating Trust for the benefit of creditors of the Debtors and to provide administrative services relating to the implementation of the Plan;

WHEREAS, the Liquidating Trustee has agreed to serve as such upon the terms of, and subject to the conditions set forth in, this Agreement;

NOW, THEREFORE, in accordance with the Plan and Confirmation Order and in consideration of the mutual covenants and agreements contained in this Agreement, the Parties agree as follows:

## DECLARATION OF TRUST

The Debtors hereby absolutely assign to the Liquidating Trust, and to its successors in trust and its successors and assigns, all right, title, and interest of the Debtors in and to the Trust Assets (as defined below);

TO HAVE AND TO HOLD unto the Liquidating Trust and its successors in trust and its successors and assigns forever;

IN TRUST NEVERTHELESS upon the terms and subject to the conditions set forth in this Agreement and for the benefit of the holders of claims that qualify as "Allowed" claims pursuant to Article 1.1(a) of the Plan, as and to the extent provided in the Plan, and for the performance of, and compliance with, the terms of this Agreement and of the Plan;

PROVIDED, HOWEVER, that upon termination of the Liquidating Trust in accordance with Article V of this Agreement, this Agreement shall cease, terminate, and be of no further force and effect; and

IT IS HEREBY FURTHER COVENANTED AND DECLARED that the Trust Assets (as defined below) are to be held and applied by the Liquidating Trustee upon the further covenants and terms and subject to the conditions set forth in this Agreement.

## I.    NAME, PURPOSE, AND TRUST ASSETS.

1.1.    <u>Name of Trust</u>.  The Liquidating Trust created by this Agreement shall be known as the "EPIC Liquidating Trust."

1.2.    <u>Transfer of Trust Assets</u>.  In accordance with the provisions of the Plan, on the Effective Date, the Debtors and their chapter 11 estates shall be deemed to transfer, assign, and convey to the beneficiaries of the Liquidating Trust any and all rights and assets of the Debtors and their chapter 11 estates, including, without limitation, (a) cash and accounts, including, without limitation, any and all moneys held in escrow or separate segregated accounts during the pendency of the Chapter 11 Cases; (b) all causes of action not expressly released or waived under the Plan or previously disposed or transferred in these Chapter 11 Cases; and (c) any and all other assets, interests, rights, claims, defenses and causes of action of the Debtors or the chapter 11 estates (collectively, the "Trust Assets"), followed by a deemed transfer by such beneficiaries to the Liquidating Trust, to be administered by the Liquidating Trustee in trust for the holders, from time to time, of Allowed claims as and to the extent provided in the Plan (such holders collectively, the "Trust Beneficiaries"), on the terms and subject to the conditions set forth in this Agreement and in the Plan.

1.3.    <u>Title to Trust Assets</u>.  All of the Debtors' rights, titles, and interests in and to the Trust Assets, including all such assets held or controlled by third parties, are automatically vested in the Liquidating Trust on the Effective Date, free and clear of all liens, claims, encumbrances, and other interests, except as specifically provided in the Plan, and such transfer is on behalf of the Trust Beneficiaries to establish the Liquidating Trust.  The Liquidating Trust or Liquidating Trustee (as applicable) shall be authorized to obtain possession or control of, liquidate, and collect all of the Trust Assets in the possession or control of third parties, pursue all of the causes of action, and pursue, assert, and exercise all rights of setoffs and recoupment and defenses of the Debtors or their chapter 11 estates to any counterclaims that may be asserted by any and all defendants as to any cause of action or any holder of a claim against any of the Debtors.  Without limiting the generality of the foregoing, and without the need for filing any motion for such relief, in connection with the Trust Assets, the Liquidating Trust or the Liquidating Trustee (as applicable) shall be

2

deemed substituted for the Debtors in all pending matters, including, but not limited to, motions, contested matters, and adversary proceedings in the Chapter 11 Cases and before the Bankruptcy Court.  On the Effective Date, the Liquidating Trust or the Liquidating Trustee (as applicable) shall stand in the shoes of the Debtors for all purposes with respect to the Trust Assets and the administration of claims.  To the extent any law or regulation prohibits the transfer of ownership of any of the Trust Assets from the Debtors to the Liquidating Trust and such law is not superseded by the Bankruptcy Code, the Liquidating Trust's interest shall be a lien upon and security interest in such Trust Assets, in trust, nevertheless, for the sole use and purposes set forth in this Agreement, and this Agreement shall be deemed a security agreement granting such interest on such Trust Assets without need to file financing statements or mortgages.

1.4.  <u>Purposes</u>.  The purposes of the Liquidating Trust are to hold and effectuate an orderly disposition of the Trust Assets and to distribute or pay over the Trust Assets or proceeds of the Trust Assets in accordance with this Agreement and the Plan, with no objective or authority to engage in any trade or business.

1.5.  <u>Acceptance by the Liquidating Trustee</u>.  The Liquidating Trustee is willing and hereby accepts the appointment to serve as Liquidating Trustee pursuant to this Agreement and the Plan and agrees to observe and perform all duties and obligations imposed upon the Liquidating Trustee by this Agreement and the Plan, including, without limitation, to accept, hold, and administer the Trust Assets and otherwise to carry out the purpose of the Liquidating Trust in accordance with the terms and subject to the conditions set forth in this Agreement.

1.6.  <u>Further Assurances</u>.  The Debtors and any successors in interest will, on request of the Liquidating Trustee, execute and deliver such further documents and perform such further acts as may be necessary or proper to transfer to the Liquidating Trustee any portion of the Trust Assets or to vest in the Trust the powers or property hereby conveyed.  The Debtors, for themselves and their predecessors and successors, disclaim any right to any reversionary interest in any of the Trust Assets, but nothing in this Agreement will limit the right and power of the Liquidating Trustee  to abandon any Trust Assets to the Debtors in the event the Liquidating Trustee determines it is in the best interests of the Liquidating Trust and its beneficiaries to do so.

1.7.  <u>Capacity of Trust</u>.  Notwithstanding any state or federal law to the contrary or anything in this Agreement, the Liquidating Trust shall itself have the capacity, in its own right and name, to act or refrain from acting, including the capacity to sue and be sued and to enter into contracts.  The Liquidating Trust may alone be the named movant, respondent, party plaintiff or defendant, or the like in all adversary proceedings, contested matters, and other state or federal proceedings brought by or against it, and may settle and compromise all such matters in its own name.

1.8.  <u>The Liquidating Trust Advisory Committee</u>.

1.8.1.  As provided in Article 5.4 of the Plan, three selected members of the Official Committee of Unsecured Creditors shall serve as the Liquidating Trust Advisory Committee. The Liquidating Trust Advisory Committee shall at all times consist of at least one member, except as otherwise provided in this Section 1.8.1.  In the event that all members of the Liquidating Trust Advisory Committee resign, the Liquidating Trustee

shall appoint a new member.  In the event no one is willing to serve on the Liquidating Trust Advisory Committee for a period of 30 consecutive days, then the Liquidating Trustee may, during such vacancy and thereafter until a minimum of one new Trust Advisory Committee member is appointed, ignore any reference to the Liquidating Trust Advisory Committee in this Agreement, the Plan, or the Confirmation Order, and all references to the Liquidating Trust Advisory Committee's rights and responsibilities in the Plan, this Agreement, and the Confirmation Order will be null and void.

