**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NORTH DAKOTA**

| | |
|---|---|
| In re: | **Jointly Administered** |
| EPIC Companies Midwest, LLC, | Case No. 24-30281 |
| EPIC Companies Midwest 2023, LLC, | Case No. 24-30282 |
| EPIC Employee, LLC, | Case No. 24-30283 |
| EOLA Capital, LLC, and | Case No. 24-30284 |
| EC West Fargo, LLC, | Case No. 24-30285 |
| Debtors.[1] | Chapter 11 Cases |

**REPLY IN SUPPORT OF DISCLOSURE STATEMENT**

1.  The above-captioned debtors (the "Debtors") hereby file this reply (the "Reply") in support of the Debtors' Disclosure Statement in Support of Debtors' Chapter 11 Plan of Liquidation (ECF No. 286, the "Disclosure Statement") and the Debtors' Chapter 11 Plan of Liquidation (ECF No. 285, the "Plan"). As the objections filed by James Olson (ECF No. 341, the "Olson Objection") and Elrick and Karen Poppe (ECF No. 342, the "Poppe Objection") fail to articulate a valid basis to deny approval of the Disclosure Statement, the Debtors respectfully request that the Court overrule the Olson and Poppe Objections (together, the "Objections").

---

[1] In accordance with Fed. R. Bankr. P. 2002(n) and 1005 and 11 U.S.C. § 342(c), as applicable, the Debtors' address is c/o Lighthouse Management Group, Inc., 900 Long Lake Road, Suite 180, New Brighton, MN 55112 and their Employer Identification Numbers (EINs) are as follows: 83-2840705 (EPIC Companies Midwest, LLC), 88-3709518 (EPIC Companies Midwest 2023, LLC), 88-4112082 (EPIC Employee, LLC), 88-0554720 (EOLA Capital, LLC) and 82-5331354 (EC West Fargo, LLC).

# ARGUMENT

## I. OLSON OBJECTION.

2. In the Olson Objection, James Olson ("Mr. Olson") objects to the adequacy of the information contained in the Disclosure Statement. As the Disclosure Statement contains adequate information, the Court should overrule the Olson Objection.

3. Section 1125(b) of the Bankruptcy Code restricts the solicitation of the acceptance or rejection of a plan, unless "there is transmitted to such holder [of a claim or interest] the plan or a summary of the plan, and a written disclosure statement approved, after notice and a hearing, by the court as containing adequate information." 11 U.S.C. § 1125(b).

4. In order for a disclosure statement to contain "adequate information," it must provide information:

> of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records . . . that would enable . . . a hypothetical investor of the relevant class to make an informed judgment about the plan, but adequate information need not include such information about any other possible or proposed plan . . .

11 U.S.C. § 1125(a)(1).

5. This is a function definition, which depends on the facts and circumstances of each particular case. *In re Texas Extrusion Corp.*, 844 F.2d 1142, 1156-57 (5th Cir. 1988), *cert. denied*, 488 U.S. 926 (1988) (holding that courts decide the adequacy of the information on a case-by-case basis and remains in their discretion).

6. For what courts should consider when evaluating the adequacy of the information, section 1125(a)(1) of the Bankruptcy Code provides that:

> the court shall consider the complexity of the case, the benefit of additional information to creditors and other parties in interest, and the cost of providing additional information.

11 U.S.C. § 1125(a)(1).

7. Importantly, the Bankruptcy Code also provides that such "hypothetical investor" is a person with "such ability to obtain [adequate information] from sources other than the disclosure required by this section as holders of claims or interest in such class generally have." 11 U.S.C. § 1125(b)(C).

8. While Mr. Olson cites to an admittedly non-exhaustive list of the types of information required to be in a disclosure statement (Olson Obj. 3-4), Mr. Olson's objection ultimately focuses on four different categories – (a) the relationship between the Debtors and other "EPIC" entities, (b) the circumstances that lead to the filing of the Debtors' bankruptcy cases, (c) the financial outlook of the plan, and (d) the uncertainties of litigation. The Debtors provide adequate information regarding all four categories in the Disclosure Statement.

9. First, as to the relationship between the Debtors and the other "EPIC" entities, the Debtors provided information regarding (a) the formation of the Debtors (including the date of formation and the ownership structure of each Debtor), (b) the purpose of the Debtors ("providing loans to various real estate development projects throughout the State of North Dakota, each of which was developed and managed by subsidiaries of EPIC Companies"), and (c) how the Debtors raised money from investors. (Disclosure Statement 3-4.) While Mr. Olson may desire more information, he fails to show how the information provided is not "adequate" for a hypothetical investor.

