# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| In re: | **Jointly Administered** |
| EPIC Companies Midwest, LLC, | Bankruptcy No. 24-30281 |
| EPIC Companies Midwest 2023, LLC, | Bankruptcy No. 24-30282 |
| EPIC Employee, LLC, | Bankruptcy No. 24-30283 |
| EOLA Capital, LLC, and | Bankruptcy No. 24-30284 |
| EC West Fargo, LLC, | Bankruptcy No. 24-30285 |
| Debtors. | Chapter 11 |
| EPIC Companies Midwest, LLC, | |
| Plaintiff, | |
| v. | Adversary No. 25-07006 |
| Fargo South Hospitality, LLC, | |
| Defendant. | |

## DEBTORS' NOTICE OF MOTION AND MOTION TO APPROVE SETTLEMENT

1. EPIC Companies Midwest, LLC, EPIC Companies Midwest 2023, LLC, EPIC Employee, LLC, EOLA Capital, LLC, and EC West Fargo, LLC (collectively, the "Debtors") hereby move the Court for an order pursuant to Fed. R. Bankr. P. 9019(a) approving a settlement between EPIC Companies Midwest, LLC ("EPIC Midwest") and Fargo South Hospitality, LLC ("Fargo South").

2. This Motion arises under 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 2002(a)(3) and 9019(a). This Motion is filed under Fed. R. Bankr. P. 9013, Local Rule 9013-1, and the Court's Order Establishing Settlement Procedures (ECF No. 123). Notice of this Motion is provided

pursuant to the Court's Order Limiting Notice Pursuant to Fed. R. Bankr. P. 2002(i) (ECF No. 124).

3. Fargo South executed that certain promissory note dated November 1, 2020 in favor of EPIC Midwest, in the principal amount of $500,000, with a maturity date of November 20, 2023, and monthly interest payments at 6.0% (the "Note"). EPIC Midwest and Fargo South then executed that certain amendment to the Note on December 1, 2023 extending the maturity date to December 1, 2024.

4. Pursuant to the terms of the Note, Fargo South was required to make monthly payments to EPIC Midwest in the form of interest.

5. After certain late monthly payments by Fargo South and the passing of the maturity date, EPIC Midwest filed an adversary complaint against Fargo South on February 20, 2025 (Adversary No. 25-07006) asserting claims for: (a) breach of contract; (b) unjust enrichment; (c) account stated; (d) promissory estoppel; and (e) fraudulent transfer under N.D. Cent. Code § 13-02.1-04(1)(b) and N.D. Cent. Code § 13-02.1-05(1).

6. As of February 20, 2025, EPIC Midwest asserts that Fargo South owed a total of $520,100 to EPIC Midwest under the Note.

7. On or around March 31, 2025, Fargo South ceased making any monthly payments to EPIC Midwest.

8. EPIC Midwest and Fargo South engaged in informal settlement discussions.

9. To avoid the costs and uncertainties of litigation, Fargo South has offered to make a one-time payment of $107,500 to EPIC Midwest's Chief Restructuring Officer ("CRO") by July 10, 2025. The $107,500 is compromised of a $100,000 down payment and $7,500 in past-due

interest. The CRO will hold the one-time payment in escrow pending Court approval of the settlement.

10. Fargo South has further offered to resume making interest-only payments to EPIC Midwest in the amount of $2,500 beginning on July 31, 2025. Fargo South will continue making the monthly payments through and including: (a) the closing date of the sale of Fargo South's real property; or (2) December 31, 2025 (the "Maturity Date"), whichever is sooner.

11. Lastly, by the Maturity Date, Fargo South has agreed to pay the full balance due to EPIC Midwest under the Note.

12. Conditioned upon Fargo South's full compliance with the above terms, EPIC Midwest has agreed to waive late fees and default interest under the Note. Moreover, upon payment in full on the Maturity Date, all obligations of Fargo South under the Note will be deemed fully satisfied and Fargo South will be released from liability. EPIC Midwest has agreed to these terms pending Court approval of the settlement.

13. The Debtors believe that the costs of litigation will reduce the funds available to pay the claims of the estates if the dispute is not settled. Moreover, Fargo South is offering to pay EPIC Midwest in full. Based on these circumstances, the Debtors believe the settlement is in the best interest of creditors.

14. The Debtors request that the Court approve the settlement described herein pursuant to Fed. R. Bankr. P. 9019(a).

**15. Any objection to the Motion must be filed with the Clerk of the United States Bankruptcy Court, whose address is Quentin N. Burdick Courthouse, 655 First Avenue North, Suite 210, Fargo, North Dakota 58102, and served upon the attorney whose name and address is listed below, by July 31, 2025, which is twenty-one (21) days from the date of the**

**filing of this Motion. Any objections not filed and served may deemed waived and the Court may enter an order approving this settlement without further notice or hearing.**

Dated: July 10, 2025  /e/ Steven R. Kinsella
Michael S. Raum (#05676)
**FREDRIKSON & BYRON, P.A.**
51 Broadway, Suite 400
Fargo, ND 58102-4991
701.237.8200
mraum@fredlaw.com

Steven R. Kinsella (#09514)
Katherine A. Nixon (*pro hac vice* MN #0402772)
**FREDRIKSON & BYRON, P.A.**
60 South 6th Street, Suite 1500
Minneapolis, MN 55402-4400
612.492.7000
skinsella@fredlaw.com
knixon@fredlaw.com

**ATTORNEYS FOR DEBTORS**

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| In re: | **Jointly Administered** |
| EPIC Companies Midwest, LLC, | Bankruptcy No. 24-30281 |
| EPIC Companies Midwest 2023, LLC, | Bankruptcy No. 24-30282 |
| EPIC Employee, LLC, | Bankruptcy No. 24-30283 |
| EOLA Capital, LLC, and | Bankruptcy No. 24-30284 |
| EC West Fargo, LLC, | Bankruptcy No. 24-30285 |
| Debtors. | Chapter 11 |
| EPIC Companies Midwest, LLC, | |
| Plaintiff, | |
| v. | Adversary No. 25-07006 |
| Fargo South Hospitality, LLC, | |
| Defendant. | |

**ORDER**

On February 20, 2025, Debtors EPIC Companies Midwest, LLC, EPIC Companies Midwest 2023, LLC, EPIC Employee, LLC, EOLA Capital, LLC, and EC West Fargo, LLC filed a Motion to Approve Settlement summarizing the settlement agreement between EPIC Companies Midwest, LLC and Fargo South Hospitality, LLC. The Court received no objections.

Based on the information provided by the Debtors and the documents filed in this case, the Court finds that the proposed settlement is fair and equitable, reflects a balance of the risks of litigation with potential recovery, and appears to be in the best interest of the bankruptcy estate. Therefore, **IT IS ORDERED** that the Motion to Approve Settlement [Adversary No. 25-07006,

Doc. __; Bankruptcy No. 24-30281, Doc. __] is **GRANTED**. The settlement agreement summarized in the motion is **APPROVED**.

Date: _____

                                                             William J. Fisher
                                                           United States Bankruptcy Judge