## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| In re: | Jointly Administered |
| EPIC Companies Midwest, LLC, | |
| EPIC Companies Midwest 2023, LLC, | Bankr. No. 24-30281 |
| EPIC Employee, LLC, | Bankr. No. 24-30282 |
| EOLA Capital, LLC, and | Bankr. No. 24-30283 |
| EC West Fargo, LLC, | Bankr. No. 24-30284 |
| | Bankr. No. 24-30285 |
| Debtors. | |
| | Chapter 11 |

**RESPONSE IN SUPPORT OF AMENDED CHAPTER 11 PLAN OF LIQUIDATION**

The Official Committee of Unsecured Creditors (the "Committee") of EPIC Companies Midwest, LLC, EPIC Companies Midwest 2023, LLC, EPIC Employee, LLC, EOLA Capital, LLC and EC West Fargo, LLC (collectively the "Debtors") files this Response in Support of the Amended Chapter 11 Plan of Liquidation (the "Response").

In support of this response, the Committee states as follows:

1. The Debtors filed voluntary petitions for relief pursuant to Chapter 11 of the Bankruptcy Code on July 8, 2024 (the "Petition Date").

2. The United States Trustee appointed the Committee on July 30, 2024. [Dkt. Nos. 58 and 93.] The Committee currently consists of Jim Johnson, Zachary Frappier, and William Altringer.

3. The Committee filed an *Application to Employ Stinson LLP as Counsel to the Committee of Unsecured Creditors* on August 14, 2024, and the Court granted that Application on August 30, 2024. [Dkt. Nos. 69 and 101.]

CORE/3531668.0002/200756506.1

4. The *Amended Disclosure Statement in Support of Debtors' Amended Chapter 11 Plan of Liquidation* (the "Amended Disclosure Statement") and *Amended Chapter 11 Plan of Liquidation* (the "Amended Plan") were filed on June 11, 2025. [Dkt. Nos. 366 and 367.]

5. The Amended Disclosure Statement was approved by the Court on June 13, 2025, pursuant to the *Order Approving Disclosure Statement and Setting Deadline for Return of Ballots and Objections to Confirmation and Scheduling Hearing on Confirmation of Plan*. [Dkt. No. 369.]

6. The Amended Plan contemplates creating a liquidating trust, transferring Debtors' assets to the trust, and appointing a liquidating trustee to collect and liquidate assets, prosecute pending and possible causes of actions, maximize recovery for the beneficiaries—including the unsecured creditors with allowed claims, and distribute the proceeds to the beneficiaries. [Dkt. No. 366, § 5.2.]

7. Under the Amended Plan, it is contemplated that unsecured creditors will receive larger distributions than they would in a conversion to a Chapter 7 case. [Dkt. No. 367, Ex. 1.]

8. The Amended Plan also contemplates substantively consolidating the Debtors' assets, liabilities, and operations for a more efficient and cost-effective liquidation of the Debtors' assets under the liquidating trust. [Dkt. Nos. 366, § 5.1 and 377.] Debtors filed a separate motion on June 17, 2025, titled *Motion for Substantive Consolidation of Debtors' Assets, Liabilities, and Operations*, seeking the Court to approve their request for substantive consolidation. [Dkt. No. 377.]

9. The Debtors, the Debtors' CRO, and the Committee have communicated regularly since appointment regarding the bankruptcy cases, including the terms of Amended Plan.

10. Along with regular communication with Debtors and Debtors' CRO, the Committee has and continues to independently investigate and analyze the best possible recovery

for unsecured creditors and to provide feedback and recommendations to the Debtors and Debtors' CRO.

11. After communicating with Debtors about the terms of the Amended Plan, independently investigating the best possible recovery for unsecured creditors, and reviewing and providing feedback to the Debtors regarding the Amended Plan, the Committee believes that the Amended Plan and its terms are in the best interest of all creditors and superior to alternatives known to the Committee at this time, including a Chapter 7 liquidation.

12. The Committee members have reviewed the Amended Plan, and each will be voting in favor of the Amended Plan with respect to their individual claims.

13. The Committee also does not object to substantive consolidation of Debtors and agrees that given the facts and surrounding circumstances, substantive consolidation is a reasonable and preferable solution to complete an equitable and more efficient and cost-effective liquidation and distribution of the Debtors' assets.

Dated: July 18, 2025                                                 */s/  Benjamin J. Court*
                                                                                  Benjamin J. Court (ND #07776)
                                                                                  Christopher J. Harayda (MN #0390333)
                                                                                  Samantha J. Hanson-Lenn (MN #0402035)
                                                                                  **STINSON LLP**
                                                                                  50 South Sixth Street, Suite 2600
                                                                                  Minneapolis, Minnesota 55402
                                                                                  Telephone: 612-335-1500
                                                                                  benjamin.court@stinson.com
                                                                                  cj.harayda@stinson.com
                                                                                  samantha.hansonlenn@stinson.com

                                                                                  **COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS.**