United States Bankruptcy Court

District of North Dakota

| | |
|---|---|
| In re: | Case No. 24-30281-skh |
| EPIC Companies Midwest, LLC | Chapter 11 |
| Debtor | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0868-3 | User: admin | Page 1 of 6 |
| Date Rcvd: Aug 06, 2025 | Form ID: pdf2some | Total Noticed: 1 |

The following symbols are used throughout this certificate:
**Symbol     Definition**

+     Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Aug 08, 2025:**
NONE

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|
| db | + Email/Text: pwigen@lighthousemanagement.com | Aug 06 2025 19:07:00 | EPIC Companies Midwest, LLC, c/o Lighthouse Management Group, Inc., 900 Long Lake Road Ste. 180, New Brighton, MN 55112-6455 |

TOTAL: 1

# BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.
NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

| | | |
|---|---|---|
| Date: Aug 08, 2025 | Signature: | /s/Gustava Winters |

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on August 6, 2025 at the address(es) listed below:

**Name**     **Email Address**

Alexander S. Kelsch
    on behalf of Creditor Nick Vollmuth alexk@kelschlaw.com aruff@kelschlaw.com;kelsch.alexanders.b@notify.bestcase.com

Alexander S. Kelsch
    on behalf of Creditor Deborah Vollmuth alexk@kelschlaw.com aruff@kelschlaw.com;kelsch.alexanders.b@notify.bestcase.com

Amy J. Swedberg
    on behalf of Interested Party LTC - The Lincoln  LLC amy.swedberg@maslon.com

Amy J. Swedberg
    on behalf of Defendant LTC - The Lincoln  LLC amy.swedberg@maslon.com

Amy J. Swedberg

| District/off: 0868-3 | User: admin | Page 2 of 6 |
|---|---|---|
| Date Rcvd: Aug 06, 2025 | Form ID: pdf2some | Total Noticed: 1 |

on behalf of Creditor Clifford Otten amy.swedberg@maslon.com

Anthony J Anderson

on behalf of Creditor Jerilyn A. Larck aanderson@nilleslaw.com  bbrunelle@nilleslaw.com

Anthony J Anderson

on behalf of Creditor Shane R. Larck aanderson@nilleslaw.com  bbrunelle@nilleslaw.com

Benjamin Court

on behalf of Creditor Committee William Altringer benjamin.court@stinson.com stephanie.hess@stinson.com,MPL.LSSTeam5@stinson.com

Benjamin Court

on behalf of Creditor Randy Henke benjamin.court@stinson.com  stephanie.hess@stinson.com,MPL.LSSTeam5@stinson.com

Benjamin Court

on behalf of Creditor Committee Zach Frappier benjamin.court@stinson.com stephanie.hess@stinson.com,MPL.LSSTeam5@stinson.com

Benjamin Court

on behalf of Creditor Committee Chair Beth Postemski benjamin.court@stinson.com stephanie.hess@stinson.com,MPL.LSSTeam5@stinson.com

Benjamin Court

on behalf of Creditor Committee Larry Dietz benjamin.court@stinson.com stephanie.hess@stinson.com,MPL.LSSTeam5@stinson.com

Benjamin Court

on behalf of Creditor Committee Jim Johnson benjamin.court@stinson.com stephanie.hess@stinson.com,MPL.LSSTeam5@stinson.com

Benjamin Williams

on behalf of Creditor Cullen Insulation  Inc. ben@kennellybusinesslaw.com, beth@kennellybusinesslaw.com

Benjamin Williams

on behalf of Creditor Daniel Frisch ben@kennellybusinesslaw.com  beth@kennellybusinesslaw.com

Berly D. Nelson

on behalf of Creditor Jim and JoAnn McKay Family Trust f/b/o Julie McKay Ganskop bnelson@serklandlaw.com rtande@serklandlaw.com;aneir@serklandlaw.com;amcdarby@serklandlaw.com;lhruby@serklandlaw.com

