**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NORTH DAKOTA**

| | |
|---|---|
| In re: | **Jointly Administered** |
| EPIC Companies Midwest, LLC, | Bankruptcy No. 24-30281 |
| EPIC Companies Midwest 2023, LLC, | Bankruptcy No. 24-30282 |
| EPIC Employee, LLC, | Bankruptcy No. 24-30283 |
| EOLA Capital, LLC, and | Bankruptcy No. 24-30284 |
| EC West Fargo, LLC, | Bankruptcy No. 24-30285 |
| Debtors. | Chapter 11 |
| EPIC Companies Midwest, LLC, EPIC Companies Midwest 2023, LLC, and EOLA Capital, LLC, | |
| Plaintiffs, | |
| v. | Adversary No. 25-07005 |
| LTC – The Lincoln, LLC, | |
| Defendant. | |

**LIQUIDATING TRUST'S NOTICE OF MOTION AND MOTION TO APPROVE SETTLEMENT**

1. The Liquidating Trust (the "Liquidating Trust") for EPIC Companies Midwest, LLC ("EPIC Midwest"), EPIC Companies Midwest 2023, LLC ("EPIC Midwest 2023"), EPIC Employee, LLC ("Employee"), EOLA Capital, LLC ("EOLA"), and EC West Fargo, LLC ("EC," and together with EPIC Midwest, EPIC Midwest 2023, Employee, and EOLA, the "Debtors") hereby moves the Court for an order pursuant to Fed. R. Bankr. P. 9019(a) approving a settlement between the Liquidating Trust, on behalf of the Debtors, and LTC – The Lincoln, LLC ("Lincoln").

2.      This Motion arises under 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 2002(a)(3) and 9019(a). This Motion is filed under Fed. R. Bankr. P. 9013, Local Rule 9013-1, and the Court's Order Establishing Settlement Procedures (ECF No. 123). Notice of this Motion is provided pursuant to the Court's Order Limiting Notice Pursuant to Fed. R. Bankr. P. 2002(i) (ECF No. 124).

3.      Between April 1, 2022 and May 4, 2024, Lincoln executed eleven promissory notes, each in favor of certain Debtors, with principal amounts totaling $570,000 (the "Notes").

4.      Between April 19, 2022 and April 25, 2024, the relevant Debtors transferred a total of $570,000 to Lincoln pursuant to the Notes (the "Transfers").

5.      The Notes required Lincoln to make monthly payments to the relevant Debtors in the form of interest, with rates ranging from 6.5% to 8.5% per annum.

6.      After July 31, 2024, Lincoln ceased making monthly payments to the relevant Debtors as required by the Notes.

7.      On February 17, 2025, the relevant Debtors commenced an adversary proceeding against Lincoln, Adv. No. 25-07005 (the "Adversary Proceeding"), alleging, among other things, that Lincoln breached the Notes and seeking to recover the Transfers. The relevant Debtors sought to recover a total amount in excess of $619,294 from Lincoln. On March 20, 2025, Lincoln filed an answer in the Adversary Proceeding asserting various affirmative defenses.

8.      Separately, the Debtors had informally raised potential claims against entities and persons related to Lincoln, including LOCO Partners, LLC and Clifford L. Otten, regarding approximately $75,000 loaned by certain Debtors to another related entity, LTC – The Falcon, LLC.

9. The parties engaged in good faith negotiations and ultimately reached an agreement to avoid litigating these issues.

10. To avoid the costs and uncertainties of litigation, Lincoln has offered to pay a total of $620,000 to the Liquidating Trust. In exchange for the $620,000 payment, the Liquidating Trust will deem all Lincoln's obligations under the Notes fully satisfied and will release Lincoln from liability. Further, the Liquidating Trust will release LOCO Partners, LLC and Clifford L. Otten from liability relating to the approximately $75,000 loaned by certain Debtors to LTC – The Falcon, LLC.

11. The Liquidating Trust believes that the costs of litigation will reduce the funds available to pay claims if the dispute is not settled and Lincoln is paying nearly all principal and interest owed under the Notes to date. Based on these circumstances, the Liquidating Trust believes the settlement is in the best interest of creditors.

12. The Liquidating Trust requests that the Court approve the settlement described herein pursuant to Fed. R. Bankr. P. 9019(a).

**13. Any objection to the Motion must be filed with the Clerk of the United States Bankruptcy Court, whose address is Quentin N. Burdick Courthouse, 655 First Avenue North, Suite 210, Fargo, North Dakota 58102, and served upon the attorney whose name and address is listed below, by Thursday, October 9, 2025, which is twenty-one (21) days from the date of the filing of this Motion. Any objections not filed and served may deemed waived and the Court may enter an order approving this settlement without further notice or hearing.**

| | |
|---|---|
| Dated: September 18, 2025 | */e/ Steven R. Kinsella* |
| | Michael S. Raum (#05676) |
| | **FREDRIKSON & BYRON, P.A.** |
| | 51 Broadway, Suite 400 |
| | Fargo, ND 58102-4991 |
| | 701.237.8200 |
| | mraum@fredlaw.com |
| | |
| | Steven R. Kinsella (#09514) |
| | Katherine A. Nixon (*pro hac vice* MN #0402772) |
| | **FREDRIKSON & BYRON, P.A.** |
| | 60 South 6th Street, Suite 1500 |
| | Minneapolis, MN 55402-4400 |
| | 612.492.7000 |
| | skinsella@fredlaw.com |
| | knixon@fredlaw.com |
| | |
| | **ATTORNEYS FOR THE LIQUIDATING TRUST** |

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| In re: | **Jointly Administered** |
| EPIC Companies Midwest, LLC, | Bankruptcy No. 24-30281 |
| EPIC Companies Midwest 2023, LLC, | Bankruptcy No. 24-30282 |
| EPIC Employee, LLC, | Bankruptcy No. 24-30283 |
| EOLA Capital, LLC, and | Bankruptcy No. 24-30284 |
| EC West Fargo, LLC, | Bankruptcy No. 24-30285 |
| Debtors. | Chapter 11 |
| EPIC Companies Midwest, LLC, EPIC Companies Midwest 2023, LLC, and EOLA Capital, LLC, | |
| Plaintiffs, | |
| v. | Adversary No. 25-07005 |
| LTC – The Lincoln, LLC, | |
| Defendant. | |

## ORDER

On September 17, 2025, the Liquidating Trust, on behalf of the Plaintiffs/Debtors, filed a motion seeking approval of a settlement. The Liquidating Trust served notice of the motion summarizing the settlement between the Liquidating Trust and LTC – The Lincoln, LLC. The Court received no objections. Based on the information provided by the Liquidating Trust on behalf of the Plaintiffs/Debtors and the documents filed in this case, the Court finds that the proposed settlement is fair and equitable, reflects a balance of the risks of litigation with potential recovery, and appears to be in the best interest of creditors. Therefore, **IT IS ORDERED** that the

Motion to Approve Settlement [Adversary No. 25-07005, Doc. __; Bankruptcy No. 24-30281, Doc. __] is **GRANTED** and the settlement is **APPROVED**.

Dated this ___ day of October, 2025.

_____
Shon Hastings, Judge
United States Bankruptcy Court

2