## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| In re: | **Jointly Administered** |
| EPIC Companies Midwest, LLC, | Bankruptcy No. 24-30281 |
| EPIC Companies Midwest 2023, LLC, | Bankruptcy No. 24-30282 |
| EPIC Employee, LLC, | Bankruptcy No. 24-30283 |
| EOLA Capital, LLC, and | Bankruptcy No. 24-30284 |
| EC West Fargo, LLC, | Bankruptcy No. 24-30285 |
| Debtors. | Chapter 11 |

| | |
|---|---|
| EOLA Capital, LLC, | |
| Plaintiff, | |
| v. | Adversary No. 25-07010 |
| The Tracks – Maverick, LLC, | |
| Defendant. | |

## EPIC LIQUIDATING TRUST'S NOTICE OF MOTION AND MOTION TO APPROVE SETTLEMENT

1. The EPIC Liquidating Trust (the "<u>Liquidating Trust</u>") for EPIC Companies Midwest, LLC ("<u>EPIC Midwest</u>"), EPIC Companies Midwest 2023, LLC ("<u>EPIC Midwest 2023</u>"), EPIC Employee, LLC ("<u>Employee</u>"), EOLA Capital, LLC ("<u>EOLA</u>"), and EC West Fargo, LLC ("<u>EC</u>," and together with EPIC Midwest, EPIC Midwest 2023, Employee, and EOLA, the "<u>Debtors</u>") hereby moves the Court for an order pursuant to Fed. R. Bankr. P. 9019(a) approving a settlement between the Liquidating Trust, on behalf of certain of the Debtors, and The Tracks – Maverick, LLC ("<u>Maverick</u>").

2. This Motion arises under 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 2002(a)(3) and 9019(a). This Motion is filed under Fed. R. Bankr. P. 9013, Local Rule 9013-1, and the Court's

Order Establishing Settlement Procedures (ECF No. 123). Notice of this Motion is provided pursuant to the Court's Order Limiting Notice Pursuant to Fed. R. Bankr. P. 2002(i) (ECF No. 124).

3.      Between February 15, 2022 and September 15, 2022, Maverick issued six promissory notes to EOLA, with principal amounts totaling $2,860,000 (the "Notes").

4.      Between February 23, 2022 and September 20, 2022, EOLA transferred a total of $2,860,000 to Maverick pursuant to the Notes (the "Transfers").

5.      The Notes required Maverick to make monthly payments to EOLA in the form of interest at a rate of 8.5% per annum.

6.      After May 31, 2024, Maverick ceased making monthly payments to EOLA as required by the Notes.

7.      On March 4, 2025, the EOLA commenced an adversary proceeding against Maverick, Adv. No. 25-07010 (the "Adversary Proceeding"), alleging, among other things, that Maverick breached the Notes and seeking to recover the Transfers. EOLA sought to recover a total amount in excess of $1,891,773.09 from Maverick.

8.      On April 3, 2025, Maverick filed an answer in the Adversary Proceeding asserting various affirmative defenses and contesting the validity of the Notes and the Transfers.

9.      The parties participated in mediation on June 30, 2025, engaged in good faith negotiations, and ultimately reached an agreement to avoid litigating these issues.

10.     To avoid the costs and uncertainties of litigation, Maverick will make a one-time payment of $250,000 to the Liquidating Trust by December 15, 2025 (or such other time as Lighthouse Management Group, Inc., as the Liquidating Trustee for the Liquidating Trust, may agree).

11.     In exchange for the one-time $250,000 payment, and assuming Maverick's full compliance with the agreement, the Liquidating Trust agrees to deem the Notes fully satisfied and to release Maverick from all claims, demands, liabilities, obligations, and causes of action relating to the Notes and the Transfers. The Liquidating Trust also agrees to disclaim any right, interest, claim, or other entitlement to any membership interest in Maverick.

12.     The Liquidating Trust believes that the costs of litigation will reduce the funds available to pay claims if the dispute is not settled and Maverick has asserted an inability to pay the Liquidating Trust the full amounts owed under the Notes. Based on these circumstances, the Liquidating Trust believes the settlement is in the best interest of creditors.

13.     The Liquidating Trust requests that the Court approve the settlement described herein pursuant to Fed. R. Bankr. P. 9019(a).

**14.     Any objection to the Motion must be filed with the Clerk of the United States Bankruptcy Court, whose address is Quentin N. Burdick Courthouse, 655 First Avenue North, Suite 210, Fargo, North Dakota 58102, and served upon the attorney whose name and address is listed below, by Wednesday, December 24, 2025, which is twenty-one (21) days from the date of the filing of this Motion. Any objections not filed and served may deemed waived and the Court may enter an order approving this settlement without further notice or hearing.**

Dated:  December 3, 2025

/e/ Steven R. Kinsella
Michael S. Raum (#05676)
**FREDRIKSON & BYRON, P.A.**
51 Broadway, Suite 400
Fargo, ND  58102-4991
701.237.8200
mraum@fredlaw.com

Steven R. Kinsella (#09514)
Katherine A. Nixon (*pro hac vice* MN #0402772)
**FREDRIKSON & BYRON, P.A.**
60 South 6th Street, Suite 1500
Minneapolis, MN  55402-4400
612.492.7000
skinsella@fredlaw.com
knixon@fredlaw.com

**ATTORNEYS  FOR  THE  EPIC  LIQUIDATING
TRUST**

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| In re: | **Jointly Administered** |
| | |
| EPIC Companies Midwest, LLC, | Bankruptcy No. 24-30281 |
| EPIC Companies Midwest 2023, LLC, | Bankruptcy No. 24-30282 |
| EPIC Employee, LLC, | Bankruptcy No. 24-30283 |
| EOLA Capital, LLC, and | Bankruptcy No. 24-30284 |
| EC West Fargo, LLC, | Bankruptcy No. 24-30285 |
| | |
| Debtors. | Chapter 11 |

EOLA Capital, LLC,

      Plaintiff,

v.                                    Adversary No. 25-07010

The Tracks – Maverick, LLC,

      Defendant.

## ORDER

On December 3, 2025, the EPIC Liquidating Trust, on behalf of the Plaintiff/Debtor, filed a motion seeking approval of a settlement. The EPIC Liquidating Trust provided notice of the motion summarizing the settlement between the EPIC Liquidating Trust and The Tracks – Maverick, LLC. The Court received no objections. Based on the information provided by the EPIC Liquidating Trust on behalf of the Plaintiff/Debtor and the documents filed in this case, the Court finds that the proposed settlement is fair and equitable, reflects a balance of the risks of litigation with potential recovery, and appears to be in the best interest of creditors. Therefore, **IT IS ORDERED** that the Motion to Approve Settlement [Adversary No. 25-07010, ECF No. __; Bankruptcy No. 24-30281, ECF No. __] is **GRANTED** and the settlement is **APPROVED**.

**BY THE COURT:**

Dated:

_____
William J. Fisher
United States Bankruptcy Judge