**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NORTH DAKOTA**

| | |
|---|---|
| In re: | Jointly Administered |
| EPIC Companies Midwest, LLC, | Bankruptcy No. 24-30281 |
| EPIC Companies Midwest 2023, LLC, | Bankruptcy No. 24-30282 |
| EPIC Employee, LLC, | Bankruptcy No. 24-30283 |
| EOLA Capital, LLC, and | Bankruptcy No. 24-30284 |
| EC West Fargo, LLC, | Bankruptcy No. 24-30285 |
| Debtors.[1] | Chapter 11 |

**LIGHTHOUSE MANAGEMENT GROUP, INC.'S SECOND OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY CLAIMS), AS LIQUIDATING TRUSTEE OF THE EPIC LIQUIDATING TRUST**

> **This is an objection to your claim. This objection asks the Court to disallow the claim you filed in this bankruptcy case. If you do not file a response, your claim may be disallowed without a hearing.**
>
> **Claimants receiving this objection should locate their names and claims as listed in <u>Exhibit A</u>.**

1. Lighthouse Management Group, Inc. (the "<u>Liquidating Trustee</u>"), as trustee of the EPIC Liquidating Trust (the "<u>Liquidating Trust</u>"), and on behalf of EPIC Companies Midwest, LLC, EPIC Companies Midwest 2023, LLC, EPIC Employee, LLC, EOLA Capital, LLC, and EC West Fargo, LLC (collectively, the "<u>Debtors</u>"), files this second omnibus objection (the "<u>Objection</u>") seeking entry of an order disallowing certain claims identified on **Exhibit A** (the

---

[1] In accordance with Fed. R. Bankr. P. 2002(n) and 1005 and 11 U.S.C. § 342(c), as applicable, the Debtors' address is c/o Lighthouse Management Group, Inc., 900 Long Lake Road, Suite 180, New Brighton, MN 55112 and their Employer Identification Numbers (EINs) are as follows: 83-2840705 (EPIC Companies Midwest, LLC), 88-3709518 (EPIC Companies Midwest 2023, LLC), 88-4112082 (EPIC Employee, LLC), 88-0554720 (EOLA Capital, LLC) and 82-5331354 (EC West Fargo, LLC).

1

"Contested Claims"), for which the Debtors, and now the Liquidating Trust, do not have any liability. Such claims appear to be against entities other than the Debtors.

2.  The Liquidating Trustee further seeks the Court's permission to proceed with the Objection as an omnibus objection under Fed. R. Bankr. P. 3007(c) and (d).

3.  In support of the Objection, the Liquidating Trustee respectfully states as follows:

## JURISDICTION

4.  The Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§ 157 and 1334 and Fed. R. Bankr. P. 5005. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

5.  On June 11, 2025, the Debtors filed a joint Amended Chapter 11 Plan of Liquidation. (ECF No. 366, the "Plan"). On August 6, 2025, the Court entered an order confirming the Plan and substantively consolidating the Debtors' assets, liabilities, and operations. (ECF No. 431.) Further, pursuant to the Plan, all assets of the Debtors were transferred to the Liquidating Trust as of August 21, 2025 (the "Effective Date"). (ECF No. 454.)

6.  Pursuant to Section 2.1.4 of the Plan, the Liquidating Trustee has the power to object to any claims (disputed or otherwise).

7.  Pursuant to Article X of the Plan, the Court retained jurisdiction to, among other things: (a) "[a]llow, disallow, determine, liquidate, reduce, classify, re-classify, estimate, or establish the priority or secured or unsecured status of any claim . . . and the resolution of any objections to the amount, allowance, priority, or classification of claims"; and (b) "[d]ecide or resolve any motions . . . contested or litigated matters, and any other matters . . . that may be pending on the Effective Date or brought thereafter."

8. This Objection arises under 11 U.S.C. §§ 105(a) and 502(b). This Objection is filed under Fed. R. Bankr. P. 9014 and 3007 and Local Rule 9014-1. Notice of this Objection is provided pursuant to the Federal Rules of Bankruptcy Procedure and the Notice and Service Requirements adopted pursuant to Local Rule 2002-1.

## BACKGROUND

9. On July 8, 2024, the Debtors filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). (ECF No. 1.)

10. The Office of the United States Trustee conducted the meeting of creditors under 11 U.S.C. § 341 on August 15, 2024. (ECF No. 19.)

11. Accordingly, pursuant to Local Rule 3003-1, the original deadline to file general proofs of claim was September 16, 2024. (*See also* ECF No. 19.)

12. On August 26, 2024, the Official Committee of Unsecured Creditors filed a motion to extend the deadline for filing general proofs of claim to October 31, 2024 (the "Bar Date"). (ECF No. 97.) The Court granted that motion on September 12, 2024. (ECF No. 106.)

