UNITED STATES BANKRUPTCY COURT
DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| In re: | Jointly Administered |
| EPIC Companies Midwest, LLC, | Bankruptcy No. 24-30281 |
| EPIC Companies Midwest 2023, LLC, | Bankruptcy No. 24-30282 |
| EPIC Employee, LLC, | Bankruptcy No. 24-30283 |
| EOLA Capital, LLC, and | Bankruptcy No. 24-30284 |
| EC West Fargo, LLC, | Bankruptcy No. 24-30285 |
| Debtors.[1] | Chapter 11 |

**LIGHTHOUSE MANAGEMENT GROUP, INC.'S THIRD OMNIBUS OBJECTION TO CLAIMS (INSIDER CLAIMS), AS LIQUIDATING TRUSTEE OF THE EPIC LIQUIDATING TRUST**

> **This is an objection to your claim. This objection asks the Court to disallow the claim you filed in this bankruptcy case. If you do not file a response, your claim may be disallowed without a hearing.**
>
> **Claimants receiving this objection should locate their names and claims as listed in <u>Exhibit A</u>.**

1. Lighthouse Management Group, Inc. (the "<u>Liquidating Trustee</u>"), as trustee of the EPIC Liquidating Trust (the "<u>Liquidating Trust</u>"), and on behalf of EPIC Companies Midwest, LLC, EPIC Companies Midwest 2023, LLC, EPIC Employee, LLC, EOLA Capital, LLC, and EC West Fargo, LLC (collectively, the "<u>Debtors</u>"), files this third omnibus objection (the "<u>Objection</u>") seeking entry of an order disallowing certain claims identified on **<u>Exhibit A</u>** (the "<u>Contested Claims</u>"), all of which belong to certain "insiders." *See* 11 U.S.C. § 101(31).

---

[1] In accordance with Fed. R. Bankr. P. 2002(n) and 1005 and 11 U.S.C. § 342(c), as applicable, the Debtors' address is c/o Lighthouse Management Group, Inc., 900 Long Lake Road, Suite 180, New Brighton, MN 55112 and their Employer Identification Numbers (EINs) are as follows: 83-2840705 (EPIC Companies Midwest, LLC), 88-3709518 (EPIC Companies Midwest 2023, LLC), 88-4112082 (EPIC Employee, LLC), 88-0554720 (EOLA Capital, LLC) and 82-5331354 (EC West Fargo, LLC).

1

2. The Liquidating Trustee further seeks the Court's permission to proceed with the Objection as an omnibus objection under Fed. R. Bankr. P. 3007(c) and (d).

3. In support of the Objection, the Liquidating Trustee respectfully states as follows:

## JURISDICTION

4. The Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§ 157 and 1334 and Fed. R. Bankr. P. 5005. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

5. On June 11, 2025, the Debtors filed a joint Amended Chapter 11 Plan of Liquidation. (ECF No. 366, the "Plan"). On August 6, 2025, the Court entered an order confirming the Plan and substantively consolidating the Debtors' assets, liabilities, and operations. (ECF No. 431.) Further, pursuant to the Plan, all assets of the Debtors were transferred to the Liquidating Trust as of August 21, 2025 (the "Effective Date"). (ECF No. 454.)

6. Pursuant to Section 2.1.4 of the Plan, the Liquidating Trustee has the power to object to any claims (disputed or otherwise).

7. Pursuant to Article X of the Plan, the Court retained jurisdiction to, among other things: (a) "[a]llow, disallow, determine, liquidate, reduce, classify, re-classify, estimate, or establish the priority or secured or unsecured status of any claim . . . and the resolution of any objections to the amount, allowance, priority, or classification of claims"; and (b) "[d]ecide or resolve any motions . . . contested or litigated matters, and any other matters . . . that may be pending on the Effective Date or brought thereafter."

8. This Objection arises under 11 U.S.C. §§ 105(a) and 502(b). This Objection is filed under Fed. R. Bankr. P. 9014 and 3007 and Local Rule 9014-1. Notice of this Objection is provided

2

pursuant to the Federal Rules of Bankruptcy Procedure and the Notice and Service Requirements adopted pursuant to Local Rule 2002-1.

