# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| In re: | Jointly Administered |
| EPIC Companies Midwest, LLC, | Bankruptcy No. 24-30281 |
| EPIC Companies Midwest 2023, LLC, | Bankruptcy No. 24-30282 |
| EPIC Employee, LLC, | Bankruptcy No. 24-30283 |
| EOLA Capital, LLC, and | Bankruptcy No. 24-30284 |
| EC West Fargo, LLC, | Bankruptcy No. 24-30285 |
| Debtors.[1] | Chapter 11 |

**LIGHTHOUSE MANAGEMENT GROUP, INC.'S FOURTH OMNIBUS OBJECTION TO CLAIMS (INCORRECT AMOUNTS), AS LIQUIDATING TRUSTEE OF THE EPIC LIQUIDATING TRUST**

> **This is an objection to your claim. This objection asks the Court to modify the claim you filed in this bankruptcy case. If you do not file a response, your claim may be modified without a hearing.**
>
> **Claimants receiving this objection should locate their names and claims as listed in Exhibit A.**

1. Lighthouse Management Group, Inc. (the "Liquidating Trustee"), as trustee of the EPIC Liquidating Trust (the "Liquidating Trust"), and on behalf of EPIC Companies Midwest, LLC, EPIC Companies Midwest 2023, LLC, EPIC Employee, LLC, EOLA Capital, LLC, and EC West Fargo, LLC (collectively, the "Debtors"), files this fourth omnibus objection (the "Objection") seeking entry of an order modifying certain claims identified on **Exhibit A** (the "Contested Claims"), as the amounts asserted appear to be incorrect based on the Debtors' records.

---

[1] In accordance with Fed. R. Bankr. P. 2002(n) and 1005 and 11 U.S.C. § 342(c), as applicable, the Debtors' address is c/o Lighthouse Management Group, Inc., 900 Long Lake Road, Suite 180, New Brighton, MN 55112 and their Employer Identification Numbers (EINs) are as follows: 83-2840705 (EPIC Companies Midwest, LLC), 88-3709518 (EPIC Companies Midwest 2023, LLC), 88-4112082 (EPIC Employee, LLC), 88-0554720 (EOLA Capital, LLC) and 82-5331354 (EC West Fargo, LLC).

1

2. The Liquidating Trustee further seeks the Court's permission to proceed with the Objection as an omnibus objection under Fed. R. Bankr. P. 3007(c) and (d).

3. In support of the Objection, the Liquidating Trustee respectfully states as follows:

## JURISDICTION

4. The Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§ 157 and 1334 and Fed. R. Bankr. P. 5005. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

5. On June 11, 2025, the Debtors filed a joint Amended Chapter 11 Plan of Liquidation. (ECF No. 366, the "Plan"). On August 6, 2025, the Court entered an order confirming the Plan and substantively consolidating the Debtors' assets, liabilities, and operations. (ECF No. 431.) Further, pursuant to the Plan, all assets of the Debtors were transferred to the Liquidating Trust as of August 21, 2025 (the "Effective Date"). (ECF No. 454.)

6. Pursuant to Section 2.1.4 of the Plan, the Liquidating Trustee has the power to object to any claims (disputed or otherwise).

7. Pursuant to Article X of the Plan, the Court retained jurisdiction to, among other things: (a) "[a]llow, disallow, determine, liquidate, reduce, classify, re-classify, estimate, or establish the priority or secured or unsecured status of any claim . . . and the resolution of any objections to the amount, allowance, priority, or classification of claims"; and (b) "[d]ecide or resolve any motions . . . contested or litigated matters, and any other matters . . . that may be pending on the Effective Date or brought thereafter."

8. This Objection arises under 11 U.S.C. §§ 105(a) and 502(b). This Objection is filed under Fed. R. Bankr. P. 9014 and 3007 and Local Rule 9014-1. Notice of this Objection is provided

pursuant to the Federal Rules of Bankruptcy Procedure and the Notice and Service Requirements adopted pursuant to Local Rule 2002-1.

## BACKGROUND

9. On July 8, 2024, the Debtors filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). (ECF No. 1.)

10. The Office of the United States Trustee conducted the meeting of creditors under 11 U.S.C. § 341 on August 15, 2024. (ECF No. 19.)

11. Accordingly, pursuant to Local Rule 3003-1, the original deadline to file general proofs of claim was September 16, 2024. (*See also* ECF No. 19.)

12. On August 26, 2024, the Official Committee of Unsecured Creditors filed a motion to extend the deadline for filing general proofs of claim to October 31, 2024 (the "Bar Date"). (ECF No. 97.) The Court granted that motion on September 12, 2024. (ECF No. 106.)

