# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NORTH DAKOTA

| In re: | Jointly Administered |
|---|---|
| EPIC Companies Midwest, LLC, | Bankruptcy No. 24-30281 |
| EPIC Companies Midwest 2023, LLC, | Bankruptcy No. 24-30282 |
| EPIC Employee, LLC, | Bankruptcy No. 24-30283 |
| EOLA Capital, LLC, | Bankruptcy No. 24-30284 |
| EC West Fargo, LLC, | Bankruptcy No. 24-30285 |
| Debtors. | Chapter 11 |

### RESPONSE OF 7 MILE HOLDINGS, LLC TO LIQUIDATING TRUSTEE'S THIRD OMNIBUS OBJECTION TO CLAIMS (INSIDER CLAIMS)

## I. PRELIMINARY STATEMENT

The Liquidating Trustee seeks to disallow the timely-filed and valid claim originally filed by 7 Mile Holdings, LLC and now held by Hain Capital Master Fund, Ltd. ("Hain Capital") by assignment. The Objection does not identify any defect in the claim itself. Instead, the Liquidating Trustee relies on an asserted and attenuated association between the Debtors and Kyle Pender, an individual who is not the claimant, not the assignee, and who does not own a membership interest in 7 Mile Holdings, LLC. That theory fails as a matter of law and fact.

7 Mile Holdings, LLC is a distinct legal entity that made an arm's length investment. Hain Capital is likewise a distinct legal entity and a creditor of the estates. The Liquidating Trustee does not allege—because he cannot—that either 7 Mile Holdings or Hain Capital was an officer, director, person in control, or statutory affiliate of any Debtor. Instead, the Objection improperly attempts to impute "insider" status to the claim based solely on a former and long-ended professional relationship between the Debtors and an attorney who practices law at Montgomery

& Pender, P.C. ("M&P")—a law firm that, like the Liquidating Trustee's own counsel, Fredrikson & Byron, P.A., provided legal services to the Debtors prior to the commencement of the bankruptcy cases.

The Bankruptcy Code does not permit disallowance on the attenuated and deficient "association" basis being asserted. Simple naked statements of "relationships" alone do not justify disallowance of any claim or provide any basis for the articulated contention that "fundamental principles of fairness" requires disallowance. The Objection is neither supported, nor supportable, and should be denied as to 7 Mile Holdings, LLC and its assignee, Hain Capital, and the claim should be allowed.

## II. FACTUAL BACKGROUND (UNDISPUTED) AND STANDARD

A proof of claim filed in accordance with the Federal Rules of Bankruptcy Procedure 7 constitutes prima facie evidence of the claim's validity and amount. Fed. R. Bankr. P. 3001(f). Under controlling Eighth Circuit authority, once a claimant establishes this prima facie case, the burden shifts to the objecting party to produce evidence sufficient to rebut the claim's presumed validity and to demonstrate that the claim falls within one of the statutory grounds for disallowance under § 502(b). *In re Dove-Nation*, 318 B.R. 147, 152 (B.A.P. 8th Cir. 2004). The Liquidating Trustee has not met—and cannot meet—that burden. It has no legally cognizable basis for the objection, which the following undisputed facts make clear:

1. Hain Capital, is the current holder of the filed claim at issue by virtue of a valid assignment of the timely filed proof of claim originally filed by 7 Mile Holdings, LLC.

2. Neither Kyle Pender nor the law firm of Montgomery & Pender, P.C. is the claimant in these cases, and neither has asserted a personal claim against the Debtors or the estates.

3. Montgomery & Pender, P.C. resigned as legal counsel to the Debtors prior to the Petition Date. Like Fredrikson & Byron, P.A., which served as legal counsel to these Debtors and other EPIC-related entities prior to the bankruptcy filings, M&P provided professional services to the Debtors prior to the commencement of these cases.

4. As the Petition Date—and at all relevant times—Mr. Pender held no officer, director, or managerial role with any Debtor, exercised no control and had no involvement in the bankruptcy filings, restructuring efforts or plan process.

5. The Liquidating Trustee does not allege that either 7 Mile Holdings, LLC or Hain Capita: controlled any Debtor, was controlled by any Debtor, managed any Debtor, shared common ownership sufficient to meet the statutory definition of "affiliate," or engaged in inequitable conduct.

### III. ARGUMENT

**A.    THE OBJECTION FAILS BECAUSE INSIDER STATUS IS DETERMINED WITH RESPECT TO THE CLAIMANT.**

The Objection improperly focuses on the historical involvement of an attorney is not the claimant and has never been the claimant. That focus is legally misplaced and irrelevant. Insider status is determined with respect to the entity holding the claim, not a non-claimant individual allegedly associated with that entity. The Liquidation Trustee cites no authority—and none exists—permitting a bankruptcy court to disallow a claim held by a separate legal entity based solely on:

- a former professional relationship between the debtor and its legal counsel, and
- the subsequent, indirect/remote involvement of that attorney in an unrelated investment entity.

It is the identity of the claimholder controls. Neither 7 Mile Holdings nor Hain Capital is alleged to be an insider, and the Objection cannot be sustained by attempting to collapse corporate separateness through insinuation.

**B.    7 MILE HOLDINGS AND HAIN CAPITAL ARE NOT STATUTORY INSIDERS UNDER § 101(31).**

Section 101(31) of the Bankruptcy Code defines "insider" narrowly. As relevant here, insiders of a corporate debtor include directors, officers, persons in control, and statutory affiliates. The Objection does not allege that 7 Mile Holdings, LLC or Hain Capital fits within any of these

3

categories. There is no allegation—let alone evidence—that either entity managed the Debtors, directed operations, controlled finances, influenced corporate decision-making or exercised functional control of any kind. Nor does the Objection plausibly allege affiliate status. An "affiliate" under § 101(2) requires specific ownership or control thresholds. The Objection identifies no ownership percentages, voting rights, common parentage, or any control relationships. Merely labeling individuals and entities as "affiliates" does not make them so—or satisfy the statute.

Even if Mr. Pender were relevant—which he is not—the Liquidating Trustee's theory still fails. Former counsel of a law firm is not an insider category under 11 U.S.C. § 101(31). If it were, the Liquidating Trustee's own professionals—Fredrikson & Bryon, P.A.—would be subject to the same characterization. Moreover, insider status is determined *as of the Petition Date*, not retrospectively. Courts consistently reject insider findings based on historical, terminated or attenuated relationships or naked allegations.

The Objection improperly collapses prior professional services + passive, indirect investment = insider status. That equation finds no support in the Bankruptcy Code or applicable case law.

4

WHEREFORE, for the forgoing reasons, the undersigned respectfully requests that the Court enter an order overruling the Liquidating Trustee's Third Omnibus Objection to Claims in its entirety with prejudice as to the claim originally filed by 7 Mile Holdings, LLC and allowing the claim as filed and assigned.

DATED this 23rd day of January, 2026.

                                    Respectfully submitted,

                                    */s/ George H. Singer*
                                    George H. Singer, #05124
                                    Nathan A. Lilly
                                    HOLLAND & HART, LLP
                                    555 Seventeenth Street, Suite 3200
                                    Denver, CO 80202
                                    Telephone: (303) 290-1093
                                    ghsinger@hollandhart.com
                                    nalilly@hollandhart.com

                                    **ATTORNEYS FOR**
                                    **7 MILE HOLDINGS, LLC**