# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| In re: | **Jointly Administered** |
| EPIC Companies Midwest, LLC, | Bankruptcy No. 24-30281 |
| EPIC Companies Midwest 2023, LLC, | Bankruptcy No. 24-30282 |
| EPIC Employee, LLC, | Bankruptcy No. 24-30283 |
| EOLA Capital, LLC, and | Bankruptcy No. 24-30284 |
| EC West Fargo, LLC, | Bankruptcy No. 24-30285 |
| Debtors. | Chapter 11 |
| EPIC Companies Midwest, LLC, and EPIC Companies Midwest 2023, LLC, | |
| Plaintiffs, | |
| v. | Adversary No. 24-07022 |
| Preference 42, LLC f/k/a EPIC Preference, LLC f/k/a Shepperd Equity Fund, LLC, | |
| Defendant. | |

## LIQUIDATING TRUSTEE'S NOTICE OF MOTION AND MOTION TO APPROVE SETTLEMENT

1.  Lighthouse Management Group, Inc., as the Liquidating Trustee for the EPIC Liquidating Trust (the "Liquidating Trustee"), on behalf of EPIC Companies Midwest, LLC ("EPIC Midwest"), EPIC Companies Midwest 2023, LLC ("EPIC Midwest 2023"), EPIC Employee, LLC ("Employee"), EOLA Capital, LLC ("EOLA"), and EC West Fargo, LLC ("EC," and together with EPIC Midwest, EPIC Midwest 2023, Employee, and EOLA, the "Debtors") hereby moves the Court for an order pursuant to Fed. R. Bankr. P. 9019(a) approving a settlement between the Liquidating Trustee and Preference 42, LLC f/k/a EPIC Preference, LLC f/k/a Shepperd Equity Fund, LLC ("Preference").

2. This Motion arises under 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 2002(a)(3) and 9019(a). This Motion is filed under Fed. R. Bankr. P. 9013, Local Rule 9013-1, and the Court's Order Establishing Settlement Procedures (ECF No. 123). Notice of this Motion is provided pursuant to the Court's Order Limiting Notice Pursuant to Fed. R. Bankr. P. 2002(i) (ECF No. 124).

3. Between March 1, 2021 and July 1, 2023, Preference issued a total of six promissory notes to EPIC Midwest and EPIC Midwest 2023, with principal amounts totaling $965,000 (the "Notes").

4. Between March 8, 2021 and June 26, 2023, EPIC Midwest or EPIC Midwest 2023, as applicable, transferred a total of $965,000 to Preference pursuant to the Notes (the "Transfers").

5. The Notes required Preference to make monthly payments to EPIC Midwest and EPIC Midwest 2023 in the form of interest with rates ranging from 6.5% to 8.0% per annum.

6. On or around April 15, 2024, Preference ceased making monthly payments to EPIC Midwest and EPIC Midwest 2023 as required by the Notes.

7. On November 1, 2024, EPIC Midwest and EPIC Midwest 2023 commenced an adversary proceeding against Preference, Adv. No. 24-07022 (the "Adversary Proceeding"), alleging, among other things, that Preference breached the Notes and seeking to recover the Transfers. EPIC Midwest and EPIC Midwest 2023 sought to recover $584,717.49 and $295,671.99, respectively, from Preference.

8. On December 18, 2024, Preference filed an answer in the Adversary Proceeding asserting various affirmative defenses, contesting the validity of the Notes and the Transfers, and asserting the right to a jury trial.

9. The parties extensively briefed the jury trial issue and were preparing for an evidentiary hearing scheduled for January 12 and 13, 2026 in Fargo, North Dakota.

10. Prior to the evidentiary hearing, the parties engaged in good faith negotiations and ultimately reached a settlement to avoid litigating all the above issues.

11. To avoid the costs and uncertainties of litigation, Preference will make a one-time payment of $300,000 to the Liquidating Trustee within five (5) business days after the Court enters an order approving the settlement, or five (5) business days prior to any foreclosure sale, whichever is earlier, or such other time as the Liquidating Trustee may agree.

