**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NORTH DAKOTA**

| | |
|---|---|
| In re: | **Jointly Administered** |
| EPIC Companies Midwest, LLC, | Bankruptcy No. 24-30281 |
| EPIC Companies Midwest 2023, LLC, | Bankruptcy No. 24-30282 |
| EPIC Employee, LLC, | Bankruptcy No. 24-30283 |
| EOLA Capital, LLC, and | Bankruptcy No. 24-30284 |
| EC West Fargo, LLC, | Bankruptcy No. 24-30285 |
| Debtors. | Chapter 11 |

**ORDER REQUESTING SUPPLEMENTAL EVIDENCE REGARDING LIGHTHOUSE MANAGEMENT GROUP, INC.'S THIRD OMNIBUS OBJECTION TO CLAIMS (INSIDER CLAIMS)**

On December 18, 2025, Lighthouse Management Group, Inc., as the Liquidating Trustee for the EPIC Liquidating Trust, filed its third omnibus objection to certain claims on the basis that such claims belong to "insiders." Doc. 502. Mary Berning filed a claim. None of the other parties listed in the objection filed a proof of claim with the Court, however, they were listed in the schedules. In Debtors' Amended Chapter 11 Plan of Liquidation, Debtors defined "allowed" claim to include "(a) a claim that has been scheduled by the Debtors in their respective Schedules as other than disputed, contingent, or unliquidated and as to which the Debtors or any other party-in-interest has not filed an objection." Consequently, the claims of all the parties listed in the motion fall within the definition of allowed claims.

Under Federal Rule of Bankruptcy Procedure 3001(f) claims enjoy presumptive validity. Fed. R. Bankr. P. 3007(d). "To overcome a claim's presumptive validity, an objection must be supported by substantial evidence." Sears v. Sears (In re AFY, Inc.), 463 B.R. 483, 488 (B.A.P. 8th Cir. 2012)); see also Dove-Nation v. eCast Settlement Corp. (In re Dove-Nation), 318 B.R. 147, 152 (B.A.P. 8th Cir. 2004) (when a claim is presumptively valid "[t]he burden of proof then shifts to the objector to establish that the

claim fits within one of the exceptions set forth in Section 502(b) of the Bankruptcy Code."). Except for the sum scheduled in the name of Todd Berning, the Liquidating Trustee offered insufficient evidence establishing that the claims listed in its motion should be disallowed.

Therefore, **IT IS ORDERED**:

1. The Court permits Movant's omnibus objection, except as to Hain Capital Investors Master Fund, Ltd., which now holds the claim filed by 7 Mile Holdings, LLC. This claim was transferred to Judge William Fisher.

2. The objection (Doc. 502) is **SUSTAINED in part**.

3. The following claim is **DISALLOWED**:

| Claimant | Disallowed, No Liability Claim |
|---|---|
| Todd Berning | Doc. 37, Page 28 of 44, Line 3.112 |
| Todd Berning | Doc. 37, Page 28 of 44, Line 3.113 |

4. The Liquidating Trustee is allowed 14 days to supplement the record with evidence showing that the Court should disallow the claims of other parties categorized as "insiders."

5. The Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: February 3, 2026.

Shon Hastings, Judge
United States Bankruptcy Court