# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| In re: | Jointly Administered |
| EPIC Companies Midwest, LLC, | Bankruptcy No. 24-30281 |
| EPIC Companies Midwest 2023, LLC, | Bankruptcy No. 24-30282 |
| EPIC Employee, LLC, | Bankruptcy No. 24-30283 |
| EOLA Capital, LLC, and | Bankruptcy No. 24-30284 |
| EC West Fargo, LLC, | Bankruptcy No. 24-30285 |
| Debtors. | Chapter 11 |
| EPIC Companies Midwest, LLC<br>EPIC Companies Midwest 2023, LLC<br>EOLA Capital, LLC, and<br>EC West Fargo, LLC | |
| Plaintiffs, | Adversary No. 25-07008 |
| v. | |
| EPIC Gateway, LLC<br>EPIC Gateway North Real Estate Holdings, LLC, and<br>Gateway Arches Real Estate Holdings, LLC, f/k/a EPIC Gateway East Real Estate Holdings, LLC | |
| Defendants. | |

## LIQUIDATING TRUST/DEBTORS' NOTICE OF MOTION AND MOTION TO APPROVE SETTLEMENT

1. The Liquidating Trust ("Liquidating Trust), for EPIC Companies Midwest, LLC, EPIC Companies Midwest 2023, LLC, EPIC Employee, LLC, EOLA Capital, LLC, and EC West Fargo, LLC (collectively, the "Debtors") hereby move the Court for an order pursuant to Fed. R. Bankr. P. 9019(a) approving a settlement between EPIC Companies Midwest, LLC ("EPIC Midwest"), EPIC Companies Midwest 2023, LLC ("EPIC Midwest 2023"), EOLA Capital, LLC

("EOLA"), EC West Fargo, LLC ("ECW") and EPIC Gateway North Real Estate Holdings, LLC ("EPIC Gateway North").

2. This Motion arises under 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 2002(a)(3) and 9019(a). This Motion is filed under Fed. R. Bankr. P. 9013, Local Rule 9013-1, and the Court's Order Establishing Settlement Procedures (ECF No. 123). Notice of this Motion is provided pursuant to the Court's Order Limiting Notice Pursuant to Fed. R. Bankr. P. 2002(i) (ECF No. 124 in consolidated proceedings).

3. EPIC Midwest and EPIC Gateway North are parties to that certain Promissory Note dated January 1, 2020, in the principal amount of $150,000, with a maturity date of January 1, 2023, and monthly interest payments at 6.5% ("the Promissory Note").  The Promissory Note is on the Court's Docket as Doc. ID No. 14-8.

4. The Promissory Note required EPIC Gateway North to make monthly payments to EPIC Midwest in the form of interest.  The Promissory Note likewise contemplated a balloon payment of principal on the maturity date in the amount of $150,812.50.

5. At the time of the maturity date, EPIC Gateway North did not make the principal balloon payment.

6. In May 2024, EPIC Gateway North ceased making its monthly payments to EPIC Midwest who then asserted that a default occurred under the Promissory Note.

7. As of January 31, 2025, EPIC Midwest asserts that EPIC Gateway North owed a total of $162,760.00 under the Promissory Note.

8. EPIC Gateway North disputes the validity of the Promissory Note and alleges a variety of other defenses, including an inability to pay the amounts owed.

9. Because of the above-described default, EPIC Midwest filed an adversary complaint against EPIC Gateway North on February 21, 2025 (Adversary No. 25-07008) asserting claims for: (a) breach of contract; (b) unjust enrichment; (c) promissory estoppel; and (d) fraudulent transfer under N.D. Cent. Code § 13-02.1-04(1)(b), N.D. Cent. Code § 13-02.1-05(1), and 11 U.S.C. §§ 548 and 550.

10. The parties engaged in formal mediation on November 24, 2025 and ultimately reached a resolution.

11. To avoid the costs and uncertainties of litigation, EPIC Gateway North has offered to pay a total of $140,000 to EPIC Midwest. In exchange for the $140,000 payment, all obligations of EPIC Gateway North under the Promissory Note will be deemed fully satisfied and EPIC Gateway North will be released from liability. EPIC Midwest has agreed to these terms pending Court approval.

12. The Debtors believe that the costs of litigation will reduce the funds available to pay the claims of the estates if the dispute is not settled and EPIC Gateway North has asserted an inability to pay the full amounts owed under the Promissory Note. Based on these circumstances, the Debtors believe the settlement is in the best interest of creditors.

13. The Liquidating Trust/Debtors request that the Court approve the settlement described herein pursuant to Fed. R. Bankr. P. 9019(a).

14. **Any objection to the Motion must be filed with the Clerk of the United States Bankruptcy Court, whose address is Quentin N. Burdick Courthouse, 655 First Avenue North, Suite 210, Fargo, North Dakota 58102, and served upon the attorney whose name and address is listed below, by February 27, 2026, which is twenty-one (21) days from the date of**

3

**the filing of this Motion. Any objections not filed and served may deemed waived and the Court may enter an order approving this settlement without further notice or hearing.**

Dated: February 6, 2026

                                              */s/ Mark Western*
Joel M. Fremstad (ND ID #05541)
Mark Western (ND ID# 06181)
FREMSTAD LAW FIRM
P.O. Box 3143
Fargo, North Dakota 58108-3143
Phone: (701) 478-7620
joel@fremstadlaw.com
mark@fremstadlaw.com

### CERTIFICATE OF SERVICE

      I hereby certify that on February 6, 2026, I served a copy of the foregoing document to the following via ECF:

All those who are on the Court's service list and entitled to receive documents via ECF in this Bankruptcy Proceeding.

                                              */s/Mark Western*
                                              Mark Western