# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| In re: | Jointly Administered |
| EPIC Companies Midwest, LLC, | Bankruptcy No. 24-30281 |
| EPIC Companies Midwest 2023, LLC, | Bankruptcy No. 24-30282 |
| EPIC Employee, LLC, | Bankruptcy No. 24-30283 |
| EOLA Capital, LLC, and | Bankruptcy No. 24-30284 |
| EC West Fargo, LLC, | Bankruptcy No. 24-30285 |
| Debtors.[1] | Chapter 11 |

## LIGHTHOUSE MANAGEMENT GROUP, INC.'S REPLY IN SUPPORT OF OMNIBUS CLAIM OBJECTIONS, AS LIQUIDATING TRUSTEE OF THE EPIC LIQUIDATING TRUST

1.  Lighthouse Management Group, Inc. (the "Liquidating Trustee"), as trustee of the EPIC Liquidating Trust (the "Liquidating Trust"), on behalf of EPIC Companies Midwest, LLC, EPIC Companies Midwest 2023, LLC, EPIC Employee, LLC, EOLA Capital, LLC, and EC West Fargo, LLC (collectively, the "Debtors," or individually, the "Debtor"), filed five omnibus objections to claims (collectively, the "Claims Objections," and individually, "First Claim Objection" (ECF No. 500), "Second Claim Objection" (ECF No. 501), "Third Claim Objection" (ECF No. 502), "Fourth Claim Objection" (ECF No. 503), and "Fifth Claim Objection" (ECF No. 504).

2.  The deadline to file responses to the Claim Objections was Monday, January 26, 2026 (ECF Nos. 505–09).

---

[1] In accordance with Fed. R. Bankr. P. 2002(n) and 1005 and 11 U.S.C. § 342(c), as applicable, the Debtors' address is c/o Lighthouse Management Group, Inc., 900 Long Lake Road, Suite 180, New Brighton, MN 55112 and their Employer Identification Numbers (EINs) are as follows: 83-2840705 (EPIC Companies Midwest, LLC), 88-3709518 (EPIC Companies Midwest 2023, LLC), 88-4112082 (EPIC Employee, LLC), 88-0554720 (EOLA Capital, LLC) and 82-5331354 (EC West Fargo, LLC).

3. The Liquidating Trustee received both informal and formal responses to the Claim Objections, as further detailed in the Liquidating Trustee's *Status Report* filed on Tuesday, January 27, 2026 (ECF No. 534) and below.

4. The Court held a hearing on the Claim Objections on Tuesday, February 3, 2026 (ECF Nos. 505–09).

5. At the hearing, the Court had various clarification questions for the Liquidating Trustee and agreed to allow the Liquidating Trustee 14 days to supplement the record to fully address the Court's questions and to provide further evidence in support of the Claim Objections.

6. Accordingly, the Liquidating Trustee files this reply in support of the Claim Objections.

I. **FIRST CLAIM OBJECTION – DUPLICATE CLAIMS.**

A. **Status of Resolution of Responses.**

7. In the First Claim Objection, the Liquidating Trustee requested the disallowance of certain duplicate claims.

8. As described in the Liquidating Trustee's *Status Report* (ECF No. 534), the Liquidating Trustee received one informal response to the First Claim Objection from Darlene Pich.

| Claimant | Claim Objected To | Reason for Objection |
|---|---|---|
| Darlene Pich | 5 – EC West Fargo, LLC | Duplicate with Claim 11 – EC West Fargo, LLC |

9. Patrick Finn, a partner of the Liquidating Trustee, personally spoke to Ms. Pich ahead of the hearing on Tuesday, February 3, 2026 and resolved any questions or concerns shared by Ms. Pich.

2

10. Moreover, the Liquidating Trustee's counsel provided a copy of the *Status Report* to Ms. Pich by e-mail on Tuesday, January 27, 2026 (ECF No. 536). Counsel did not receive a response from Ms. Pich disputing that her questions or concerns had been resolved.

