**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NORTH DAKOTA**

| | |
|---|---|
| In re: | **Jointly Administered** |
| EPIC Companies Midwest, LLC, | Bankruptcy No. 24-30281 |
| EPIC Companies Midwest 2023, LLC, | Bankruptcy No. 24-30282 |
| EPIC Employee, LLC, | Bankruptcy No. 24-30283 |
| EOLA Capital, LLC, and | Bankruptcy No. 24-30284 |
| EC West Fargo, LLC, | Bankruptcy No. 24-30285 |
| Debtors.[1] | Chapter 11 |

**MOTION TO SEAL CLAIMS REGISTERS**

1.      Lighthouse Management Group, Inc. (the "Liquidating Trustee"), as trustee of the EPIC Liquidating Trust (the "Liquidating Trust"), and on behalf of EPIC Companies Midwest, LLC, EPIC Companies Midwest 2023, LLC, EPIC Employee, LLC, EOLA Capital, LLC, and EC West Fargo, LLC (collectively, the "Debtors"), files this motion seeking entry of an order sealing the claims registers in these cases (the "Motion"). This Motion should be granted because the Liquidating Trustee has identified numerous claims that contain personal identifying information. Most of those claims were submitted to the Court by *pro se* individuals, such that it would be administratively difficult to have each of the claimants amend their claims as appropriate.

2.      Moreover, there is no longer a need for the Court to maintain the claims registers as the deadline to file claims has passed, the Court has entered orders on the Liquidating Trustee's

---

[1] In accordance with Fed. R. Bankr. P. 2002(n) and 1005 and 11 U.S.C. § 342(c), as applicable, the Debtors' address is c/o Lighthouse Management Group, Inc., 900 Long Lake Road, Suite 180, New Brighton, MN 55112 and their Employer Identification Numbers (EINs) are as follows: 83-2840705 (EPIC Companies Midwest, LLC), 88-3709518 (EPIC Companies Midwest 2023, LLC), 88-4112082 (EPIC Employee, LLC), 88-0554720 (EOLA Capital, LLC) and 82-5331354 (EC West Fargo, LLC).

omnibus objections to certain claims, and the Liquidating Trustee is maintaining its own consolidated claims register to coordinate distributions.

3.      The Liquidating Trustee conferred with the Office of the United States Trustee prior to the filing of this Motion.

**JURISDICTION**

4.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and Fed. R. Bankr. P. 5005. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

5.      On July 8, 2024, the Debtors filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). (ECF No. 1.) The cases are currently pending before this Court.

6.      On June 11, 2025, the Debtors filed a joint Amended Chapter 11 Plan of Liquidation. (ECF No. 366, the "Plan"). On August 6, 2025, the Court entered an order confirming the Plan and substantively consolidating the Debtors' assets, liabilities, and operations. (ECF No. 431.) Further, pursuant to the Plan, all assets of the Debtors were transferred to the Liquidating Trust as of August 21, 2025 (the "Effective Date"). (ECF No. 454.)

7.      Pursuant to Article X of the Plan, the Court retained jurisdiction to, among other things: (a) "[d]ecide or resolve any motions . . . involving the Debtors that may be . . . [brought after the Effective Date]"; (b) "[e]nter such orders as may be necessary or appropriate to implement or consummate the provisions of th[e] Plan"; and (c) "[d]etermine any other matters that may arise in connection with or in relation to th[e] Plan." (Plan, art. X.)

8.      This Motion arises under 11 U.S.C. §§ 105(a) and 107(c) as well as Fed. R. Bankr. 9037(c). This Motion is filed under Fed. R. Bankr. P. 9013 and Local Rule 9013-1. Under Local

Rule 2002-1(E)(12) and (14), the Court can rule on this Motion without a hearing or an opportunity to respond.

### BACKGROUND

9.　Pursuant to Local Rule 3003-1, the original deadline to file general proofs of claim was September 16, 2024. (*See also* ECF No. 19.)

