**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NORTH DAKOTA**

|  |  |
|---|---|
| | **Jointly Administered** |
| In re: | |
| EPIC Companies Midwest, LLC, | Bankruptcy No. 24-30281 |
| EPIC Companies Midwest 2023, LLC | Bankruptcy No. 24-30282 |
| EPIC Employee, LLC, | Bankruptcy No. 24-30283 |
| EOLA Capital, LLC, | Bankruptcy No. 24-30284 |
| EC West Fargo, LLC, | Bankruptcy No. 24-30285 |
| Debtors. | Chapter 11 |

**OBJECTION OF JAMES OLSON TO LIGHTHOUSE MANAGEMENT GROUP, INC.'S MOTION TO SEAL CLAIMS REGISTER**

James Olson (the "Objecting Creditor"), by and through his undersigned counsel, submits this Objection to the Motion to Seal Claims Registers filed by Lighthouse Management Group, Inc., as Liquidating Trustee (the "Motion"), and states as follows:

**INTRODUCTION**

The Objecting Creditor is a creditor and victim of the EPIC enterprise whose recovery depends upon the integrity, transparency, and accountability of the claims administration process. The Motion seeks extraordinary relief: permanent sealing of the claims registers in all jointly administered cases.

The Motion identifies a legitimate concern regarding the presence of unredacted personal identifying information in certain proofs of claim apparently voluntarily filed by a limited number of creditors in 2024—more than a year ago. However, the requested remedy now sought is not narrowly tailored to address that concern. Rather than redact or restrict access to the specific claims containing protected information, the Liquidating Trustee seeks to eliminate public access to the claims registers entirely.

1

The Bankruptcy Code strongly favors public access to bankruptcy records. The relief requested would materially impair creditors' and other stakeholders' ability to monitor claims administration, evaluate claims, review claim transfers and assignments, assess distributions, and ensure that similarly situated creditors are treated consistently.

## ARGUMENT

### I.    THE MOTION IS UNTIMELY AND THE EXTRAORDINARY DELAY UNDERMINES THE REQUESTED RELIEF.

The Motion seeks sweeping relief based upon alleged disclosure of personal identifying information in certain proofs of claim that have been publicly available since 2024. According to the Motion, the general claims bar date expired in the fall of 2024, and approximately 246 claims were filed. The Liquidating Trustee acknowledges that the allegedly unredacted claims have remained on the public claims registers throughout the administration of these cases. Yet no motion to seal was filed in 2024. No motion was filed in 2025. Instead, the Liquidating Trustee waited until June 2026—nearly two years after many claims were filed—to seek the extraordinary remedy of sealing the claims registers in their entirety.

The Motion identifies no instance of identity theft, misuse of information, unlawful injury, or creditor complaint arising from the public availability of the claims registers. Nor does it explain why immediate and sweeping relief is suddenly necessary after nearly two years of public access.

While the Objecting Creditor agrees that personal identifying information should be protected (even if voluntarily submitted by the affected stakeholder), the Liquidating Trustee's extraordinary delay substantially undermines the contention that sealing five entire claims registers is necessary or appropriate.

**II.     THE REQUESTED RELIEF IS OVERBROAD AND NOT NARROWLY TAILORED.**

Section 107(a) of the Bankruptcy Code establishes a strong presumption of public access to bankruptcy records. *See* 11 U.S.C. § 107. The exceptions contained in § 107(c) are intended to protect sensitive information, not eliminate public access to entire categories of court records.

The Motion identifies "at least 38 claims" in the lead case that allegedly contain unredacted and personal information. Even accepting that assertion as true, the existence of certain claims requiring some redaction of select information does not justify sealing the claims registers and every claim filed in all five jointly administered cases. The requested relief would conceal hundreds of claims filed by creditors who have no privacy concerns and whose claims contain no protected information. Such relief is far broader than necessary to address the problem identified by the Liquidating Trustee.

Numerous less restrictive alternatives exist, including: (a) redaction of affected claims with and the allegedly protectable information; (b) temporary sealing of specific claims pending redaction; (c) restricted access to particular documents containing personal identifiers; (d) replacement filings containing appropriate redactions; or (e) any combination of the foregoing. The Motion does not demonstrate why those less restrictive alternatives are inadequate. Administrative convenience is not a sufficient basis to override the public-access requirements of 11 U.S.C. § 107, particularly at this stage of these cases.

