**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NORTH DAKOTA**

---

| | |
|---|---|
| In re: | **Jointly Administered** |
| EPIC Companies Midwest, LLC, | Bankruptcy No. 24-30281 |
| EPIC Companies Midwest 2023, LLC, | Bankruptcy No. 24-30282 |
| EPIC Employee, LLC, | Bankruptcy No. 24-30283 |
| EOLA Capital, LLC, and | Bankruptcy No. 24-30284 |
| EC West Fargo, LLC, | Bankruptcy No. 24-30285 |
| Debtors. | Chapter 11 |

---

### ORDER TO SEAL CLAIMS REGISTERS

---

On June 1, 2026, Lighthouse Management Group, Inc., as the Liquidating Trustee for the EPIC Liquidating Trust, on behalf of EPIC Companies Midwest, LLC, EPIC Companies Midwest 2023, LLC, EPIC Employee, LLC, EOLA Capital, LLC, and EC West Fargo, LLC, filed its Motion to Seal Claims Registers in the above-referenced bankruptcy cases.  Doc. 598.  The United States Trustee filed a Reply of No Objection.  Doc. 599.  Creditor James Olson filed an objection.  Doc. 600.

In its motion, Lighthouse Management Group disclosed that it identified numerous claims that contain personal identifying information.  Doc. 598 at 1.  It advised that individuals who appeared pro se comprised most of those claimants who filed documents that were not properly redacted.  Id.  Lighthouse Management Group maintains that "there is no longer a need for the Court to maintain the claims registers as the deadline to file claims has passed, the Court has entered orders on the Liquidating Trustee's omnibus objections to certain claims, and the Liquidating Trustee is maintaining its own consolidated claims register to coordinate distributions."  Id. at 1–2.  Lighthouse Management Group proposes that the Court permanently seal the claims registers in all of the cases listed above without prejudice to the right of any party to file a motion seeking access to certain claims or claims registers.

Section 107(c) authorizes bankruptcy courts to protect an individual's personal identifying information if disclosure of this information would create undue risk of identity theft or other unlawful injury to the individual or the individual's property.  11 U.S.C. § 107(c).  The Court has broad discretion to determine the appropriate method to protect an individual's information or property.  In re Celsius Network, 644 B.R. 276, 295 (Bankr. S.D.N.Y. 2022) ("Section 107(c) provides the Court with discretion to protect an individual with respect to any identifying information to the extent the Court finds that disclosure of such information would create an undue risk of unlawful injury to the individual." (internal quotations and citations omitted)).

Lighthouse Management Group established that some of the claims, particularly those filed by individuals who were not represented by counsel, include personal identifying information that exposes these claimants to undue risk of identity theft or other unlawful injury.  Based on the motion and the record before the Court, the Court finds cause for sealing some of the records filed on the Claims Registers for a limited period of time.  Restricting public access to these records permanently, however, goes too far.

Claims are public records.  As Lighthouse Management Group acknowledges, "Section 107, which Congress enacted in 1978, establishes a broad right of public access, subject only to limited exceptions set forth in the statute, to all papers filed in a bankruptcy case."  Neal v. The Kansas City Star (In re Neal), 461 F.3d 1048, 1053 (8th Cir. 2006) (internal citations and quotations omitted).  "Only the most compelling reasons can justify non-disclosure of judicial records." Id. (quoting Gitto v. Worcester Telegram & Gazette Corp. (In re Gitto Global Corp.), 422 F.3d 1, 6 (1st Cir. 2005) (internal brackets and quotations omitted)).  The Court must balance the need to restrict sensitive information against the public policy favoring public access to judicial records codified in section 107(a).  Stone v. Kettering Adventist Healthcare (In re Stone), 587

B.R. 678, 683 (Bankr. S.D. Ohio 2018); see also Honeywell Int'l, Inc. v. N. Am. Refractories Co. Personal Injury Settlement Trust (In re All Matters Related to N. Am. Refractories Co.), 2022 WL 1556898, at *2 (Bankr. W.D. Pa. May 12, 2022) (a court "must balance, or temper, the common law presumption of public access with the effect of the statutorily created protections against public disclosure found in 11 U.S.C. § 107(c)").  This public policy promotes the integrity and transparency of bankruptcy proceedings.  In re Stone, 587 B.R. at 683.  Accordingly, redacting documents to remove only protectable information is preferable to wholesale sealing.  Id. (citations omitted).

Those who file claims with the Bankruptcy Court bear the burden of ensuring that all personal identifying information is properly redacted.  Official Form 410, titled "Proof of Claim" warns:

> Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements.

The Court recognizes that many claimants do not heed this warning.  Nevertheless, the Court finds it appropriate to restrict access to unredacted information for a limited period of time to balance the demonstrated need to protect personal identifying information without unnecessarily limiting public access to these records.

Therefore, **IT IS ORDERED**:

1.      The motion is **GRANTED** in part.

2.      The Clerk of Court is directed to seal the attachments to all claims filed by individuals in the following cases: Bankruptcy No. 24-30281; Bankruptcy No. 24-30282; Bankruptcy No. 24-30283; Bankruptcy No. 24-30284; and Bankruptcy No. 24-30285. The seal shall remain in place for 180 days from the date of this Order.

3.      Lighthouse Management Group is ordered to serve notice to all claimants in these bankruptcy cases advising them that some of the attachments to the claims filed in these cases contain personal identifying information.  The notice should advise all claimants that they are granted 180 days from the date of this Order to file redacted attachments to their claims.  Failure to file redacted documents may result in the release of personal identifying information to the public.

4.      Claimants who plan to file redacted documents are not required to file a motion.  Instead, any claimant who wishes to file a redacted document may email his or her request with their name, address and claim number with the redacted PDF copy of the relevant document to the Clerk of Court at the following address: clerks_office@ndb.uscourts.gov.  If the claimant filed his/her claim form and attachments as a single PDF, the claimant should email a redacted version of the entire submission.  Filing fees typically charged for filing redacted documents are waived.

5.      This Order is immediately effective and enforceable upon its entry.

6.      This Order is without prejudice to the right of any party to move the Court for access to the claims registers for cause.

7.      Lighthouse Management Group is authorized to take all actions necessary to effectuate the relief granted in this Order.

8.      The Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: June 17, 2026.

Shon Hastings, Judge
United States Bankruptcy Court