**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NORTH DAKOTA**

| | |
|---|---|
| In re: | **Jointly Administered** |
| EPIC Companies Midwest, LLC,<br>EPIC Companies Midwest 2023, LLC,<br>EPIC Employee, LLC,<br>EOLA Capital, LLC, and<br>EC West Fargo, LLC, | Bankruptcy No. 24-30281<br>Bankruptcy No. 24-30282<br>Bankruptcy No. 24-30283<br>Bankruptcy No. 24-30284<br>Bankruptcy No. 24-30285 |
| Debtors. | Chapter 11 |
| Lighthouse Management Group, Inc., as Liquidating Trustee for the EPIC Liquidating Trust,<br><br>Plaintiff,<br><br>v.<br><br>Thomas Hauge and Becky Hauge,<br><br>Defendants. | Adversary No. 26-07013 |

**LIQUIDATING TRUSTEE'S NOTICE OF MOTION AND MOTION TO APPROVE SETTLEMENT**

1. Lighthouse Management Group, Inc., as the Liquidating Trustee for the EPIC Liquidating Trust (the "Liquidating Trustee"), on behalf of EPIC Companies Midwest, LLC ("EPIC Midwest"), EPIC Companies Midwest 2023, LLC ("EPIC Midwest 2023"), EPIC Employee, LLC ("Employee"), EOLA Capital, LLC ("EOLA"), and EC West Fargo, LLC ("EC," and together with EPIC Midwest, EPIC Midwest 2023, Employee, and EOLA, the "Debtors") hereby moves the Court for an order pursuant to Fed. R. Bankr. P. 9019(a) approving a settlement between the Liquidating Trustee and Thomas Hauge and Becky Hauge (together, the "Hauges").

2. This Motion arises under 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 2002(a)(3) and 9019(a). This Motion is filed under Fed. R. Bankr. P. 9013, Local Rule 9013-1, and the Court's Order Establishing Settlement Procedures (ECF No. 123). Notice of this Motion is provided pursuant to the Court's Order Limiting Notice Pursuant to Fed. R. Bankr. P. 2002(i) (ECF No. 124).

3. EPIC Midwest 2023 and the Hauges executed that certain promissory note dated May 1, 2024 (the "Note"), under which the Hauges provided $700,000 to EPIC Midwest 2023. Pursuant to the terms of the Note, interest would accrue at a rate of 8.25% per annum and the maturity date was May 1, 2027. Despite the stated maturity date of May 1, 2027, the Hauges were paid $700,000 from EPIC Midwest 2023 on or around May 3, 2024 (the "Transfer").

4. The Transfer was made within the ninety (90)-day period prior to the filing of the Debtor's bankruptcy cases while the Debtors were insolvent.

5. On July 6, 2026, the Liquidating Trustee commenced an adversary proceeding against the Hauges, Adv. No. 26-07013 (the "Adversary Proceeding"), alleging that the Transfer to the Hauges constituted an avoidable, preferential transfer under Sections 547 and 550 of the Bankruptcy Code and seeking to recover the $700,000.

6. On August 5, 2026, the Hauges filed an Answer in the Adversary Proceeding asserting various affirmative defenses. The Hauges also assert an inability to pay the full $700,000 owed.

7. The parties engaged in good faith negotiations and ultimately reached an agreement to avoid litigating these issues.

8. To avoid the costs and uncertainties of litigation, the Hauges have agreed to pay $75,000 to the Liquidating Trustee on the first business day of each month for a period of four (4) months, for a total of $300,000 by March 1, 2027.

9. In exchange for the payments totaling $300,000, and assuming the Hauges fully comply with the agreement, the Liquidating Trustee agrees to release the Hauges from any and all claims, liabilities, obligations, and causes of action relating to the Note and the Transfer.

10. Within seven (7) business days after the Liquidating Trustee receives the final $75,000 payment from the Hauges, the parties will file a stipulation dismissing the Adversary Proceeding and all claims with prejudice.

11. The Liquidating Trustee believes that the costs of litigation will reduce the funds available to pay claims if the dispute is not settled and the Hauges have asserted an inability to pay the Liquidating Trustee the full amount owed. Based on these circumstances, the Liquidating Trustee believes the settlement is in the best interest of creditors, as it will result in a nearly 43% recovery on the Liquidating Trustee's claims.

12. The Liquidating Trustee requests that the Court approve the settlement described herein pursuant to Fed. R. Bankr. P. 9019(a).

**13. Any objection to the Motion must be filed with the Clerk of the United States Bankruptcy Court, whose address is Quentin N. Burdick Courthouse, 655 First Avenue North, Suite 210, Fargo, North Dakota 58102, and served upon the attorney whose name and address is listed below, by Friday, November 20, 2026, which is twenty-one (21) days from the date of the filing of this Motion. Any objections not filed and served may deemed waived and the Court may enter an order approving this settlement without further notice or hearing.**

Dated: October 30, 2026

*/e/ Steven R. Kinsella*

Michael S. Raum (#05676)
**FREDRIKSON & BYRON, P.A.**
51 Broadway, Suite 400
Fargo, ND 58102-4991
701.237.8200
mraum@fredlaw.com

Steven R. Kinsella (#09514)
Katherine A. Nixon (*pro hac vice* MN #0402772)
**FREDRIKSON & BYRON, P.A.**
60 South 6th Street, Suite 1500
Minneapolis, MN 55402-4400
612.492.7000
skinsella@fredlaw.com
knixon@fredlaw.com

**ATTORNEYS FOR THE LIQUIDATING TRUSTEE**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NORTH DAKOTA**

In re:

EPIC Companies Midwest, LLC,
EPIC Companies Midwest 2023, LLC,
EPIC Employee, LLC,
EOLA Capital, LLC, and
EC West Fargo, LLC,

Debtors.

**Jointly Administered**

Bankruptcy No. 24-30281
Bankruptcy No. 24-30282
Bankruptcy No. 24-30283
Bankruptcy No. 24-30284
Bankruptcy No. 24-30285

Chapter 11

Lighthouse Management Group, Inc., as Liquidating Trustee for the EPIC Liquidating Trust,

Plaintiff,

v.

Thomas Hauge and Becky Hauge,

Defendants.

Adversary No. 26-07013

**ORDER**

On October 30, 2026, Lighthouse Management Group, Inc., as the Liquidating Trustee for the EPIC Liquidating Trust, on behalf of the Plaintiffs/Debtors, filed a motion seeking approval of a settlement. The Liquidating Trustee provided notice of the motion summarizing the settlement between the Liquidating Trustee and Thomas and Becky Hauge. The Court received no objections. Based on the information provided by the Liquidating Trustee on behalf of the Plaintiffs/Debtors and the documents filed in this case, the Court finds that the proposed settlement is fair and equitable, reflects a balance of the risks of litigation with potential recovery, and appears to be in the best interest of creditors. Therefore, **IT IS ORDERED** that the Motion to Approve Settlement

[Adversary No. 26-07013, ECF No. __; Bankruptcy No. 24-30281, ECF No. __] is **GRANTED** and the settlement is **APPROVED**.

**BY THE COURT:**

Dated:

__________________________________
Shon Hastings
United States Bankruptcy Judge