1.8.2.  The Liquidating Trust Advisory Committee may, but is not required to, consult with the Liquidating Trustee from time to time on matters including, without limitation, objections to claims, the distributions, and other matters affecting the administration of the Liquidating Trust.

1.8.3.  Any member of the Liquidating Trust Advisory Committee may resign upon reasonable notice to the Liquidating Trustee and other members of the Liquidating Trust Advisory Committee.  Twenty (20) days' prior written notice shall constitute reasonable notice under this Section 1.8.3.  Any member of the Liquidating Trust Advisory Committee may be removed by the Bankruptcy Court for cause.  The Liquidating Trust Advisory Committee may authorize its own dissolution by filing with the Bankruptcy Court an appropriate notice that its responsibilities under the Plan have concluded.  Unless earlier dissolved, the Liquidating Trust Advisory Committee shall be dissolved upon a motion filed by the Liquidating Trustee in the Debtors' Chapter 11 Cases or as otherwise provided in Section V of this Agreement.

1.8.4.  Members of the Liquidating Trust Advisory Committee shall have fiduciary duties to the Trust Beneficiaries in the same manner that members of an official committee of creditors appointed pursuant to section 1102 of the Bankruptcy Code have fiduciary duties to the constituents represented by such a committee and shall be entitled to indemnification from the Trust Assets in the same manner as the Liquidating Trustee for service as members of the Liquidating Trust Advisory Committee from and after the Effective Date of the Plan under or in connection with this Agreement.  Except in the case of a violation of their fiduciary duties, gross negligence, or willful misconduct, neither the Liquidating Trust Advisory Committee nor its members shall be liable for any loss or damage by reason of any action taken or omitted by them pursuant to the discretion, powers, and authority conferred, or in good faith believed by the Liquidating  Trust Advisory Committee to be conferred, on the Liquidating Trust Advisory Committee by this Agreement or the Plan.

1.8.5.  The Liquidating Trustee shall report to the Liquidating Trust Advisory Committee periodically, including, without limitation, upon the reasonable request of the Liquidating Trust Advisory Committee, as to the status of all material litigation, and claims objections, and all other material matters affecting the Liquidating Trust.  Such periodic reports may be made via written communications (including facsimile or electronic).

1.8.6.   Subject to Section 1.8.7 below, the Liquidating Trustee shall obtain the approval of the Liquidating Trust Advisory Committee by at least a majority vote prior to taking any action regarding any of the following matters:

(a)     The commencement, prosecution, settlement, compromise, withdrawal, or other resolution of any Cause of Action by the Liquidating Trust where the amount sought to be recovered in the complaint or other document initiating such cause of action exceeds $250,000;

(b)     The sale, transfer, assignment, or other disposition of any non-cash Trust Assets having a valuation in excess of $250,000;

(c)     The abandonment of any non-cash Trust Assets having a valuation of at least $250,000;

(d)     The settlement, compromise, or other resolution of any disputed claim, wherein the allowed amount of the asserted claim exceeds $250,000;

(e)     The borrowing of any funds by the Liquidating Trust or pledge of any portion of the Trust Assets;

(f)     Any matter which could reasonably be expected to have a material adverse effect on the amount of distributions to be made by the Liquidating Trust;

(g)     The exercise of any right or action set forth in this Agreement that expressly requires approval of the Liquidating Trust Advisory Committee; and

(h)     All investments authorized to be made by the Liquidating Trustee under this Agreement.

In the event that the Liquidating Trust Advisory Committee has two (2) or fewer members at any time, then approval of the foregoing shall require unanimous approval by all Liquidating Trust Advisory Committee members.

1.8.7.   A majority of the total number of members of the Liquidating Trust Advisory Committee then in office shall constitute a quorum for the transaction of business at any meeting of the Liquidating Trust Advisory Committee. The affirmative vote of a majority of the members of the Liquidating Trust Advisory Committee present at a meeting at which a quorum is present shall be the act of the Liquidating Trust Advisory Committee, except as otherwise required by law or as provided in this Agreement. Any or all of the members of the Liquidating Trust Advisory Committee may participate in a regular or special meeting by, or conduct the meeting, with the Liquidating Trust Advisory Committee or otherwise, through the use of, telephone, video conference or similar communications by means of which all persons participating in the meeting may hear each other, in which case any required notice of such meeting may generally describe the arrangements (rather than or in addition to the place) for the holding thereof. Any member of the Liquidating Trust Advisory Committee (and the Liquidating Trustee) participating

5

in a meeting by this means is deemed to be present in person at the meeting. The Liquidating Trust Advisory Committee may also act or vote by email communication.

1.8.8.   The Liquidating Trustee's failure to receive objections from members of the Liquidating Trust Advisory Committee within two (2) business days after written (including facsimile or electronic) notice is provided to the Liquidating Trust Advisory Committee of a proposed action shall be deemed approval of the Liquidating Trust Advisory Committee for purposes of this Section. In the event that the Liquidating Trustee and the Liquidating Trust Advisory Committee agree that urgent circumstances require a more expedited decision, such decision may be made upon less than two business days' notice, and with the mutual agreement of the Liquidating Trustee and the Liquidating Trust Advisory Committee, without notice, provided that the Liquidating Trustee and the counsel to the Liquidating Trust are in agreement on the course of action to be pursued. The Liquidating Trust Advisory Committee may agree to revise, modify, or reduce the actions identified in Section 1.8.6 of this Agreement. The Liquidating Trust Advisory Committee may also agree to delegate authority to approve such action to one or more members of the Liquidating Trust Advisory Committee.

## II.    RIGHTS, POWERS, AND DUTIES OF LIQUIDATING TRUSTEE.

2.1.   <u>General</u>. As of the Effective Date, the Liquidating Trustee shall take possession and charge of the Trust Assets and, subject to the provisions of this Agreement and in the Plan, shall have full right, power, and discretion to manage the affairs of the Liquidating Trust, subject to Section 1.8.6 above, and shall be the representative of the Debtors' chapter 11 estates pursuant to section 1123(b)(3) of the Bankruptcy Code regarding the Trust Assets. Except as otherwise provided in this Agreement and in the Plan, the Liquidating Trustee shall have the right and power to enter into any covenants or agreements binding the Liquidating Trust and in furtherance of the purpose of this Agreement and of the Plan and to execute, acknowledge, and deliver any and all instruments that are necessary or deemed by the Liquidating Trustee to be consistent with and advisable in connection with the performance of his, her, or its duties under this Agreement. On and after the Effective Date, the Liquidating Trustee, in his, her, or its reasonable discretion subject only to the provisions of Section 1.8.6 of this Agreement, and without the need for Bankruptcy Court approval except as required by the Plan or this Agreement, shall have the power and responsibility to do all acts contemplated by the Plan to be done by the Liquidating Trustee and all other acts that may be necessary or appropriate in connection with the disposition of the Trust Assets and the distribution of the proceeds thereof, as contemplated by the Plan, including:

2.1.1   To exercise all power and authority that may be, or could have been, exercised, commence all proceedings that may be, or could have been, commenced, and take all actions that may be, or could have been, taken by any partner, member, officer, director, or members of the Debtors with like effect as if authorized, exercised, and taken by unanimous action of such partners, members, officers, directors, and shareholders; including, without limitation, amendment of the articles and bylaws of the Debtors, merger of any Debtor into another Debtor, the dissolution of any Debtor, and the assertion or waiver of the Debtors' attorney/client privilege;

6

2.1.2   To open and maintain bank and other deposit accounts, escrows, and other accounts, calculate and implement distributions to holders of Allowed general unsecured claims as provided for, or contemplated by, the Plan and take other actions consistent with the Plan and the implementation of the Plan, including the establishment, re-evaluation, adjustment, and maintenance of appropriate reserves in the name of the Debtors or the Liquidating Trustee, even in the event of the dissolution of the Debtors;

2.1.3   Subject to the applicable provisions of the Plan, to collect and liquidate all assets of the Debtors' estates pursuant to the Plan and to administer the winding-up of the affairs of the Debtors;

2.1.4   To object to any claims (disputed or otherwise), and to defend, compromise, or settle any claims prior to or following objection without the necessity of approval of the Bankruptcy Court, and/or to seek Bankruptcy Court approval for any claims settlement, to the extent thought appropriate by the Liquidating Trustee or to the extent such approval is required by prior order of the Bankruptcy Court;

2.1.5   To make decisions regarding the retention or engagement of professionals, employees, and consultants by the Liquidating Trust or Liquidating Trustee as he, she, or it deems necessary and appropriate, including, without limitation, persons who have previously been approved by the Bankruptcy Court to be retained by the Debtors and the Official Committee of Unsecured Creditors, and to pay, from Trust Assets, the charges incurred by the Liquidating Trust on or after the Effective Date for services of professionals, disbursements, expenses, or related support services relating to the winding down of the Debtors and implementation and consummation of the Plan, without application to the Bankruptcy Court;

2.1.6   To cause, on behalf of the Liquidating Trust, the Debtors, and their estates, all necessary tax returns and all other appropriate or necessary documents related to municipal, State, Federal, or other tax law to be prepared or filed timely and pay taxes or other obligations incurred by the Debtors, the chapter 11 estates, and Liquidating Trust to the extent payable consistent with the Plan, the Bankruptcy Code, or order of the Bankruptcy Court;

2.1.7   To invest cash in accordance with the investment and deposit guidelines set forth in section 2.5 of this Agreement;

2.1.8   To collect any accounts receivable or other claims and assets of the Debtors or their chapter 11 estates not otherwise disposed of pursuant to the Plan including, without limitation, filing proofs of claim in other bankruptcy cases or insolvency proceedings as may be necessary;

2.1.9   To enter into any agreement or execute any document required by or consistent with the Plan and perform all of the obligations of the Debtors or the Liquidating Trustee under any such agreement or document;

2.1.10   To abandon in any commercially reasonable manner, including abandonment or donation to a charitable organization approved by the Liquidating Trust

Advisory Committee, any assets that the Liquidating Trustee concludes are of no benefit to creditors of the Debtors or too impractical to distribute;

2.1.11   To investigate (including pursuant to Fed. R. Bankr. P. 2004), prosecute, settle, or abandon any causes of action not expressly released or waived under the Plan, participate in or initiate any proceeding before the Bankruptcy Court or any other court of appropriate jurisdiction, participate as a party, or otherwise in any administrative, arbitrative, or other non-judicial proceeding, litigate or settle such causes of action on behalf of the Liquidating Trust and pursue to settlement or judgment such actions;

2.1.12   To use Trust Assets to purchase or create and carry all appropriate insurance policies, bonds, or other means of assurance and protection of the Trust Assets and pay all insurance premiums and other costs he, she, or it deems necessary or advisable to insure the acts and omissions of the Liquidating Trustee, and, if appropriate, the Liquidating Trust Advisory Committee;

2.1.13   To implement and/or enforce all provisions of the Plan;

2.1.14   To maintain appropriate books and records (including financial books and records) to govern the liquidation and distribution of the Trust Assets which may include, but is not limited to, the books and records of the Debtors transferred to the Liquidating Trust;

2.1.15   To collect and liquidate all assets of the estates pursuant to the Plan and administer the winding-up of the affairs of the Debtors including, but not limited to, closing the Chapter 11 Cases;

2.1.16   To pay fees incurred pursuant to 28 U.S.C. § 1930(a)(6) and to file with the Bankruptcy Court and serve on the U.S. Trustee quarterly post-confirmation financial reports for each of the Debtors until such time as such reports are no longer required, or the Bankruptcy Court orders otherwise, a final decree is entered closing these Chapter 11 Cases or the Chapter 11 Cases are converted or dismissed;

2.1.17   To enter any agreement or execute any document required by, or consistent with, the Plan and perform all of the Debtors' obligations under the Plan; and

2.1.18   To do all other acts or things consistent with the provisions of the Plan that the Liquidating Trustee deems reasonably necessary or desirable with respect to implementing the Plan.

Other than the obligations of the Liquidating Trustee enumerated or referred to under this Agreement or the Plan, the Liquidating Trustee shall have no duties or obligations of any kind or nature respecting the implementation and administration of the Plan or this Agreement. The Liquidating Trustee may not seek to have the Bankruptcy Court expand its role beyond that set forth in the Plan, the Confirmation Order, and this Agreement, unless it has the unanimous consent of the Liquidating Trust Advisory Committee and the expansion is necessary to satisfy a need of the Liquidation Trust.

2.2.    Transfer of Privileges.  Pursuant to the Plan, on the Effective Date, the Debtors shall be deemed to transfer to the Liquidating Trustee all of the Debtors' evidentiary privileges, including, but not limited to, the attorney/client privilege and work product privilege.  From and after such transfer, the Debtors and the chapter 11 estates shall have no further rights or obligations with respect to the privileges described above.  Privileged communications may be shared among the Liquidating Trustee, the Liquidating Trust Advisory Committee, and those attorneys, financial advisors, accountants, or professionals and employees that the Liquidating Trustee retains without compromising the privileged nature of such communications, in accordance with the "joint interest" doctrine.