10. Second, regarding the circumstances that lead to the filing of the Debtors' bankruptcy cases, the Debtors disclosed that

> the Project Companies and other companies who owe money to the Debtors ceased making payments to the Debtors. Without the incoming payments, the Debtors lacked sufficient resources to make scheduled payments to Investors and Class B Unit holders, leaving Investors and Class B Unit holders unprotected in this complex situation.

3

> The Debtors therefore decided to appoint the CRO to protect the Investors' and Class B Unit holders' investments and ensure equitable treatment of all parties in interest. Both before and after the appointment of the CRO, certain Investors made demands of the Debtors and at least one Investor commenced a lawsuit. In light of these events, the Debtors made the difficult decision to file these Chapter 11 Cases to maximize the value of their assets for the benefit of the Investors and Class B Unit holders and to ensure the fair and consistent treatment of all Investors and Class B Unit holders in each of the Debtors.

(Disclosure Statement 5.) The Disclosure Statement also references various local and regional media that covered the larger story regarding the "EPIC Companies." (*Id.*) Again, while Mr. Olson may personally desire additional information, the Disclosure Statement contains "adequate" information regarding the reason for filing the bankruptcy cases.

11. Third, regarding the financial outlook of the Debtors. The Debtors attached a liquidation analysis as Exhibit 1 to the Disclosure Statement, which clearly describes the estimated recovery to creditors based on the Debtors' projections regarding the liquidation of the Debtors' assets. (Disclosure Statement Ex. 1.) Mr. Olson does not address this liquidation analysis, which clearly provides "adequate" information to allow creditors to decide whether to vote to reject or accept the Plan.

12. Finally, Mr. Olson raises concerns regarding the uncertainty of litigation. Again, the Disclosure Statement already addresses that issue. The Disclosure Statement contains a list of all pending adversary proceedings brought by the Debtors and also describes all existing settlements. (Disclosure Statement 6-13.) The liquidation analysis also shows the risk of recovery from the litigation, showing an estimated "Low Range" and "High Range" for potential recovery. (*Id.* Ex. 1.) Therefore, the Disclosure Statement contains "adequate" information regarding the uncertainty of litigation.

4

13. As the Disclosure Statement contains "adequate" information regarding the categories that Mr. Olson raised, the Court should deny Mr. Olson's objection to the Disclosure Statement.[2]

### II. POPPE OBJECTION.

14. In the Poppe Objection, Elick and Karen Poppe ("Mr. and Ms. Poppe") object to the Disclosure Statement on four bases – (a) that the release language may release Todd Berning, (b) the Plan language may enjoin actions against Todd Berning, (c) the Plan purports to cancel the promissory note between EC West Fargo, LLC and Mr. and Ms. Poppe, and (d) the Plan purports to allow the Trustee to dispose of the books and records of the Debtors. (Poppe Objection 6.)

15. As an initial matter, the Poppe Objection focuses almost exclusively on the terms of the Plan and does not challenge the adequacy of the information contained in the Disclosure Statement.[3]

16. Additionally, counsel for the Debtors discussed the Poppe Objection with counsel for Mr. and Ms. Poppe. Based on that discussion, the Debtors understand that Mr. and Ms. Poppe no longer object to the Disclosure Statement and, while they reserve their rights to object to confirmation of the Plan, the parties believe that further discussions will address the concerns raised in the Poppe Objection.

---

[2] Counsel for Mr. Olson and counsel for the Debtors discussed the information requested by Mr. Olson and the Debtors are working to provide the requested information to Mr. Olson. However, the Debtors maintain that the Disclosure Statement contains adequate information and that the bankruptcy estates should not incur additional costs to revise or otherwise supplement the Disclosure Statement with the information requested by Mr. Olson.

[3] The Poppe Objection contains statements requesting further information regarding Todd Berning, but that does not appear to be the focus of the objection based on the summary of the objection. (Poppe Obj. 1, 6.)

5

17. Consequently, as the Poppe Objection is more appropriately addressed at the confirmation hearing and the parties hope to resolve those concerns prior to confirmation, the Debtors respectfully request that the Court deny the Poppe Objection.

## CONCLUSION

18. For the foregoing reasons, the Debtors respectfully request that the Court deny the Objections and approve the Disclosure Statement to allow the Debtors to seek confirmation of the Plan.

Dated: June 9, 2025

/e/ *Steven R. Kinsella*
Michael S. Raum (#05676)
**FREDRIKSON & BYRON, P.A.**
51 Broadway, Suite 400
Fargo, ND 58102-4991
701.237.8200
mraum@fredlaw.com

Steven R. Kinsella (#09514)
Katherine A. Nixon (admitted *pro hac vice*)
**FREDRIKSON & BYRON, P.A.**
60 South 6th Street, Suite 1500
Minneapolis, MN 55402-4400
612.492.7000
skinsella@fredlaw.com
knixon@fredlaw.com

**ATTORNEYS FOR DEBTORS**