Christopher Harayda

on behalf of Creditor Committee Larry Dietz cj.harayda@stinson.com

Christopher Harayda

on behalf of Creditor Committee William Altringer cj.harayda@stinson.com

Christopher Harayda

on behalf of Creditor Committee Jim Johnson cj.harayda@stinson.com

Christopher Harayda

on behalf of Creditor Randy Henke cj.harayda@stinson.com

Christopher Harayda

on behalf of Creditor Committee Chair Beth Postemski cj.harayda@stinson.com

Christopher Harayda

on behalf of Creditor Committee Zach Frappier cj.harayda@stinson.com

David J T Chapman

on behalf of Creditor Elrick Poppe dchapman@djchapmanlaw.com

David J T Chapman

on behalf of Creditor Karen Poppe dchapman@djchapmanlaw.com

Douglas Christensen

on behalf of Creditor Beth Holmes dougc@grandforkslaw.com sarah@grandforkslaw.com;jen@grandforkslaw.com;julie@grandforkslaw.com

George H. Singer

on behalf of Defendant Greenfield Commons  LLC ghsinger@hollandhart.com, ehmason@hollandhart.com

George H. Singer

on behalf of Defendant Gateway Arches Real Estate Holdings  LLC f/k/a EPIC Gateway East Real Estate Holdings, LLC ghsinger@hollandhart.com, ehmason@hollandhart.com

George H. Singer

on behalf of Defendant Sheyenne 32 South  LLC ghsinger@hollandhart.com, ehmason@hollandhart.com

George H. Singer

on behalf of Defendant EPIC Gateway North Real Estate Holdings  LLC ghsinger@hollandhart.com, ehmason@hollandhart.com

George H. Singer

| | | |
|---|---|---|
| District/off: 0868-3 | User: admin | Page 3 of 6 |
| Date Rcvd: Aug 06, 2025 | Form ID: pdf2some | Total Noticed: 1 |

on behalf of Defendant Sheyenne 32 South Residential LLC ghsinger@hollandhart.com, ehmason@hollandhart.com

George H. Singer
  on behalf of Defendant LTC - The Don LLC ghsinger@hollandhart.com, ehmason@hollandhart.com

George H. Singer
  on behalf of Defendant Area 57 Association Inc. ghsinger@hollandhart.com, ehmason@hollandhart.com

George H. Singer
  on behalf of Defendant The Tracks - Maverick LLC ghsinger@hollandhart.com, ehmason@hollandhart.com

George H. Singer
  on behalf of Defendant Greenfield Commons III LLC ghsinger@hollandhart.com, ehmason@hollandhart.com

George H. Singer
  on behalf of Defendant SAD Downtown LLC d/b/a The Firm ghsinger@hollandhart.com, ehmason@hollandhart.com

George H. Singer
  on behalf of Defendant Preference 42 LLC f/k/a EPIC Preference, LLC f/k/a Shepperd Equity Fund, LLC ghsinger@hollandhart.com, ehmason@hollandhart.com

George H. Singer
  on behalf of Defendant Boulevard Square III LLC ghsinger@hollandhart.com, ehmason@hollandhart.com

George H. Singer
  on behalf of Defendant Sheyenne 32 North LLC ghsinger@hollandhart.com, ehmason@hollandhart.com

George H. Singer
  on behalf of Defendant HI West Acres LLC, f/k/a EPIC Hospitality, LLC ghsinger@hollandhart.com, ehmason@hollandhart.com

George H. Singer
  on behalf of Defendant Greenfield Commons II LLC ghsinger@hollandhart.com, ehmason@hollandhart.com

George H. Singer
  on behalf of Defendant Fargo South Hospitality LLC ghsinger@hollandhart.com, ehmason@hollandhart.com

Joel Nesset
  on behalf of Defendant EPIC Holdings II LLC jnesset@cozen.com, akulbeik@cozen.com

Joel Nesset
  on behalf of Defendant EPIC Holdings LLC jnesset@cozen.com, akulbeik@cozen.com

Joel M. Fremstad
  on behalf of Creditor Scott Hoban joel@fremstadlaw.com maggie@fremstadlaw.com

Joel M. Fremstad
  on behalf of Debtor EPIC Companies Midwest LLC joel@fremstadlaw.com, maggie@fremstadlaw.com

John M Krings, Jr.
  on behalf of Interested Party Cornerstone Bank john@kaler-doeling.com janae@kaler-doeling.com

John M Krings, Jr.
  on behalf of Defendant 36th and Veterans LLC john@kaler-doeling.com, janae@kaler-doeling.com