13. To date, 246 proofs of claim have been filed against the Debtors.

14. Upon the passage of the Bar Date, confirmation of the Plan, and substantive consolidation of the Debtors' assets and liabilities, the Liquidating Trustee has worked diligently to review the proofs of claim, including any supporting documentation provided by the claimants.

15. The Liquidating Trustee has determined that the Contested Claims should be disallowed as the Debtors, and now the Liquidating Trust, do not have any liability for such claims. The claims appear to be against entities other than the Debtors.

16. The Liquidating Trustee also determined that it is most efficient to file this Objection as an omnibus objection to ensure the preservation of trust resources. Otherwise, the

3

Liquidating Trustee would be forced to file separate, individual objections on the same exact basis, resulting in additional administrative expenses.

## RELIEF REQUESTED

17. The Liquidating Trustee seeks entry of an order: (a) disallowing the Contested Claims identified on **Exhibit A** as the Debtors and the Liquidating Trust are not liable on such claims; and (b) permitting the use of an omnibus objection under Fed. R. Bankr. P. 3007(c) and (d).

## BASIS FOR RELIEF REQUESTED

18. Section 502(a) of the Bankruptcy Code provides, in relevant part, that "[a] claim . . ., proof of which is filed under section 501 of [the Bankruptcy Code], is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a).

19. Similarly, under Fed. R. Bankr. P. 3001(f), "[a] proof of claim signed and filed in accordance with [the Federal Rules of Bankruptcy Procedure] is prima facie evidence of the claim's validity and amount." *See also In re Sears*, 863 F.3d 973, 977 (8th Cir. 2017).

20. To overcome a claim's presumptive validity, the objecting party must produce evidence establishing that the claim fits within one of the exceptions in 11 U.S.C. § 502(b) such that the claim should be disallowed. *In re AFY, Inc.*, 463 B.R. 483, 488 (B.A.P. 8th Cir. 2012); *In re Dove-Nation*, 318 B.R. 147, 152 (B.A.P. 8th Cir. 2004).

21. Once evidence is produced by the objecting party, the claimant generally has the burden to prove its claim by a preponderance of the evidence. 9 Collier on Bankr. ¶ 3001.09[2] (16th ed. 2023).

22. Section 502(b) of the Bankruptcy Code provides:

(b) Except as provided in subsections (e)(2), (f), (g), (h) and (i) of this section, if such objection to a claim is made, the court, after notice and a hearing, shall

determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that—

(1) such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured . . .

11 U.S.C. § 502(b).

23. Federal Rule of Bankruptcy Procedure 3007(d) further provides certain grounds upon which "objections to more than one claim may be joined in an omnibus objection." Fed. R. Bankr. P. 3007(d). While Fed. R. Bankr. P. 3007(d) does not refer to claims in which a debtor does not have liability, Fed. R. Bankr. P. 3007(c) allows the Court to permit other grounds for omnibus objections.

24. As mentioned above, the Liquidating Trustee has worked diligently to review the proofs of claim, including any supporting documentation provided by the claimants. The Liquidating Trustee has determined that the Contested Claims identified on **Exhibit A** should be disallowed in their entirety on the basis that the Debtors, and now the Liquidating Trust, do not have any liability for such claims. Such claims appear to be against entities other than the Debtors.

25. Failure to disallow the Contested Claims could result in incorrect or unfair recoveries to the detriment of other creditors. Moreover, disallowance of the Contested Claims will result in a more accurate claims register.

## **CONCLUSION**

26. For the foregoing reasons, the Liquidating Trustee respectfully requests that the Court enter an order disallowing the Contested Claims identified on **Exhibit A**.

27. Pursuant to Fed. R. Bankr. P. 9006(d), this Objection is supported by the verification of facts in the Affidavit of Patrick Finn attached hereto.

5

28. A proposed order is included with this Objection.

29. Pursuant to Local Rule 9014-1(B), the Liquidating Trustee hereby gives notice that it may, if necessary, call Patrick Finn, a Partner at Lighthouse Management Group, Inc., whose business address is 900 Long Lake Road, Suite 180, New Brighton, Minnesota 55112, to testify regarding the facts set forth in the Objection.

30. No previous request for the relief sought herein has been made by the Liquidating Trustee to this or any other court.

**WHEREFORE**, the Liquidating Trustee respectfully requests that this Court enter an order:

A. Disallowing the Contested Claims identified on **Exhibit A**; and

B. Granting such other relief as the Court deems just and equitable.

Dated:  December 18, 2025         /e/ *Steven R. Kinsella*
                                  Michael S. Raum (#05676)
                                  **FREDRIKSON & BYRON, P.A.**
                                  51 Broadway, Suite 400
                                  Fargo, ND  58102-4991
                                  701.237.8200
                                  mraum@fredlaw.com

                                  Steven R. Kinsella (#09514)
                                  Katherine A. Nixon (*pro hac vice* MN #0402772)
                                  **FREDRIKSON & BYRON, P.A.**
                                  60 South 6th Street, Suite 1500
                                  Minneapolis, MN  55402-4400
                                  612.492.7000
                                  skinsella@fredlaw.com
                                  knixon@fredlaw.com

                                  **ATTORNEYS FOR LIQUIDATING TRUSTEE**

## **AFFIDAVIT**

I, Patrick Finn, am a Partner at Lighthouse Management Group, Inc., the Liquidating Trustee of the EPIC Liquidating Trust, and I declare under penalty of perjury that the facts set forth in the preceding objection are true and correct, according to the best of my knowledge, information, and belief.