## BACKGROUND

9. On July 8, 2024 (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). (ECF No. 1.)

10. The Office of the United States Trustee conducted the meeting of creditors under 11 U.S.C. § 341 on August 15, 2024. (ECF No. 19.)

11. Accordingly, pursuant to Local Rule 3003-1, the original deadline to file general proofs of claim was September 16, 2024. (*See also* ECF No. 19.)

12. On August 26, 2024, the Official Committee of Unsecured Creditors filed a motion to extend the deadline for filing general proofs of claim to October 31, 2024 (the "Bar Date"). (ECF No. 97.) The Court granted that motion on September 12, 2024. (ECF No. 106.)

13. To date, 246 proofs of claim have been filed against the Debtors.

14. Upon the passage of the Bar Date, confirmation of the Plan, and substantive consolidation of the Debtors' assets and liabilities, the Liquidating Trustee has worked diligently to review claims, including any supporting documentation provided by the claimants.

15. The Liquidating Trustee has determined that the Contested Claims should be disallowed as they belong to certain "insiders." *See* 11 U.S.C. § 101(31); *In re Longview Aluminum, L.L.C.*, 657 F.3d 507, 511 (7th Cir. 2011) (applying the definition of "insider" in the context of a limited liability company).

16. Five of the Contested Claims were only listed on Schedule F for EPIC Companies Midwest 2023, LLC and EPIC Companies Midwest, LLC, and do not have corresponding proofs of claim:

| Name of Claimant | Debtor | Doc. No., Page No., Line No. | Amount | Basis for Claim |
|---|---|---|---|---|
| Liberty Development, LLC | EPIC Companies Midwest 2023, LLC 24-30282 | Doc. 24, Page 16 of 35, Line 3.45 | $170,000 | Investment Creditor |
| M&S Concessions, LLC | EPIC Companies Midwest 2023, LLC 24-30282 | Doc. 24, Page 17 of 35, Line 3.48 | $100,000 | Investment Creditor |
| Todd & Carolyn Berning | EPIC Companies Midwest, LLC 24-30281 | Doc. 37, Page 28 of 44, Line 3.112 | $110,000 | Investment Creditor |
| Todd Berning | EPIC Companies Midwest, LLC 24-30281 | Doc. 37, Page 28 of 44, Line 3.113 | $5,000 | Investment Creditor |
| TrayKeen LLC | EPIC Companies Midwest, LLC 24-30281 | Doc. 37, Page 28 of 44, Line 3.117 | $5,000 | Investment Creditor |

(the "Scheduled Claims"). The relevant schedule pages for the Scheduled Claims are attached as **Exhibit B**.

17. At the time of filing the original schedules and statements for the Debtors, the Chief Restructuring Officer, which is now the Liquidating Trustee, was still reviewing the Debtors' voluminous books and records. Therefore, the Scheduled Claims were not marked as "disputed" when the Debtors' schedules and statements were originally filed on July 22, 2024—just 14 days after the Petition Date.

18. However, the Liquidating Trustee has since discovered the extent of the involvement of the individuals and entities with the Scheduled Claims in the Debtors' prior operations. Todd Berning was an officer of the Debtors and a person in control of the Debtors. 11 U.S.C. § 101(31)(B)(ii)–(iii). Carolyn Berning is his ex-wife. *Id.* § 101(31)(B)(vi). Todd Berning was an officer, originating member, and board member of Liberty Development, LLC. *In re Longview Aluminum, L.L.C.*, 657 F.3d at 509 ("It is well established that the definition of insider is not an exhaustive list[.]"). Todd Berning was also the president of TrayKeen LLC and his son,

4

Keenen Berning, was an originating member. *Id.* Lastly, M&S Concessions, LLC, which is actually M&S Concessions, Inc., is an affiliate of the Debtors. 11 U.S.C. § 101(31)(E).

19. Regarding the remainder of the Contested Claims, which do have corresponding proofs of claim, there are similar relationships at issue. Mary Berning is Todd Berning's mother. *Id.* § 101(31)(B)(vi). Essential Living Inc. is partially owned (33%) by Todd Berning. And, finally, Kyle Pender has a membership interest in 7 Mile Holdings, LLC. Kyle Pender, of Montgomery & Pender, helped form the Debtors and serves as an officer for various affiliates of the Debtors. *See id.* § 101(31)(E).