13. To date, 246 proofs of claim have been filed against the Debtors.

14. Upon the passage of the Bar Date, confirmation of the Plan, and substantive consolidation of the Debtors' assets and liabilities, the Liquidating Trustee has worked diligently to review the proofs of claim, including any supporting documentation provided by the claimants.

15. The Liquidating Trustee has determined that the Contested Claims should be modified as the amounts asserted appear to be incorrect based on the Debtors' records.

16. The Liquidating Trustee also determined that it is most efficient to file this Objection as an omnibus objection to ensure the preservation of trust resources. Otherwise, the Liquidating Trustee would be forced to file separate, individual objections on the same exact basis, resulting in additional administrative expenses.

3

**RELIEF REQUESTED**

17. The Liquidating Trustee seeks entry of an order: (a) modifying the Contested Claims identified on **Exhibit A** as the amounts asserted appear to be incorrect based on the Debtors' records; and (b) permitting the use of an omnibus objection under Fed. R. Bankr. P. 3007(c) and (d).

**BASIS FOR RELIEF REQUESTED**

18. Section 502(a) of the Bankruptcy Code provides, in relevant part, that "[a] claim . . ., proof of which is filed under section 501 of [the Bankruptcy Code], is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a).

19. Similarly, under Fed. R. Bankr. P. 3001(f), "[a] proof of claim signed and filed in accordance with [the Federal Rules of Bankruptcy Procedure] is prima facie evidence of the claim's validity and amount." *See also In re Sears*, 863 F.3d 973, 977 (8th Cir. 2017).

20. To overcome a claim's presumptive validity, the objecting party must produce evidence establishing that the claim fits within one of the exceptions in 11 U.S.C. § 502(b) such that the claim should be disallowed or modified. *In re AFY, Inc.*, 463 B.R. 483, 488 (B.A.P. 8th Cir. 2012); *In re Dove-Nation*, 318 B.R. 147, 152 (B.A.P. 8th Cir. 2004).

21. Once evidence is produced by the objecting party, the claimant generally has the burden to prove its claim by a preponderance of the evidence. 9 Collier on Bankr. ¶ 3001.09[2] (16th ed. 2023).

22. Section 502(b) of the Bankruptcy Code provides:

(b) Except as provided in subsections (e)(2), (f), (g), (h) and (i) of this section, if such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that—

4

> (1) such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured . . .

11 U.S.C. § 502(b).

23. Federal Rule of Bankruptcy Procedure 3007(d) further provides certain grounds upon which "objections to more than one claim may be joined in an omnibus objection." Fed. R. Bankr. P. 3007(d). While Fed. R. Bankr. P. 3007(d) does not refer to claims in which a debtor disputes the amounts asserted, Fed. R. Bankr. P. 3007(c) allows the Court to permit other grounds for omnibus objections.

24. As mentioned above, the Liquidating Trustee has worked diligently to review the proofs of claim, including any supporting documentation provided by the claimants. The Liquidating Trustee has determined that the Contested Claims identified on **Exhibit A** should be modified to reduce the amounts owed by the Debtors, and now the Liquidating Trust.

25. Failure to modify the Contested Claims could result in incorrect or unfair recoveries to the detriment of other creditors. Moreover, modification of the Contested Claims will result in a more accurate claims register.

## CONCLUSION

26. For the foregoing reasons, the Liquidating Trustee respectfully requests that the Court enter an order modifying the Contested Claims identified on **Exhibit A**.

27. Pursuant to Fed. R. Bankr. P. 9006(d), this Objection is supported by the verification of facts in the Affidavit of Patrick Finn attached hereto.

28. A proposed order is included with this Objection.

29. Pursuant to Local Rule 9014-1(B), the Liquidating Trustee hereby gives notice that it may, if necessary, call Patrick Finn, a Partner at Lighthouse Management Group, Inc., whose

5

business address is 900 Long Lake Road, Suite 180, New Brighton, Minnesota 55112, to testify regarding the facts set forth in the Objection.

30. No previous request for the relief sought herein has been made by the Liquidating Trustee to this or any other court.

**WHEREFORE**, the Liquidating Trustee respectfully requests that this Court enter an order:

A. Modifying the Contested Claims identified on **Exhibit A**; and

B. Granting such other relief as the Court deems just and equitable.

Dated:  December 18, 2025

/e/ *Steven R. Kinsella*
Michael S. Raum (#05676)
**FREDRIKSON & BYRON, P.A.**
51 Broadway, Suite 400
Fargo, ND  58102-4991
701.237.8200
mraum@fredlaw.com

Steven R. Kinsella (#09514)
Katherine A. Nixon (*pro hac vice* MN #0402772)
**FREDRIKSON & BYRON, P.A.**
60 South 6th Street, Suite 1500
Minneapolis, MN  55402-4400
612.492.7000
skinsella@fredlaw.com
knixon@fredlaw.com

**ATTORNEYS FOR LIQUIDATING TRUSTEE**

6

## **AFFIDAVIT**

I, Patrick Finn, am a Partner at Lighthouse Management Group, Inc., the Liquidating Trustee of the EPIC Liquidating Trust, and I declare under penalty of perjury that the facts set forth in the preceding objection are true and correct, according to the best of my knowledge, information, and belief.