12. In exchange for the one-time $300,000 payment, and assuming Preference's full compliance with the agreement, the Liquidating Trustee agrees to deem the Notes fully satisfied and to release Preference from all claims, demands, liabilities, obligations, and causes of action relating to the Notes, the Transfers, and the Adversary Proceeding.

13. The Liquidating Trustee also agrees: (a) to disclaim any right, interest, claim, or other entitlement to any membership interest in Preference; (b) not to purchase, acquire, or pursue any additional claims against Preference; and (c) not to oppose or otherwise contest Preference's resolution of any other subordinated debt or outstanding equity interests.

14. Within seven (7) business days after the Liquidating Trustee receives the $300,000 from Preference, the parties will file a stipulation dismissing the Adversary Proceeding and all claims with prejudice.

15. The Liquidating Trustee believes that the costs of litigation will reduce the funds available to pay claims if the dispute is not settled and Preference has asserted an inability to pay the Liquidating Trustee the full amounts owed under the Notes. Based on these circumstances, the Liquidating Trustee believes the settlement is in the best interest of creditors.

16. The Liquidating Trustee requests that the Court approve the settlement described herein pursuant to Fed. R. Bankr. P. 9019(a).

17. **Any objection to the Motion must be filed with the Clerk of the United States Bankruptcy Court, whose address is Quentin N. Burdick Courthouse, 655 First Avenue North, Suite 210, Fargo, North Dakota 58102, and served upon the attorney whose name and address is listed below, by Tuesday, February 17, 2026, which is twenty-one (21) days from the date of the filing of this Motion. Any objections not filed and served may deemed waived and the Court may enter an order approving this settlement without further notice or hearing.**

Dated: January 27, 2026

/e/ *Steven R. Kinsella*
Michael S. Raum (#05676)
**FREDRIKSON & BYRON, P.A.**
51 Broadway, Suite 400
Fargo, ND 58102-4991
701.237.8200
mraum@fredlaw.com

Steven R. Kinsella (#09514)
Katherine A. Nixon (*pro hac vice* MN #0402772)
**FREDRIKSON & BYRON, P.A.**
60 South 6th Street, Suite 1500
Minneapolis, MN 55402-4400
612.492.7000
skinsella@fredlaw.com
knixon@fredlaw.com

**ATTORNEYS FOR THE LIQUIDATING TRUSTEE**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NORTH DAKOTA**

| | |
|---|---|
| In re: | **Jointly Administered** |
| EPIC Companies Midwest, LLC, | Bankruptcy No. 24-30281 |
| EPIC Companies Midwest 2023, LLC, | Bankruptcy No. 24-30282 |
| EPIC Employee, LLC, | Bankruptcy No. 24-30283 |
| EOLA Capital, LLC, and | Bankruptcy No. 24-30284 |
| EC West Fargo, LLC, | Bankruptcy No. 24-30285 |
| Debtors. | Chapter 11 |
| EPIC Companies Midwest, LLC, and EPIC Companies Midwest 2023, LLC, | |
| Plaintiffs, | |
| | Adversary No. 24-07022 |
| v. | |
| Preference 42, LLC f/k/a EPIC Preference, LLC f/k/a Shepperd Equity Fund, LLC, | |
| Defendant. | |

**ORDER**

On January 27, 2026, Lighthouse Management Group, Inc., as the Liquidating Trustee for the EPIC Liquidating Trust, on behalf of the Plaintiffs/Debtors, filed a motion seeking approval of a settlement. The Liquidating Trustee provided notice of the motion summarizing the settlement between the Liquidating Trustee and Preference 42, LLC f/k/a EPIC Preference, LLC f/k/a Shepperd Equity Fund, LLC. The Court received no objections. Based on the information provided by the Liquidating Trustee on behalf of the Plaintiffs/Debtors and the documents filed in this case, the Court finds that the proposed settlement is fair and equitable, reflects a balance of the risks of litigation with potential recovery, and appears to be in the best interest of creditors. Therefore, **IT**

**IS ORDERED** that the Motion to Approve Settlement [Adversary No. 24-07022, ECF No. __; Bankruptcy No. 24-30281, ECF No. __] is **GRANTED** and the settlement is **APPROVED**.

**BY THE COURT:**

Dated:

_____
William J. Fisher
United States Bankruptcy Judge

2