**B. Court's Request for Clarification.**

11. At the hearing on Tuesday, February 3, 2026, the Court requested clarification as to why Melissa M. Johnson and Sara Myhre were included in the First Claim Objection, but not the Fifth Claim Objection, which provided for the modification of certain claimants' names.

| Claimant | Claim Objected To | Reason for Objection |
|---|---|---|
| Melissa M. Johnson | 77 – EPIC Companies Midwest, LLC | Duplicate with Claim 55 – EPIC Companies Midwest, LLC |
| Sara Myhre | 45 – EPIC Companies Midwest, LLC | Duplicate with Claim 22 – EPIC Companies Midwest, LLC |

12. For further context, Melissa M. Johnson filed Claim 77 (EPIC Companies Midwest, LLC) and her husband, Walter M. Johnson, filed Claim 55 (EPIC Companies Midwest, LLC). However, Melissa M. Johnson and Walter M. Johnson together have one claim related to one $25,000 promissory note from EPIC Companies Midwest, LLC.

13. Likewise, Sara Myhre filed Claim 45 (EPIC Companies Midwest, LLC) and her husband, Eric Myhre, filed Claim 22 (EPIC Companies Midwest, LLC). However, Sara Myhre and Eric Myhre have one claim related to one $100,000 promissory note from EPIC Companies Midwest, LLC.

14. The reason that the Liquidating Trustee did not include the surviving claims—Claim 55 (EPIC Companies Midwest, LLC) and Claim 22 (EPIC Companies Midwest, LLC)—in the Fifth Claim Objection is that the surviving claims were transferred.

15. More specifically, Melissa M. Johnson and Walter M. Johnson both agreed to transfer Claim 55 (EPIC Companies Midwest, LLC) to Argo Partners on July 23, 2025 (ECF No. 414). Sara Myhre and Eric Myhre both agreed to transfer Claim 22 (EPIC Companies Midwest, LLC) to Hain Capital Investors Master Fund, Ltd. on May 8, 2025 (ECF No. 294).

16. Because the surviving claims are now held by Argo Partners and Hain Capital Investors Master Fund, Ltd., respectively, there was no need to include the claims in the Fifth Claim Objection.

17. Based on the foregoing, the Liquidating Trustee requests that the First Claim Objection be sustained in its entirety.

## II.     SECOND CLAIM OBJECTION – NO LIABILITY CLAIMS.

### A. Status of Resolution of Responses.

18. In the Second Claim Objection, the Liquidating Trustee requested the disallowance of certain claims on the basis that the Debtors and the Liquidating Trust are not liable for such claims.

19. As described in the Liquidating Trustee's *Status Report* (ECF No. 534), the Liquidating Trustee received informal responses to the Second Claim Objection from Rent Group, Inc. and AMEX TRS Co., Inc. The Liquidating Trustee also received a formal response to the Second Claim Objection from Tyler John Bay (ECF No. 528).

| Claimant | Claim Objected To | Reason for Objection |
|---|---|---|
| AMEX TRS Co., Inc. | Claim 103 – EPIC Companies Midwest, LLC | No liability – claim not against Debtors |
| Rent Group, Inc. | Claim 132 – EPIC Companies Midwest, LLC | No liability – claim not against Debtors |
| Tyler Bay/Svetlana Peterson | Claim 35 – EPIC Companies Midwest 2023, LLC | No liability – claim not against Debtors |

4

20. Regarding Rent Group, Inc., counsel for the Liquidating Trustee received an e-mail on December 31, 2025 from the "agent" for Rent Group, Inc. Counsel responded to the e-mail on January 4, 2026. On January 5, 2026, the Liquidating Trustee also responded to the e-mail directly. Rent Group, Inc. never sent a further response.

21. As to AMEX TRS Co., Inc. only, and by request of the Liquidating Trustee, the Court continued the hearing on the Second Claim Objection to Tuesday, March 10, 2026 (ECF No. 543). Counsel for the Liquidating Trustee notified counsel for AMEX TRS Co., Inc. of the continuance by e-mail on February 4, 2026. On February 11, 2026, AMEX TRS Co., Inc. withdrew its claim (ECF No. 548), making the Liquidating Trustee's objection to the claim moot.

22. Finally, as to Tyler John Bay, Patrick Finn, a partner of the Liquidating Trustee, personally spoke to Mr. Bay ahead of the initial hearing on Tuesday, February 3, 2026 and resolved any questions or concerns shared by Mr. Bay.

23. The Liquidating Trustee's counsel provided a copy of the *Status Report* to Rent Group, Inc., AMEX TRS Co., Inc., and Tyler John Bay by e-mail on Tuesday, January 27, 2026 (ECF No. 536). Counsel did not receive a response from Rent Group, Inc. or Mr. Bay disputing that their questions or concerns had been resolved.