10.　On August 26, 2024, the Official Committee of Unsecured Creditors filed a motion to extend the deadline for filing general proofs of claim to October 31, 2024. (ECF No. 97.) The Court granted that motion on September 12, 2024. (ECF No. 106.)

11.　Approximately 246 proofs of claim were filed against the Debtors.

12.　Under the Plan, the Liquidating Trustee has the power to object to, administer, and reconcile claims. (*See, e.g.*, Plan §§ 5.2.2, 5.2.3, 6.3.)

13.　Pursuant to Section 6.3 of the Plan, the deadline to object to claims was December 19, 2025. (*Id.* § 6.3.) Pursuant to Section 6.4 of the Plan, "[t]he Liquidating Trustee has no obligation to recognize any transfer of any claim occurring after the Record Date [of June 12, 2025]." (*Id.* § 6.4; *see also* ECF No. 369.) Section 6.2 of the Plan also provides an address and phone number for the Liquidating Trustee that claimants can use to amend their addresses. (Plan § 6.2.)

14.　Following confirmation of the Plan, the Liquidating Trustee conducted a review and analysis of the claims. As part of that process, the Liquidating Trustee filed five omnibus objections to certain claims (ECF Nos. 500–504), and the Court entered orders on the Liquidating Trustee's omnibus objections to claims on March 5, 2026 (ECF No. 560) and March 6, 2026. (ECF Nos. 567–570.)

15.　The Liquidating Trustee's review and analysis of claims remains ongoing as claims continue to be transferred and addresses are updated.

16. Through that ongoing review and analysis, the Liquidating Trustee discovered that many of the claims were submitted by *pro se* claimants and were not redacted by the claimants prior to being submitted to the Court. These claims are on the public claims registers and still require redaction. Currently, claimants' social security numbers, account numbers, dates of birth, and similar identifiers remain exposed to the public.

17. Leaving the claims registers unsealed with unredacted claims exposes claimants' personal identifying information to the public and risks identity theft amongst other threats.

18. For the main case alone (Bankruptcy No. 24-30281), there are at least 38 claims that need redaction due to personal identifying information being unredacted.

19. When determining how best to address the numerous unredacted claims, the Liquidating Trustee determined that it was in the best interest of the Liquidating Trust and the claimants to seek entry of an order sealing the claims registers. The Liquidating Trustee believes it would be administratively difficult to attempt to contact each of the *pro se* claimants and request that they submit properly redacted claims.

20. There could also be additional, unredacted portions of the claims that have not yet been identified. The Liquidating Trustee did not want to draw further attention to the specific unredacted claims, including if there is a period of time between the motion being filed and an order being entered.

21. The Liquidating Trustee does not believe that it needs the public claims registers to make distributions. As a part of the claims process, the Liquidating Trustee is separately maintaining a consolidated claims register, which includes the claimants' current addresses and claim amounts. Claimants also received the Liquidating Trustee's contact information as part of the Plan.

4

22.     No further Court proceedings are expected as to the claims.

## RELIEF REQUESTED

23.     Given the facts and circumstances described above, the Liquidating Trustee believes that the most efficient way to address the numerous unredacted claims is to seal the claims registers in each bankruptcy case.

24.     Accordingly, the Liquidating Trustee seeks entry of an order sealing the claims registers in each bankruptcy case: Bankruptcy No. 24-30281; Bankruptcy No. 24-30282; Bankruptcy No. 24-30283; Bankruptcy No. 24-30284; Bankruptcy No. 24-30285.

## BASIS FOR RELIEF REQUESTED

25.     The Bankruptcy Code has a strong presumption in favor of public access to any bankruptcy record. 11 U.S.C. § 107(a). However, this presumption yields to certain exceptions established by statute. *In re Neal*, 461 F.3d 1048 (8th Cir. 2006) ("Section 107, which Congress enacted in 1978, establishes a broad right of public access, subject only to limited exceptions set forth in statute, to all papers filed in a bankruptcy case.") Section 107(c) of the Bankruptcy Code carves out one critical exception. 11 U.S.C. § 107(c).