**III.     CREDITORS AND OTHER PARTIES IN INTEREST CONTINUE TO HAVE A LEGITIMATE NEED FOR ACCESS TO THE CLAIMS REGISTERS AND CLAIMS.**

The Motion asserts that there is "no longer a need" for public access because the claims bar date has passed, claim objections have largely been resolved, and the Liquidating Trustee maintains a separate claims database. The opposite is true.

Creditors have a continuing interest in monitoring the claims reconciliation process, claim transfers, amendments, distributions, and the treatment of insider and non-insider claims. Public access to the claims registers and claims permits creditors and other parties in interest to independently verify that similarly situated creditors are treated consistently and that distributions are administered in accordance with the confirmed Plan. The record is replete with transfers of claims by experienced claim buyers.

The Liquidating Trustee's maintenance of a private claims database is not a substitute for transparency. Creditors should not be required to rely exclusively upon information maintained by the same fiduciary responsible for reconciling claims, determining distributions, and administering trust assets. The need for transparency is further demonstrated by the active market for bankruptcy claims. These cases have already experienced substantial transfers and assignments of claims to sophisticated claim purchasers and other market participants. Current and prospective holders of claims have a legitimate interest in reviewing the claims registers, underlying claims, amendments, objections, assignments, and related filings in order to evaluate claim validity, priority, ownership, dilution, expected recoveries, and distribution prospects. Creditors and other stakeholders have a similar interest in reviewing additional transfers and transactions in claims.

Public access to claims information promotes efficient markets, facilitates claim transfers, and permits independent verification of the administration of the estates. Sealing the claims registers would impair the ability of creditors, assignees, and prospective purchasers to conduct appropriate diligence and would unnecessarily restrict the transparency traditionally afforded in bankruptcy proceedings. The fact that claims may be bought and sold after the bar date further undermines the assertion that there is "no longer a need" for public access to the claims registers.

### IV. TRANSPARENCY IS PARTICULARLY IMPORTANT IN THESE CASES.

These cases arise from the collapse of a complex enterprise of interrelated cases, common management and interrelated activities that affected hundreds of investors, creditors and real estate project companies. Many creditors have suffered and continue to rely upon the bankruptcy process as their principal avenue for recovery. Real estate project companies in the State of North Dakota have experienced substantial losses. Public confidence in the administration of these estates is promoted by transparency, not secrecy. Transparency remains particularly important where claims continue to be transferred and acquired in the secondary claims market, requiring participants to have access to information concerning claim ownership, amount, status, and distributions.

The timing of the Motion is particularly concerning. The requested relief comes after the claims filing process, after claim objections have, according to counsel, largely been resolved, and as the Liquidating Trustee moves toward the distribution phase of the case. The practical effect would be to limit creditors' ability to independently evaluate claims administration at precisely the stage where transparency remains important.

The Court should decline to seal the claims registers in their entirety and instead require a narrowly tailored remedy directed only to those specific claims that contain protected personal identifying information.

**CONCLUSION**

The Objecting Creditor does not oppose the protection of legitimately sensitive personal information. The Objecting Creditor does oppose the wholesale sealing of five bankruptcy claims registers based upon a problem that has existed since 2024, that has allegedly affected only a small subset of claims, and that can be addressed through substantially narrower means.

Accordingly, the Motion should be denied. Alternatively, the Court should order targeted redaction or limited sealing of only those specific claims containing protected personal identifying information.

DATED this 9th day of June, 2026.

Respectfully submitted,

*/s/ George H. Singer*
George H. Singer, #05124
HOLLAND & HART, LLP
555 Seventeenth Street, Suite 3200
Denver, CO 80202
Telephone: (303) 290-1093
ghsinger@hollandhart.com

**ATTORNEYS FOR:**
**JAMES OLSON,** Objecting Creditor

## CERTIFICATE OF SERVICE

I hereby certify that on June 9, 2026, I served a copy of the foregoing document to the

following via the court's electronic service:

Steven R. Kinsella (#09514)
Michael S. Raum (#05676)
**FREDRIKSON & BYRON, P.A.**
51 Broadway, Suite 400
Fargo, ND 58102-4991
701.237.8200
mraum@fredlaw.com
Steven R. Kinsella (#09514)
Katherine A. Nixon (#10402)

**FREDRIKSON & BYRON, P.A.**
60 South 6th Street, Suite 1500
Minneapolis, MN 55402-4400
612.492.7000
skinsella@fredlaw.com
knixon@fredlaw.com

**ATTORNEYS FOR LIQUIDATING TRUSTEE**

/s/ Cynthia Kelley
Cynthia Kelley