2.3.    Costs.  On and after the Effective Date, the Liquidating Trustee, with the consent of the Liquidating Trust Advisory Committee, shall reserve cash reserves from the Trust Assets to be held in a Liquidating Trust wind-down fund (the "Trust Expenses Reserve").  The Trust Expenses Reserve shall be used to pay amounts due to the Liquidating Trustee pursuant to Section 2.9 of this Agreement and the fees and expenses of any counsel, accountant, consultant, or other advisor or agent retained by the Liquidating Trustee pursuant to this Agreement as well as other expenses of the liquidation of the Debtors and the administration of the Liquidating Trust and the Trust Assets.  In the event that amounts held in the Trust Expenses Reserve, together with any remaining Trust Assets, are insufficient to make payments as provided in this Section 2.3, the Liquidating Trustee shall, unless reserves sufficient for such purpose have otherwise been made available from any other sources, have no obligation to make such payments.

2.4.    Distributions.  Pursuant to the Plan, the Liquidating Trustee shall record and account for all proceeds received upon any disposition of Trust Assets (after deduction therefrom of appropriate reserves as provided in this Agreement and in the Plan) for distribution in accordance with the provisions of the Plan.

2.5.    Safekeeping and Investment of Trust Assets.  All moneys and other assets received by the Liquidating Trustee shall, until distributed or paid over as provided in this Agreement and in the Plan, be held in trust for the benefit of the Trust Beneficiaries, but need not be segregated in separate accounts from other Trust Assets, unless and to the extent required by law or the Plan.  The Liquidating Trustee shall not be under any obligation to invest the Trust Assets.  Neither the Liquidating Trust nor the Liquidating Trustee shall have any liability for interest or producing income on any moneys received by them and held for distribution or payment to the Trust Beneficiaries, except as such interest shall actually be received by the Liquidating Trust or Liquidating Trustee, which shall be distributed as provided in the Plan.  Except as otherwise provided by the Plan, the powers of the Liquidating Trustee to invest any moneys held by the Trust, other than those powers reasonably necessary to maintain the value of the assets and to further the Liquidating Trust's liquidating purpose, shall be limited to powers to invest in demand and time deposits, such as short-term certificates of deposit, in banks or other savings institutions, or other temporary liquid investments, such as treasury bills; provided, however, that the scope of permissible investments shall be limited to include only those investments that a liquidating trust, within the meaning of Treas. Reg. § 301.7701-4(d), may be permitted to hold pursuant to the Treasury Regulations, or any modification of the Internal Revenue Service ("IRS") guidelines, whether set forth in IRS rulings, IRS pronouncements, or otherwise.  For the avoidance of doubt, the provisions of section 11-2.3 of the "Estates, Power, and Trusts Law" of New York shall not apply to this Agreement.  Notwithstanding the foregoing, the Liquidating Trustee shall not be

prohibited from engaging in any trade or business on its own account, provided that such activity does not interfere or conflict with the Liquidating Trustee's administration of the Liquidating Trust.

2.6.    Limits on Retained Cash.  The Liquidating Trust may not receive or retain cash or cash equivalents in excess of an amount reasonably necessary to meet expenses, pay contingent liabilities (including disputed claims) and maintain the value of the Trust Assets.  Without limiting the foregoing, and subject to the terms of the Plan, the Liquidating Trustee shall distribute to the Trust Beneficiaries on account of their interests in the Liquidating Trust, at least annually, its net income plus net proceeds from the sale of assets, except that the Liquidating Trust may retain an amount of net proceeds or net income reasonably necessary to maintain the value of the Liquidating Trust or to meet claims and contingent liabilities, which amount shall be used to fund the Trust Expenses Reserve and any disputed claim reserve.  Notwithstanding the foregoing, the Liquidating Trust Advisory Committee, by a unanimous vote and with agreement of the Liquidating Trustee, may withhold or delay any distribution required by this Section 2.6 of the Agreement.

2.7.    Liability of Liquidating Trustee.

2.7.1    Limitation of Liability.  No recourse shall ever be had, directly or indirectly, against the Liquidating Trustee, or his, her, or its members, officers, directors, employees, professionals, representatives, agents, successors, or assigns, by legal or equitable proceedings or by virtue of any statute or otherwise, or any deed of trust, mortgage, pledge, or note, nor upon any promise, contract, instrument, undertaking, obligation, covenant, or agreement whatsoever executed by the Liquidating Trust under this Plan or by reason of the creation of any indebtedness by the Liquidating Trust or the Liquidating Trustee under this Plan.  All such liabilities under this Plan will be enforceable only against, and will be satisfied only out of, the Trust Assets, and the Liquidating Trustee shall have no personal liability to satisfy any such liability.  The Liquidating Trustee and its agents shall not be deemed to be the agent for any holder of a claim in connection with distributions made under this Plan.  The Liquidating Trust and the Liquidating Trustee and their respective officers, directors, employees, professionals, representatives, agents, successors, or assigns will not be liable for any act they may do, or omit to do, under this Agreement in good faith and in the exercise of their sound judgment; provided, however, that this section will not apply to any gross negligence or willful misconduct or in the case of an attorney professional and as required under Rule 1.8(h) of the North Dakota Rules of Professional Conduct, malpractice by the Liquidating Trust and the Liquidating Trustee or their respective officers, directors, employees, professionals, representatives, agents, successors, or assigns.  The Liquidating Trustee shall enjoy all of the rights, powers, immunities, and privileges available to a chapter 7 trustee.

2.7.2    No Liability for Acts of Predecessors.  No successor Liquidating Trustee shall be in any way responsible for the acts or omissions of any Liquidating Trustee in office prior to the date on which such successor becomes the Liquidating Trustee, unless a successor Liquidating Trustee expressly assumes such responsibility.

2.7.3   <u>No Implied Obligations</u>.  The Liquidating Trustee shall not be liable except for the performance of such duties and obligations as are specifically set forth in this Agreement, and no implied covenants or obligations shall be read into this Agreement against the Liquidating Trustee.

2.7.4   <u>Reliance by Liquidating Trustee on Documents or Advice of Counsel or Other Persons</u>.  Except as otherwise provided in this Agreement, the Liquidating Trustee may rely and shall be protected in acting upon any resolution, certificate, statement, instrument, opinion, report, notice, request, consent, order, or other paper or document believed by the Liquidating Trustee to be genuine and to have been signed or presented by the proper party or parties.  The Liquidating Trustee may, in his, her, or its sole and absolute discretion, consult with attorneys, accountants, advisors, or agents, and shall not be liable for any act taken or omitted to be taken, or suggested to be done, in accordance with advice or opinions rendered by such persons, regardless of whether such advice or opinions were in writing.  Notwithstanding such authority, the Liquidating Trustee shall be under no obligation to consult with any such attorneys, accountants, advisors, or agents, and his, her, or its determination not to do so shall not result in the imposition of liability on the Liquidating Trustee or its members unless such determination is based on willful misconduct, gross negligence, or fraud.  The Liquidating Trustee or the Liquidating Trust Advisory Committee shall have the right at any time to seek instructions from the Bankruptcy Court concerning the administration or disposition of the Trust Assets.