John M Krings, Jr.
  on behalf of Creditor Cornerstone Bank john@kaler-doeling.com janae@kaler-doeling.com

John M Krings, Jr.
  on behalf of Defendant EPIC Place LLC john@kaler-doeling.com, janae@kaler-doeling.com

John M Krings, Jr.
  on behalf of Defendant West Fargo Dive Bar LLC john@kaler-doeling.com, janae@kaler-doeling.com

Joseph D Hackman
  on behalf of Interested Party Bank Forward jhackman@abstlaw.net

Katherine A. Nixon
  on behalf of Debtor EPIC Companies Midwest LLC knixon@fredlaw.com, sstallings@fredlaw.com;docketing@fredlaw.com

Katherine A. Nixon
  on behalf of Plaintiff EPIC Employee LLC knixon@fredlaw.com, sstallings@fredlaw.com;docketing@fredlaw.com

Katherine A. Nixon
  on behalf of Plaintiff EC West Fargo LLC knixon@fredlaw.com, sstallings@fredlaw.com;docketing@fredlaw.com

Katherine A. Nixon
  on behalf of Plaintiff EPIC Companies Midwest LLC knixon@fredlaw.com, sstallings@fredlaw.com;docketing@fredlaw.com

Katherine A. Nixon
  on behalf of Plaintiff EOLA Capital LLC knixon@fredlaw.com, sstallings@fredlaw.com;docketing@fredlaw.com

Katherine A. Nixon
  on behalf of Debtor EPIC Employee LLC knixon@fredlaw.com, sstallings@fredlaw.com;docketing@fredlaw.com

| | | |
|---|---|---|
| District/off: 0868-3 | User: admin | Page 4 of 6 |
| Date Rcvd: Aug 06, 2025 | Form ID: pdf2some | Total Noticed: 1 |

Katherine A. Nixon
on behalf of Debtor EPIC Companies Midwest 2023 LLC knixon@fredlaw.com, sstallings@fredlaw.com;docketing@fredlaw.com

Katherine A. Nixon
on behalf of Plaintiff EPIC Companies Midwest 2023 LLC knixon@fredlaw.com, sstallings@fredlaw.com;docketing@fredlaw.com

Katherine A. Nixon
on behalf of Debtor EOLA Capital LLC knixon@fredlaw.com, sstallings@fredlaw.com;docketing@fredlaw.com

Katherine A. Nixon
on behalf of Debtor EC West Fargo LLC knixon@fredlaw.com, sstallings@fredlaw.com;docketing@fredlaw.com

Katrina A. Turman Lang
on behalf of Creditor Larry Dietz klang@woldlaw.com melanie@turmanlaw.com

Katrina A. Turman Lang
on behalf of Creditor Dietz Properties LLC klang@woldlaw.com, melanie@turmanlaw.com

Katrina A. Turman Lang
on behalf of Creditor Candice Dietz klang@woldlaw.com melanie@turmanlaw.com

Marissa R. Cerkoney
on behalf of Creditor Darryl and Charlotte Heim mcerkoney@ndlaw.com kpeterson@ndlaw.com

Marissa R. Cerkoney
on behalf of Creditor Rob and Joleen Heim mcerkoney@ndlaw.com kpeterson@ndlaw.com

Marissa R. Cerkoney
on behalf of Creditor Robert W. & Joleen M. Heim TTE Heim RLT mcerkoney@ndlaw.com kpeterson@ndlaw.com

Marissa R. Cerkoney
on behalf of Creditor Robert W. Heim Revocable Living Trust mcerkoney@ndlaw.com kpeterson@ndlaw.com

Mark Western
on behalf of Plaintiff EOLA Capital LLC mark@fremstadlaw.com, terri@fremstadlaw.com

Mark Western
on behalf of Debtor EPIC Companies Midwest LLC mark@fremstadlaw.com, terri@fremstadlaw.com

Mark Western
on behalf of Plaintiff EPIC Companies Midwest 2023 LLC mark@fremstadlaw.com, terri@fremstadlaw.com

Mark Western
on behalf of Plaintiff EPIC Companies Midwest LLC mark@fremstadlaw.com, terri@fremstadlaw.com

Mark Western
on behalf of Plaintiff EC West Fargo LLC mark@fremstadlaw.com, terri@fremstadlaw.com