Dated:  December 18, 2025         */s/ Patrick Finn*
                                                          Patrick Finn
                                                          Partner, Lighthouse Management Group, Inc.
                                                          Liquidating Trustee of the EPIC Liquidating Trust

**EXHIBIT A**

| **Claimant (Alphabetical Order)** | **Claim Objected To** | **Reason for Objection** | **Cross-Reference to Relevant Pages** |
|---|---|---|---|
| AMEX TRS Co., Inc. (Amex) | Claim 103 – EPIC Companies Midwest, LLC | No liability – claim not against Debtors | 1-6 of Objection |
| Herzog Roofing, Inc. | Claim 1 – EC West Fargo, LLC | No liability – claim not against Debtors | 1-6 of Objection |
| Mark and Teresa McGuigan | Claim 69 – EPIC Companies Midwest, LLC | No liability – claim not against Debtors | 1-6 of Objection |
| Midwest Glass and Door, Inc. | Claim 36 – EPIC Companies Midwest 2023, LLC | No liability – claim not against Debtors | 1-6 of Objection |
| Rent Group, Inc | Claim 132 – EPIC Companies Midwest, LLC | No liability – claim not against Debtors | 1-6 of Objection |
| Tyler Bay/Svetlana Peterson | Claim 35 – EPIC Companies Midwest 2023, LLC | No liability – claim not against Debtors | 1-6 of Objection |
| Uline | Claim 5 – EPIC Companies Midwest, LLC | No liability – claim not against Debtors | 1-6 of Objection |

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| In re: | Jointly Administered |
| EPIC Companies Midwest, LLC, | Bankruptcy No. 24-30281 |
| EPIC Companies Midwest 2023, LLC, | Bankruptcy No. 24-30282 |
| EPIC Employee, LLC, | Bankruptcy No. 24-30283 |
| EOLA Capital, LLC, and | Bankruptcy No. 24-30284 |
| EC West Fargo, LLC, | Bankruptcy No. 24-30285 |
| Debtors. | Chapter 11 |

**ORDER SUSTAINING LIGHTHOUSE MANAGEMENT GROUP, INC.'S SECOND OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY CLAIMS), AS LIQUIDATING TRUSTEE OF THE EPIC LIQUIDATING TRUST**

On December 18, 2025, Lighthouse Management Group, Inc., as the Liquidating Trustee for the EPIC Liquidating Trust (the "Liquidating Trustee"), filed its second omnibus objection to certain claims on the basis that the Debtors, and now the EPIC Liquidating Trust, are not liable for such claims as such claims appear to be against other entities. (Doc. __.) The Liquidating Trustee properly served the objection and notice of the hearing on the objection. (Doc. __.) The Court did not receive any responses to the objection. Based on the record before the Court, the Court finds that sustaining the objection is in the best interest of the EPIC Liquidating Trust and its creditors. Therefore, **IT IS ORDERED**:

1. The objection (Doc. __) is **SUSTAINED**.

2. Pursuant to Fed. R. Bankr. P. 3007(c) and (d), the objection is proper as an omnibus objection.

3. Each claim identified below is **DISALLOWED** in its entirety for all purposes:

| **Claimant** | **Disallowed, No Liability Claim** |
|---|---|
| AMEX TRS Co., Inc. (Amex) | Claim 103 – EPIC Companies Midwest, LLC |

| **Claimant** | **Disallowed, No Liability Claim** |
|---|---|
| Herzog Roofing, Inc. | Claim 1 – EC West Fargo, LLC |
| Mark and Teresa McGuigan | Claim 69 – EPIC Companies Midwest, LLC |
| Midwest Glass and Door, Inc. | Claim 36 – EPIC Companies Midwest 2023, LLC |
| Rent Group, Inc | Claim 132 – EPIC Companies Midwest, LLC |
| Tyler Bay/Svetlana Peterson | Claim 35 – EPIC Companies Midwest 2023, LLC |
| Uline | Claim 5 – EPIC Companies Midwest, LLC |

4. This order is immediately effective and enforceable upon its entry.

5. The Liquidating Trustee is authorized to take all actions necessary to effectuate the relief granted in this order.

6. The Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this order.


Dated this ___ day of January, 2026.

_____
Shon Hastings, Judge
United States Bankruptcy Court