20. Given the relationships of these individuals and entities to the Debtors, they should not be allowed to recover from the Liquidating Trust based on fundamental principles of fairness, as further discussed below.

21. The Liquidating Trustee further determined that it is most efficient to file this Objection as an omnibus objection to ensure the preservation of trust resources. Otherwise, the Liquidating Trustee would be forced to file separate, individual objections on the same exact basis, resulting in additional administrative expenses.

## RELIEF REQUESTED

22. The Liquidating Trustee seeks entry of an order: (a) disallowing the Contested Claims identified on **Exhibit A** as "insider" claims; and (b) permitting the use of an omnibus objection under Fed. R. Bankr. P. 3007(c) and (d).

## BASIS FOR RELIEF REQUESTED

23. Under Section 501 of the Bankruptcy Code, a proof of claim is deemed to have been filed where that claim appears in a debtor's schedules. 11 U.S.C. § 1111(a).

5

24. Section 502(a) of the Bankruptcy Code provides, in relevant part, that "[a] claim . . ., proof of which is filed under section 501 of [the Bankruptcy Code], is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a).

25. Similarly, under Fed. R. Bankr. P. 3001(f), "[a] proof of claim signed and filed in accordance with [the Federal Rules of Bankruptcy Procedure] is prima facie evidence of the claim's validity and amount." *See also In re Sears*, 863 F.3d 973, 977 (8th Cir. 2017).

26. To overcome a claim's presumptive validity, the objecting party must produce evidence establishing that the claim fits within one of the exceptions in 11 U.S.C. § 502(b) such that the claim should be disallowed. *In re AFY, Inc.*, 463 B.R. 483, 488 (B.A.P. 8th Cir. 2012); *In re Dove-Nation*, 318 B.R. 147, 152 (B.A.P. 8th Cir. 2004).

27. Once evidence is produced by the objecting party, the claimant generally has the burden to prove its claim by a preponderance of the evidence. 9 Collier on Bankr. ¶ 3001.09[2] (16th ed. 2023).

28. Section 502(b) of the Bankruptcy Code provides:

(b) Except as provided in subsections (e)(2), (f), (g), (h) and (i) of this section, if such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that—

   (1) such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured . . .

11 U.S.C. § 502(b).

29. Federal Rule of Bankruptcy Procedure 3007(d) further provides certain grounds upon which "objections to more than one claim may be joined in an omnibus objection." Fed. R.

6

Bankr. P. 3007(d). While Fed. R. Bankr. P. 3007(d) does not refer to "insider" claims, Fed. R. Bankr. P. 3007(c) allows the Court to permit other grounds for omnibus objections.

30. As mentioned above, the Liquidating Trustee has worked diligently to review the claims, including any supporting documentation provided by the claimants. The Liquidating Trustee has determined that the Contested Claims identified on **Exhibit A** should be disallowed in their entirety on the basis that they are "insider" claims. Fundamental principles of fairness require that the Contested Claims be disallowed.

31. The United States Supreme Court has held that a bankruptcy court does not need to give "insider" claims "*pari passu* treatment with the claims of other creditors." *Pepper v. Litton*, 308 U.S. 295, 306 (1939). Their "disallowance or subordination may be necessitated by certain cardinal principles of equity jurisprudence." *Id.*; *In re Longview Aluminum, L.L.C.*, 657 F.3d at 510 ("We thus not only look to the individual's title, but also his relationship to the company.").

32. Here, Todd Berning and Kyle Pender were at the center of the formation, management, and operation of the Debtors prior to the Petition Date. Neither they, their relatives, nor any of their entities should be permitted to recover from the Liquidating Trust given the failure of the Debtors and the resulting negative impact on hundreds of individual investors.

33. The fact that some of the Contested Claims were since transferred is of no consequence. *See In re Snyder*, 436 B.R. 81, 90 (Bankr. C.D. Ill. 2010) ("As a general rule, the purchaser of a claim against a debtor in bankruptcy steps into the shoes of the claim seller, enjoying the same benefits, but suffering the same limitations of the claim, as a successor in interest to the seller's position.").