Dated: December 18, 2025    /s/ *Patrick Finn*
    Patrick Finn
    Partner, Lighthouse Management Group, Inc.
    Liquidating Trustee of the EPIC Liquidating Trust

**EXHIBIT A**

| Claimant (Alphabetical Order) | Claim Objected To | Reason for Objection | Original Claim Amount | New Claim Amount | Cross-Reference to Relevant Pages |
|---|---|---|---|---|---|
| Custom Aire | Claim 85 – EPIC Companies Midwest, LLC | Incorrect claim amount | $204,030 | $202,005 | 1-6 of Objection |
| Darlene Pich | Claim 11 – EC West Fargo, LLC | Incorrect claim amount | $48,359 | $46,460 | 1-6 of Objection |
| Hain Capital Investors Master Fund, Ltd. | Claim 17 – EPIC Companies Midwest, LLC | Incorrect claim amount | $527,193 | $505,000 | 1-6 of Objection |
| Hain Capital Investors Master Fund, Ltd. | Claim 18 – EPIC Companies Midwest, LLC | Incorrect claim amount | $264,247 | $252,833 | 1-6 of Objection |
| Hain Capital Investors Master Fund, Ltd. | Claim 82 – EPIC Companies Midwest, LLC | Incorrect claim amount | $358,481 | $353,792 | 1-6 of Objection |
| Hain Capital Investors Master Fund, Ltd. | Claim 121 – EPIC Companies Midwest, LLC | Incorrect claim amount | $51,000 | $50,500 | 1-6 of Objection |
| Hain Capital Investors Master Fund, Ltd. | Claim 2 – EOLA Capital, LLC | Incorrect claim amount | $1,020,136 | $1,013,333 | 1-6 of Objection |
| Isabel M. Liska | Claim 117 – EPIC Companies Midwest, LLC | Incorrect claim amount | $102,917 | $101,167 | 1-6 of Objection |
| Isabel M. Liska | Claim 118 – EPIC Companies Midwest, LLC | Incorrect claim amount | $36,021 | $35,408 | 1-6 of Objection |
| James D. Olson Trust | Claim 34 – EPIC Companies Midwest 2023, LLC | Incorrect claim amount | $332,860 | $263,122 | 1-6 of Objection |
| Jerry Meyers | Claim 9 – EOLA Capital, LLC | Incorrect claim amount | $367,456 | $359,227 | 1-6 of Objection |
| Jim & JoAnn McKay Family Trust f/b/o Julie McKay | Claim 102 – EPIC Companies Midwest, LLC | Incorrect claim amount | $169,813 | $164,125 | 1-6 of Objection |

| Claimant (Alphabetical Order) | Claim Objected To | Reason for Objection | Original Claim Amount | New Claim Amount | Cross-Reference to Relevant Pages |
|---|---|---|---|---|---|
| Loren Goeser | Claim 123 – EPIC Companies Midwest, LLC | Incorrect claim amount | $841,994 | $838,773 | 1-6 of Objection |
| Michael Nilson | Claim 116 – EPIC Companies Midwest, LLC | Incorrect claim amount | $51,458 | $50,875 | 1-6 of Objection |
| Mortenson Masonry | Claim 57 – EPIC Companies Midwest, LLC | Incorrect claim amount | $51,040 | $50,500 | 1-6 of Objection |
| Myron A Schapp | Claim 78 – EPIC Companies Midwest, LLC | Incorrect claim amount | $80,845 | $65,000 | 1-6 of Objection |
| Shane R. Larck & Jerilyn A. Larck | Claim 43 – EPIC Companies Midwest, LLC | Incorrect claim amount | $105,560 | $101,000 | 1-6 of Objection |
| Troy & Julie Moore | Claim 2 – EPIC Companies Midwest, LLC | Incorrect claim amount | $105,623 | $101,000 | 1-6 of Objection |
| Westbrand & Co FBO Robert Nowak S/D Roth IRA | Claim 30 – EPIC Companies Midwest 2023, LLC | Incorrect claim amount | $63,040 | $50,833 | 1-6 of Objection |
| WTS-ND Holdings, LLC | Claim 59 – EPIC Companies Midwest 2023, LLC | Incorrect claim amount | $213,513 | $200,000 | 1-6 of Objection |
| WTS-ND Holdings, LLC | Claim 60 – EPIC Companies Midwest 2023, LLC | Incorrect claim amount | $320,269 | $303,750 | 1-6 of Objection |