**B. Court's Request for Clarification.**

24. At the hearing on Tuesday, February 3, 2026, the Court requested clarification as to why the Debtors, and now the Liquidating Trust, are not liable for the identified claims. The Liquidating Trustee provides further clarification and context below, by claimant.

25. As an initial matter, no legal entity exists by the name of "EPIC Companies." The term "EPIC Companies" was generally used to refer to multiple different entities collectively, including the Debtors and the numerous project companies to which the Debtors provided funds.

5

It was not used as shorthand specifically for EPIC Companies Midwest, LLC or EPIC Companies Midwest 2023, LLC.

26. One of the "EPIC Companies," EPIC Management, LLC, provided construction management, property management, and project development services for nearly all "EPIC Companies." It also employed individuals working under the name "EPIC Companies." By contrast, the Debtors did not have any employees.

27. Another one of the "EPIC Companies," CBE, LLC, provided construction services to various project companies falling under the "EPIC Companies" name. The Debtors were not in the construction business themselves and did not own any real property. Instead, they loaned funds to various project companies, who then each maintained various construction projects throughout North Dakota and Minnesota.

28. **Herzog Roofing, Inc. (Claim 1 – EC West Fargo, LLC).** Herzog Roofing. Inc. asserts that the basis of Claim 1 is "construction work performed." Because the Debtors did not own any real property, no roofing material or roofing labor would have been provided to the Debtors. The attachments to Claim 1 show that Herzog Roofing, Inc. performed the work for CBE, LLC, for the benefit of Sheyenne 32 East, LLC. EPIC Gateway East Real Estate Holdings, LLC also separately executed a promissory note in favor of Herzog Roofing, Inc. Sheyenne 32 East, LLC and EPIC Gateway East Real Estate Holdings, LLC are project companies that are separate and apart from the Debtors, despite also falling under the "EPIC Companies" umbrella. In fact, the Debtors have a pending adversary proceeding against EPIC Gateway East Real Estate Holdings, LLC to recover the funds that it received from the Debtors. For these reasons, the Debtors, and now the Liquidating Trust, are not liable as to Claim 1 of Herzog Roofing, Inc.

6

29. **Mark and Teresa McGuigan (Claim 69 – EPIC Companies Midwest, LLC).** Mark and Teresa McGuigan acknowledge that their $75,000 claim as described in Claim 69 is against Vision REIT by EPIC, LLC—an entity separate and apart from the Debtors. As shown on the attachments to Claim 69, the McGuigans originally invested $100,000 with EPIC Companies Midwest, LLC. Of that $100,000, $75,000 was then used to purchase membership units in LTC – The Lincoln, LLC, being one of the project companies. In 2024, the McGuigans' $75,000 investment was later rolled into Vision REIT by EPIC, LLC. For the remaining $25,000, a separate promissory note was issued by EPIC Companies Midwest, LLC, which is part of Claim 68 filed by Mark McGuigan. For these reasons, the Debtors, and now the Liquidating Trust, are not liable as to Claim 69 of Mark and Teresa McGuigan.

30. **Midwest Glass and Door, Inc. (Claim 36 – EPIC Companies Midwest 2023, LLC).** Midwest Glass and Door, Inc. provides construction services related to glass and doors. It asserts that the basis of its claim is "services performed." As mentioned above, the Debtors were not in the construction business themselves and did not own any real property. Instead, they loaned funds to various project companies, who then each maintained various construction projects throughout North Dakota and Minnesota. No services related to glass and doors would have been provided to the Debtors. The attachments to Claim 36 show that the services provided by Midwest Glass and Door, Inc. were for the "M Building," which likely refers to a project company by the name of Big M, LLC. The use of "EPIC Companies" on the invoice does not refer to any of the Debtors. For these reasons, the Debtors, and now the Liquidating Trust, are not liable as to Claim 36 of Midwest Glass and Door, Inc.

31. **Rent Group, Inc. (Claim 132 – EPIC Companies Midwest, LLC).** Rent Group, Inc. indicates that the basis of its claim is "services performed." The attachments to Claim 132

7

make clear that the services were performed for The Lights at Sheyenne 32 and Area 57 Association, Inc. Once again, those are project companies separate and apart from the Debtors. The Debtors have a judgment against Area 57 Association, Inc. and have a pending adversary proceeding against the project companies behind The Lights at Sheyenne 32 to recover certain funds provided by the Debtors. For these reasons, the Debtors, and now the Liquidating Trust, are not liable as to Claim 132 of Rent Group, Inc.