26.     Section 107(c) authorizes a bankruptcy court to, for cause, protect an individual with respect to any "means of identification" or "[o]ther information" contained in filed papers, "to the extent the court finds that disclosure of such information would create undue risk of identity theft or other unlawful injury to the individual or the individual's property." *Id.* Social security numbers, account numbers, birth dates, and similar identifiers fall squarely within the scope of this provision.

27.     Federal Rule of Bankruptcy Procedure 9037 is the procedural mechanism by which a party or the Court may enforce Section 107(c) of the Bankruptcy Code. Under Fed. R. Bankr. P. 9037(c), "[t]he court may order that a filing be made under seal without redaction." *Id.* Federal

Rule of Bankruptcy Procedure 9037(d) similarly authorizes the court to "limit or prohibit a nonparty's remote electronic access to a document filed with the court." *Id.*

28. In addition to the specific authority granted under Section 107(c) of the Bankruptcy Code and Fed. R. Bankr. P. 9037, bankruptcy courts also have broad inherent equitable power under Section 105(a) of the Bankruptcy Code. Section 105(a) authorizes a bankruptcy court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

29. The Court has clear statutory authority to seal the claims registers. Together, Section 107(c) of the Bankruptcy Code and Fed. R. Bankr. P. 9037 provide a basis for sealing the claims registers to protect *pro se* claimants from identity theft and other unlawful harm while preserving the integrity of the bankruptcy process. 11 U.S.C. § 107(c); Fed. R. Bankr. P. 9037. The privacy interests of the *pro se* claimants who submitted unredacted personal identifying information are substantial, and sealing the claims registers would benefit the claimants.

30. Additionally, several facts support the Court exercising its equitable powers under Section 105(a) of the Bankruptcy Code. 11 U.S.C. § 105(a). First, there is no longer a public need to access the claims registers. The claims registers' core function has been fulfilled. The bar date has passed, and the Liquidating Trustee is independently administering claims. Second, the Liquidating Trustee does not need the claims registers to remain unsealed to fulfill its duties. The Liquidating Trustee is maintaining its own consolidated list of claims, which will allow it to make all the distributions without utilizing the public claims registers. Third, sealing the claims register protects claimants from sophisticated data aggregators and identity thieves. Accessing the claims registers requires navigating to the claims registers and then to individual claims. This requires a certain working knowledge of how to maneuver within the CM/ECF system. Sealing the claims

registers in these cases provides an additional layer of protection to the claimants by eliminating both targeted exploitation and large-scale data aggregation.

31.     Finally, sealing the claims registers rather than redacting the claims is the most efficient and practical way to protect claimants' personal identifying information. In total, there are approximately 246 proofs of claim. Many of those claims were not properly redacted, which means to properly redact each claim, the Liquidating Trustee would need to attempt to contact each of the *pro se* claimants and request that they submit new claims. That would be administratively difficult and lead to increased costs.

## **CONCLUSION**

32.     For the foregoing reasons, the Liquidating Trustee respectfully requests that the Court enter an order sealing the claims registers in each bankruptcy case: Bankruptcy No. 24-30281; Bankruptcy No. 24-30282; Bankruptcy No. 24-30283; Bankruptcy No. 24-30284; Bankruptcy No. 24-30285.

33.     Pursuant to Fed. R. Bankr. P. 9006(d), this Motion is supported by the verification of facts in the Affidavit of Patrick Finn attached hereto.

34.     A proposed order is included with this Motion.

35.     Pursuant to Local Rule 9014-1(B), the Liquidating Trustee hereby gives notice that it may, if necessary, call Patrick Finn, a Partner at Lighthouse Management Group, Inc., whose business address is 900 Long Lake Road, Suite 180, New Brighton, Minnesota 55112, to testify regarding the facts set forth in the Motion.