2.7.5   <u>Indemnification</u>.  The Liquidating Trust shall indemnify and hold harmless his, her, or its consultants, agents, attorneys, accountants, financial advisors, beneficiaries, estates, employees, officers, directors, members, principals, professionals, Liquidating Trust Advisory Committee members, and other representatives, each in their capacity as such (collectively, the "<u>Liquidating Trust Indemnified Parties</u>"), against any loss, liability, damage, judgment, fine, penalty, claim, demand, settlement, cost, or expense (including, but not limited to, the reasonable fees and expenses of their respective professionals) incurred without gross negligence, willful misconduct, or fraud, or, in the case of an attorney professional and as required under Rule 1.8(h) of the North Dakota Rules of Professional Conduct, malpractice, on the part of the Liquidating Trust Indemnified Parties (which gross negligence, willful misconduct, or fraud, if any, must be determined by final order of a court of competent jurisdiction) for any action taken, suffered, or omitted to be taken by the Liquidating Trust Indemnified Parties in connection with the acceptance, administration, exercise, or performance of their duties under the Plan or this Agreement, as applicable.  An act or omission taken with the approval of the Bankruptcy Court, and not inconsistent therewith, will conclusively be deemed not to constitute gross negligence, willful misconduct, or fraud.  In addition, the Liquidating Trust shall, to the fullest extent permitted by law, indemnify and hold harmless the Liquidating Trust Indemnified Parties from and against and with respect to any and all liabilities, losses, damages, claims, costs, and expenses, including but not limited to attorneys' fees, arising out of or due to their actions or omissions, or consequences of such actions or omissions, with respect to the Liquidating Trust or the implementation or administration of the Plan if the Liquidating Trust Indemnified Party acted in good faith and in a manner reasonably believed to be in, or not opposed to, the best interest of the Liquidating Trust.  To the extent that the

Liquidating Trust indemnifies and holds harmless the Liquidating Trust Indemnified Parties as provided above, the legal fees and related costs incurred by counsel to the Liquidating Trustee in monitoring or participating in the defense of such claims giving rise to the right of indemnification shall be paid as expenses of the Liquidating Trust. The costs and expenses incurred in enforcing the right of indemnification in this Section shall be paid by the Liquidating Trust. This provision shall survive the termination of this Agreement and the resignation, replacement, or removal of the Liquidating Trustee.

2.8.   <u>Selection of Agents</u>. The Liquidating Trustee may engage any employee of the Debtors or other persons, and also may engage or retain brokers, banks, custodians, investment, and financial advisors, attorneys (including existing counsel to the Official Committee of Unsecured Creditors or the Debtors), accountants (including existing accountants for the Liquidating Trust Advisory Committee or the Debtors), and other advisors and agents, in each case without Bankruptcy Court approval. The Liquidating Trustee may pay the salaries, fees, and expenses of such persons from amounts in the Trust Expenses Reserve, or, if such amounts are insufficient, out of the Trust Assets or proceeds of the Trust Assets. In addition, the Parties acknowledge that Trust Assets may be advanced to satisfy such salaries, fees, and expenses. The Liquidating Trustee shall not be liable for any loss to the Liquidating Trust or any person interested in the Trust Assets by reason of any mistake or default of any such person referred to in this Section 2.8 of the Agreement selected by the Liquidating Trustee in good faith and without either gross negligence or intentional malfeasance.

2.9.   <u>Liquidating Trustee's Compensation and Reimbursement</u>. As compensation for services in the administration of this Liquidating Trust, the Liquidating Trustee shall be compensated as specified on **<u>Schedule A</u>** attached to this Agreement. The Liquidating Trustee shall also be reimbursed for all documented actual, reasonable, and necessary out-of-pocket expenses incurred in the performance of its duties under this Agreement.

2.10.   <u>Tax Provisions</u>.

2.10.1 It is intended that the Liquidating Trust qualify as a grantor trust for federal income tax purposes, and that the Trust Beneficiaries are treated as grantors. As described more fully in the Plan and the Disclosure Statement, the transfer of the Trust Assets will be treated for federal income tax purposes as a transfer to the Trust Beneficiaries, followed by a deemed transfer from such Trust Beneficiaries to the Liquidating Trust, *provided, however*, that the Trust Assets will be subject to any post-Effective Date obligations incurred by the Liquidating Trust relating to the pursuit of Trust Assets. Accordingly, the Trust Beneficiaries shall be treated for United States federal income tax purposes as the grantors and owners of their respective share of the Trust Assets. The foregoing treatment shall also apply, to the extent permitted by applicable law, for state and local income tax purposes. Subject to Section 2.10.3(d) of this Agreement, all items of income, gain, loss, deduction, and credit will be included in the income of the Trust Beneficiaries as if such items had been recognized directly by the Trust Beneficiaries in the proportions in which they own beneficial interests in the Liquidating Trust.

2.10.2  The Liquidating Trustee shall comply with all tax reporting requirements and, in connection therewith, the Liquidating Trustee may require Trust Beneficiaries to provide certain tax information as a condition to receipt of distributions as provided in the Plan and its Agreement, including, without limitation, filing  returns for the Liquidating Trust  as a grantor  trust pursuant to Treasury  Regulation § 1.671-4(a)

2.10.3  <u>Reporting</u>.

(a)     Under the guidelines set forth in Revenue Procedure 94-45, 1994-2 C.B. 684, and Treasury Regulation § 1.671-4(a), the Liquidating Trustee will file returns for the Liquidating Trust as a grantor trust.

(b)     Except to the extent definitive guidance from the IRS or a court of competent jurisdiction (including the issuance of applicable Treasury Regulations or the receipt by the Liquidating Trustee of a private letter ruling if the Liquidating Trustee so requests one) indicates that such valuation is not necessary to maintain the treatment of the Liquidating Trust as a liquidating trust for purposes of the Internal Revenue Code and applicable Treasury Regulations, as soon as reasonably practicable after the Trust Assets are transferred to the Liquidating Trust, the Liquidating Trustee shall make a good faith valuation of the Trust Assets. Such valuation shall be made available from time to time to all Parties to the Liquidating Trust Agreement and to all Trust Beneficiaries, to the extent relevant to such parties for tax purposes, and shall be used consistently by such parties for all United States federal income tax purposes.

(c)     In accordance with the provisions of section 6012(b)(3) of the Internal Revenue Code of 1986, as amended, the Liquidating Trustee shall cause to be prepared, at the cost and expense of the Liquidating Trust, the income tax returns (Federal, state, and local) that the Debtors are required to file (to the extent such returns have not already been filed by the Effective Date).  The Liquidating Trustee shall timely file each such tax return with the appropriate taxing authority and shall pay out of the Trust Assets all taxes due with respect to the period covered by each such tax return to the extent consistent with the Plan, the Bankruptcy Code, and any order of the Bankruptcy Code.  The Debtors hereby agree to furnish to the Liquidating Trustee all information required by the Liquidating Trustee, and generally to cooperate with the Liquidating Trustee, so as to enable the Liquidating Trustee to accurately and timely prepare such tax returns.