Maurice VerStandig
on behalf of Creditor Kounovsky Inc. mac@mbvesq.com
mac@dakotabankruptcy.com;verstandig.mauricer104982@notify.bestcase.com;verstandiglaw@recap.email

Maurice VerStandig
on behalf of Interested Party Brian Kounovsky mac@mbvesq.com
mac@dakotabankruptcy.com;verstandig.mauricer104982@notify.bestcase.com;verstandiglaw@recap.email

Michael Gust
on behalf of Creditor James Olson mlgfilings@andersonbottrell.com jernst@abstlaw.net

Michael Gust
on behalf of Interested Party Bank Forward mlgfilings@andersonbottrell.com jernst@abstlaw.net

Michael Gust
on behalf of Defendant EPIC Gateway LLC mlgfilings@andersonbottrell.com jernst@abstlaw.net

Michael Gust
on behalf of Defendant Sheyenne 32 North LLC mlgfilings@andersonbottrell.com, jernst@abstlaw.net

Michael S Raum
on behalf of Plaintiff EPIC Companies Midwest 2023 LLC mraum@fredlaw.com, mraum@fredlaw.com;dtaylor@fredlaw.com

Michael S Raum
on behalf of Debtor EOLA Capital LLC mraum@fredlaw.com, mraum@fredlaw.com;dtaylor@fredlaw.com

Michael S Raum
on behalf of Debtor EC West Fargo LLC mraum@fredlaw.com, mraum@fredlaw.com;dtaylor@fredlaw.com

Michael S Raum
on behalf of Plaintiff EPIC Companies Midwest LLC mraum@fredlaw.com, mraum@fredlaw.com;dtaylor@fredlaw.com

Michael S Raum

| | |
|---|---|
| | on behalf of Plaintiff EOLA Capital LLC mraum@fredlaw.com, mraum@fredlaw.com;dtaylor@fredlaw.com |
| Michael S Raum | |
| | on behalf of Debtor EPIC Companies Midwest LLC mraum@fredlaw.com, mraum@fredlaw.com;dtaylor@fredlaw.com |
| Michael S Raum | |
| | on behalf of Debtor EPIC Companies Midwest 2023 LLC mraum@fredlaw.com, mraum@fredlaw.com;dtaylor@fredlaw.com |
| Michael S Raum | |
| | on behalf of Debtor EPIC Employee LLC mraum@fredlaw.com, mraum@fredlaw.com;dtaylor@fredlaw.com |
| Peter B. Hankla | |
| | on behalf of Interested Party Randy and Dorothy Henke phankla@mcgeelaw.com |
| Randall N. Sickler | |
| | on behalf of Creditor Robert W. Heim Revocable Living Trust rsickler@ndlaw.com pschiwal@ndlaw.com |
| Randall N. Sickler | |
| | on behalf of Creditor Rob and Joleen Heim rsickler@ndlaw.com pschiwal@ndlaw.com |
| Randall N. Sickler | |
| | on behalf of Creditor Darryl and Charlotte Heim rsickler@ndlaw.com pschiwal@ndlaw.com |
| Randall N. Sickler | |
| | on behalf of Creditor Robert W. & Joleen M. Heim TTE Heim RLT rsickler@ndlaw.com pschiwal@ndlaw.com |
| Richard P. Olson | |
| | on behalf of Creditor Essential Living Inc rpolsonecf@minotlaw.com rpolson@minotlaw.com |
| Richard P. Olson | |
| | on behalf of Creditor Bruce & Diane Walker rpolsonecf@minotlaw.com rpolson@minotlaw.com |
| Robert B. Raschke | |
| | USTPRegion12.SX.ECF@usdoj.gov |
| Robert G. Will | |
| | on behalf of Creditor Larry and Betty Ledene rwill@mcgeelaw.com rgwill_law@yahoo.com;will.robertb124953@notify.bestcase.com |
| Ryan G Quarne | |
| | on behalf of Creditor Bruce & Diane Walker rgquarne@minotlaw.com |
| Samantha Hanson-Lenn | |
| | on behalf of Creditor Committee Zach Frappier samantha.hansonlenn@stinson.com |
| Samantha Hanson-Lenn | |
| | on behalf of Creditor Committee Larry Dietz samantha.hansonlenn@stinson.com |
| Samantha Hanson-Lenn | |
| | on behalf of Creditor Committee Jim Johnson samantha.hansonlenn@stinson.com |
| Samantha Hanson-Lenn | |
| | on behalf of Creditor Committee William Altringer samantha.hansonlenn@stinson.com |
| Sara Diaz | |
| | on behalf of Creditor Loren Goeser sara@bulielaw.com ken@bulielaw.com;alan@bulielaw.com;traci@bulielaw.com;2787@notices.nextchapterbk.com;fargo@bulielaw.com |
| Sarah J. Wencil | |
| | on behalf of U.S. Trustee Robert B. Raschke sarah.j.wencil@usdoj.gov |
| Steven R Kinsella | |
| | on behalf of Plaintiff EPIC Companies Midwest 2023 LLC skinsella@fredlaw.com, sstallings@fredlaw.com;docketing@fredlaw.com |
| Steven R Kinsella | |
| | on behalf of Plaintiff EPIC Employee LLC skinsella@fredlaw.com, sstallings@fredlaw.com;docketing@fredlaw.com |
| Steven R Kinsella | |
| | on behalf of Debtor EPIC Companies Midwest LLC skinsella@fredlaw.com, sstallings@fredlaw.com;docketing@fredlaw.com |
| Steven R Kinsella | |
| | on behalf of Debtor EOLA Capital LLC skinsella@fredlaw.com, sstallings@fredlaw.com;docketing@fredlaw.com |
| Steven R Kinsella | |
| | on behalf of Plaintiff EC West Fargo LLC skinsella@fredlaw.com, sstallings@fredlaw.com;docketing@fredlaw.com |
| Steven R Kinsella | |
| | on behalf of Plaintiff EOLA Capital LLC skinsella@fredlaw.com, sstallings@fredlaw.com;docketing@fredlaw.com |
| Steven R Kinsella | |
| | on behalf of Debtor EC West Fargo LLC skinsella@fredlaw.com, sstallings@fredlaw.com;docketing@fredlaw.com |