34. Failure to disallow the Contested Claims could result in unfair recoveries to the detriment of other creditors. Moreover, disallowance of the Contested Claims will result in a more accurate claims register.

## **CONCLUSION**

35. For the foregoing reasons, the Liquidating Trustee respectfully requests that the Court enter an order disallowing the Contested Claims identified on **Exhibit A**.

36. Pursuant to Fed. R. Bankr. P. 9006(d), this Objection is supported by the verification of facts in the Affidavit of Patrick Finn attached hereto.

37. A proposed order is included with this Objection.

38. Pursuant to Local Rule 9014-1(B), the Liquidating Trustee hereby gives notice that it may, if necessary, call Patrick Finn, a Partner at Lighthouse Management Group, Inc., whose business address is 900 Long Lake Road, Suite 180, New Brighton, Minnesota 55112, to testify regarding the facts set forth in the Objection.

39. No previous request for the relief sought herein has been made by the Liquidating Trustee to this or any other court.

**WHEREFORE**, the Liquidating Trustee respectfully requests that this Court enter an order:

A. Disallowing the Contested Claims identified on **Exhibit A**; and

B. Granting such other relief as the Court deems just and equitable.

8

| | |
|---|---|
| Dated:  December 18, 2025 | /e/ *Steven R. Kinsella* |
| | Michael S. Raum (#05676) |
| | **FREDRIKSON & BYRON, P.A.** |
| | 51 Broadway, Suite 400 |
| | Fargo, ND  58102-4991 |
| | 701.237.8200 |
| | mraum@fredlaw.com |
| | |
| | Steven R. Kinsella (#09514) |
| | Katherine A. Nixon (*pro hac vice* MN #0402772) |
| | **FREDRIKSON & BYRON, P.A.** |
| | 60 South 6th Street, Suite 1500 |
| | Minneapolis, MN  55402-4400 |
| | 612.492.7000 |
| | skinsella@fredlaw.com |
| | knixon@fredlaw.com |
| | |
| | **ATTORNEYS FOR LIQUIDATING TRUSTEE** |

1

## AFFIDAVIT

I, Patrick Finn, am a Partner at Lighthouse Management Group, Inc., the Liquidating Trustee of the EPIC Liquidating Trust, and I declare under penalty of perjury that the facts set forth in the preceding objection are true and correct, according to the best of my knowledge, information, and belief.

Dated: December 18, 2025         */s/ Patrick Finn*
                                 Patrick Finn
                                 Partner, Lighthouse Management Group, Inc.
                                 Liquidating Trustee of the EPIC Liquidating Trust

# EXHIBIT A

## Proofs of Claim

| Claimant (Alphabetical Order) | Claim Objected To | Reason for Objection | Cross-Reference to Relevant Pages |
|---|---|---|---|
| Argo Partners (previously Essential Living Inc.) | Claim 4 – EPIC Companies Midwest 2023, LLC | "Insider" claim | 1-9 of Objection |
| Hain Capital Investors Master Fund, Ltd. (previously 7 Mile Holdings, LLC) | Claim 1 – EOLA Capital, LLC | "Insider" claim | 1-9 of Objection |
| Mary Berning | Claim 56 – EPIC Companies Midwest 2023, LLC | "Insider" claim | 1-9 of Objection |

## Scheduled Claims

| Claimant (Alphabetical Order) | Debtor | Claim Objected To | Reason for Objection | Cross-Reference to Relevant Pages |
|---|---|---|---|---|
| Liberty Development, LLC | EPIC Companies Midwest 2023, LLC 24-30282 | Doc. 24, Page 16 of 35, Line 3.45 | "Insider" claim | 1-9 of Objection |
| M&S Concessions, LLC | EPIC Companies Midwest 2023, LLC 24-30282 | Doc. 24, Page 17 of 35, Line 3.48 | "Insider" claim | 1-9 of Objection |
| Todd & Carolyn Berning | EPIC Companies Midwest, LLC 24-30281 | Doc. 37, Page 28 of 44, Line 3.112 | "Insider" claim | 1-9 of Objection |
| Todd Berning | EPIC Companies Midwest, LLC 24-30281 | Doc. 37, Page 28 of 44, Line 3.113 | "Insider" claim | 1-9 of Objection |
| TrayKeen LLC | EPIC Companies Midwest, LLC 24-30281 | Doc. 37, Page 28 of 44, Line 3.117 | "Insider" claim | 1-9 of Objection |