2

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NORTH DAKOTA**

| | |
|---|---|
| In re: | Jointly Administered |
| EPIC Companies Midwest, LLC, | Bankruptcy No. 24-30281 |
| EPIC Companies Midwest 2023, LLC, | Bankruptcy No. 24-30282 |
| EPIC Employee, LLC, | Bankruptcy No. 24-30283 |
| EOLA Capital, LLC, and | Bankruptcy No. 24-30284 |
| EC West Fargo, LLC, | Bankruptcy No. 24-30285 |
| Debtors. | Chapter 11 |

**ORDER SUSTAINING LIGHTHOUSE MANAGEMENT GROUP, INC.'S FOURTH OMNIBUS OBJECTION TO CLAIMS (INCORRECT AMOUNTS), AS LIQUIDATING TRUSTEE OF THE EPIC LIQUIDATING TRUST**

On December 18, 2025, Lighthouse Management Group, Inc., as the Liquidating Trustee for the EPIC Liquidating Trust (the "Liquidating Trustee"), filed its fourth omnibus objection to certain claims on the basis that the claims assert incorrect amounts against the Debtors, and now the EPIC Liquidating Trust. (Doc. __.) The Liquidating Trustee properly served the objection and notice of the hearing on the objection. (Doc. __.) The Court did not receive any responses to the objection. Based on the record before the Court, the Court finds that sustaining the objection is in the best interest of the EPIC Liquidating Trust and its creditors. Therefore, **IT IS ORDERED:**

1. The objection (Doc. __) is **SUSTAINED**.

2. Pursuant to Fed. R. Bankr. P. 3007(c) and (d), the objection is proper as an omnibus objection.

3. Each claim identified below is **MODIFIED** as follows:

| **Claimant** | **Claim No.** | **New Claim Amount** |
|---|---|---|
| Custom Aire | Claim 85 – EPIC Companies Midwest, LLC | $202,005 |
| Darlene Pich | Claim 11 – EC West Fargo, LLC | $46,460 |

| **Claimant** | **Claim No.** | **New Claim Amount** |
|---|---|---|
| Hain Capital Investors Master Fund, Ltd. | Claim 17 – EPIC Companies Midwest, LLC | $505,000 |
| Hain Capital Investors Master Fund, Ltd. | Claim 18 – EPIC Companies Midwest, LLC | $252,833 |
| Hain Capital Investors Master Fund, Ltd. | Claim 82 – EPIC Companies Midwest, LLC | $353,792 |
| Hain Capital Investors Master Fund, Ltd. | Claim 121 – EPIC Companies Midwest, LLC | $50,500 |
| Hain Capital Investors Master Fund, Ltd. | Claim 2 – EOLA Capital, LLC | $1,013,333 |
| Isabel M. Liska | Claim 117 – EPIC Companies Midwest, LLC | $101,167 |
| Isabel M. Liska | Claim 118 – EPIC Companies Midwest, LLC | $35,408 |
| James D. Olson Trust | Claim 34 – EPIC Companies Midwest 2023, LLC | $263,122 |
| Jerry Meyers | Claim 9 – EOLA Capital, LLC | $359,227 |
| Jim & JoAnn McKay Family Trust f/b/o Julie McKay | Claim 102 – EPIC Companies Midwest, LLC | $164,125 |
| Loren Goeser | Claim 123 – EPIC Companies Midwest, LLC | $838,773 |
| Michael Nilson | Claim 116 – EPIC Companies Midwest, LLC | $50,875 |
| Mortenson Masonry | Claim 57 – EPIC Companies Midwest, LLC | $50,500 |
| Myron A Schapp | Claim 78 – EPIC Companies Midwest, LLC | $65,000 |
| Shane R. Larck & Jerilyn A. Larck | Claim 43 – EPIC Companies Midwest, LLC | $101,000 |
| Troy & Julie Moore | Claim 2 – EPIC Companies Midwest, LLC | $101,000 |
| Westbrand & Co FBO Robert Nowak S/D Roth IRA | Claim 30 – EPIC Companies Midwest 2023, LLC | $50,833 |
| WTS-ND Holdings, LLC | Claim 59 – EPIC Companies Midwest 2023, LLC | $200,000 |
| WTS-ND Holdings, LLC | Claim 60 – EPIC Companies Midwest 2023, LLC | $303,750 |

4. This order is immediately effective and enforceable upon its entry.

5. The Liquidating Trustee is authorized to take all actions necessary to effectuate the relief granted in this order.

6. The Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this order.

Dated this ___ day of January, 2026.

_____
Shon Hastings, Judge
United States Bankruptcy Court

2