32. **Tyler Bay and Svetlana Peterson (Claim 35 – EPIC Companies Midwest 2023, LLC).** Tyler Bay and Svetlana Peterson assert that the basis of their claim is "[s]ecurity deposit not returned to former tenant." The Debtors did not own or manage any real property and, therefore, did not have any tenants. Based on the attachments to Claim 35, Tyler Bay and Svetlana Peterson obtained a judgment against EPIC Management, LLC on August 12, 2024, over a month after the Debtors had filed bankruptcy. As mentioned above, EPIC Management, LLC is an entity separate and apart from the Debtors. It provided management services to various project companies, including assisting with rent and security deposits. For these reasons, the Debtors, and now the Liquidating Trust, are not liable as to Claim 35 of Tyler Bay and Svetlana Peterson.

33. **Uline (Claim 5 – EPIC Companies Midwest, LLC).** Uline asserts that the basis of its claim is "goods sold." The attachments to Claim 5 confirm that certain of the goods were sold to CBE, LLC. At least one of the goods was sold to "EPIC Companies," but the purchase order further refers to "DIVEBAR," which is most likely a reference to West Fargo Dive Bar, LLC, one of the project companies. Given that the Debtors did not own or manage any real property, they would not have had a need for the goods described in the invoices. For these reasons, the Debtors, and now the Liquidating Trust, are not liable as to Claim 5 of Uline.

8

34.     Based on the foregoing, the Liquidating Trustee requests that the Second Claim Objection be sustained in its entirety, except as to AMEX TRS Co., Inc., as that specific objection is now moot.

### III.  THIRD OMNIBUS OBJECTION – INSIDER CLAIMS.

#### A. Status of Resolution of Responses.

35.     In the Third Claim Objection, the Liquidating Trustee requested the disallowance of certain claims on the basis that the claimants are insiders and, therefore, they should not be permitted to recover from the Liquidating Trust due to fundamental principles of equity.

36.     As described in the Liquidating Trustee's *Status Report* (ECF No. 534), the Liquidating Trustee received an informal response to the Third Claim Objection from Essential Living, Inc. The Liquidating Trustee also received a formal response to the Third Claim Objection from 7 Mile Holdings, LLC (ECF No. 529).

| **Claimant** | **Claim Objected To** | **Reason for Objection** |
|---|---|---|
| Argo Partners (previously Essential Living Inc.) | Claim 4 – EPIC Companies Midwest 2023, LLC | "Insider" claim |
| Hain Capital Investors Master Fund, Ltd. (previously 7 Mile Holdings, LLC) | Claim 1 – EOLA Capital, LLC | "Insider" claim |

37.     Prior to the hearing on Tuesday, February 3, 2026, the Liquidating Trustee withdrew its objection to Essential Living, Inc.'s claim, which is now held by Argo Partners. Similarly, while the Liquidating Trustee's objection to 7 Mile Holdings, LLC's claim (which is now held by Hain Capital Investors Master Fund, Ltd.) was transferred to Judge William J. Fisher for hearing (ECF No. 540), the Liquidating Trustee has since withdrawn that objection (ECF No. 546).

### B. Court's Request for Clarification.

38. At the hearing on Tuesday, February 3, 2026, the Court requested clarification on the following issues: (a) whether an objection is necessary for scheduled claims that do not otherwise have a corresponding proof of claim; and (b) why it is appropriate to disallow the claims as opposed to subordinating the claims for purposes of any recovery.

39. Following the hearing, the Court issued an *Order Requesting Supplemental Evidence Regarding [the Liquidating Trustee's] Third Omnibus Objection to Claims (Insider Claims)* (ECF No. 541). In the order, the Court disallowed the following scheduled claims:

**Scheduled Claims**

| Claimant | Debtor | Claim Objected To |
|---|---|---|
| Todd Berning | EPIC Companies Midwest, LLC 24-30281 | Doc. 37, Page 28 of 44, Line 3.112 |
| Todd Berning | EPIC Companies Midwest, LLC 24-30281 | Doc. 37, Page 28 of 44, Line 3.113 |

The Court also requested that the Liquidating Trustee provide supplemental evidence as to why disallowing the claims of other parties categorized as "insiders" is appropriate. The Liquidating Trustee addresses each of these issues and provides further clarification below.