36.     No previous request for the relief sought herein has been made by the Liquidating Trustee to this or any other court.

**WHEREFORE,** the Liquidating Trustee respectfully requests that this Court enter an order:

A.      Sealing the claims registers in each bankruptcy case: Bankruptcy No. 24-30281; Bankruptcy No. 24-30282; Bankruptcy No. 24-30283; Bankruptcy No. 24-30284; Bankruptcy No. 24-30285.

B.      Granting such other relief as the Court deems just and equitable.

Dated:  June 1, 2026           */s/ Steven R. Kinsella*
                      Michael S. Raum (#05676)
                      **FREDRIKSON & BYRON, P.A.**
                      51 Broadway, Suite 400
                      Fargo, ND  58102-4991
                      701.237.8200
                      mraum@fredlaw.com

                      Steven R. Kinsella (#09514)
                      Katherine A. Nixon (#10402)
                      **FREDRIKSON & BYRON, P.A.**
                      60 South 6th Street, Suite 1500
                      Minneapolis, MN  55402-4400
                      612.492.7000
                      skinsella@fredlaw.com
                      knixon@fredlaw.com

                      **ATTORNEYS FOR LIQUIDATING TRUSTEE**

## AFFIDAVIT

I, Patrick Finn, am a Partner at Lighthouse Management Group, Inc., the trustee of the

EPIC Liquidating Trust, on behalf of EPIC Companies Midwest, LLC, EPIC Companies Midwest

2023, LLC, EPIC Employee, LLC, EOLA Capital, LLC, and EC West Fargo, LLC, and I declare

under penalty of perjury that the facts set forth in the preceding *Motion to Seal Claims Registers*

are true and correct, according to the best of my knowledge, information, and belief.

Dated:  June 1, 2026

PATRICK FINN
0939B83D88F04EF...

Patrick Finn
Partner, Lighthouse Management Group, Inc., as
Liquidating Trustee for the Liquidating Trust

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NORTH DAKOTA**

| | |
|---|---|
| In re: | **Jointly Administered** |
| EPIC Companies Midwest, LLC, | Bankruptcy No. 24-30281 |
| EPIC Companies Midwest 2023, LLC, | Bankruptcy No. 24-30282 |
| EPIC Employee, LLC, | Bankruptcy No. 24-30283 |
| EOLA Capital, LLC, and | Bankruptcy No. 24-30284 |
| EC West Fargo, LLC, | Bankruptcy No. 24-30285 |
| Debtors. | Chapter 11 |

**ORDER TO SEAL CLAIMS REGISTERS**

On June 1, 2026, Lighthouse Management Group, Inc., as the Liquidating Trustee for the EPIC Liquidating Trust, on behalf of EPIC Companies Midwest, LLC, EPIC Companies Midwest 2023, LLC, EPIC Employee, LLC, EOLA Capital, LLC, and EC West Fargo, LLC, filed its *Motion to Seal Claims Registers* in the above-referenced bankruptcy cases. (ECF No. __.) Based on the motion and the record before the Court, the Court finds good cause for granting the motion. Therefore, **IT IS ORDERED:**

1.     The motion is **GRANTED**.

2.     The Clerk of Court is directed to seal the claims registers in the following cases: Bankruptcy No. 24-30281; Bankruptcy No. 24-30282; Bankruptcy No. 24-30283; Bankruptcy No. 24-30284; and Bankruptcy No. 24-30285.

3.     This Order is immediately effective and enforceable upon its entry.

4.     This Oder is without prejudice to the right of any party to move the Court for access to the claims registers for cause.

5.     The Liquidating Trustee is authorized to take all actions necessary to effectuate the relief granted in this Order.

6.     The Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: _____

_____

Shon Hastings, Judge
United States Bankruptcy Court