(d)     The Liquidating Trustee may, in the Liquidating Trustee's sole discretion, determine the best way to report for tax purposes with respect to the disputed claims reserve, including (a) file a tax election to treat any and all reserves for disputed claims as a Disputed Ownership Fund ("<u>DOF</u>") within the meaning of Treasury Reg. § 1.468B-9 for federal income tax purposes rather than to tax such reserve as a part of the Liquidating Trust, or (b) electing to report as a separate trust or sub-trust or other entity.  If an election is made to report any reserve for disputed claims as a DOF, the Liquidating Trust shall comply with all federal and state tax reporting and tax compliance requirements of the DOF, including but not limited

13

to the filing of a separate federal tax return for the DOF and the payment of federal and/or state income tax due.

2.10.4  <u>Allocation</u>.  Subject to definitive guidance from the IRS or a court of competent jurisdiction to the contrary (including the issuance of applicable Treasury Regulations, the receipt by the Liquidating Trustee of a private letter ruling if the Liquidating Trustee so requests one, or the receipt of an adverse determination by the IRS upon audit if not contested by the Liquidating Trustee), allocations of Liquidating Trust  taxable income or loss shall be allocated by reference to the manner in which any economic gain or loss would be borne immediately after a hypothetical liquidating distribution of the remaining Trust Assets.  The tax book value of the Trust Assets for purpose of this paragraph shall equal their fair market value on the date the Trust Assets are transferred to the Liquidating Trust, adjusted in accordance with tax accounting principles prescribed by the Internal Revenue Code, the applicable Treasury Regulations, and other applicable administrative and judicial authorities and pronouncements.

2.10.5  <u>Withholding</u>.  The Liquidating Trustee may withhold from the amount distributable from the Liquidating Trust at any time to any Trust Beneficiary such sum or sums as may be sufficient to pay any tax or taxes or other charge or charges which have been or may be imposed on such Trust Beneficiary or upon the Liquidating Trust with respect to the amount distributable or to be distributed under the income tax laws of the United States or of any state or political subdivision or entity by reason of any distribution provided for by any law, regulation, rule, ruling, directive, or other governmental requirement.  Any tax withheld shall be treated as distributed to the Trust Beneficiary for purposes of this Agreement.

2.10.6  <u>Tax Identification Numbers</u>.  The Liquidating Trustee may require any Trust Beneficiary to furnish to the Liquidating Trustee or other disbursing agent its Employer or Taxpayer Identification Number as assigned by the IRS or certify to the Liquidating Trustee's satisfaction that distributions to the Trust Beneficiary are exempt from backup withholding.  The Liquidating Trustee may condition any distribution to any Trust Beneficiary upon receipt of such identification number.  If such Trust Beneficiary fails to furnish such information within 90 calendar days after a request by the Liquidating Trustee or such disbursing agent for the completion and return of the appropriate forms, then (a) such holder shall be deemed to have forfeited its right to such distributions; (b) the claim of such holder shall be waived, discharged and forever barred without further order of the Bankruptcy Court; and (c) such distribution will revert back to the Liquidating Trust notwithstanding any federal, state, or other escheat law to the contrary.

2.10.7  <u>Annual Statements</u>.  The Liquidating Trustee shall annually (for tax years in which distributions from the Liquidating Trust are made) send to each Trust Beneficiary a separate statement setting forth the Trust Beneficiary's share of items of income, gain, loss, deduction, or credit and all such holders shall report such items on their federal income tax returns.

2.10.8 <u>Notices</u>. The Liquidating Trustee shall distribute such notices to the Trust Beneficiaries as the Liquidating Trustee determines are necessary or desirable.

2.10.9 <u>Expedited Determination</u>. The Liquidating Trustee may request an expedited determination of taxes of the Debtors or of the Liquidating Trust under section 505(b) of the Bankruptcy Code for all tax returns filed for, or on behalf of, the Debtors and the Liquidating Trust for all taxable periods through the dissolution of the Liquidating Trust.

2.11. <u>Conflicting Claims</u>. If the Liquidating Trustee becomes aware of any disagreement or conflicting claims with respect to the Trust Assets, or in good faith is in doubt as to any action that should be taken under this Agreement, the Liquidating Trustee may take any or all of the following actions as reasonably appropriate: (a) to the extent of such disagreement or conflict, or to the extent deemed by the Liquidating Trustee necessary or appropriate in light of such disagreement or conflict, withhold or stop all further performance under this Agreement with respect to the matter of such dispute (except, in all cases, the safekeeping of the Trust Assets) until the Liquidating Trustee is reasonably satisfied that such disagreement or conflicting claims have been fully resolved; (b) file a suit in interpleader or in the nature of interpleader in the Bankruptcy Court (or any other court of competent jurisdiction) and obtain an order requiring all persons involved to litigate in the Bankruptcy Court their respective claims arising out of or in connection with this Agreement; or (c) file any other appropriate motion for relief in the Bankruptcy Court (or any other court of competent jurisdiction).

2.12. <u>Records of Liquidating Trustee</u>. The Liquidating Trustee shall maintain accurate records of receipts and disbursements and other activity of the Liquidating Trust, and duly authorized representatives of the Liquidating Trust Advisory Committee shall have reasonable access to the records of the Liquidating Trust. The books and records maintained by the Liquidating Trustee, as well as any and all other books and records of the Debtors, may be disposed of or abandoned by the Liquidating Trustee, in his, her, or its sole discretion, without notice or a filing with the Bankruptcy Court, at such time as the Liquidating Trustee determines that the continued possession or maintenance of such books and records is no longer necessary for the benefit of the Liquidating Trust or its beneficiaries, or upon the termination of the Liquidating Trust, <u>provided,</u> <u>however,</u> that the Liquidating Trustee shall not dispose or abandon any books and records that are reasonably likely to pertain to pending litigation in which the Debtors or their current or former officers or directors are a party or that pertain to general unsecured claims without further order of the Bankruptcy Court.

## III.   RIGHTS, POWERS, AND DUTIES OF BENEFICIARIES.

3.1. <u>Interests of Beneficiaries</u>. The Trust Beneficiaries shall have beneficial interests in the Trust Assets as provided in the Plan. The Trust Beneficiaries' proportionate interests in the Trust Assets as thus determined shall be not be transferable, except upon the death of the Trust Beneficiary or the operation of law. An assignment by operation of law shall not be effective until appropriate notification and proof of the assignment is submitted to the Liquidating Trustee, and the Liquidating Trustee may continue to cause the Liquidating Trust to pay all amounts to, or for the benefit of, the assigning Trust Beneficiaries until receipt of proper notification and proof

of assignment by operation of law. The Liquidating Trustee may rely upon such proof without the requirement of any further investigation.

3.2. <u>Interests Beneficial Only</u>. The ownership of a beneficial interest under this Agreement shall not entitle any Trust Beneficiary to any title in or to the Trust Assets as such (which title shall be vested in the Liquidating Trustee) or to any right to call for a partition or division of Trust Assets or to require an accounting.