| District/off: 0868-3 | User: admin | Page 6 of 6 |
|---|---|---|
| Date Rcvd: Aug 06, 2025 | Form ID: pdf2some | Total Noticed: 1 |

Steven R Kinsella
    on behalf of Debtor EPIC Employee  LLC skinsella@fredlaw.com, sstallings@fredlaw.com;docketing@fredlaw.com

Steven R Kinsella
    on behalf of Plaintiff EPIC Companies Midwest  LLC skinsella@fredlaw.com, sstallings@fredlaw.com;docketing@fredlaw.com

Steven R Kinsella
    on behalf of Debtor EPIC Companies Midwest 2023  LLC skinsella@fredlaw.com, sstallings@fredlaw.com;docketing@fredlaw.com

Thomas G. Wallrich
    on behalf of Defendant EPIC Holdings  LLC twallrich@cozen.com

Thomas G. Wallrich
    on behalf of Defendant EPIC Holdings II  LLC twallrich@cozen.com

Zenas Baer
    on behalf of Creditor Taracon Precast LLC zbaer@zbaer.com

Zoe Wieber
    on behalf of Creditor Lee Schaleben zoe@dwyerlawnd.com

Zoe Wieber
    on behalf of Creditor STC Flooring zoe@dwyerlawnd.com

TOTAL: 118

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NORTH DAKOTA**

| | |
|---|---|
| In re: | **Jointly Administered** |
| EPIC Companies Midwest, LLC, | Bankruptcy No. 24-30281 |
| EPIC Companies Midwest 2023, LLC, | Bankruptcy No. 24-30282 |
| EPIC Employee, LLC, | Bankruptcy No. 24-30283 |
| EOLA Capital, LLC, and | Bankruptcy No. 24-30284 |
| EC West Fargo, LLC, | Bankruptcy No. 24-30285 |
| Debtors. | |

**ORDER GRANTING DEBTORS' MOTION FOR SUBSTANTIVE COSOLIDATION AND CONFIRMING DEBTORS AMENDED CHAPTER 11 PLAN OF LIQUIDATION DATED JUNE 11, 2025**