## **EXHIBIT B**

| Debtor | EPIC Companies Midwest, LLC | Case number (if known) | 24-30281 |
|---|---|---|---|

| | | |
|---|---|---|
| 3.111 | **Nonpriority creditor's name and mailing address**<br>Taracon<br>Cornelius Wipf<br>6189 170th S N<br>Hawley, MN 56549<br>**Date(s) debt was incurred** _<br>**Last 4 digits of account number** _ | **As of the petition filing date, the claim is:** *Check all that apply.*    $200,000.00<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br>**Basis for the claim:** Investment Creditor<br>Is the claim subject to offset?  ■ No   ☐ Yes |
| 3.112 | **Nonpriority creditor's name and mailing address**<br>Todd & Carolyn Berning<br>2302 10th St W<br>West Fargo, ND 58078<br>**Date(s) debt was incurred** _<br>**Last 4 digits of account number** _ | **As of the petition filing date, the claim is:** *Check all that apply.*    $110,000.00<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br>**Basis for the claim:** Investment Creditor<br>Is the claim subject to offset?  ■ No   ☐ Yes |
| 3.113 | **Nonpriority creditor's name and mailing address**<br>Todd Berning<br>2302 10th St W<br>West Fargo, ND 58078<br>**Date(s) debt was incurred** _<br>**Last 4 digits of account number** _ | **As of the petition filing date, the claim is:** *Check all that apply.*    $25,000.00<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br>**Basis for the claim:** Investment Creditor<br>Is the claim subject to offset?  ■ No   ☐ Yes |
| 3.114 | **Nonpriority creditor's name and mailing address**<br>Tom & Becky Hauge<br>8765 60th Ave. SW<br>Carson, ND 58529<br>**Date(s) debt was incurred** _<br>**Last 4 digits of account number** _ | **As of the petition filing date, the claim is:** *Check all that apply.*    $250,000.00<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br>**Basis for the claim:** Investment Creditor<br>Is the claim subject to offset?  ■ No   ☐ Yes |
| 3.115 | **Nonpriority creditor's name and mailing address**<br>Travis & Taasha Zerface<br>2638 5th Court West<br>West Fargo, ND 58078<br>**Date(s) debt was incurred** _<br>**Last 4 digits of account number** _ | **As of the petition filing date, the claim is:** *Check all that apply.*    $25,000.00<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br>**Basis for the claim:** Investment Creditor<br>Is the claim subject to offset?  ■ No   ☐ Yes |
| 3.116 | **Nonpriority creditor's name and mailing address**<br>Travis Klein<br>6201 121st Ave. SE<br>Minot, ND 58701<br>**Date(s) debt was incurred** _<br>**Last 4 digits of account number** _ | **As of the petition filing date, the claim is:** *Check all that apply.*    $11,291.23<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br>**Basis for the claim:** Investment Creditor<br>Is the claim subject to offset?  ■ No   ☐ Yes |
| 3.117 | **Nonpriority creditor's name and mailing address**<br>TrayKeen LLC<br>Todd Berning<br>2302 10th St W<br>West Fargo, ND 58078<br>**Date(s) debt was incurred** _<br>**Last 4 digits of account number** _ | **As of the petition filing date, the claim is:** *Check all that apply.*    $5,000.00<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br>**Basis for the claim:** Investment Creditor<br>Is the claim subject to offset?  ■ No   ☐ Yes |