40. Given the resolution of certain of the objections and the Court's order, only the following claims remain to be addressed:

**Proofs of Claim**

| Claimant | Claim Objected To | Reason for Objection |
|---|---|---|
| Mary Berning | Claim 56 – EPIC Companies Midwest 2023, LLC | "Insider" claim |

10

**Scheduled Claims**

| Claimant | Debtor | Claim Objected To | Reason for Objection |
|---|---|---|---|
| Liberty Development, LLC | EPIC Companies Midwest 2023, LLC | Doc. 24, Page 16 of 35, Line 3.45 | "Insider" claim |
| M&S Concessions, LLC | EPIC Companies Midwest 2023, LLC | Doc. 24, Page 17 of 35, Line 3.48 | "Insider" claim |
| TrayKeen LLC | EPIC Companies Midwest, LLC | Doc. 37, Page 28 of 44, Line 3.117 | "Insider" claim |

41. Upon further review, the Liquidating Trustee has determined that it is appropriate to withdraw the objections to the claims of Mary Berning, Liberty Development, LLC, and M&S Concessions, LLC. The Liquidating Trustee will file a separate withdrawal to the docket in conjunction with this supplement. Therefore, only the claim of TrayKeen LLC remains.

    ***i.    Objecting to Scheduled Claims.***

42. Pursuant to 11 U.S.C. § 1111(a), a proof of claim is deemed filed under 11 U.S.C. § 501 for any claim that appears in the schedules and statements, except a claim that is scheduled as disputed, contingent, or unliquidated. *See also* Debtors' Amended Chapter 11 Plan of Liquidation, ECF No. 366 (the "Plan"), § 1.1(2) (defining "Allowed" claim to include "(a) a claim that has been scheduled by the Debtors in their respective Schedules as other than disputed, contingent, or unliquidated and as to which the Debtors or any other party-in-interest has not filed an objection").

43. The above-referenced "Scheduled Claims" of Todd Berning were mistakenly not marked as "disputed" when the Debtors' original schedules and statements were filed on July 22, 2024—just 14 days after the petition date of July 8, 2024. At the time of filing the original schedules and statements for the Debtors, the Chief Restructuring Officer, which is now the Liquidating Trustee, was still reviewing the Debtors' voluminous books and records.

11

44. Upon further review, the Liquidating Trustee determined that the Scheduled Claims of Todd Berning are indeed "disputed." The Liquidating Trustee weighed whether to amend the schedules and statements to mark those Scheduled Claims as "disputed"; however, by that time, the bar date had already passed for filing proofs of claim and the Liquidating Trustee believed it would create confusion.

45. Therefore, the Liquidating Trustee determined that separately objecting to the Scheduled Claims of Todd Berning would be more appropriate, as the relevant claimants would be served with a motion and have 30 days to respond. *See* Fed. R. Bankr. P. 3007(a)(1). A separate objection also aligned with 11 U.S.C. §§ 1111(a), 501, and 502, as well as the language of the Plan.

### ii. *Disallowance and Evidence in Support Thereof.*

46. The Liquidating Trustee maintains that the claim of TrayKeen LLC should be disallowed as TrayKeen LLC is an "insider." *See* 11 U.S.C. § 101(31); *In re Longview Aluminum, L.L.C.*, 657 F.3d 507, 511 (7th Cir. 2011) (applying the definition of "insider" in the context of a limited liability company); *see also id.* at 509 ("It is well established that the definition of insider is not an exhaustive list[.]").

47. While the Plan does not specifically state that holders of "insider" claims will not receive a distribution under the Plan, it does provide that "each holder of an *Allowed* Class 1 claim shall receive a pro rata distribution from the Liquidating Trust . . . ." (Plan, § 4.1). An "Allowed" claim is a claim that is not a "Contested Claim" (*Id.* § 1.1(2)). "Contested Claim" is then defined, in part, as "a claim that is not an Allowed claim because the Debtors or other party in interest has objected to allowance of the claim under Sections 502(b) or 503 of the Bankruptcy Code and Bankruptcy Rule 3007" (*Id.* § 101(13)). Because the Liquidating Trustee is objecting to the claim

12

of TrayKeen LLC, such claim is a "Contested Claim" under the Plan as opposed to an "Allowed" claim.