3.3. <u>Evidence of Beneficial Interest</u>. Ownership of a beneficial interest in the Trust Assets shall not be evidenced by any certificate, security, or receipt or in any other form or manner whatsoever, except as maintained on the books and records of the Liquidating Trust by the Liquidating Trustee.

3.4. <u>No Right to Accounting</u>. Neither the Trust Beneficiaries nor their successors, assigns, creditors, or any other person shall have any right to an accounting by the Liquidating Trustee, and the Liquidating Trustee shall not be obligated to provide any accounting to any person. Nothing in this Agreement is intended to require the Liquidating Trustee at any time or for any purpose to file any accounting or seek approval of any court with respect to the administration of the Liquidating Trust or as a condition for making any advance, payment, or distribution out of proceeds of Trust Assets.

3.5. <u>No Standing</u>. Except as expressly provided in this Agreement, a Trust Beneficiary shall not have standing to direct or to seek to direct the Liquidating Trust or Liquidating Trustee to do or not to do any act or to institute any action or proceeding at law or in equity against any person upon or with respect to the Trust Assets.

3.6. <u>Requirement of Undertaking</u>. The Liquidating Trustee may request the Bankruptcy Court to require, in any suit for the enforcement of any right or remedy under this Agreement, or in any suit against the Liquidating Trustee for any action taken or omitted by him, her, or it as Liquidating Trustee, the filing by any party litigant in such suit of an undertaking to pay the costs of such suit, including reasonable attorneys' fees, against any party litigant in such suit; <u>provided</u>, <u>however</u>, that the provisions of this Section 3.6 shall not apply to any suit by the Liquidating Trustee.

3.7. <u>Exemption from Registration</u>. The rights of the Trust Beneficiaries arising under this Agreement may be deemed "securities" under applicable law. However, such rights have not been defined as "securities" under the Plan because (a) the Parties intend that such rights shall not be securities, and (b) if the rights arising under this Agreement in favor of the Trust Beneficiaries are deemed to be "securities," the exemption from registration under section 1145 of the Bankruptcy Code is intended to be applicable to such securities. No party to this Agreement shall make a contrary or different contention.

## IV. AMENDMENT OF TRUST OR CHANGE IN TRUSTEE.

4.1 <u>Resignation of the Liquidating Trustee</u>. The Liquidating Trustee may resign by an instrument in writing signed by the Liquidating Trustee and filed with the Bankruptcy Court with notice to the Liquidating Trust Advisory Committee, provided that the Liquidating Trustee shall continue to serve as such after his, her, or its resignation for 30 days or, if longer, until the

time when appointment of his, her, or its successor shall become effective in accordance with Section 4.3 of this Agreement, or as otherwise agreed with the Liquidating Trust Advisory Committee.

4.2    <u>Removal of the Liquidating Trustee</u>.  The Liquidating Trust Advisory Committee, based upon a unanimous vote, may remove the Liquidating Trustee with or without cause at any time.  Such removal shall be effective the 10 days after the Liquidating Trust Advisory Committee provides written notice to the Liquidating Trustee and the U.S. Trustee.  Upon removal of the Liquidating Trustee by the Liquidating Trust Advisory Committee in accordance with this Section 4.2 other than for cause, the Liquidating Trustee shall be entitled to all compensation that has accrued through the effective date of termination but remains unpaid as of such date, which payment shall be made promptly from the Trust Expenses Reserve.  For the purposes of this Agreement, "cause" shall mean (a) the willful and continued refusal by the Liquidating Trustee to perform his, her, or its duties as set forth herein or (b) gross negligence, gross misconduct, fraud, embezzlement, or theft.  Notwithstanding anything in this Agreement to the contrary, the provisions of Section 2.7 of this Agreement shall survive the termination of this Agreement and the resignation replacement or removal of the Liquidating Trustee.

4.3    <u>Appointment of Successor Liquidating Trustee</u>.  In the event of the death, resignation, termination, incompetence, or removal of the Liquidating Trustee, the Liquidating Trust Advisory Committee may appoint a successor Liquidating Trustee without the approval of the Bankruptcy Court, which the Parties acknowledge shall nevertheless retain jurisdiction to resolve any disputes in connection with the service of the Liquidating Trustee or his, her, or its successor. If the Liquidating Trust Advisory Committee fails to appoint a successor Liquidating Trustee within 30 days of the occurrence of a vacancy, any Trust Beneficiary, any Debtor still existing, or the outgoing Liquidating Trustee may petition the Bankruptcy Court for such appointment.  Every successor Liquidating Trustee appointed under this Agreement shall execute, acknowledge, and deliver to the Bankruptcy Court and to the predecessor Liquidating Trustee (if practicable) an instrument accepting such appointment and the terms and provisions of this Agreement, and thereupon such successor Liquidating Trustee, without any further act, deed, or conveyance, shall become vested with all the rights, powers, and duties of the retiring Liquidating Trustee.

4.4    <u>Continuity</u>.  Unless otherwise ordered by the Bankruptcy Court, the death, resignation, incompetence, or removal of the Liquidating Trustee shall not operate to terminate or to remove any existing agency created pursuant to the terms of this Agreement or invalidate any action theretofore taken by the Liquidating Trustee.  In the event of the resignation or removal of the Liquidating Trustee, the Liquidating Trustee shall promptly execute and deliver such documents, instruments, final reports, and other writings as may be reasonably requested from time to time by the Bankruptcy Court, the Liquidating Trust Advisory Committee, or the successor Liquidating Trustee.

4.5    <u>Amendment of Agreement</u>.  This Agreement may be amended, modified, terminated, revoked, or altered only upon (a) order of the Bankruptcy Court; or (b) agreement of the Liquidating Trustee and the Liquidating Trust Advisory Committee.

## V.    TERMINATION OF TRUST.

The Liquidating Trustee shall be discharged and the Liquidating Trust shall be terminated, at such time as (a) all disputed claims have been resolved; (b) all of the Trust Assets have been liquidated or otherwise abandoned (including, but not limited to, the resolution of all causes of action); (c) all duties and obligations of the Liquidating Trustee under this Agreement have been fulfilled; (d) all distributions required under the Plan and this Agreement have been made; and (e) the Debtors' Chapter 11 Cases have been closed; provided, however, that in no event shall the Liquidating Trust be dissolved later than five years from the Effective Date unless the Bankruptcy Court, upon motion within the six-month period prior to the fifth anniversary (or the end of any extension period approved by the Bankruptcy Court), determines that an extension is necessary to facilitate or complete the recovery and liquidation of the Trust Assets and distributions in accordance with the Plan.  The Liquidating Trustee or the Liquidating Trust Advisory Committee may seek dissolution of the Liquidating Trust by filing a motion in the Debtors' Chapter 11 Cases.  However, the Liquidating Trust Advisory Committee may alternatively dissolve the Liquidating Trust through a unanimous vote of the Liquidating Trust Advisory Committee and in consultation with the Liquidating Trustee as long as the requirements for such termination and dissolution as set forth in this Section V of this Agreement are satisfied.