Debtors filed their Amended Chapter 11 Plan of Liquidation on June 11, 2025. Doc. 366. They also filed an Amended Disclosure Statement in Support of Debtors' Amended Chapter 11 Plan of Liquidation. Doc. 367. The Court approved the Amended Disclosure Statement in its Order setting deadlines and scheduling a confirmation hearing. Doc. 369. The Order advised the parties of the time and place of the confirmation hearing and the procedures for objecting to and voting for or against the plan of liquidation. Doc. 369. Pursuant to this order, Debtors served their Amended Disclosure Statement, Amended Chapter 11 Plan of Liquidation, the Order and a ballot for accepting or rejecting the plan on June 24, 2025. Doc. 394. On the same day, Debtors also served a Motion for Substantive Consolidation of the Debtors' Assets, Liabilities, and Operations. Docs. 376, 394. Patrick Finn, Debtors' Chief Restructuring Officer and a partner of the Lighthouse Management Group, Inc., signed an affidavit verifying the facts included in the motion. Doc. 376 at 16.

The Court received no objections to the Amended Chapter 11 Plan of Liquidation or the Motion for Substantive Consolidation of the Debtors' Assets, Liabilities, and Operations. The United States Trustee filed a Reply of No Objection to the Amended

Chapter 11 Plan of Liquidation and the Motion for Substantive Consolidation of the Debtors' Assets, Liabilities, and Operations.  Doc. 419.

The Unsecured Creditors Committee filed a Response in Support of Debtors Amended Chapter 11 Plan of Liquidation.  Doc. 404.  The Committee supports confirmation of the Amended Chapter 11 Plan of Liquidation, maintaining that "the Amended Plan and its terms are in the best interest of all creditors and superior to alternatives known to the Committee at this time, including a Chapter 7 liquidation."  Doc. 404 at 3.  Likewise, the Committee raised no objection to Debtors' request to consolidate.  It noted that, "given the facts and surrounding circumstances, substantive consolidation is a reasonable and preferable solution to complete an equitable and more efficient and cost-effective liquidation and distribution of the Debtors' assets."  Id.

On August 1, 2025, Debtors filed a Chapter 11 ballot computation pertaining to the Amended Chapter 11 Plan of Liquidation.  See Doc. 425.  Debtors also filed an Addendum to Chapter 11 Computations, explaining their method of calculating the sum of the allowed claims that accepted the plan.  Doc. 425 at 2-3.  The ballot computation shows that unsecured creditors overwhelmingly voted to accept the plan.

For the reasons stated below and based on the contents of the Amended Chapter 11 Plan of Liquidation, Amended Disclosure Statement, Ballot Computation, and other pleadings filed in this case, the Court finds as follows.

## **FINDINGS OF FACT AND CONCLUSIONS OF LAW**

A.    The Court has jurisdiction over this matter and this case pursuant to 28 U.S.C. § 1334.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  Confirmation of the Plan is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(L), and this Court has jurisdiction and authority to enter a final order confirming a plan of liquidation.

2

B. Debtors properly served their Amended Chapter 11 Plan of Liquidation, Amended Disclosure Statement, confirmation hearing order, ballots, and Motion for Substantive Consolidation of the Debtors' Assets, Liabilities, and Operations.

C. Debtor solicited votes for acceptance and rejection of the Amended Plan in compliance with 11 U.S.C. §§ 1125 and 1126, Fed. R. Bankr. P. 3017 and 3018, the Disclosure Statement, and the Confirmation Hearing Order.

D. The Court received no objections to confirmation of the Amended Chapter 11 Plan of Liquidation or the Motion for Substantive Consolidation of the Debtors' Assets, Liabilities, and Operations.

E. In analyzing the propriety of substantive consolidation, the Court finds that Debtors are interrelated. They centralize operations such as accounting and management services, and they share common ownership through Holdings I and Holdings II. Many of their investors are the same. According to the verified motion, there were frequent transfers among Debtors and untangling these transfers would be time-consuming and expensive, without any clear benefit to Debtors' creditors.

The Court also finds that Debtors and their creditors will benefit from consolidation by avoiding significant costs associated with properly allocating assets and liabilities between Debtors. Similarly, substantive consolidation will eliminate claims that Debtors may assert against each other. Debtors maintain that consolidation will result in payment of a larger portion of creditors' claims due to the elimination of claims among Debtors and the costs of allocating assets and liabilities among them.