Debtor  **EPIC Companies Midwest 2023, LLC**          Case number (if known)  24-30282
         Name

| 3.41 | **Nonpriority creditor's name and mailing address**<br>Larry & Betty Ledene<br>PO Box 155<br>Powers Lake, ND 58773<br>**Date(s) debt was incurred** _<br>**Last 4 digits of account number** _ | **As of the petition filing date, the claim is:** Check all that apply.<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br>**Basis for the claim:** Investment Creditor<br>Is the claim subject to offset? ■ No ☐ Yes | $200,000.00 |
|---|---|---|---|
| 3.42 | **Nonpriority creditor's name and mailing address**<br>Larry & Letitia Johnson<br>603 3rd Ave NE<br>Jamestown, ND 58401<br>**Date(s) debt was incurred** _<br>**Last 4 digits of account number** _ | **As of the petition filing date, the claim is:** Check all that apply.<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br>**Basis for the claim:** Investment Creditor<br>Is the claim subject to offset? ■ No ☐ Yes | $80,000.00 |
| 3.43 | **Nonpriority creditor's name and mailing address**<br>Larry Senechal<br>4574 4th Ave NE<br>Balfour, ND 58712<br>**Date(s) debt was incurred** _<br>**Last 4 digits of account number** _ | **As of the petition filing date, the claim is:** Check all that apply.<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br>**Basis for the claim:** Investment Creditor<br>Is the claim subject to offset? ■ No ☐ Yes | $50,000.00 |
| 3.44 | **Nonpriority creditor's name and mailing address**<br>Leon or Janell Vandeberg<br>2114 16th Court W<br>Williston, ND 58801<br>**Date(s) debt was incurred** _<br>**Last 4 digits of account number** _ | **As of the petition filing date, the claim is:** Check all that apply.<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br>**Basis for the claim:** Investment Creditor<br>Is the claim subject to offset? ■ No ☐ Yes | $500,000.00 |
| 3.45 | **Nonpriority creditor's name and mailing address**<br>Liberty Development, LLC<br>Vicki Campbell<br>400 10th Street SE<br>Minot, ND 58701<br>**Date(s) debt was incurred** _<br>**Last 4 digits of account number** _ | **As of the petition filing date, the claim is:** Check all that apply.<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br>**Basis for the claim:** Investment Creditor<br>Is the claim subject to offset? ■ No ☐ Yes | $170,000.00 |
| 3.46 | **Nonpriority creditor's name and mailing address**<br>Lonnie & Mary Hass<br>1909 9th Street N<br>Fargo, ND 58102<br>**Date(s) debt was incurred** _<br>**Last 4 digits of account number** _ | **As of the petition filing date, the claim is:** Check all that apply.<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br>**Basis for the claim:** Investment Creditor<br>Is the claim subject to offset? ■ No ☐ Yes | $30,000.00 |
| 3.47 | **Nonpriority creditor's name and mailing address**<br>Loren Goeser<br>8951 79th Ave NE<br>Munich, ND 58352<br>**Date(s) debt was incurred** _<br>**Last 4 digits of account number** _ | **As of the petition filing date, the claim is:** Check all that apply.<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br>**Basis for the claim:** Investment Creditor<br>Is the claim subject to offset? ■ No ☐ Yes | $598,276.00 |

| Debtor | EPIC Companies Midwest 2023, LLC | Case number (if known) | 24-30282 |
|---|---|---|---|
| | Name | | |

### 3.48
**Nonpriority creditor's name and mailing address**
M&S Concessions, LLC
Vicki Campbell
400 10th Street SE
Minot, ND 58701

**Date(s) debt was incurred** _
**Last 4 digits of account number** _

**As of the petition filing date, the claim is:** Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:** Investment Creditor

Is the claim subject to offset? ■ No ☐ Yes

$100,000.00

### 3.49
**Nonpriority creditor's name and mailing address**
Mark & Terese Ahmann
9426 Large Court NE
Ostego, MN 55330

**Date(s) debt was incurred** _
**Last 4 digits of account number** _

**As of the petition filing date, the claim is:** Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:** Investment Creditor

Is the claim subject to offset? ■ No ☐ Yes

$140,000.00

### 3.50
**Nonpriority creditor's name and mailing address**
Mary Berning
1223 15th Ave Sw
Minot, MN 58701

**Date(s) debt was incurred** _
**Last 4 digits of account number** _

**As of the petition filing date, the claim is:** Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:** Investment Creditor

Is the claim subject to offset? ■ No ☐ Yes

$100,000.00

### 3.51
**Nonpriority creditor's name and mailing address**
Mason Morelli
1624 Apple Way
Minot, ND 58701

**Date(s) debt was incurred** _
**Last 4 digits of account number** _

**As of the petition filing date, the claim is:** Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:** Investment Creditor