48. The United States Supreme Court has held that a bankruptcy court does not need to give "insider" claims "*pari passu* treatment with the claims of other creditors." *Pepper v. Litton*, 308 U.S. 295, 306 (1939). Their "disallowance or subordination may be necessitated by certain cardinal principles of equity jurisprudence." *Id.* Courts have since relied on *Pepper* for the following proposition:

> [W]hen an insider claim is challenged, its allowance is "subjected to rigorous scrutiny," and the burden is on the insider to "not only to prove the good faith of the transaction but also to show its inherent fairness from the viewpoint of the" debtor and other parties-in-interest. "The essence of the test is whether or not under all the circumstances the transaction carries the earmarks of an arm's length bargain. If it does not, equity will set it aside." Said another way, "claims alleged by an insider are allowable 'when honest and bona fide, but the bona fide must be demonstrated beyond cavil and examined with a large measure of watchful care.'"
> . . .
> [W]hen an objection is made to an insider claim, it is "subjected to rigorous scrutiny" to ensure that it bears the earmarks of a good faith, arm's-length transaction, and that its allowance is fair as to other creditors.

*In re Short*, 669 B.R. 81, 93–94 (Bankr. D. Utah 2025) (internal footnotes omitted).

49. Simply put, the allowance of an "insider" claim would be unfair as to other creditors.

50. **TrayKeen LLC.** Specifically as to TrayKeen LLC, it has direct ties to Todd Berning who was an officer, member, and person in control of the Debtors. 11 U.S.C. § 101(31)(B)(ii)–(iii); *see also In re Longview Aluminum, L.L.C.*, 657 F.3d at 510 ("We thus not only look to the individual's title, but also his relationship to the company."). Todd Berning was the president of TrayKeen LLC and his son, Keenen Berning, was an originating member. Upon review of the Debtor's books and records, the Liquidating Trustee cannot locate documentation confirming that the $5,000 was indeed received by the Debtor. It is possible that the $5,000 was

13

provided to the Debtor as part of a larger deposit, but the Liquidating Trustee cannot confirm that. Because there is reason to doubt that the Debtor ever received the $5,000 from TrayKeen LLC, it is appropriate for TrayKeen LLC's claim to be disallowed.

51. Based on the foregoing, the Liquidating Trustee requests that the remainder of the Third Claim Objection, namely the objection to the claim of TrayKeen LLC, be sustained.

    iii. *Equitable Subordination.*

52. While the Liquidating Trustee maintains that disallowance is appropriate under 11 U.S.C. § 502(b), the Liquidating Trustee does not oppose equitable subordination under 11 U.S.C. § 510(c)(1).

53. Equitable subordination generally has three elements: (a) the claimant must have engaged in some type of inequitable conduct; (b) the misconduct must have resulted in injury to the debtor's creditors or conferred an unfair advantage on the claimant; and (c) equitable subordination of the claim must not be inconsistent with the provisions of the Bankruptcy Code. *In re Bellanca Aircraft Corp.*, 850 F.2d 1275, 1282 (8th Cir. 1988).

54. As demonstrated above, all three elements are satisfied for the claim of TrayKeen LLC. First, it does not appear that TrayKeen LLC provided $5,000 to the Debtor. Second, the failure to actually contribute cash to the Debtor resulted in a shortfall and the Debtor's inability to pay its other creditors. Lastly, there is nothing to suggest that subordination of TrayKeen, LLC's claim would be inconsistent with the provisions of the Bankruptcy Code.

55. Based on the foregoing, and as an alternative to disallowance under 11 U.S.C. § 502(b), the Liquidating Trustee requests that the remaining claims identified in the Third Omnibus Objection, namely the claim of TrayKeen LLC, be equitably subordinated under 11 U.S.C. § 510(c)(1).

IV. **FOURTH OMNIBUS OBJECTION – INCORRECT AMOUNTS.**

A. **Status of Resolution of Responses.**

56. In the Fourth Claim Objection, the Liquidating Trustee requested the modification of certain claims on the basis that the claims reflect incorrect amounts owed by the Debtors, and now the Liquidating Trust.