## VI.    RETENTION OF JURISDICTION.

Subject to the following sentence, the Bankruptcy Court shall have exclusive jurisdiction over the Liquidating Trust, the Liquidating Trustee, and the Trust Assets as provided in the Plan, including the determination of all controversies and disputes arising under or in connection with the Liquidating Trust or this Agreement.  However, if the Bankruptcy Court abstains or declines to exercise such jurisdiction or is without jurisdiction under applicable law, any other court of competent jurisdiction may adjudicate any such matter.  All Trust Beneficiaries consent to the jurisdiction of the Bankruptcy Court, the U.S. District Court for the District of North Dakota, and the state courts sitting in Fargo, North Dakota over all disputes related to this Agreement.

## VII.    MISCELLANEOUS.

7.1.    <u>Applicable Law</u>.  The Liquidating Trust created by this Agreement shall be construed in accordance with and governed by the laws of the State of North Dakota without giving effect to principles of conflict of laws, but subject to any applicable federal law.

7.2.    <u>Waiver</u>.  No failure or delay of any party to exercise any right or remedy pursuant to this Agreement shall affect such right or remedy or constitute a waiver of such right or remedy.

7.3.    <u>Relationship Created</u>.  Nothing contained in this Agreement shall be construed to constitute any relationship created by this Agreement as an association, partnership, or joint venture of any kind.

7.4.    <u>Interpretation</u>.  Section and paragraph headings contained in this Agreement are for convenience of reference only and shall not affect the meaning or interpretation of any provision of this Agreement.

7.5.    <u>Savings Clause</u>.  If any clause or provision of this Agreement shall for any reason be held invalid or unenforceable by the Bankruptcy Court, such invalidity or unenforceability shall not affect any other clause or provision of this Agreement, but this Agreement shall be construed, insofar as reasonable to effectuate the purpose of this Agreement, as if such invalid or unenforceable provision had never been contained in the Agreement.

7.6.    <u>Entire Agreement</u>.  This Agreement and the Plan constitute the entire agreement by and among the Parties and there are no representations, warranties, covenants, or obligations with respect to the subject matter of this Agreement except as set forth in this Agreement or the Plan.  This Agreement together with the Plan supersedes all prior and contemporaneous agreements, understandings, negotiations, and discussions, written or oral, of the Parties to this Agreement, relating to such subject matter.  Except as otherwise authorized by the Bankruptcy Court or specifically provided in this Agreement or in the Plan, nothing in this Agreement is intended or shall be construed to confer upon or to give any person other than the Parties to this Agreement, the Liquidating Trust Advisory Committee, and the Trust Beneficiaries any rights or remedies under or by reason of this Agreement.

7.7.    <u>Counterparts</u>.  This Agreement may be executed by facsimile or electronic transmission and in counterparts, each of which when so executed and delivered shall be an original document, but all of which counterparts shall together constitute one and the same instrument.

7.8.    <u>Notices</u>.  All notices, requests or other communications required or permitted to be made in accordance with this Agreement shall be in writing and shall be deemed given five Business Days after first-class mailing, one Business Day after sending by overnight courier, or on the first Business Day after facsimile or electronic transmission.

if to the Liquidating Trustee:

c/o Lighthouse Management Group, Inc.
900 Long Lake Road, Suite 180
New Brighton, MN 55112
Tel: 651-439-5119
Fax: 651-967-1964
Attn.: Patrick Finn

with copies to:

Fredrikson & Byron, P.A.
60 South Sixth Street, Suite 1500
Minneapolis, MN 55402-1425
Attn: Steven Kinsella
Tel.: 612-492-7000

-and-

19

Stinson LLP
50 South Sixth Street, Suite 2600
Minneapolis, MN 55402
Attn: Benjamin Court or Christopher Harayda
Tel.: 612-335-1500

if to the Debtors:

EPIC Companies Midwest, LLC, EPIC Companies Midwest 2023,
LLC, EPIC Employee, LLC, EOLA Capital, LLC, and EC West
Fargo, LLC
c/o Lighthouse Management Group, Inc.
900 Long Lake Road, Suite 180
New Brighton, MN 55112
Tel: 651-439-5119
Fax: 651-967-1964
Attn.: Patrick Finn

with copies to:

Fredrikson & Byron, P.A.
60 South Sixth Street, Suite 1500
Minneapolis, MN 55402-1425
Attn: Steven Kinsella
Tel.: 612-492-7000

if to any Trust Beneficiary, to such address as such Trust Beneficiary shall have furnished
to the Debtors in writing prior to the Effective Date.

Any Person may change the address at which it is to receive notices under this Agreement by
furnishing written notice to the Liquidating Trustee in the same manner as above.

7.9.  <u>Effective Date</u>.  This Agreement shall become effective as of the Effective Date.

7.10.  <u>Successors and Assigns</u>. This Agreement shall be binding upon each of the
Parties and their respective successors and assigns and shall inure to the benefit of the Parties,
the Trust Beneficiaries, and, subject to the provisions of this Agreement, their respective
successors and assigns.

7.11.  <u>Conflict with the Plan</u>. In the event of any conflict between the terms of this
Agreement and the Plan, the terms of the Plan shall govern.

**[SIGNATURE PAGE TO FOLLOW]**

IN WITNESS WHEREOF, the undersigned have caused this Agreement to be executed as of the day and year first above written.

**EPIC COMPANIES MIDWEST, LLC**

By: _____
Name: Patrick Finn
Title:  Partner at Lighthouse Management Group,
      Inc., CRO of EPIC Companies Midwest, LLC

**EPIC COMPANIES MIDWEST 2023, LLC**

By: _____
Name: Patrick Finn
Title:  Partner at Lighthouse Management Group,
      Inc., CRO of EPIC Companies Midwest 2023,
      LLC

**EPIC EMPLOYEE, LLC**

By: _____
Name: Patrick Finn
Title:  Partner at Lighthouse Management Group,
      Inc., CRO of EPIC Employee, LLC

**EOLA CAPITAL, LLC**

By: _____
Name: Patrick Finn
Title:  Partner at Lighthouse Management Group,
      Inc., CRO of EOLA Capital, LLC

**EC WEST FARGO, LLC**

By: _____
Name: Patrick Finn
Title:  Partner at Lighthouse Management Group,
      Inc., CRO of EC West Fargo, LLC

**LIGHTHOUSE MANAGEMENT GROUP, INC.,
LIQUIDATING TRUSTEE OF EPIC
COMPANIES MIDWEST, LLC, EPIC
COMPANIES MIDWEST 2023, LLC, EPIC
EMPLOYEE, LLC, EOLA CAPITAL, LLC, AND
EC WEST FARGO, LLC**

By: _____
Name: Patrick Finn
Title: Partner at Lighthouse Management Group, Inc.

## SCHEDULE A

**TERMS OF COMPENSATION AND REIMBURSEMENT
OF EXPENSES OF THE LIQUIDATING TRUSTEE**

**[TO COME]**