Conversely, there appears to be minimal harm to creditors arising from substantive consolidation. But for consolidation, creditors who arguably have a probability of recovering would be forced to wait for Debtors to untangle the interrelatedness and the costs of doing so will limit this recovery.

Additionally, the Court finds that failure to consolidate will prejudice creditors. Based on the interrelatedness of Debtors' financial transactions and ordinary course operations, there may be inter-debtor debts that will decrease recovery to creditors if paid. As noted above, the cost of separating the five bankruptcy cases will be substantial, which prejudices Debtors and their creditors. Finally, in their liquidation plan, Debtors propose equal distributions to creditors of all Debtors. If Debtors are compelled to allocate estate assets differently, the process will be delayed.

Accordingly, Debtors met their burden of showing cause for substantively consolidating Debtors' assets, liabilities and operations.

F. The Amended Chapter 11 Plan of Liquidation complies with applicable provisions of 11 U.S.C. § 1129, and the Court makes the following specific findings for each applicable provision:

  i. <u>11 U.S.C. § 1129(a)(1).</u> The Amended Chapter 11 Plan of Liquidation complies with applicable provisions of the Bankruptcy Code, including 11 U.S.C. §§ 1122, 1123 and 1126. The requirements of 11 U.S.C. § 1129(a)(1) are satisfied.

  ii. <u>11 U.S.C. § 1129(a)(2).</u> Debtors, as proponents of the plan, complied with all applicable provisions of the Bankruptcy Code and the Bankruptcy Rules, including the solicitation of acceptances and rejections of the plan. The requirements of 11 U.S.C. § 1129(a)(2) are satisfied.

  iii. <u>11 U.S.C. § 1129(a)(3).</u> Debtors proposed the Amended Chapter 11 Plan of Liquidation in good faith and not by any means forbidden by law. The requirements of 11 U.S.C. § 1129(a)(3) are satisfied.

  iv. <u>11 U.S.C. § 1129(a)(4).</u> The Amended Chapter 11 Plan of Liquidation provides that professional fees and expenses, as well as other allowed administrative expense claims, are subject to Court approval and will be paid in full

in cash as soon as reasonably practical following the later of: (i) the Effective Date; (ii) the due date; or (iii) the date the claim becomes Allowed; or (b) receive such other treatment as agreed in writing by the holder thereof or ordered by the Court. The requirements of 11 U.S.C. § 1129(a)(4) are satisfied.

    v.    <u>11 U.S.C. § 1129(a)(5).</u> Debtors disclosed the identity of the Liquidating Trustee and the members of the Liquidating Trust Advisory Committee Members. Pursuant to sections 5.2.7 and 5.2.8 of the Amended Chapter 11 Plan of Liquidation, no "insider" or "affiliate" (as those terms are defined in the Bankruptcy Code) shall serve as the Liquidating Trustee or as a member of the Liquidating Trust Advisory Committee. The requirements of 11 U.S.C. § 1129(a)(5) are satisfied.

    vi.    <u>11 U.S.C. § 1129(a)(6).</u> This section appears to be inapplicable in this case.

    vii.    <u>11 U.S.C. § 1129(a)(7).</u> Each holder of an allowed claim or interest has voted to accept the Plan or will receive under the Plan on account of such claim property of a value, as of the Effective Date, that is not less than the amount such holder would receive if Debtors were liquidated under chapter 7 of the Bankruptcy Code. The requirements of 11 U.S.C. § 1129(a)(7) are satisfied.

    viii.    <u>11 U.S.C. § 1129(a)(8).</u> Of the two classes entitled to vote, both accepted the Amended Chapter 11 Plan of Liquidation. Class 3, Class A Equity Claims, is impaired but not entitled to vote. Under the plan, this class was deemed to reject the plan. The requirements of 11 U.S.C. § 1129(a)(8) are not satisfied.