Is the claim subject to offset? ■ No ☐ Yes

$52,336.00

### 3.52
**Nonpriority creditor's name and mailing address**
Matthew & Kelly Morelli
1624 Apple Way
Minot, ND 58701

**Date(s) debt was incurred** _
**Last 4 digits of account number** _

**As of the petition filing date, the claim is:** Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:** Investment Creditor

Is the claim subject to offset? ■ No ☐ Yes

$54,672.00

### 3.53
**Nonpriority creditor's name and mailing address**
Matthew & Kelly Morelli
1624 Apple Way
Minot, ND 58701

**Date(s) debt was incurred** _
**Last 4 digits of account number** _

**As of the petition filing date, the claim is:** Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:** Investment Creditor

Is the claim subject to offset? ■ No ☐ Yes

$50,208.00

### 3.54
**Nonpriority creditor's name and mailing address**
Michael & Nadine Schutz
9039 Parkside Drive
Woodbury, MN 55125

**Date(s) debt was incurred** _
**Last 4 digits of account number** _

**As of the petition filing date, the claim is:** Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:** Investment Creditor

Is the claim subject to offset? ■ No ☐ Yes

$75,000.00

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NORTH DAKOTA**

| | |
|---|---|
| In re: | Jointly Administered |
| EPIC Companies Midwest, LLC, | Bankruptcy No. 24-30281 |
| EPIC Companies Midwest 2023, LLC, | Bankruptcy No. 24-30282 |
| EPIC Employee, LLC, | Bankruptcy No. 24-30283 |
| EOLA Capital, LLC, and | Bankruptcy No. 24-30284 |
| EC West Fargo, LLC, | Bankruptcy No. 24-30285 |
| Debtors. | Chapter 11 |

**ORDER SUSTAINING LIGHTHOUSE MANAGEMENT GROUP, INC.'S THIRD OMNIBUS OBJECTION TO CLAIMS (INSIDER CLAIMS), AS LIQUIDATING TRUSTEE OF THE EPIC LIQUIDATING TRUST**

On December 18, 2025, Lighthouse Management Group, Inc., as the Liquidating Trustee for the EPIC Liquidating Trust (the "Liquidating Trustee"), filed its third omnibus objection to certain claims on the basis that such claims belong to "insiders." (Doc. __.) The Liquidating Trustee properly served the objection and notice of the hearing on the objection. (Doc. __.) The Court did not receive any responses to the objection. Based on the record before the Court, the Court finds that sustaining the objection is in the best interest of the EPIC Liquidating Trust and its creditors. Therefore, **IT IS ORDERED:**

1. The objection (Doc. __) is **SUSTAINED**.

2. Pursuant to Fed. R. Bankr. P. 3007(c) and (d), the objection is proper as an omnibus objection.

3. Each claim identified below is **DISALLOWED** in its entirety for all purposes:

| **Claimant** | **Disallowed, Insider Claim** |
|---|---|
| Argo Partners (previously Essential Living Inc.) | Claim 4 – EPIC Companies Midwest 2023, LLC |

| **Claimant** | **Disallowed, Insider Claim** |
|---|---|
| Hain Capital Investors Master Fund, Ltd. (previously 7 Mile Holdings, LLC) | Claim 1 – EOLA Capital, LLC |
| Mary Berning | Claim 56 – EPIC Companies Midwest 2023, LLC |
| Liberty Development, LLC | Doc. 24, Page 16 of 35, Line 3.45 |
| M&S Concessions, LLC | Doc. 24, Page 17 of 35, Line 3.48 |
| Todd & Carolyn Berning | Doc. 37, Page 28 of 44, Line 3.112 |
| Todd Berning | Doc. 37, Page 28 of 44, Line 3.113 |
| TrayKeen LLC | Doc. 37, Page 28 of 44, Line 3.117 |

4. This order is immediately effective and enforceable upon its entry.

5. The Liquidating Trustee is authorized to take all actions necessary to effectuate the relief granted in this order.

6. The Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this order.


Dated this ___ day of January, 2026.

                                                                                          _____
                                                                                          Shon Hastings, Judge
                                                                                          United States Bankruptcy Court

2