57. As described in the Liquidating Trustee's *Status Report* (ECF No. 534), the Liquidating Trustee received informal responses to the Fourth Claim Objection from Wayne Ganskop, Troy Moore, and Darlene Pich. The Liquidating Trustee also received a formal response to the Fourth Claim Objection from Myron Schapp (ECF No. 525).

| **Claimant** | **Claim Objected To** | **Reason for Objection** | **Original Claim Amount** | **New Claim Amount** |
|---|---|---|---|---|
| Darlene Pich | Claim 11 – EC West Fargo, LLC | Incorrect claim amount | $48,359 | $46,460 |
| Jim & JoAnn McKay Family Trust f/b/o Julie McKay | Claim 102 – EPIC Companies Midwest, LLC | Incorrect claim amount | $169,813 | $164,125 |
| Myron A. Schapp | Claim 78 – EPIC Companies Midwest, LLC | Incorrect claim amount | $80,845 | $65,000 |
| Troy & Julie Moore | Claim 2 – EPIC Companies Midwest, LLC | Incorrect claim amount | $105,623 | $101,000 |

58. Patrick Finn, a partner of the Liquidating Trustee, personally spoke to Mr. Ganskop, Mr. Moore, Ms. Pich, and Mr. Schapp ahead of the hearing on Tuesday, February 3, 2026 and resolved any questions or concerns they shared.

59. Moreover, the Liquidating Trustee's counsel provided a copy of the *Status Report* to Mr. Ganskop, Mr. Moore, Ms. Pich, and Mr. Schapp by e-mail on Tuesday, January 27, 2026 (ECF No. 536). Counsel did not receive a response from any of these individuals disputing that their questions or concerns had been resolved.

## B. Court's Request for Clarification.

60. At the hearing on Tuesday, February 3, 2026, the Court requested clarification as to why the Liquidating Trustee is seeking to modify the claims to reduce the amounts owed. The Liquidating Trustee provides further clarification and context below, by claimant.

| **Claimant (Alphabetical Order)** | **Claim Objected To** | **Original Claim Amount** | **New Claim Amount** | **Reason for Reduction** |
|---|---|---|---|---|
| Custom Aire | Claim 85 – EPIC Companies Midwest, LLC | $204,030 | $202,005 | Rejected post-petition interest and late fees. |
| Darlene Pich | Claim 11 – EC West Fargo, LLC | $48,359 | $46,460 | Rejected post-petition interest and late fees. |
| Hain Capital Investors Master Fund, Ltd. | Claim 17 – EPIC Companies Midwest, LLC | $527,193 | $505,000 | Rejected post-petition interest and late fees. |
| Hain Capital Investors Master Fund, Ltd. | Claim 18 – EPIC Companies Midwest, LLC | $264,247 | $252,833 | Rejected post-petition interest and late fees. |
| Hain Capital Investors Master Fund, Ltd. | Claim 82 – EPIC Companies Midwest, LLC | $358,481 | $353,792 | Rejected post-petition interest and late fees. |
| Hain Capital Investors Master Fund, Ltd. | Claim 121 – EPIC Companies Midwest, LLC | $51,000 | $50,500 | Rejected post-petition interest and late fees. |
| Hain Capital Investors Master Fund, Ltd. | Claim 2 – EOLA Capital, LLC | $1,020,136 | $1,013,333 | Rejected post-petition interest and late fees. |
| Isabel M. Liska | Claim 117 – EPIC Companies Midwest, LLC | $102,917 | $101,167 | Rejected post-petition interest and late fees. |
| Isabel M. Liska | Claim 118 – EPIC Companies Midwest, LLC | $36,021 | $35,408 | Rejected post-petition interest and late fees. |