Although the Court finds that Class 3 did not accept the plan, this finding does not preclude confirmation because the Court also finds that the Amended Chapter 11 Plan of Liquidation satisfies 11 U.S.C. § 1129(b)(1).

ix.   **11 U.S.C. § 1129(a)(9).**  Article 3.1 of the Amended Chapter 11 Plan of Liquidation provides that priority unsecured claims shall be paid in full.  The requirements of 11 U.S.C. § 1129(a)(9) are satisfied.

x.   **11 U.S.C. § 1129(a)(10).**  Classes 1 and 2 are impaired classes that voted to accept the Amended Chapter 11 Plan of Liquidation.  Because at least one impaired class voted to accept the Plan, the requirements of 11 U.S.C. § 1129(a)(10) are satisfied.

xi.   **11 U.S.C. § 1129(a)(11).**   The Amended Chapter 11 Plan of Liquidation provides for liquidation of Debtors' assets.  The requirements of 11 U.S.C. § 1129(a)(11), to the extent they are applicable, are satisfied.

xii.   **11 U.S.C. § 1129(a)(12).**  Section 3.2 of the Amended Chapter 11 Plan of Liquidation provides that all fees payable under 28 U.S.C. §  1930 have been paid or will be paid on the Effective Date of the Plan.  The requirements of 11 U.S.C. § 1129(a)(12) are satisfied.

xiii.   **11 U.S.C. § 1129(a)(13).**  Debtors offer no "retiree benefits," as that term is defined by 11 U.S.C. § 1114(a).  Accordingly, 11 U.S.C. § 1129(a)(13) is inapplicable in this case.

xiv.   **11 U.S.C. § 1129(a)(14).**  11 U.S.C. § 1129(a)(14) is inapplicable in this case.

xv.   **11 U.S.C. § 1129(a)(15).**  Debtors are not individuals.  Consequently, 11 U.S.C. § 1129(a)(15) is inapplicable in this case.

xvi.   **11 U.S.C. § 1129(a)(16).**  This section is not applicable to Debtors, which are for-profit businesses.

xvii.   **11 U.S.C. § 1129(b).**  Although Class 3 did not accept the plan, the Court finds that the Amended Chapter 11 Plan of Liquidation satisfies 11 U.S.C. §

6

1129(b)(1) because it does not discriminate unfairly and is fair and equitable to Class 3.

    xviii.    <u>11 U.S.C. § 1129(c).</u>  The Amended Chapter 11 Plan of Liquidation is the only plan before the Court.

    xix.    <u>11 U.S.C. § 1129(d).</u>  No party in interest, including, but not limited to, any governmental unit, has requested that this Court deny confirmation of the Amended Chapter 11 Plan of Liquidation on grounds that the principal purpose of the Plan is "the avoidance of taxes or the avoidance of the application of section 5 of the Securities Act of 1933," and the principal purpose of the Plan is not tax avoidance.  Accordingly, the Amended Chapter 11 Plan of Liquidation satisfies the requirements of 11 U.S.C. § 1129(d).

    xx.    <u>11 U.S.C. 1129(e).</u>  This case is not a small business case.  Therefore, 11 U.S.C. § 1129(e) is inapplicable.

**Accordingly, IT IS ORDERED:**

1. Debtors Motion for Substantive Consolidation of the Debtors' Assets, Liabilities, and Operations [Doc. 376] is **GRANTED**.

2. The Amended Chapter 11 Plan of Liquidation [Doc. 366] is **CONFIRMED**.

3. <u>Notice of Entry of Confirmation Order and Occurrence of Effective Date.</u> The Effective Date shall occur not later than September 3, 2025.  After the occurrence of the Effective Date, Debtor shall file a notice of (a) entry of this Order and (b) the Effective Date with the Court and serve such notice on all creditors, the United States Trustee, and any other parties in interest.

4. This Order is a final order.

5. In accordance with Fed. R. Bankr. P. 3020(e), 6004(h), and 6006(d) and, notwithstanding any other provisions of the Bankruptcy Code or the Bankruptcy Rules,

this Order shall not be stayed and shall be effective and enforceable immediately upon entry.

      6.    Subject to applicable law, on and after the Effective Date, the Court shall retain jurisdiction over all matters arising out of or relating to this case and the Plan pursuant to 11 U.S.C. §§ 105(a) and 1142, including, without limitation, jurisdiction over those matters set forth in Article X of the Plan.

Dated: August 6, 2025.

*/s/ Shon Hastings*

Shon Hastings, Judge
United States Bankruptcy Court