16

| **Claimant (Alphabetical Order)** | **Claim Objected To** | **Original Claim Amount** | **New Claim Amount** | **Reason for Reduction** |
|---|---|---|---|---|
| James D. Olson Trust | Claim 34 – EPIC Companies Midwest 2023, LLC | $332,860 | $263,122 | Rejected post-petition interest and late fees. |
| Jerry Meyers | Claim 9 – EOLA Capital, LLC | $367,456 | $359,227 | Rejected post-petition interest and late fees. |
| Jim & JoAnn McKay Family Trust f/b/o Julie McKay | Claim 102 – EPIC Companies Midwest, LLC | $169,813 | $164,125 | Rejected post-petition interest and late fees. |
| Loren Goeser | Claim 123 – EPIC Companies Midwest, LLC | $841,994 | $838,773 | Rejected post-petition interest and late fees. Rejected change in interest to 20%. |
| Michael Nilson | Claim 116 – EPIC Companies Midwest, LLC | $51,458 | $50,875 | Rejected post-petition interest and late fees. |
| Mortenson Masonry | Claim 57 – EPIC Companies Midwest, LLC | $51,040 | $50,500 | Rejected post-petition interest and late fees. |
| Myron A Schapp | Claim 78 – EPIC Companies Midwest, LLC | $80,845 | $65,000 | Original claim based on claimant's misreading of IRA statement. Claimant provided $65,000 to Debtor. The $15,845 difference is interest income reported on IRA statement that was paid to claimant. |
| Shane R. Larck & Jerilyn A. Larck | Claim 43 – EPIC Companies Midwest, LLC | $105,560 | $101,000 | Rejected post-petition interest and late fees. |
| Troy & Julie Moore | Claim 2 – EPIC Companies Midwest, LLC | $105,623 | $101,000 | Rejected post-petition interest and late fees. |
| Westbrand & Co FBO Robert | Claim 30 – EPIC Companies | $63,040 | $50,833 | Rejected post-petition interest and late fees. |

17

| Claimant (Alphabetical Order) | Claim Objected To | Original Claim Amount | New Claim Amount | Reason for Reduction |
|---|---|---|---|---|
| Nowak S/D Roth IRA | Midwest 2023, LLC | | | |
| WTS-ND Holdings, LLC | Claim 59 – EPIC Companies Midwest 2023, LLC | $213,513 | $200,000 | Rejected post-petition interest and late fees. Also reduced claims due to overpayment of interest for January through April 2024. |
| WTS-ND Holdings, LLC | Claim 60 – EPIC Companies Midwest 2023, LLC | $320,269 | $303,750 | Rejected post-petition interest and late fees. |

61. Based on the foregoing, the Liquidating Trustee requests that the Fourth Claim Objection be sustained in its entirety.

V. **FIFTH OMNIBUS OBJECTION – INCORRECT CLAIMANT.**

A. **Status of Resolution of Responses.**

62. In the Fifth Claim Objection, the Liquidating Trustee sought to modify the names of certain claimants.

63. As described in the Liquidating Trustee's *Status Report* (ECF No. 534), the Liquidating Trustee received informal responses to the Fifth Claim Objection from Dwight Schmidt and Michael and Jill Thompson. The Liquidating Trustee also received formal responses to the Fifth Claim Objection from Jim Johnson (ECF No. 520) and Todd and Cindy Brown (ECF No. 522).

64. Patrick Finn, a partner of the Liquidating Trustee, personally spoke to Dwight Schmidt, the Thompsons, Jim Johnson, and the Browns ahead of the hearing scheduled for Tuesday, February 3, 2026 and resolved any questions or concerns shared by those individuals.

18

65. Moreover, the Liquidating Trustee's counsel provided a copy of the *Status Report* to Dwight Schmidt, the Thompsons, Jim Johnson, and the Browns by e-mail on Tuesday, January 27, 2026 (ECF No. 536). Counsel did not receive a response from those individuals disputing that their questions or concerns had been resolved.

**B. Court's Request for Clarification.**

66. At the hearing on Tuesday, February 3, 2026, the Court requested clarification as to why Melissa M. Johnson and Sara Myhre were included in the First Claim Objection, but not the Fifth Claim Objection. The Liquidating Trustee incorporates its response from Section I.B, *supra*.

67. Based on the foregoing, the Liquidating Trustee requests that the Fifth Claim Objection be sustained in its entirety.

Dated:  February 17, 2026

*/s/ Katherine A. Nixon*
Michael S. Raum (#05676)
**FREDRIKSON & BYRON, P.A.**
51 Broadway, Suite 400
Fargo, ND  58102-4991
701.237.8200
mraum@fredlaw.com

Steven R. Kinsella (#09514)
Katherine A. Nixon (*pro hac vice* MN #0402772)
**FREDRIKSON & BYRON, P.A.**
60 South 6th Street, Suite 1500
Minneapolis, MN  55402-4400
612.492.7000
skinsella@fredlaw.com
knixon@fredlaw.com

**ATTORNEYS FOR LIQUIDATING TRUSTEE**